R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant SHARKROAD, INC.

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNA SPECIALTY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,<br><br>Defendants. | **Case No: 2:25-cv-10379-MWC(RAOx)**<br><br>**DEFENDANT SHARKROAD, INC.'S ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br><br>**Hon. Michelle Williams Court**<br>**United States District Judge** |

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

Defendant Defendant Sharkroad, Inc. ("Defendant" or "Sharkroad") answers the First Amended Complaint (Dkt. 12, "Complaint") filed by DNA Specialty, Inc.'s ("Plaintiff" or "DNA") as follows. All allegations not specifically admitted herein are denied.

## JURISDICTION AND VENUE

1. Defendant admits that the Complaint purports to state causes of action under the patent laws of the United States and the Lanham Act and California common law. Paragraph 1 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 1 except that Defendant admits, for the purposes of this action only, that this Court has subject matter jurisdiction over any federal claims asserted against Defendant in the Complaint.

2. Defendant admits that Sharkroad is incorporated in California with an office located at 2160 Farallon Drive, San Leandro, CA 94577, and has an agent for service of process in California. Paragraph 2 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 1 except that Defendant admits, for the purposes of this action only, that this Court has personal jurisdiction over any federal claims asserted against Defendant in the Complaint. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 2, and therefore denies the same.

3. Defendant admits that Sharkroad offered to sell and has sold spoke wheels through its website. Paragraph 3 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the same. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 3, and therefore denies the same.

4.      Defendant admits that the history of Sharkroad, Inc., as reflected on the California Secretary of State's website, speaks for itself. Defendant further admits that Sharkroad is incorporated in California, maintains an office located at 2160 Farallon Drive, San Leandro, California 94577, and sells its products in California. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 4, and therefore denies the same.

5.      Paragraph 5 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 5 except that Defendant admits, for the purposes of this action only, that the venue is proper in the Central District of California.

## PARTIES

6.      Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 6, and therefore denies the same.

7.      Defendant further admits that Sharkroad is incorporated in California, maintains an office located at 2160 Farallon Drive, San Leandro, California 94577, and sells its products, including motorcycle wheel, in California. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 7, and therefore denies the same.

8.      Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8, and therefore denies the same.

9.      Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 9, and therefore denies the same.

## DNA'S DESIGN PATENT

10.      Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 10, and therefore denies the same.

TROJAN LAW OFFICES
BEVERLY HILLS

11. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 11, and therefore denies the same.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 12, and therefore denies the same.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 13, and therefore denies the same.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 14, and therefore denies the same. Paragraph 14 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies such conclusions.

### DNA'S TRADE DRESS – SPIRAL-SPOKE WHEEL

15. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 15, and therefore denies the same.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 16, and therefore denies the same.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 17, and therefore denies the same.

18. Denied.

19. Denied.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 20, and therefore denies the same.

### DNA'S TRADE DRESS – 52 CYLINDRICAL-SPOKE WHEEL

21. Denied.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 22, and therefore denies the same.

TROJAN LAW OFFICES
BEVERLY HILLS

-3-

23. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 23, and therefore denies the same.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 24, and therefore denies the same.

25. Denied.

26. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 26, and therefore denies the same.

27. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 27, and therefore denies the same.

28. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 28, and therefore denies the same.

29. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 29, and therefore denies the same.

## **FIRST CAUSE OF ACTION**

### (*Against All Defendants & DOES 1-50, Inclusive*)

### **Infringement of the '968 Patent**

30. Defendant incorporates by reference its response to paragraphs 1 through 29.

31. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 31, and therefore denies the same.

32. Denied.

33. Denied.

34. Paragraph 34 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 34.

35. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 35, and therefore denies the same. Paragraph 35

-4-

further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 35.

36. Paragraph 36 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 36.

37. Paragraph 37 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 37.

38. Paragraph 38 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 38.

## SECOND CAUSE OF ACTION

### (*Against All Defendants & DOES 1-50, Inclusive*)

### Violation of 15 U.S.C. § 1025(a)

### Trade Dress Infringement of DNA's Spiral-Spoke Wheel

39. Defendant incorporates by reference its response to paragraphs 1 through 38.

40. Denied.

41. Paragraph 41 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 41.

42. Paragraph 42 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 42.

TROJAN LAW OFFICES
BEVERLY HILLS

-5-

43. Paragraph 43 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 43.

44. Paragraph 44 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 44.

## THIRD CAUSE OF ACTION

### (*Against All Defendants & DOES 1-50, Inclusive*)

### Violation of 15 U.S.C. § 1025(a)

### Trade Dress Infringement of DNA's 52 Cylindrical-Spoke Wheel

45. Defendant incorporates by reference its response to paragraphs 1 through 44.

46. Denied.

47. Paragraph 47 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 47.

48. Paragraph 48 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 48.

49. Paragraph 49 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 49.

50. Paragraph 50 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 50.

## FOURTH CAUSE OF ACTION

-6-

(*Against All Defendants & DOES 1-50, Inclusive*)

**Unfair Competition Under California Common Law**

51.    Defendant incorporates by reference its response to paragraphs 1 through 50.

52.    Paragraph 52 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 52.

53.    Paragraph 53 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 53.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief from Defendant.

## DEFENSES

For its defenses to the Complaint, Defendant alleges as follows. However, by alleging the defenses set forth below, Defendant does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

**First Defense**

**(Lack of Standing)**

54.    On information and belief, Plaintiff lacks standing for the causes of action stated in the Complaint.

**Second Defense**

**(Failure to State a Claim)**

55.    Plaintiff fails to state a claim against Defendant upon which relief may be granted.

**Third Defense**

-7-

TROJAN LAW OFFICES
BEVERLY HILLS

**(Equitable Doctrines)**

56.    Plaintiff's claims against Defendant are or may be barred by various equitable doctrines, including waiver, estoppel, laches, consent, unclean hands, inequitable conduct, reasonable avoidance, acquiescence, and other equitable defenses.

**Fourth Defense**

**(Inequitable Conduct)**

57.    Plaintiff cannot enforce the '968 Patent due to inequitable conduct.

**Fifth Defense**

**(Patent Non-Infringement)**

58.    Defendant has not engaged in any conduct that constitutes direct or indirect infringement of the '968 Patent.

**Sixth Defense**

**(Patent Invalidity Based on Anticipation, Obviousness, and Functional Design)**

59.    The '968 Patent is invalid under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116. Additionally, the design claimed in the '968 Patent is not primarily ornamental but is instead dictated by functional considerations. As such, the claimed design is not eligible for design patent protection under 35 U.S.C. § 171 and is therefore invalid.

**Seventh Defense**

**(Patent Misuse)**

60.    Plaintiff's patent infringement claims are barred and Plaintiff's alleged patent is unenforceable based on the doctrine of patent misuse.

**Eighth Defense**

**(Invalidity of Plaintiff's Alleged Trade Dresses)**

61.    Plaintiff's alleged trade dresses do not constitute protectable trade dress, including because they are functional, not distinctive, and have not acquired secondary meaning.

-8-

TROJAN LAW OFFICES
BEVERLY HILLS

## Ninth Defense

### (Non-Infringement of Plaintiff's Alleged Trade Dresses)

62. Defendant has not infringed Plaintiff's alleged trade dresses. Even assuming, *arguendo*, that the alleged trade dresses constitute valid trade dress, they are not infringed by the Accused Products because the Accused Products have designs distinct from Plaintiff's products and are not likely to cause confusion among consumers as to the source, origin, or affiliation of the products.

## Tenth Defense

### (No Likelihood of Confusion)

63. Defendant's alleged Accused Products are not confusingly similar to Plaintiff's products, and there is no likelihood that consumers would be misled, deceived, or confused as to the source, origin, sponsorship, or affiliation of Defendant's products.

## Eleventh Defense

### (No Unlawful, Unfair, or Fraudulent Conduct)

64. Defendant denies that it has engaged in any unlawful, unfair, or fraudulent business act or practice.

## Twelfth Defense

### (No Willful Infringement)

65. Plaintiff's claims for enhanced damages and an award of fees and costs against Defendant have no basis in fact or law and should be denied.

## Thirteenth Defense

### (No Damages)

66. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## Fourteenth Defense

TROJAN LAW OFFICES
BEVERLY HILLS

**(Failure to Mitigate)**

67. Plaintiff is obligated under the law to mitigate their damages, if any, and have failed to do so.

**Fifteenth Defense**

**(No Irreparable Harm)**

68. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from the Defendant's actions.

**Sixteenth Defense**

**(Adequate Remedy at Law)**

69. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**Seventeenth Defense**

**(Lack of Notice)**

70. Plaintiff failed to provide adequate statutory notice of the asserted design patent, the '968 Patent, including without limitation failure to properly mark products embodying the patent.

**Reservation of Rights**

71. Answering Defendant reserves the right to assert additional defenses as discovery progresses in this litigation and information becomes available.

**COUNTERCLAIMS**

For its counterclaims ("Counterclaims") against Plaintiff, Defendant alleges as follows:

**I. PARTIES**

72. Upon information and belief, Plaintiff DNA Specialty, Inc. ("Plaintiff," "Counter-defendant" or "DNA") is a California corporation with its principal place of business located at 200 W Artesia Blvd., Compton, California 90220.

73. Defendant Sharkroad, Inc. ("Defendant," "Counterclaimant" or "Sharkroad"), is a California corporation having its principal place of business located at 2160 Farallon Drive, San Leandro, CA 94577.

## II. JURISDICTION

74. These Counterclaims seek declaratory relief for non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., the Lanham Act, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Thus, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-2202.

75. Personal jurisdiction and venue in this District are proper under 28 U.S.C. § 1391, and 1400(b), because, upon information and belief, Plaintiff has extensive contacts with and conducts business within the State of California, Plaintiff is a corporation having its principal place of business in the State of California, and because Plaintiff sued Defendant in this Court.

## III. FACTS

76. Plaintiff DNA alleges that it owns intellectual property rights on its spiral-spoke and cylindrical-spoke wheel products, including (a) U.S. Design Patent No. D1,086,968 ("the '968 Patent"); (b) DNA's alleged Spiral-Spoke Wheel trade dress and ("Alleged Spiral-Spoke Trade Dress"); and (c) DNA's alleged 52 Cylindrical-Spoke Wheel trade dress ("Alleged Cylindrical-Spoke Trade Dress") (collectively, the "Alleged Trade Dresses").

77. An actual controversy exists under the Declaratory Judgment Act because DNA has asserted and is asserting infringement of the '968 Patent, Alleged Spiral-Spoke Trade Dress, and Alleged Cylindrical-Spoke Trade Dress by Defendant, and Defendant denies those assertions.

78. The controversy is immediate and real in that the Plaintiff is seeking to enforce the '968 Patent and the Alleged Trade Dresses to the detriment of Defendant's rights.

-11-

79.    The '968 Patent was filed on April 19, 2023 (the "Patent Filing Date") and, upon information and belief, is assigned to DNA.

80.    Upon information and belief, numerous similar products were publicly known, used, offered for sale, and/or sold prior to the Patent Filing Date, including, without limitation:

(a)    V-TWIN MFG:

https://www2.vtwinmfg.com/chrome-21-spoke-set-twirled-type-1.html



(b)    BUCHANAN:

https://www.buchananspokes.com/categories/design_spokes.asp



**Spiral (Twisted) Spoke**

(c)    RIDEWRIGHT:

https://ridewrightwheels.com/collections/crosslaced-classics/products/spoke-motorcycle-wheels-1

81.    Upon information and belief, DNA committed fraud on the United States Patent and Trademark Office ("USPTO") during prosecution of the '968 Patent

-12-

by, at a minimum, knowingly failing to disclose material prior art relevant to the patentability of the claimed design in the '968 Patent.

82.    Upon information and belief, DNA has been engaged in the spoke wheel business for many years and was aware of relevant prior art. Despite this knowledge, DNA failed to submit an Information Disclosure Statement identifying such prior art to the USPTO during prosecution of the application that issued as the '968 Patent.

83.    DNA's failure to disclose prior art relating to twisted spoke designs violated its duty of disclosure under 37 C.F.R. § 1.56. The withheld prior art was material to patentability because, had it been disclosed, the Examiner would have recognized that the claimed design of the '968 Patent reflects, at most, a non-inventive variation, such as a change in thickness, over existing designs. Accordingly, DNA engaged in inequitable conduct, rendering the '968 Patent unenforceable and supporting an award of attorneys' fees to Defendant.

84.    Upon information and belief, prior to filing the Complaint, DNA failed to mark its products with the '968 Patent number as required to provide statutory notice for alleged damages.

85.    Upon information and belief, DNA has not marked its products with the '968 Patent number and therefore cannot recover pre-suit damages, if any, for alleged infringement.

### COUNT I – UNENFORCEABILITY AND INVALIDITY OF THE '968 PATENT BASED ON INEQUITABLE CONDUCT

86.    Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

87.    Plaintiff alleges that it owns the '968 Patent.

88.    Upon information and belief, Plaintiff committed fraud on the United States Patent and Trademark Office ("USPTO") and violated its duty of disclosure during prosecution of the '968 Patent by, at a minimum, knowingly failing to disclose

-13-

material prior art relevant to the patentability of the claimed design. Accordingly, Plaintiff engaged in inequitable conduct, rendering the '968 Patent unenforceable and supporting an award of attorneys' fees to Defendant.

89. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

90. Defendant is entitled to a declaratory judgment that the '968 Patent is invalid and unenforceable.

## COUNT II – INVALIDITY OF THE '968 PATENT
## (ANTICIPATION AND OBVIOUSNESS)

91. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

92. Defendant contends that the '968 Patent is invalid for failure to comply with the conditions for patentability under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 171.

93. The '968 Patent is invalid under at least 35 U.S.C. §§ 102 and 103 because the claimed design was anticipated and/or rendered obvious by prior art that existed prior to the alleged invention and filing date. Upon information and belief, substantially similar designs were publicly known, used, offered for sale, and/or sold before the filing of the '968 Patent, and such prior art creates the same overall visual impression as the claimed design, either alone or in combination, rendering the claimed design unpatentable.

94. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a

TROJAN LAW OFFICES
BEVERLY HILLS

-14-

determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

95. Defendant is entitled to a declaratory judgment that the '968 Patent is invalid and unenforceable.

## COUNT III – INVALIDITY OF THE '968 PATENT BASED ON FUNCTIONAL DESIGN

96. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

97. The design claimed in the '968 Patent is not primarily ornamental but is instead dictated by functional considerations. As such, the claimed design is not eligible for design patent protection under 35 U.S.C. § 171 and is therefore invalid.

98. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

99. Defendant is entitled to a declaratory judgment that the '968 Patent is invalid and unenforceable.

## COUNT IV– NON-INFRINGEMENT OF THE '968 PATENT

100. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

101. Plaintiff has expressly accused Defendant of infringement of the '968 patent by filing the Complaint in the present action.

102. Plaintiff has not and is not infringing any claim of the '968 Patent, directly or indirectly. In light of Plaintiff's Complaint, there exists an actual controversy between Plaintiff and Defendant regarding the '968 Patent.

103. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and

-15-

TROJAN LAW OFFICES
BEVERLY HILLS

declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

104.    Defendant is entitled to a declaratory judgment that it has not infringed and is not infringing the '968 Patent.

## COUNT V – INVALIDITY OF THE ALLEGED SPIRAL-SPOKE TRADE DRESS

105.    Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

106.    Plaintiff's Alleged Spiral-Spoke Trade Dress does not constitute protectable trade dress, including because it is functional, not distinctive, and has not acquired secondary meaning.

107.    Plaintiff contends that the Alleged Trade Dress is valid and enforceable.

108.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

109.    Defendant is entitled to a declaratory judgment that the Alleged Spiral-Spoke Trade Dress is invalid because it is not distinctive, has not acquired secondary meaning, and is functional.

## COUNT VI – NON-INFRINGEMENT OF THE ALLEGED SPIRAL-SPOKE TRADE DRESS

110.    Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

111.    Plaintiff alleges that it is the owner of the Alleged Spiral-Spoke Trade Dress.

112.    Defendant has not infringed any trade dress owned by Plaintiff.

-16-

TROJAN LAW OFFICES
BEVERLY HILLS

113. Even if, assuming *arguendo*, the alleged trade dress does constitute valid trade dress owned by Plaintiff, it is not infringed by Defendant's Accused Product. The Accused Product has a design distinct from Plaintiff's products and is not likely to be confused by consumers.

114. Consumers who choose Defendant's Accused Product do so based on its merits, not because they have been deceived into thinking that they are purchasing Plaintiff's products.

115. Plaintiff alleges that the Alleged Spiral-Spoke Trade Dress is infringed by Defendant.

116. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

117. Defendant is entitled to a declaratory judgment that Defendant does not infringe the Alleged Spiral-Spoke Trade Dress.

## COUNT VII – INVALIDITY OF THE ALLEGED CYLINDRICAL-SPOKE TRADE DRESS

118. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

119. Plaintiff's Alleged Cylindrical-Spoke Trade Dress does not constitute protectable trade dress, including because it is functional, not distinctive, and has not acquired secondary meaning.

120. Plaintiff alleges that the Alleged Cylindrical-Spoke Trade Dress is valid and enforceable.

121. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a

TROJAN LAW OFFICES
BEVERLY HILLS

-17-

TROJAN LAW OFFICES
BEVERLY HILLS

determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

122. Defendant is entitled to a declaratory judgment that the Alleged Cylindrical-Spoke Trade Dress is invalid because it is not distinctive, has not acquired secondary meaning, and is functional.

## COUNT VIII – NON-INFRINGEMENT OF THE ALLEGED CYLINDRICAL-SPOKE TRADE DRESS

123. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

124. Plaintiff contends that it is the owner of the Alleged Cylindrical-Spoke Trade Dress.

125. Defendant has not infringed any trade dress owned by Plaintiff.

126. Even if, assuming *arguendo*, the Alleged Cylindrical-Spoke Trade Dress does constitute valid trade dress owned by Plaintiff, it is not infringed by Defendant's Accused Product. The Accused Product has a design distinct from Plaintiff's products and is not likely to be confused by consumers.

127. Consumers who choose Defendant's Accused Product do so based on its merits, not because they have been deceived into thinking that they are purchasing Plaintiff's products.

128. Plaintiff alleges that the Alleged Cylindrical-Spoke Trade Dress is infringed by Defendant.

129. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

130. Defendant is entitled to a declaratory judgment that Defendant does not infringe the Alleged Cylindrical-Spoke Trade Dress.

-18-

## IV. PRAYER FOR RELIEF

WHEREOF, Defendant/Counterclaimant respectfully prays for the following:

a.  Dismissing Plaintiff's Complaint in its entirety, with prejudice;

b.  Declaring that Defendant has not been and is not now infringing, directly or indirectly, any claim of the '968 Patent;

c.  Declaring that the claims of the '986 Patent are invalid and unenforceable;

d.  Declaring that Defendant has not been and is not now infringing any alleged trade dress of Plaintiff;

e.  Declaring that Plaintiff does not have any valid trade dress rights in the Alleged Trade Dresses because the Alleged Trade Dresses are not distinctive, have not acquired secondary meaning, and are functional;

f.  For an Order awarding damages to Defendant, as provided by the federal and state laws, in an amount to be trebled in accordance with such laws.

g.  For an Order awarding Defendant its attorneys' fees and costs;

h.  Pre-judgment and post judgment interest at the maximum legal rate;

i.  For an Order awarding Defendant such other and further relief as the Court deems just and proper.

## V. JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

By:

Dated: March 24, 2026

/s/R. Joseph Trojan
R. Joseph Trojan
Dylan C. Dang
Francis Wong
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212

-19-

TROJAN LAW OFFICES
BEVERLY HILLS

Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorneys for Defendant
SHARKROAD, INC.

TROJAN LAW OFFICES
BEVERLY HILLS

-20-

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2026, I filed the foregoing with the Court's CM/ECF system, which will cause it to be served electronically upon all counsel of record.

/s/R. Joseph Trojan
R. Joseph Trojan

TROJAN LAW OFFICES
BEVERLY HILLS

-21-