Sa'id Vakili, Esq. (SBN: 176322)
*vakili@vakili.com*
Craig McLaughlin, Esq. (SBN: 182876)
*craig@vakili.com*
Jason C. Ming, Esq. (SBN: 219745)
*jason@vakili.com*
Stephen P. Hoffman, Esq. (SBN: 287075)
*hoffman@vakili.com*
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822

**213/380-6010** | Fax: 213/380-6051

*Counsel for Plaintiff DNA Specialty, Inc.*

R. Joseph Trojan, Esq. (SBN: 137067)
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq. (SBN: 223455)
*dang@trojanlawoffices.com*
Francis Wong, Esq. (SBN: 284946)
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq. (SBN: 331961)
*Poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212

**310/777-8399** | 310/777-8348

*Counsel for Defendant Sharkroad, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **DNA SPECIALTY, INC.**, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SHARKROAD, INC.**, a California Corporation and DOES 1-50, Inclusive,<br><br>Defendants. | CASE NO.: **2:25-cv-10379-MWC (RAOx)**<br><br>[*Hon. Michelle Williams Court*]<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date**:   April 24, 2026<br>**Time**:   1:30 P.M.<br>**Place**:   Courtroom 6A<br>First Street U.S. Courthouse<br>350 West 1st Street<br>Los Angeles, CA 90012 |

Plaintiff DNA SPECIALTY, INC. ("Plaintiff" and/or "DNA") and defendant and counterclaimant SHARKROAD, INC. ("Defendant" and/or "Sharkroad"), collectively, the "Parties," by and through their respective counsel of record, submit the following Joint Rule 26(f) Report.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, counsel for the Parties met and conferred on April 2, 2026 regarding the matters set forth below. Participants included: Sa'id Vakili and Craig McLaughlin for Plaintiff DNA Specialty, Inc. and R. Joseph Trojan for Defendant Sharkroad, Inc. Counsel for the Parties discussed all topics required by Rule 26(f), the Local Rules, and the Court's Standing Orders.

## A. STATEMENT OF THE CASE

### 1. Nature of the Action

This is an intellectual property action involving claims for design patent infringement (U.S. Patent No. D1,086,968) and trade dress infringement under 15 U.S.C. § 1125(a). DNA's complaint alleges that Sharkroad has violated U.S. patent law by selling and offering for sale spirally-shaped spokes that infringe DNA's U.S. Patent No. D1,086,968, and has violated the Lanham Act and California's common law by having sold and offered for sale aftermarket motorcycle wheels that incorporate DNA's trade dress in two different and distinctive wheel designs developed, marketed, and used by DNA.

This action further involves counterclaims concerning the enforceability and validity of U.S. Patent No. D1,086,968 (the "'968 Patent") and Plaintiff's alleged Spiral-Spoke and Cylindrical-Spoke trade dress, including issues of inequitable conduct, anticipation, obviousness, functionality, distinctiveness, and secondary meaning, as well as declaratory judgments of non-infringement of the '968 Patent and the alleged trade dress.

////

////

1

JOINT RULE 26(f) REPORT

### 2.    *Plaintiff's Position*

DNA contends that (1) Sharkroad incorporated into at least one of its aftermarket motorcycle wheel designs, a substantially similar, if not a downright copy, of a spoke design that is depicted in and protected by DNA's U.S. Design Patent No. D1,086,968 and has infringed said patent; (2) that Sharkroad sold and offered for sale at least two different aftermarket motorcycle wheel designs that incorporate confusingly similar (if not downright copies of) aspects of DNA's enforceable trade dress, a.) one that includes 52 fat spiral spokes, and b.) the other that includes 52 fat straight spokes, thus infringing such trade dresses under the Lanham Act and committing unfair competition under the common law of California.

### 3.    *Defendant's Position*

Sharkroad denies liability. Sharkroad's counterclaims place at issue the enforceability and validity of U.S. Patent No. D1,086,968 (the "'968 Patent"), as well as Plaintiff's asserted trade dress rights. Specifically, Sharkroad alleges that the '968 Patent is unenforceable and invalid due to inequitable conduct and is invalid, at least, under 35 U.S.C. §§ 102 and 103 based on anticipation and obviousness, and further because the claimed design is primarily functional rather than ornamental. Sharkroad also challenges the validity of Plaintiff's alleged Spiral-Spoke and Cylindrical-Spoke trade dress, alleging that such asserted trade dress does not constitute protectable trade dress, including because it is functional, not distinctive, and has not acquired secondary meaning. In addition, Sharkroad seeks declaratory judgments that it does not infringe the '968 Patent and does not infringe Plaintiff's alleged trade dress.

## B.    SUBJECT MATTER JURISDICTION

With respect to DNA's claims, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) (federal question and patent jurisdiction); 15 U.S.C. § 1121 (Lanham Act); and supplemental jurisdiction under 28 U.S.C. § 1367.

With respect to Sharkroad's counterclaims for non-infringement, invalidity, and declaratory relief, this Court has subject matter jurisdiction under the patent laws of the United States, 35 U.S.C. § 1 et seq., the Lanham Act, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. Accordingly, the Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), together with 28 U.S.C. §§ 2201–2202.

**C.     KEY LEGAL AND FACTUAL ISSUES**

Plaintiff anticipates that this case will turn on the following issues:

1. Whether Sharkroad's wheel designs include spokes that are substantially similar to the spokes depicted in DNA's design patent;

2. Whether DNA's alleged trade dresses are non-functional and have acquired secondary meaning;

3. Whether Sharkroad's accused wheels are likely to cause consumer confusion; and,

4. The scope of damages.

Defendant Sharkroad anticipates that this action will further include the following issues:

5. Whether Plaintiff's inequitable conduct during prosecution of the '968 Patent renders the patent unenforceable and invalid;

6. Whether the '968 Patent is anticipated and/or rendered obvious in view of the prior art;

7. Whether the claimed design in the '968 Patent is primarily functional rather than ornamental; and

8. Whether Plaintiff's alleged trade dress constitutes protectable trade dress, including whether it is functional, non-distinctive, and lacks secondary meaning.

JOINT RULE 26(f) REPORT

These issues are fact-intensive and will require discovery regarding design development, market perception, and product comparison.

**D.    DAMAGES**

*Plaintiff*

DNA's damages include lost profits, disgorgement of Sharkroad's profits, enhanced damages, attorney's fees and other relief under 35 U.S.C. § 289 and 15 U.S.C. § 1117 as well as punitive damages under California common law.  DNA will provide a more specific estimate following Sharkroad's initial discovery and disclosure of its sales, which Sharkroad has to date refused to provide.

*Defendant*

Defendant Sharkroad seeks an award of damages as permitted under applicable federal and state laws, including attorneys' fees and costs. Defendant further seeks pre-judgment and post-judgment interest at the maximum legal rate, and such other and further relief as the Court deems just and proper.

**E.    PARTIES AND EVIDENCE**

The principal parties are Plaintiff DNA Specialty, Inc. and Defendant Sharkroad, Inc.  Likely witnesses include: (1) design and product development personnel; (2) sales and marketing personnel; and (3) industry participants and customers.

Key documents include: (1) product design files; (2) marketing materials; (3) sales; (4) distribution records; (5) communications relating to product development and design, (6) communications relating to the prosecution of the '968 Patent.

**F.    INSURANCE**

*Plaintiff*

DNA is not aware of any applicable insurance coverage at this time.

*Defendant*

Sharkroad is not aware of any applicable insurance coverage at this time.

////

JOINT RULE 26(f) REPORT

**G.      COMPLEXITY**

The Parties agree that formal application of the Manual for Complex Litigation is not necessary.  However, the Parties recognize that this case involves technical and fact-intensive issues, including design comparison and consumer perception, and will govern themselves accordingly.

**H.      MOTIONS**

*Plaintiff*

DNA does not presently anticipate further amending the Complaint, add parties or claims, file amended pleadings, tranfer venue or challenge the Court's jurisdiction, but expressly reserves the right to seek leave to amend consistent with the Federal Rules of Civil Procedure and the Court's rulings.

*Defendant*

Sharkroad does not presently anticipate further amending the Counterclaims, add parties or counterclaims, file amended pleadings, transfer venue or challenge the Court's jurisdiction, but expressly reserves the right to seek leave to amend consistent with the Federal Rules of Civil Procedure and the Court's rulings.

**I.      DISPOSITIVE MOTIONS**

*Plaintiff*

DNA anticipates filing at least one dispositive motion addressing infringement, validity (design patent and trade dress), non-functionality, secondary meaning, and likelihood of confusion.  DNA also anticipates opposing any dispositive motions filed by Sharkroad and may seek appropriate pretrial relief as discovery proceeds.

*Defendant*

Sharkroad anticipates filing at least one dispositive motion addressing non-infringement, invalidity and/or unenforceability of the design patent and alleged trade dress, functionality, lack of secondary meaning, and absence of likelihood of confusion.

5

Sharkroad further anticipates opposing any dispositive motions filed by Plaintiff and may seek additional appropriate pretrial relief as discovery proceeds.

## J.    STATUS OF DISCOVERY

Currently, the Parties have not engaged in discovery.  Pursuant to the FRCP, they will initiate discovery after exchanging Rule 26(a)(1) Initial Disclosure Statements.  The Parties have not yet exchanged initial disclosures.

## K.    DISCOVERY PLAN

### *Initial Disclosures*

The Parties agree to exchange Initial Disclosures on or before April 16, 2026. The Parties anticipate that discovery will include interrogatories, requests for production, and requests for admission, and any economic records that may be relevant to DNA's claimed damages.  The Parties also anticipate that discovery will include depositions of DNA, Sharkroad, and percipient witnesses.  The Parties also anticipate deposing any expert witnesses designated by the opposing party.

The Parties do not currently propose phased discovery but remain open to revisiting this issue if appropriate.

The Parties do not presently seek any changes to the Federal Rules of Civil Procedure or Local Rules governing written discovery except regarding service.  The Parties agree that initial and supplemental disclosures, initial and rebuttal, expert disclosures, written discovery (interrogatories, requests for production of documents, requests for admission), deposition notices, and any other discovery or disclosure item that is required by the Federal Rules of Civil Procedure to be served by U.S. mail, may be served by electronic mail only to the email address of record for counsel and their support staff, for the Parties, and that any document production that is too large to be served via electronic mail will be served by uploading the document production to a secure, cloud-based file-sharing platform.

The Parties are not aware of any issues regarding electronically stored information;

however, they will meet and confer regarding ESI, including custodians, search terms, and production format, as discovery progresses. The Parties agree that, unless otherwise stipulated, the documents exchanged in this matter, including documents disclosed as part of the Parties' initial disclosures, will be Bates-stamped and be provided in hard copy or as electronic PDF files.  (*See* Local Rule 26-3.1.)  To the extent that the Parties produce any native or metadata files, they shall be identified by naming the item to correspond to a Unique Production Identifier ("UPI") as follows:

1. Aside from paper originals, images of paper documents, and redacted ESI, no other ESI produced during discovery needs to be converted to a paginated format or embossed with a Bates number.

2. Each item of ESI (e.g., native file, document image, or e-mail message) shall be identified by assigning a name that corresponds to a Unique Production Identifier, in accordance with the following protocol, *or a party may adopt any other appropriate formatting*:

(a) The initial four characters of the filename serve as a unique alphanumeric code identifying the responsible party for the production.

(b) The following nine characters will be a distinct, sequential number given to the item by the producer. This number should be padded with leading zeroes to keep its length consistent.

(c) The last five characters are dedicated to a sequence beginning with a dash (-) followed by a four-digit number. This number represents the pagination of the item when printed on paper, embossed in image format for proceedings, or attached as an exhibit to pleadings.

(d) For example, a Microsoft Word file generated by DNA in its original format could be named: DNA000000123.doc. When the document is printed for deposition, page seven of the printed version must be embossed with the unique identifier DNA000000123-0007.

JOINT RULE 26(f) REPORT

The load file contains the original filename and other relevant system metadata.

*Protective Order*

The Parties are competitors and intend to propose a Stipulated Protective Order to protect confidential information.  The Parties do not at this time propose any other special procedure regarding privilege or protection of trial-preparation material.

*Discovery Limits*

Plaintiff DNA proposes the following limits: (1) depositions (10 per side); interrogatories (35 per side); and requests for admission (35 per side).

Defendant Sharkroad does not propose any specific discovery limits beyond those established by the Federal Rules of Civil Procedure.

*Scope of Discovery*

Discovery will likely include (1) design, development, and engineering of the accused products; (2) evidence relating to copying, including internal communications; (3) marketing, branding, and sales of the products; (4) consumer perception and secondary meaning; (5) prior art and functionality; (6) financial records relevant to damages; (7) design, development, and engineering of the DNA's products at issue; (8) prosecution of the '968 Patent, including internal communications; (9) anticipation and obviousness.

*See* <u>Exhibit</u> "A" regarding the Parties' proposed discovery cut-off dates.

**L.    EXPERT DISCOVERY**

*See* <u>Exhibit</u> "A" regarding the Parties' proposed expert discovery disclosures and cut-off dates.

**Patent Rules Applicability**

*Plaintiff*

The Parties have conferred regarding the Court's Standing Patent Rules.  Because this case involves a design patent and trade dress claims Plaintiff sees no need for claim construction.

8

JOINT RULE 26(f) REPORT

*Defendant*

Defendant Sharkroad submits that claim construction is needed to determine what constitutes the new and novel ornamental features of the claimed design that are not functional.

**Claim Construction**

*Plaintiff*

Plaintiff DNA anticipates a limited claim construction process. Claim construction is not expected to be case-dispositive. Claim construction is expected to focus on overall design characteristics rather than technical claim language.

The Parties will comply with the Court's procedures for narrowing terms and presenting claim construction issues.

*Defendant*

Defendant Sharkroad anticipates that a claim construction process will be necessary to address key issues in this case, particularly to determine what constitutes the new and novel ornamental features of the claimed design that are not functional. Defendant Sharkroad proposes the following dates and deadlines for claim construction pursuant to the Standing Order Re Patent Cases (Dkt. 11):

| Events | S.P.R. (Dkt. 11) | Date/Deadline |
|---|---|---|
| Disclosure of Asserted Claims and Infringement Contentions | Not later than 14 days after the Initial Case Management Conference | May 8, 2026. |
| Invalidity Contentions | Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" | June 22, 2026 |
| Exchange of Proposed Terms for Construction | S.P.R. 4-1, Not later than 14 days after | July 6, 2026 |

9

JOINT RULE 26(f) REPORT

| | | |
|---|---|---|
| | service of the "Invalidity Contentions" | |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence, and S.P.R. 4-2(b) | S.P.R. 4-2, Not later than 21 days after the exchange of the lists pursuant to S.P.R 41 | July 27, 2026 |
| Damages Contentions | Not later than 50 days after service of the Invalidity Contentions | August 11, 2026 |
| Joint Claim Construction and Prehearing Statement and Expert Reports | S.P.R. 4-3(a), Not later than 60 days after service of the "Invalidity Contentions" | August 21, 2026 |
| Responsive Damages Contentions | Not later than 30 days after service of the Damages Contentions | September 10, 2026 |
| Completion of Claim Construction Discovery | S.P.R. 4-4, Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement | September 20, 2026 |
| Opening brief and any evidence supporting its claim construction | S.P.R. 4-5(a) | October 5, 2026 |
| Responsive brief and supporting evidence | S.P.R. 4-5(b) | October 19, 2026 |
| Reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response | S.P.R. 4-5(c) | October 26, 2026 |
| Damages Contentions Meeting | Not later than 60 days after the response date for any required disclosure under S.P.R. Rule 3-9 | November 9, 2026 |

10

JOINT RULE 26(f) REPORT

| Claim Construction Hearing | S.P.R. 4-6, two weeks following submission of the reply brief specified in S.P.R 45(c) | November 9, 2026 |
|---|---|---|

The Parties will comply with the Court's procedures for narrowing terms and presenting claim construction issues.

**M.   SETTLEMENT CONFERENCE/ ALTERNATIVE DISPUTE RESOLUTION PROCEDURE SELECTION**

The Parties are amenable to private mediation.  The Parties believe mediation will be most productive after initial fact discovery.  There have been no substantive settlement communications to date.

*Plaintiff*

DNA submits that private mediation would be appropriate.

*Defendant*

Sharkroad submits that private mediation would be appropriate.

**N.   PRELIMINARY TRIAL ESTIMATE**

*Plaintiff*

DNA anticipates a jury trial lasting 5 to 7 days.

*Defendant*

Sharkroad estimates 5 court days for a jury trial.  Sharkroad currently expects to call 6-8 witnesses.

**O.   TRIAL COUNSEL**

*Plaintiff*

Craig McLaughlin and Sa'id Vakili.

*Defendant*

R. Joseph Trojan, Dylan Dang, and Francis Wong.

JOINT RULE 26(f) REPORT

**P.    MAGISTRATE JUDGE**

Plaintiff prefers the Court for trial.

**Q.    INDEPENDENT EXPERT OR MASTER**

The Parties do not believe that appointment of a special master or independent expert is necessary at this time.

**R.    SCHEDULE WORKSHEET**

A schedule worksheet is attached to this report.

**S.    OTHER ISSUES**

At this time, the Parties have no proposals regarding severance, bifurcation, or other ordering of proof. The Parties will continue to meet and confer to narrow issues and promote efficient case management.

DATED: April 9, 2026                    **VAKILI & LEUS, LLP**


By: /s/ *Sa'id Vakili*
    Sa'id Vakili, Esq.
    Craig McLaughlin, Esq.
    *Counsel for Plaintiff DNA Specialty, Inc.*


DATED: April 9, 2026                    **TROJAN LAW OFFICES, P.C.**


By: /s/ *R. Joseph Trojan*
    R. Joseph Trojan, Esq.
    *Counsel for Plaintiff Sharkroad, Inc.*

JOINT RULE 26(f) REPORT

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned hereby attests that all other signatories listed, on whose behalf this filing is submitted, concur in the filing and consent to and have authorized the filing.

DATED: April 9, 2026                                    **VAKILI & LEUS, LLP**


By: /s/ *Sa'id Vakili*
_____
Sa'id Vakili, Esq.
Craig McLaughlin, Esq.
*Counsel for Plaintiff DNA Specialty, Inc.*

## CERTIFICATE OF SERVICE
*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-cv-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On April 9, 2026, I served the foregoing document described as **JOINT RULE 26(f) REPORT** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*Poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant Sharkroad, Inc.*

I hereby certify that on the 9th day of April 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on April 9, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming

---

CERTIFICATE OF SERVICE