Sa'id Vakili, Esq. (SBN: 176322)
*vakili@vakili.com*
Craig McLaughlin, Esq. (SBN: 182876)
*craig@vakili.com*
Jason C. Ming, Esq. (SBN: 219745)
*jason@vakili.com*
Stephen P. Hoffman, Esq. (SBN: 287075)
*hoffman@vakili.com*
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California  90010-2822

**213/380-6010**  |  Fax: 213/380-6051

*Counsel for Plaintiff DNA Specialty, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **DNA SPECIALTY, INC., a California Corporation,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,**<br><br>**Defendants.** | **CASE NO.: <u>2:25-cv-10379-MWC (RAOx)</u>**<br><br>[*Hon. Michelle Williams Court*]<br><br>**PLAINTIFF DNA SPECIALTY, INC.'S REPLY TO DEFENDANT SHARKROAD, INC.'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** |

Plaintiff and Counter-Defendant DNA Specialty, Inc. ("DNA" or "Plaintiff"), by and through its attorneys, hereby replies to the Counterclaims of Defendant and Counterclaimant Sharkroad, Inc. ("Sharkroad" or "Defendant") and asserts Affirmative Defenses as follows.  All allegations not expressly admitted are denied.

## RESPONSE TO GENERAL ALLEGATIONS

### Parties

72.    DNA admits that it is a California corporation with a principal place of business in California.  DNA denies any remaining allegations inconsistent therewith.

73.    DNA admits that Sharkroad purports to be a California corporation with its principal place of business in California.  DNA lacks sufficient knowledge to admit or deny additional allegations and therefore denies them.

### Jurisdiction

74.    DNA admits that this Court has subject matter jurisdiction over claims arising under federal law, including the patent laws and Lanham Act.  DNA denies any characterization inconsistent with its claims and defenses.

75.    DNA admits that venue and personal jurisdiction are proper in this District.

### General Allegations

76.    DNA admits that it asserts rights in U.S. Design Patent No. D1,086,968 and in its spiral-spoke and cylindrical-spoke trade dress. DNA denies any remaining allegations, including any implication that such rights are invalid or unenforceable.

77.    DNA admits that an actual controversy exists but denies Defendant's characterization of the nature, scope, or merits of that controversy.

78.    DNA admits that it is seeking to enforce its rights in the '968 Patent and both alleged trade dresses and denies that Sharkroad has any rights with respect to either.

79.    Admit.

80.    DNA denies the allegations regarding purported prior art, including that such references anticipate or render obvious the claimed design or create the same overall

1

visual impression and is without sufficient information to admit or deny the remainder of the allegations.

81.    DNA specifically denies all allegations of fraud, inequitable conduct, or failure to disclose material prior art.  DNA further denies that any relevant material prior art was withheld, that any such information was material to patentability, or that any intent to deceive the United States Patent and Trademark Office existed.

82.    DNA denies that it was aware of invalidating prior art and denies that it failed to disclose any such art during.

83.    DNA denies the allegations of paragraph 83 of the Counterclaims.

84.    DNA denies the allegations of Paragraph 84, did provide alternate means of notice and does not need to admit or deny the remainder of the allegations as they are conclusions of law.

85.    DNA denies the allegations of Paragraph 85, did provide alternate means of notice and does not need to admit or deny the remainder of the allegations as they are conclusions of law.

### ANSWER TO COUNTERCLAIMS

### COUNT 1: INEQUITABLE CONDUCT / UNENFORCEABILITY

86.    DNA incorporates by reference each of its responses to Paragraphs 72–85.

87.    DNA admits that it owns the subject patent.

88.    DNA denies each and every allegation of inequitable conduct and/or fraud on the USPTO and denies that Sharkroad is entitled to attorney's fees.

89.    DNA admits that a justiciable controversy exists concerning infringement, but that DNA is without sufficient information to determine Defendant's desires.  DNA further denies that: (a) any prior art was knowingly withheld; (b) any information was material and undisclosed; (c) any intent to deceive the USPTO existed and based thereon denies that there is justiciable controversy related to inequitable conduct.

90.    Denied.

PLAINTIFF DNA SPECIALTY, INC.'S REPLY TO DEFENDANT SHARKROAD, INC.'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

## COUNT 2: INVALIDITY – ANTICIPATION / OBVIOUSNESS

91. DNA incorporates by reference each of its responses to Paragraphs 72–90.

92. DNA admits that Sharkroad has so contended, but denies the contentions.

93. Denied.

94. DNA admits that a justiciable controversy exists, but that DNA is without sufficient information to determine Defendant's desires.

95. Denied.

## COUNT 3: INVALIDITY BASED ON FUNCTIONALITY

96. DNA incorporates by reference each of its responses to Paragraphs 72–95.

97. Denied.

98. DNA admits that a justiciable controversy exists, but that DNA is without sufficient information to determine Defendant's desires.

99. DNA denies that Defendant is entitled to any declaratory judgment.

## COUNT 4:  NON-INFRINGEMENT OF THE '968 PATENT

100. DNA incorporates by reference each of its responses to Paragraphs 72–99.

101. Admit.

102. DNA admits that it is not infringing any claim of the '968 Patent, but does admit that there exists an actual controversy.

103. DNA admits that a valid and justiciable controversy exists that Defendant has infringed the '968 Patent, but Defendant's allegations concerning this Counterclaim do not rise to warrant a judicial determination of non-infringement and DNA denies any such allegations of non-infringement.

104. Denied.

## COUNT 5: INVALIDITY OF SPIRAL-SPOKE TRADE DRESS

105. DNA incorporates by reference each of its responses to Paragraphs 72–104.

106. Denied.

107. Admit.

PLAINTIFF DNA SPECIALTY, INC.'S REPLY TO DEFENDANT SHARKROAD, INC.'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

108. DNA admits that a justiciable controversy exists, but that DNA is without sufficient information to determine Defendant's desires.

109. DNA denies that Defendant is entitled to any declaratory judgment.

## COUNT 6: NON-INFRINGEMENT OF SPIRAL-SPOKE TRADE DRESS

110. DNA incorporates by reference each of its responses to Paragraphs 72–109.

111. Admit.

112. Denied.

113. Denied.

114. DNA is without sufficient information to admit or deny the allegations and therefore denies them.

115. Admit.

116. DNA admits that a justiciable controversy exists, but that DNA is without sufficient information to determine Defendant's desires.

117. DNA denies that Defendant is entitled to any declaratory judgment.

## COUNT 7: INVALIDITY OF CYLINDRICAL-SPOKE TRADE DRESS

118. DNA incorporates by reference each of its responses to Paragraphs 72–117.

119. Denied.

120. Admit.

121. DNA admits that a justiciable controversy exists, but that DNA is without sufficient information to determine Defendant's desires.

122. DNA denies that Defendant is entitled to any declaratory judgment.

## COUNT 8: NON-INFRINGEMENT OF CYLINDRICAL-SPOKE TRADE DRESS

123. DNA incorporates by reference each of its responses to Paragraphs 72–122.

124. Admit.

125. Denied.

126. Denied.

4

127.   DNA is without sufficient information to admit or deny the allegations and therefore denies them.

128.   Admit.

129.   DNA admits that a justiciable controversy exists, but that DNA is without sufficient information to determine Defendant's desires.

130.   DNA denies that Defendant is entitled to any declaratory judgment.

## GLOBAL DENIAL

DNA denies any allegation not expressly admitted.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to each of the counterclaims set forth in Sharkroad's Answer and Counterclaim, DNA sets forth the following and asserts that each is relevant or will be relevant following an opportunity for discovery.  Without assuming any obligation beyond what is mandated by law, DNA asserts the following defenses.

## FIRST AFFIRMATIVE DEFENSE

(*Failure to State a Claim*)

1.   As a first and separate affirmative defense to Sharkroad's Answer and Counterclaims, and to each claim therein, DNA alleges that the Counterclaims, and each purported cause of action therein, fail to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(*Improper Declaratory Relief / Mirror-Image Claims*)

2.   As a second and separate affirmative defense to Sharkroad's Answer and Counterclaims, and to each claim therein, DNA alleges that one or more of Defendant's Counterclaims for declaratory relief are duplicative of defenses to Plaintiff's affirmative claims and do not present an independent case or controversy warranting declaratory relief.

PLAINTIFF DNA SPECIALTY, INC.'S REPLY TO DEFENDANT SHARKROAD, INC.'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

## THIRD AFFIRMATIVE DEFENSE

### (*Estoppel / Waiver / Laches*)

3.      As a third and separate affirmative defense to Sharkroad's Answer and Counterclaims, and to each claim therein, DNA alleges that Defendant's Counterclaims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, acquiescence, and/or related equitable doctrines, based on Defendant's own conduct and delay.

## FOURTH AFFIRMATIVE DEFENSE

### (*Good Faith and Absence of Inequitable Conduct*)

4.      As a fourth and separate affirmative defense to Sharkroad's Answer and Counterclaims, and to each claim therein, DNA alleges that it acted in good faith at all relevant times and did not engage in inequitable conduct or any conduct that would render the '968 Patent unenforceable.

## FIFTH AFFIRMATIVE DEFENSE

### (*Presumption of Validity – 35 U.S.C. § 282*)

5.      As a fifth and separate affirmative defense to Sharkroad's Answer and Counterclaims, and to each claim therein, DNA alleges that the '968 Patent is presumed valid under 35 U.S.C. § 282, and Defendant bears the burden of proving invalidity by clear and convincing evidence.

## SIXTH AFFIRMATIVE DEFENSE

### (*Failure to Plead with Particularity – Rule 9(b)*)

6.      As a sixth and separate affirmative defense to Sharkroad's Answer and Counterclaims, and to each claim therein, DNA alleges that Defendant's inequitable conduct allegations fail to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

///

///

///

PLAINTIFF DNA SPECIALTY, INC.'S REPLY TO DEFENDANT SHARKROAD, INC.'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

## SEVENTH AFFIRMATIVE DEFENSE

*(No Standing for Certain Counterclaims)*

7.   As a seventh and separate affirmative defense to Sharkroad's Answer and Counterclaims, and to each claim therein, DNA alleges that Defendant lacks standing or fails to establish a justiciable controversy warranting a declaratory judgment in its favor as to one or more Counterclaims.

## EIGHTH AFFIRMATIVE DEFENSE

*(Reservation of Additional Defenses)*

8.   As an eighth and separate affirmative defense to Sharkroad's Answer and Counterclaims, and to each claim therein, DNA reserves the right to assert additional defenses as discovery proceeds and further facts become known.

## NINTH AFFIRMATIVE DEFENSE

*(Failure to Identify Proper Prior Art – Design Patent Law)*

9.   As a ninth and separate affirmative defense to Sharkroad's Answer and Counterclaims, and to each claim therein, DNA alleges that Defendant's Counterclaims for invalidity based on anticipation and/or obviousness fail, in whole or in part, because Defendant has not identified any proper primary reference, including dates to establish that they are, in fact, prior art, that is substantially the same as the claimed design, as required under governing design patent law.  DNA further alleges that the prior art references cited by Defendant do not create the same overall visual impression as the claimed design, either individually or in combination, and therefore cannot support a claim of invalidity.

## TENTH AFFIRMATIVE DEFENSE

*(Functionality Requires Factual Development)*

10.   As a tenth and separate affirmative defense to Sharkroad's Answer and Counterclaims, and to each claim therein, DNA alleges that Defendant's Counterclaims asserting functionality—whether as a basis for design patent invalidity or trade dress

7

invalidity—raise fact-intensive issues that cannot be resolved on the pleadings. DNA further alleges that the claimed design and trade dress include ornamental and non-functional elements, and that the existence of alternative designs and the overall visual impression of the claimed features preclude any determination of functionality without a full evidentiary record.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*Unclean Hands*)

11.     As an eleventh and separate affirmative defense to Sharkroad's Answer and Counterclaims, and to each claim therein, DNA alleges, on information and belief, that Defendant's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands. Defendant has engaged in inequitable, unfair, or improper conduct relating to the subject matter of this action, including, without limitation, the copying, marketing, and sale of products that are substantially and/or confusingly similar to DNA's designs and trade dress. Such conduct precludes Defendant from obtaining equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, DNA respectfully requests:

1.  That Defendant takes nothing by its Counterclaims;
2.  That all Counterclaims be dismissed with prejudice;
3.  That judgment be entered in favor of DNA;
4.  That DNA be awarded its attorneys' fees and costs where permitted by law; and
5.  For such other relief as the Court deems just and proper.

## JURY DEMAND

DNA hereby demands a trial by jury on all issues so triable.

PLAINTIFF DNA SPECIALTY, INC.'S REPLY TO DEFENDANT SHARKROAD, INC.'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

DATED: April 13, 2026        **VAKILI & LEUS, LLP**

By: /s/ *Sa'id Vakili* _____
Sa'id Vakili, Esq.
Craig McLaughlin, Esq.
*Counsel for Plaintiff DNA Specialty, Inc.*

9

PLAINTIFF DNA SPECIALTY, INC.'S REPLY TO DEFENDANT SHARKROAD, INC.'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

## CERTIFICATE OF SERVICE
*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-cv-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On April 13, 2026, I served the foregoing document described as **PLAINTIFF DNA SPECIALTY, INC.'S REPLY TO DEFENDANT SHARKROAD, INC.'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*Poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant Sharkroad, Inc.*

I hereby certify that on the 13th day of April 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on April 13, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming

CERTIFICATE OF SERVICE