Sa'id Vakili, Esq. (SBN: 176322)
*vakili@vakili.com*
Craig McLaughlin, Esq. (SBN: 182876)
*craig@vakili.com*
Jason C. Ming, Esq. (SBN: 219745)
*jason@vakili.com*
Stephen P. Hoffman, Esq. (SBN: 287075)
*hoffman@vakili.com*
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California  90010-2822

**213/380-6010**  |   Fax: 213/380-6051

*Counsel for Plaintiff and*
*Counterclaim Defendant DNA Specialty, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **DNA SPECIALTY, INC., a California Corporation,**<br><br>**Plaintiff and Counterclaim Defendant,**<br><br>**v.**<br><br>**SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,**<br><br>**Defendants and Counterclaimant.** | **CASE NO.: 2:25-cv-10379-MWC (RAOx)**<br><br>[*Hon. Michelle Williams Court*]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DNA SPECIALTY, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP RULE 12(c) AND TO STRIKE SEVERAL OF SHARKROAD, INC.'S DEFENSES PURSUANT TO FRCP RULE 12(f) OR 12(f)(1)**<br><br>**Date:** July 24, 2026<br>**Time:** 1:30 P.M.<br>**Place:** Courtroom 6A<br>First Street U.S. Courthouse<br>Los Angeles, CA |

---

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

## TABLE OF CONTENTS

I.  INTRODUCTION ……………………………………………………….. 1

II.  LEGAL STANDARDS………………………………………………………... 2

III.  ANALYSIS………………………………………………………… 5

    *A. Sharkroad's Inequitable Conduct Counterclaim Violates the Materiality and Specific Intent Requirements of Federal Circuit Precedent* ………………………………………………………… 5

        *1. The "Who"*……………………………………………………………5

        *2. The "Where"*……………………………………………………….. 8

        *3. The "Why" and "How"* …………………………………………… 9

        *4. Sharkroad Fails to Meet Even the General Pleading Standard Required For a "Specific Intent to Deceive"*………………………13

    *B. Sharkroad's Counterclaim for Invalidity (Count II) Also Fails*………16

    *C. Sharkroad's Fourth Defense and Those Related to Inequitable Conduct, Fraud or Mistake in Its Third Defense Should Be Stricken* …………..17

    *D. Sharkroad's Sixth Defense for Invalidity and Functionality Also Fails* ………………………………………………………………… 18

    *E. Sharkroad's Seventh Defense of "Patent Misuse" Should Be Stricken*…………………………………………………………..20

    *F. Sharkroad's Fourteenth Defense of "Failure to Mitigate" Should Be Stricken*…………………………………………………………..21

    *G. Sharkroad's Non-Affirmative Defenses Should Also Be Stricken*..……21

IV.  CONCLUSION ………………………………………………………..22

i

# TABLE OF AUTHORITIES

## Cases

*Aevoe Corp. v. Ae Tech. Co.*, 2013 U.S. Dist. LEXIS 31647 *; 2013 WL 876036 (D. NV March 7, 2013) ................................................................................................12, 17

*Arrmaz Products Inc. v. Rieth-Riley Construction Co. Inc.*, 2024 U.S. Dist. LEXIS 107870 *; 2024 LX 99199; 2024 WL 3043317 (N.D. IN 2024)......4, 8, 9, 11, 12 16, 20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………………………………………13, 19

*Barnes v. AT&T Pension Benefit Plan--Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) …………………………………………………………………….19, 22

*Baxter Int'l Inc. v. McGaw, Inc.*, 149 F.3d 1321 (Fed. Cir. 1998)……………………11

*C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:17-CV-754 TS, 2019 U.S. Dist. LEXIS 67369 (D. UT Apr. 18, 2019)…………………………………………………..4

*Crye Precision LLC v. Duro Textiles, LLC*, 112 F. Supp. 3d 69 (S.D.N.Y. 2015).12, 17

*Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337 (Fed. Cir. 2011) …………………………………………………………………………………...4, 13

*Exergen Corp. v. Wal-mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009). ...............................................................…………………3, 4, 5, 6, 8, 9, 12, 13, 17

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993).......................................5

*Ferguson Beauregard/Logic Controls Div. of Dover Res., Inc. v. Mega Sys.*, LLC, No. 99-CV-437, slip op. at 10 (E.D.Tex. Aug. 14, 2000) …………………………………...17

*Grano v. Sodexo Management, Inc.*, 2020 U.S. Dist. LEXIS 227466 *; 2020 WL 7074905 (S.D.Cal. 2020) …………………………………………………………..21

*Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999) ..........3, 13

*Memo. of Pts. & Auth. in Support of DNA's Notice of Motion and Motion for Partial Judgment On The Pleadings and To Strike Several Defenses*

*Int'l Test Solutions, Inc. v. Int'l Corp.*, 2017 U.S. Dist. LEXIS 74640 *; 2017 LX 39962; 2017 WL 2118314 (ND. Cal., May 16, 2017)..................................11, 13, 14, 15

*Kaotica IP Corp. v. Iconic Mars Corp.*, U.S. Dist. LEXIS 159012 *, 2021 WL 3726006 (S.D. Cal. Aug. 23, 2021) …………………………………………………..17

*Kit Check, Inc. v. Health Care Logisitics, Inc.*, 2018 U.S. Dist. LEXIS 98847 *, 2018 WL 2971104 (S.D. Ohio June 13, 2018) …………………………………………..16

*Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 95–96 (D.N.J. 2014).........FN1

*Powertech Tech., Inc. v. Tessara, Inc.*, No. C 10-0945 CW, 2012 WL 1746848 (N.D. Cal. May 16, 2012)……………………………………………………………..5, 19, 20

*Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 921 F. Supp. 2d 297 (D. Del. 2013) ................7

*Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.*, No. 1:15-CV-01137-MJS-HC, 2016 WL 615335 (E.D. Cal. Feb. 16, 2016)…………………………….22

*Signify N. Am. Corp. v. Reggiani Lighting USA, Inc.*, 2020 U.S. Dist. LEXIS 49792 *; 2020 WL 1331919 (SDNY March 13, 2020) .......................................7, 11, 12, 14, 20

*Tangent Techs., LLC v. Recycled Plastics Indus., LLC*, 2024 U.S. Dist. LEXIS 157277 *; 2024 WL 4007218 (E.D.WI, July 24, 2024) ............................................................11

*Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011) …………………………………………………………...………......4, 5, 8, 10, 13, 14, 15

*Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004)...............................................................3

*Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir.1979) ...............................................5

*Zivkovic v. S. California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002)…………………21

**Rules**

37 C.F.R. § 1.56.........................................................................................................6, 8

*Memo. of Pts. & Auth. in Support of DNA's Notice of Motion and Motion for Partial Judgment On The Pleadings and To Strike Several Defenses*

37 C.F.R. § 1.56(a)...............................................................................................6

37 C.F.R. § 1.56(c) ………………………………………………………………….6

F. R. Civ. P. Rule 12(c)..............................................1, 2, 3, 8, 9, 13, 16, 17

F. R. Civ. P. Rule 12(f) ..................................................1, 2, 5, 17, 18, 21, FN1

F. R. Civ. P. Rule 12(f)(1) ....................................................1, 2, 17, 18, FN1

F. R. Civ. P. Rule 8 .....................................................................................2, 16

F. R. Civ. P. Rule 9(b) ............................................1, 2, 3, 9, 13, 14, 15, 16, 18, 19, 20

Manual of Patent Examining Procedures ("MPEP") § 2001.01 (8th ed., rev. 2, May 2004) ......................................................................................................6

**Treatises**

5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2020) .............................................................FN1

*Memo. of Pts. & Auth. in Support of DNA's Notice of Motion and Motion for Partial Judgment On The Pleadings and To Strike Several Defenses*

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   <u>INTRODUCTION</u>

On March 24, 2026, Defendant and Counterclaimant Sharkroad, Inc. ("Sharkroad") filed an Answer and Counterclaims ("ACC") [Dkt. #23] in response to the First Amended Complaint ("FAC") of Plaintiff and Counterclaim Defendant DNA Specialty, Inc. ("DNA") [Dkt. #12], in which DNA alleged infringement of US Design Patent No. D1,086,968 ("the '968 Patent"), which claims an ornamental design of a spirally-shaped wheel spoke.

In the ACC, Sharkroad alleged in Counterclaim Count I unenforceability and invalidity of the '968 Patent based on "inequitable conduct," that "Plaintiff" committed fraud before the United States Patent and Trademark Office ("USPTO" or "PTO") by intentionally "failing to disclose material prior art relevant to the patentability of the claimed design." [Dkt. #23, ¶ 88.]  Sharkroad's allegations, however, do not satisfy F. R. Civ. P. Rule 9(b) or Federal Circuit precedent.  Pursuant to F. R. Civ. P. Rule 12(c), DNA's motion for judgment on the pleadings should therefore be granted.  Relying on the same immaterial prior art, Sharkroad's Counterclaim for Invalidity should also fall pursuant to Rule 12(c).

Sharkroad also alleged as part of its Answer, the defense of inequitable conduct as part of its asserted Third Defense and only as its Fourth Defense.  [Dkt. #23, ¶¶ 56-57.]  These defenses suffer from the same fatal pleading defects and should be stricken pursuant to F. R. Civ. P. Rule 12(f) or *sua sponte* under Rule 12(f)(1).  To the extent that Sharkroad's assertion of "unclean hands" in its Third Defense relates to inequitable conduct, F. R. Civ. P. Rule 9(b) should apply and therefore also be stricken.

Sharkroad's asserted Sixth Defense of "Patent Invalidity" and "Functional Design," Seventh Defense of "Patent Misuse" and Fourteenth Defense of "Failure to Mitigate" contain only conclusory allegations and fail to apprise DNA of the nature of

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

the defense and about the grounds on which the defense rests. [Dkt. #23, ¶¶ 59, 60, 67.] Under F. R. Civ. P. Rule 12(f) or 12(f)(1), these defenses should be stricken.

Sharkroad also pled several non-affirmative defenses: Fifth Defense ("Patent Non-Infringement)," Ninth Defense ("Non-Infringement of Plaintiff's Trade Dresses"), Tenth Defense ("No Likelihood of Confusion"), Eleventh Defense ("No Unlawful, Unfair, or Fraudulent Conduct"), Twelfth Defense ("No Willful Infringement"), Thirteenth Defense ("No Damages"), and Fifteenth Defense ("No Irreparable Harm"). [Dkt. #23, ¶¶ 58, 62-66, 68.] These are redundant denials, not affirmative defenses. Accordingly, they should be stricken without leave to amend pursuant to F. R. Civ. P. Rule 12(f) or 12(f)(1).

On May 6, 2026, both parties' counsels "met and conferred" via telephone concerning Sharkroad's defective pleading. [*See* Decl. of Craig McLaughlin, submitted herewith.] During the "meet and confer," in an effort to cure, Sharkroad's counsel requested, and DNA's counsel granted, one week for Sharkroad to remedy the defects with a proposed Amended Answer and Counterclaim.

On May 12, 2026, Sharkroad's counsel forwarded Sharkroad's proposed changes to the ACC via e-mail to DNA's counsel showing both stricken and added language thereto. [Decl. of Craig McLaughlin, Ex. 1.] A few days later, Sharkroad forwarded a cleaned-up version incorporating the changes it made to the ACC ("PAACC"). [Decl. of Craig McLaughlin, Ex. 2.] DNA addresses below why the ACC fails and why the PAACC continues to fail to comply with F. R. Civ. P. Rule 8 and Rule 9(b). (For purposes of this Motion, DNA assumes that Sharkroad's references are in fact "prior art.")

## II.   **LEGAL STANDARDS**

Under F. R. Civ. P. Rule 12(c), a party may move for judgment on the pleadings after the complaint and answer have been filed. A Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss, which tests the sufficiency of the pleading, not the merits of the suit. All factual allegations in the complaint must be

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

accepted as true and construed in the light most favorable to the non-moving party. *Turner v. Cook,* 362 F.3d 1219, 1225 (9th Cir. 2004).  Judgment on the pleadings is properly granted when no issue of material fact is in dispute and the moving party is entitled to judgment as a matter of law.  *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 979 (9th Cir. 1999).

Under F. R. Civ. P. Rule 9(b), claims alleging fraud or mistake must be pled with particularity.  "Inequitable conduct, while a broader concept than fraud, must be pled with particularity" too.  *Exergen Corp. v. Wal-mart Stores, Inc.,* 575 F.3d 1312, 1326 (Fed. Cir. 2009) (citation omitted).  In patent infringement cases, courts shall apply the precedent of the Federal Circuit, not the regional circuit, to determine if a claim for inequitable conduct has been pled with particularity under Rule 9(b).  *Id.*

To meet the particularity requirements of Rule 9(b), in its pleading, the accused infringer "must identify the specific who, what, when, where, and how of the *material* misrepresentation or omission committed before the PTO."  *Exergen Corp.*, 575 F.3d at 1328 (emphasis added).  Specifically, the accused infringer must allege several factual bases.

First, the pleading must name the specific individual, with a duty to disclose during prosecution, "**who** both knew of the material information and deliberately withheld or misrepresented it."  *Id*. at 1329.  Second, the pleading must identify **what** "claims, and which limitations in those claims, the withheld references are relevant to, and **where** in those references the material information is found."  *Id.*  Third, the pleading must "identify the particular claim limitations, or combinations of claim limitations, that are supposedly absent from the information of record . . . to explain both "**why**' the withheld information is material and not cumulative, and `**how**' an examiner would have used this information in assessing the patentability of the claims."  *Id*. at 1329-30.  *Arrmaz Products Inc. v. Rieth-Riley*

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

*Construction Co. Inc.*, 2024 U.S. Dist. LEXIS 107870 *6; 2024 LX 99199; 2024 WL 3043317 (Dist. Court, ND Indiana 2024) (citing to *Exergen*).

Under Federal Circuit precedent, to prevail on a claim of inequitable conduct involving an omission or misrepresentation of prior art, an accused infringer must also prove, by clear and convincing evidence, two separate and discreet things: (1) the reference was "material" to the prosecution of the patent and (2) the applicant had "specific intent" to deceive the PTO. *See Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011).

> In *Therasense, Inc. v. Becton*, the Federal Circuit addressed how "the inequitable conduct doctrine has plagued not only the courts but also the entire patent system." The Court noted that alleging inequitable conduct has become "a common litigation tactic," asserted in "almost every major patent case" on even the "slenderest grounds." The Federal Circuit also recognized many costs of this "absolute plague," including "increased adjudication cost and complexity, reduced likelihood of settlement, burdened courts, strained PTO resources, increased PTO backlog, and impaired patent quality." To remedy this problem, the Court "tighten[ed] the standards for finding both intent and materiality." *C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:17-CV-754 TS, 2019 U.S. Dist. LEXIS 67369, at *3-4 (D. Utah Apr. 18, 2019) (citing various passages from *Therasense*).

The requirements to plead inequitable conduct are significant and rigorous. In addition to identifying the specific who, what, when, where, why and how of the material misrepresentation or omission, the accused infringer must recite sufficient facts "from which the court may *reasonably infer* that a specific individual" had knowledge of the material reference and deliberately withheld it with the intent to deceive the PTO. *Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011)

4

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

(emphasis added).  To qualify as a material reference, it must be "but-for" material, which means that "the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Therasense*, 649 F.3d at 1291.

Affirmative defenses may be stricken if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter."  F. R. Civ. P. Rule 12(f). The purpose of a Rule 12(f) motion is to avoid the prejudicial expense of spending time and money litigating spurious issues.  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).  A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense and fails to provide any information about the grounds upon which it rests.  *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979); *Powertech Tech., Inc. v. Tessara, Inc.,* No. C 10-0945 CW, 2012 WL 1746848, at *5 (N.D. Cal. May 16, 2012) ("affirmative defenses [which] include only conclusory allegations, without providing any information about the grounds upon which the defenses rest, it has insufficiently [pleaded] these defenses.").

## III.    ANALYSIS

Sharkroad's ACC and PAACC suffer fatally from inadequate pleading.

### A.    *Sharkroad's Inequitable Conduct Counterclaim Violates the Materiality and Specific Intent Requirements of Federal Circuit Precedent*

As will be seen below, the allegations of inequitable conduct in both the ACC and PAACC fail to "identify the specific" who, where, why and how "of the material misrepresentation or omission" of the prior art references during prosecution before the PTO.  *Exergen Corp.*, 575 F.3d at 1328.

#### 1.    *The "Who"*

The pleading must name the *specific individual*, with a duty to disclose during prosecution, **'who'** both knew of the material information <u>and</u> deliberately withheld or misrepresented it.  *Id*. at 1329.

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

**In the ACC**, Sharkroad accuses "DNA" of committing fraud on the patent office but fails to identify any specific *individual* who allegedly withheld material prior art during prosecution.  [Dkt. #23, ¶¶ 81, 88.]

Attached to the FAC, the face page of the '968 Patent shows that DNA is not listed as an inventor.  [Dkt. #12-1.]  DNA acquired the '968 Patent by assignment as the ACC admits.  [Dkt. #23, ¶ 79.]  It did so *after* prosecution had closed and *after* the application had been allowed.

In *Exergen*, the pleading referred generally to "'Exergen, its agents and/or attorneys,' Answer ¶¶ 40, 43, but fails to name the specific individual associated with the filing or prosecution of the application issuing as the '685 patent, who both knew of the material information and deliberately withheld or misrepresented it. The pleading thus fails to identify the 'who' of the material omissions and misrepresentation." *Exergen Corp.*, 575 F.3d at 1329.  Sharkroad's pleadings suffer from the same fatal defect.

But Sharkroad's frivolous allegations to taint DNA with fraud didn't stop there. Sharkroad further alleged that DNA withheld material prior art from the USPTO in violation "of its duty of disclosure under 37 C.F.R. § 1.56."  [Dkt. #23, ¶ 82.]  As an organization, DNA has no such duty.  "*See* 37 C.F.R. § 1.56(a).  ('Each *individual* associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [PTO] ....' (emphasis added)); *id.* at § 1.56(c) (identifying classes of individuals); Manual of Patent Examining Procedures ("MPEP") § 2001.01 (8th ed., rev. 2, May 2004) (explaining that 'the duty applies only to individuals, not to organizations).'" *Exergen Corp.*, 575 F.3d at 1329 (motion for leave to amend denied).

**In the PAACC**, Sharkroad made some changes to the **'who'** allegations. Continuing to accuse DNA, Sharkroad added a variety of individuals including named inventor Jerry Lehman and DNA's "principles, including" DNA's CEO James Choi, DNA's Secretary Sun Choi, and temporary assignee Paul Choi who Sharkroad speculates "were individuals associated with the preparation, filing, and/or prosecution of the

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

application that issued as the '968 Patent or were otherwise substantively involved in the application . . . ."  [PAACC, ¶¶ 82, 88.]

Yet the allegations of who supposedly knew of the purported material information are pled in the alternative by use of the qualifier "and/or."  [PAACC, ¶¶ 95, 97, 98, 100, 108, 109, 113, 114, 115.]  Sharkroad appears to not know which among those it has now accused was responsible for the purported fraud.

Sharkroad "has not alleged that any one of those individuals necessarily committed the particular act."  *Signify N. Am. Corp. v. Reggiani Lighting USA, Inc.*, 2020 U.S. Dist. LEXIS 49792 **19-20; 2020 WL 1331919 (SDNY March 13, 2020).  "[T]here are no facts from which the court can reasonably infer that any individual with knowledge [of the misrepresentation] also had knowledge of the falsity of any material misrepresentation and that the same individual misrepresented the information with a specific intent to deceive the PTO."  *Id*. (citing *Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 307 (D. Del. 2013)).

Sharkroad continues to accuse DNA, but also throws a number of individuals into the scrum and pleads "and/or" that any of them alone or together committed one, some or none of the required elements of inequitable conduct.  "Apotex's broadly cast net around the inventors and those acting on their behalf also does not allow the court to reasonably infer that a specific individual both knew of the invalidating information and had a specific intent to deceive the PTO. Apotex's vague allegations could implicate all or none of the individuals who had dealings with the PTO during the reexamination. As such, the court finds that Apotex has insufficiently pled 'who' deceived the PTO."  *Senju Pharm. Co., Ltd.*.  Like in *Senju*, Sharkroad has fatally included DNA "and/or" the individuals it accused in the PAACC, which does not permit a reasonable inference that any accused individual was responsible for both of the elements required.

Additionally, like the ACC, allegations in the PAACC directly accuse only DNA of the purported inequitable conduct.  [PAACC, ¶¶ 103, 109, 110.]  As explained above,

7

and as the Federal Circuit has held, an organization has no duty of candor and good faith in dealing with the PTO and thus cannot have committed inequitable conduct. *Exergen Corp.*, 575 F.3d at 1329 (motion for leave to amend denied). Under this prong alone, DNA's Rule 12(c) motion should be granted.

### 2. The "Where"

The pleading must identify **'where'** in the asserted references the material information is found. *Exergen Corp.*, 575 F.3d at 1329.

**In the ACC**, Sharkroad alleges in conclusory fashion that "DNA's failure to disclose prior art relating to twisted spoke designs violated its duty of disclosure under 37 C.F.R. § 1.56. The withheld prior art was material to patentability because, had it been disclosed, the Examiner would have recognized that the claimed design of the '968 Patent reflects, at most, a non-inventive variation, such as a change in thickness, over existing designs. Accordingly, DNA engaged in inequitable conduct, rendering the '968 Patent unenforceable and supporting an award of attorneys' fees to Defendant." [Dkt. #23, ¶ 83.]

Sharkroad cited three images and three URLs as purported "material prior art" that allegedly should have been known by DNA and were purportedly intentionally withheld from the PTO during prosecution. Sharkroad does not allege that any of the three images are materially different from one another. Each image shows a spoke that appears twisted along a portion as well as including a bend in the spoke terminated at one end in a button that is used to seat the spoke to an axial plate attached to a hub. [Dkt. #23, ¶ 80.] While Sharkroad wholly ignores these material differences, fatally it fails to point out where in the purported "prior art" is located an unbent straight spoke having a spiral shape along its entire length as shown in the '968 Patent. [Dkt. #12-1.] Sharkroad fails to point out any "but-for" materiality in the purported references. *Therasense*, 649 F.3d at 1291.

Like the counterclaimant in *Arrmaz*, Sharkroad "fails to point to specific locations in the references that would demonstrate that these references do indeed disclose the

8

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

alleged information.  Instead, Defendant refers to these references generally and only uses conclusory statements to support its allegations." *Arrmaz Products Inc.,* 2024 U.S. Dist. LEXIS 107870 **9-11 (granting motion for judgment on the pleadings on this and other grounds).

**In the PAACC**, Sharkroad adds more images of bent spokes having partial twists and terminated in buttons for attachment to an axial hub mounting plate.  *See* [PAACC, ¶ 91, third "Product Exemplar" image in table].  Sharkroad, however, does not allege that any of the added images are materially different from any of the three images set forth in the ACC and alleges nothing more than conclusory allegations that the purported "prior art" is "material."  Again, Sharkroad fails to show "but-for" materiality.  It fails to show where in the "prior art" is located a completely straight spoke having a spiral shape along its entire length as shown in the record by the '968 Patent.

Sharkroad's Counterclaim for "Inequitable Conduct" fails to meet the heightened pleading requirements of Rule 9(b) and Federal Circuit precedent.  Under this prong alone, DNA's Rule 12(c) motion should be granted.

### 3. The "Why" and "How"

The pleading must also identify the particular claim limitations, or combinations of claim limitations, that are supposedly absent from the information of record . . . to explain both **'why'** the withheld information is material and not cumulative and explain `how' an examiner would have used this information in assessing the patentability of the claim.  *Exergen Corp.,* 575 F.3d at 1329-30.

**In the ACC**, Sharkroad fails to sufficiently allege **'why'** the purportedly withheld bent-spoke references are material and non-cumulative.  **In the PAACC**, instead of withdrawing its fatally defective Counterclaim, Sharkroad doubled down and added more bent spoke "prior art," each of which is equally immaterial to patentability.  [PAACC, ¶ 91.]  Sharkroad alleges generally that any twist or spiral feature in a spoke makes it *ipso facto* material prior art.  "The prior art products identified above are especially material

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

because prior commercial twisted, twirled, and spiral spoke products are directly material to patentability." [PAACC, ¶ 94.] The record, however, shows otherwise.

According to the face page of the '968 Patent, the Examiner identified, conducted a search and reviewed 18 separate prior art references, none of which were used to prevent issuance as the '968 Patent. [Dkt. #12-1.] [PAACC, ¶ 90.] Among them, the Examiner reviewed US Design Patent No. 374,649 to Choi ("the '649 Patent to Choi"). A copy of said patent is attached to the submitted declaration and is a subject of the concurrently filed Request for Judicial Notice. [Decl. Craig McLaughlin, Ex. 3.]

The '649 Patent to Choi discloses a spirally-shaped spoke having a bent end terminated in a button-style attachment means and having spiral twists along *the entire length of the spoke*. This reference was found by the Examiner to be insufficient as a basis to reject the application or to prevent allowance and issuance of the '968 Patent. The '649 Patent to Choi was clearly determined to *not* be "but-for" material in character, a reference that would otherwise have prevented the claim from advancing to allowance. *Therasense*, 649 F.3d at 1291.

Further bolstering the immateriality of Sharkroad's references are images within U.S. Patent No. 598,620 to Allen ("'620 Patent to Allen"), the first reference cited on the face page of the patent-in-suit and reviewed by the Examiner and determined to be of insufficient materiality to prevent allowance. A copy of said patent is attached to the submitted declaration and is a subject of the concurrently filed Request for Judicial Notice. [Decl. Craig McLaughlin, Ex. 4.]

Particularly illustrative are Figure Nos. 6 and 7. Comparing Sharkroad's offerings, Figure No. 6 shows a similar bent spoke having partial twists along the spoke body. Figure No. 7 shows a spoke without a bend and having a twisted mid-portion, also of insufficient materiality to prevent allowance. Like Choi and Sharkroad's references, this reference too does not show a straight spoke having twists along its entire length as depicted in the '968 Patent.

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

These references, rejected by the Examiner for immateriality, show that Sharkroad cannot establish the required materiality of any of the references it accuses DNA (and now others) of withholding from the PTO.  (It's hard to imagine that Sharkroad bothered to actually review the patents plainly listed on the face page of the patent-in-suit before suing DNA for fraud.  Due diligence appears sorely lacking.)  The record shows that *none* of Sharkroad's references are material to patentability, that Sharkroad's allegations of materiality are false and that its Counterclaim is objectively baseless.

"Given Mipox's failure to establish facial but-for materiality of the ITS data sheets, the examiner could not have used the ITS data sheets to deny the '683 patent."  *Int'l Test Solutions, Inc. v. Int'l Corp.*, 2017 U.S. Dist. LEXIS 74640 *16; 2017 LX 39962; 2017 WL 2118314 (ND. Cal., May 16, 2017); *Tangent Techs., LLC v. Recycled Plastics Indus., LLC*, 2024 U.S. Dist. LEXIS 157277 *20; 2024 WL 4007218 (E.D.WI, July 24, 2024) ("Defendant therefore does not explain why the photographs are but-for material to patentability" and amendment would be "futile because Defendant's allegations of inequitable conduct fail as a matter of law.").

Even if the inventor of the subject application had knowledge during prosecution of any of the references that Sharkroad advances, there can be no inequitable conduct for failing to disclose a reference that is not "but-for" material.  Indeed, "a patentee need not cite an otherwise material reference to the PTO if that reference is merely cumulative or is less material than other references already before the examiner."  *Baxter Int'l Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1328 (Fed. Cir. 1998).

Here, Sharkroad does not even make an attempt to distinguish the purportedly withheld prior art from any of the references that the Examiner reviewed.  "Because Reggiani makes no attempt to distinguish the '138 publication from the disclosed publications and because these cannot be the basis of an inequitable conduct claim, the Court finds that Reggiani has failed to sufficiently allege that the reference is non-cumulative."  *Signify N. Am. Corp.*, 2020 U.S. Dist. LEXIS 49792 *17; *Arrmaz Products*

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

*Inc.*, 2024 U.S. Dist. LEXIS 107870 *12 (granting motion for judgment on the pleadings on this and other grounds). Similarly, Sharkroad's undistinguished references cannot be the basis of an inequitable conduct claim.

"To satisfy the 'why' component, Defendants' counterclaim must also plead with particularity that the withheld information is not cumulative of the information actually disclosed during prosecution. Such facts are absent from Defendants' counterclaim. Therefore, the Court finds that Defendants' counterclaim fails to plead with particularity 'why' the withheld information is material and not cumulative." *Aevoe Corp. v. Ae Tech. Co.*, 2013 U.S. Dist. LEXIS 31647 *22; 2013 WL 876036 (D. NV March 7, 2013); *Signify N. Am. Corp.*, 2020 U.S. Dist. LEXIS 49792 *17; *Arrmaz Products Inc.*, 2024 U.S. Dist. LEXIS 107870 *12; *Crye Precision LLC v. Duro Textiles, LLC*, 112 F. Supp. 3d 69, 81 (S.D.N.Y. 2015). Not only did Sharkroad not allege facts to distinguish the purported references from those of the prosecution record, it also failed to allege that its purported references were non-cumulative, thus failing both requirements of the 'why.'

Sharkroad also fails to allege **'how'** an examiner would have used this information in assessing the patentability of the claim. *Exergen Corp.*, 575 F.3d at 1329-30. **In neither pleading** does Sharkroad offer any analysis of how the bent-spoke prior art anticipates or renders obvious the patented design. Instead, Sharkroad simply concludes that in view of its bent-spoke prior art, the patented design would have been determined to be nothing more than a "non-inventive variation such as a change in thickness, over existing designs." [Dkt. #23, ¶ 83.] As explained above, the record shows otherwise.

**In the PAACC**, Sharkroad eliminates this language and merely concludes anticipation and obviousness without any analysis in support. [PAACC, ¶ 95.] Yet, it is blatantly apparent that Sharkroad's bent-spoke prior art does not anticipate the '968 Patent. Furthermore, its bent-spoke prior art had effectively been reviewed by the Examiner, by way of the '620 Patent to Allen, and determined to lack materiality. Sharkroad offers no other references that an examiner could look to in combination to

12

determine obviousness.  Not only has Sharkroad abjectly failed the 'how,' its allegations of materiality, anticipation and obviousness are each objectively baseless.

**The ACC and the PAACC** suffer from the same inadequacies by failing to adequately allege the 'why' and 'how' required under F. R. Civ. P. Rule 9(b) and Federal Circuit precedent and, here, cannot be cured.  "ITS data sheets are not but-for material under *Therasense*, which is a deficiency that cannot be solved by further amended pleading. Moreover, Mipox already had an opportunity to amend in response to ITS's first motion to dismiss, suggesting that further leave to amend would be futile."  *Int'l Test Solutions, Inc.*, 2017 U.S. Dist. LEXIS 74640 *23.  Under this prong alone, DNA's Rule 12(c) motion should be granted.

After two attempts, Sharkroad has repeatedly failed to adequately allege the 'who," has failed to present any "but-for" material prior art or adequately allege the 'where,' and has failed to adequately allege the 'why' and 'how' as required under F. R. Civ. P. Rule 9(b) and Federal Circuit precedent.  Accordingly, partial judgment on the pleadings is properly granted here since there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.  *Heliotrope Gen., Inc.*, 189 F.3d at 979.

### 4. Sharkroad Fails to Meet the General Pleading Standard Required For a "Specific Intent to Deceive"

A claim for inequitable conduct must also recite sufficient facts "from which the court may reasonably infer that a *specific individual*" had knowledge of the material reference <u>and</u> deliberately withheld it with the intent to deceive the PTO.  *Delano Farms Co.*, 655 F.3d at 1350 (emphasis added).

Knowledge cannot reasonably be inferred without a factual basis.  "Knowledge is a conclusion, not a factual allegation. A pleading should provide the 'factual basis to infer [an individual] knew of the specific information.' See *Exergen*, 575 F.3d at 1330. Allegations of knowledge 'are not entitled to the assumption of truth.' *Iqbal,* 556 U.S. at 679. Alleging that an individual 'should have known' of a reference is not enough.

13

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

*Therasense*, 649 F.3d at 1290." *Int'l Test Solutions, Inc.*, 2017 U.S. Dist. LEXIS 74640 *17 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 9(b) requires more.

**In the ACC**, Sharkroad alleges DNA's knowledge of the purported references as follows: "Upon information and belief, DNA has been engaged in the spoke wheel business for many years and was aware of relevant prior art. Despite this knowledge, DNA failed to submit an Information Disclosure Statement identifying such prior art to the USPTO during prosecution of the application that issued as the '968 Patent." [Dkt. #23, ¶ 82.]

First, an information disclosure statement is not required where knowledge of material prior art is lacking. Indeed, Sharkroad has presented no "but-for" material prior art that DNA purportedly withheld, yet it speculated that DNA had knowledge of it because DNA was in the spoke wheel business for "many years." Alleging knowledge on a "should have known" basis, however, is not enough. *Therasense*, 649 F.3d at 1290.

Furthermore, not only did Sharkroad not allege that any specific *individual* had knowledge of the references <u>and</u> deliberately withheld them with the intent to deceive the PTO, Sharkroad didn't even allege that DNA deliberately withheld them *with the specific intent to deceive the PTO*.

**In the PAACC**, as set forth in 'the Who' section above, by repeated use of the "and/or" qualifier, Sharkroad fails to identify any *specific individual* that had knowledge of the material references <u>and</u> deliberately withheld them with the intent to deceive the PTO. *Signify N. Am. Corp.*, 2020 U.S. Dist. LEXIS 49792 **19-20.

Furthermore, Sharkroad continues to allege knowledge of the purported material prior art on no more than a "should have known" basis. Sharkroad alleges: "Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi knew of the prior art products identified above before and during prosecution of the application that issued as the '968 Patent because DNA had been in the motorcycle wheel and spoke wheel business for over twenty years and because those products were publicly

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

sold, advertised, and reviewed in the same industry in which DNA operated." [PAACC, ¶ 96.]

Sharkroad further alleges that: "Plaintiff's long-standing participation in the motorcycle wheel and spoke wheel industry supports knowledge of the withheld commercial prior art . . . ." [PAACC, ¶ 116.] As set forth above, a "should have known" basis is speculative, conclusory and inadequate for pleading knowledge. *Therasense*, 649 F.3d at 1290.

In the proposed pleading, Sharkroad adds a purported *motive-to-deceive* allegation as follows: "Upon information and belief, the withholding was not accidental or inadvertent. DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi had a strong motive to withhold the prior art because disclosure of the prior art would have shown the Examiner that the claimed spiral wheel spoke design was already known, sold, and used in the motorcycle wheel industry before the filing date of the '968 Patent." [PAACC, ¶ 99.] It's hard to imagine any other general reason to withhold material prior art to deceive the PTO, but Sharkroad fails to allege a factual basis of the purported motivation to infer a *specific* intent to deceive under Rule 9(b). In essence, Sharkroad alleges that DNA obtained the patent by committing fraud, but does not plausibly allege any special value such a patent would have to the accused parties to induce a *specific intent* to commit the fraud.

The pleading doesn't allege a particular factual basis why fraudulently obtaining this patent would motivate DNA, the entity, or any of the other alleged possible individuals to commit fraud on the PTO. Pleading general economic value, which Sharkroad hasn't even alleged, isn't adequate. "Mipox pleads no factual basis to explain why these ordinary economic circumstances would plausibly induce fraud on the PTO." *Int'l Test Solutions, Inc.*, 2017 U.S. Dist. LEXIS 74640 *22. "Accordingly, Mipox has failed plausibly to allege specific intent to deceive." *Id.*

Sharkroad does not provide sufficient facts that justify a reasonable inference that

15

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

any of the accused various parties knew of the purported references, had appreciated that the references were material to patentability of the claim, or that they had a specific intent to deceive the PTO by withholding them. "Defendant again fails to provide sufficient facts that justify a reasonable inference that Mr. Panzer and the inventors knew of the references, appreciated their materiality to the asserted claims, or that they had specific intent to deceive the PTO." *Arrmaz Products Inc.*, 2024 U.S. Dist. LEXIS 107870 *19 (granting motion for judgment on the pleadings on this and other grounds).

Like the counterclaimant in *Arrmaz*, Sharkroad has not likely complied with the general pleading requirements under Rule 8, let alone those of Rule 9(b). "Not only does Defendant fail to allege sufficient facts to satisfy the particularity requirements under Rule (9b), but Defendant may even fail to meet general pleading requirements under Rule 8 with regard to these individuals." *Id*.

Furthermore, a plea for further discovery cannot save Sharkroad from a judgment on the pleadings, as "nothing in the case law . . . provides that discovery is required before Rule 9(b) applies. Courts should not permit an unsupported inequitable conduct claim to be asserted or maintained." *Kit Check, Inc. v. Health Care Logisitics, Inc.*, 2018 U.S. Dist. LEXIS 98847 *11, 2018 WL 2971104 (S.D. Ohio June 13, 2018).

Having failed to allege sufficient facts that justify a reasonable inference that any of the accused various parties knew of the purported references, had appreciated that the references were material to patentability of the claim, or that they had a specific intent to deceive the PTO by withholding them, Sharkroad's pleadings have demonstrably failed nearly every prong of the particularity requirements of Rule 9(b) and Federal Circuit precedent. Accordingly, DNA's Rule 12(c) motion should be granted.

### B. Sharkroad's Counterclaim for Invalidity (Count II) Also Fails

In its Counterclaim for Invalidity, Sharkroad concludes anticipation and obviousness, again without any analysis and, through incorporation by reference, relies at best on the same immaterial prior art as pled in the Counterclaim for Inequitable

16

Conduct.  [Dkt. #23, ¶ 91; PAACC, ¶ 120.]  Accordingly, this Counterclaim too cannot be a plausible claim and therefore judgment on the pleadings is appropriate.  *Kaotica IP Corp. v. Iconic Mars Corp.*, U.S. Dist. LEXIS 159012, at *3, 2021 WL 3726006 (S.D. Cal. Aug. 23, 2021); *Crye Precision LLC*, 112 F. Supp. 3d at 79 (S.D.N.Y. 2015).  Sharkroad did not improve this claim, despite opportunity to do so.  It should therefore fall under Rule 12(c) with Count I.

### C.   Sharkroad's Fourth Defense and Those Related to Inequitable Conduct, Fraud or Mistake in Its Third Defense Should Be Stricken

**Sharkroad's Fourth Defense** of "Inequitable Conduct" as pled **in the ACC** is wholly conclusory and woefully inadequate to comply with the particularity requirements required by the Federal Circuit as explained above.  [Dkt. #23, ¶ 57.]  "*Ferguson Beauregard/Logic Controls Div. of Dover Res., Inc. v. Mega Sys., LLC,* No. 99-CV-437, slip op. at 10 (E.D.Tex. Aug. 14, 2000) ('Merely putting the words ... "inequitable conduct' in a[n] ... Answer will not be sufficient to unleash the mischief' of the defense.)."  *Exergen Corp.,* 575 F.3d at 1328.

**In the PAACC**, Sharkroad provides more allegations.  [PAACC, ¶ 57.]  They precede those in the Counterclaims and thus do not benefit from them, inadequate as they are as explained above, but suffer from at least the same pleading fatalities as explained above and thus should be stricken.

An affirmative defense of inequitable conduct cannot be saved "when the related counterclaim has already been found wanting."  *Aevoe Corp.*, 2013 U.S. Dist. LEXIS 31647 *32.  It thus should be stricken under Rule 12(f) or 12(f)(1)[1] without leave to

---

[1]   Should DNA's Rule 12(f) motion to strike be deemed untimely, DNA hereby respectfully requests this Court to act on its own under F. R. Civ. P. Rule 12(f)(1) to consider the substance of this Motion and to strike the requested defenses.  This Court may consider the underlying merits of the Motion because Rule 12(f)(1) permits the Court to act to strike "on its own."  *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 95–96 (D.N.J. 2014).  In particular, "'the authority given the court by the rule to strike an insufficient defense 'on its own' has been interpreted to allow the district court to consider

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

amend.

**In its Third Defense, in both the ACC and PAACC**, Sharkroad cites a basket of variously named "Equitable Doctrines," including "inequitable conduct" and "unclean hands." [Dkt. #23, ¶ 56; PAACC, ¶ 56.]  Similarly, and pursuant to the analysis above, the "inequitable conduct" defense here too requires adherence to Rule 9(b), which is wholly lacking, and therefore should be stricken under Rule 12(f) or 12 (f)(1).

**In the PAACC**, Sharkroad added the following allegations:

Upon information and belief, Plaintiff seeks to enforce the '968 Patent and alleged trade dress rights despite Plaintiff's knowledge that substantially similar twisted, twirled, spiral, and/or fat twisted spoke designs were publicly known, used, offered for sale, and/or sold before Plaintiff claimed such designs as proprietary. Plaintiff's claims are further barred because Plaintiff, its principals, predecessors, assigns, and/or persons involved in the prosecution and ownership of the '968 Patent failed to disclose material prior art to the USPTO and now seek to enforce rights that were obtained and asserted through inequitable and improper conduct.  [PAACC, ¶ 56.]

Sharkroad relies here too on improperly accusing DNA, an entity, of somehow having knowledge (without any supporting facts) of some undefined prior art and accuses various additional individuals of failing to disclose some unidentified "material prior art" on an "and/or" basis, doesn't identify the referenced "prior art," doesn't allege that it was non-cumulative or how an examiner would view it as "but-for" material or even allege that anyone withheld it with the specific intent to deceive the PTO.

---

untimely motions to strike and to grant them if doing so seems proper." 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2020) (collecting cases).  Professors Wright and Miller provide that "the time limitations set out in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit." *Id.*

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

To the extent that Sharkroad's assertion of "unclean hands" or any other listed defense relates to inequitable conduct, fraud or mistake, Rule 9(b) should apply to it as well. *Powertech Tech., Inc.,* (striking defense of unclean hands for failure to comply with Rule 9(b)).

After two attempts, Sharkroad has been unable to comply with the particularity requirements of Rule 9(b).  Accordingly, these defenses should be stricken without leave to amend.

### D.    Sharkroad's Sixth Defense for Invalidity and Functionality Also Fails

Sharkroad's Sixth Defense, unchanged in the PAACC, is comprised of nothing but conclusory allegations of invalidity under a bushel of patent statutes.  It alleges zero prior art to even begin to attempt an analysis of anticipation or obviousness.  [Dkt. #23, ¶ 59; PAACC, ¶ 59.]  On what factual basis was each (or any) of the referenced statutes violated?  The allegations don't say.

If a defendant pled "affirmative defenses [which] include only conclusory allegations, without providing any information about the grounds upon which the defenses rest, it has insufficiently [pleaded] these defenses."  *Powertech Tech, Inc.* (striking defenses by applying the more relaxed standard of fair notice, but recognizing that courts in the Northern District of California apply the *Iqbal/Twombly* standard of plausibility); *Barnes v. AT&T Pension Benefit Plan--Nonbargained Program*, 718 F. Supp. 2d 1167, 1172-73 (N.D. Cal. 2010) (striking defenses applying the *Iqbal/Twombly* standard of plausibility although noting that "AT & T has not alleged sufficient facts to provide notice to Barnes as to the nature of any of its affirmative defenses").  Here, applying the more relaxed standard, Sharkroad fails to put DNA on notice of the nature of the invalidity defense or upon the grounds upon which it rests.

Sharkroad's allegations of functionality are also bare conclusions: "the design claimed in the '968 Patent is not primarily ornamental but is instead dictated by function." They allege no facts in support.  They don't even point to a single purely functional

19

feature.  Accordingly, the defense should be stricken.

### E.    Sharkroad's Seventh Defense of "Patent Misuse" Should Be Stricken

**In the ACC**, Sharkroad extends its allegations to include the asserted defense of "patent misuse."    The allegations comprise a total of one conclusory sentence, **unchanged in the PAACC**: "Plaintiff's patent infringement claims are barred and Plaintiff's alleged patent is unenforceable based on the doctrine of patent misuse." [Dkt. #23, ¶ 60; PAACC, ¶ 60.]  That's it.  Is Sharkroad alleging anticompetitive patent tying?  No allegations or facts so indicate.  Is Sharkroad alleging that DNA has demanded license royalties after the patent term expires?  No allegations or facts so indicate.  Is Sharkroad alleging a Walker Process defense?  No allegations or facts so indicate.  Is Sharkroad alleging that the patent was misused based on inequitable conduct and therefore subject to Rule 9(b)?  It's unknown.  *See Arrmaz Products Inc.*, 2024 U.S. Dist. LEXIS 107870 **30-32 (granting motion to dismiss Walker Process claim for lack of alleged facts); *Signify N. Am. Corp.*, 2020 U.S. Dist. LEXIS 49792 *27 (no allegations of tying or licensing conditions).

Applying the more relaxed fair notice standard here, Sharkroad fails to put DNA on notice as to the nature of the defense pled and fails to provide adequate information about the grounds upon which it rests.  *Powertech Tech, Inc..*  Accordingly, and to avoid prejudicially spending unnecessary time and money litigating spurious issues, Sharkroad's Seventh Defense of "Patent Misuse" should be stricken.

**In the PAACC**, Sharkroad offers no change to its Seventh Defense, but curiously added "patent misuse" to its Third Defense among "Equitable Doctrines," yet again without any detail to provide fair notice of the nature of the defense or the grounds upon which it rests.  [PAACC, ¶ 56.]  Accordingly, the PAACC offers no reason to sustain this defense and it should be stricken without leave to amend.

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

### F.   Sharkroad's Fourteenth Defense of "Failure to Mitigate" Should Be Stricken

**In the ACC**, Sharkroad pled "Failure to Mitigate" damages without providing fair notice of the defense.  [Dkt. #23, ¶ 67.]  It changed nothing **in the PAACC**.  [PAACC, ¶ 67.]  To which of DNA's four different claims is Sharkroad referring?  It's unknown.  Moreover, the allegations do not apprise DNA what action or inaction resulted in such purported failure or provide any information about the grounds upon which the defense rests.  "Although a generalized statement may be sufficient for purposes of pleading a mitigation defense, the Court agrees with [Plaintiffs] that [Sodexo] fails to make even a generalized statement that [Plaintiffs] failed to mitigate."  *Grano v. Sodexo Management, Inc.*, 2020 U.S. Dist. LEXIS 227466 *27; 2020 WL 7074905 (S.D.Cal. 2020) (motion to strike patent misuse defense granted for lack of alleged basis).  Here too, the allegations do not provide adequate notice of the basis of the alleged defense.  Having had two opportunities to adequately plead the defense, it should be stricken without leave to amend.

### G.   Sharkroad's Non-Affirmative Defenses Should Also Be Stricken

**In the ACC**, Sharkroad pled several additional non-affirmative defenses, which are essentially redundant denials, as follows:  Fifth Defense ("Patent Non-Infringement)," Ninth Defense ("Non-Infringement of Plaintiff's Trade Dresses"), Tenth Defense ("No Likelihood of Confusion"), Eleventh Defense ("No Unlawful, Unfair, or Fraudulent Conduct"), Twelfth Defense ("No Willful Infringement"), Thirteenth Defense ("No Damages"), and Fifteenth Defense ("No Irreparable Harm").  [Dkt. #23, ¶¶ 58, 62-66, 68.]  Sharkroad provided no changes **in the PAACC** to these allegations despite opportunity to do so.  [PAACC, ¶¶ 58, 62-66, 68.]

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  "While courts rarely grant Rule 12(f) motions to strike affirmative defenses,

21

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

if an affirmative defense is a negative defense and should instead be included as a denial in the answer, the motion to strike will be granted." *Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.*, No. 1:15-CV-01137-MJS-HC, 2016 WL 615335, at *2 (E.D. Cal. Feb. 16, 2016); *Barnes*, 718 F. Supp. 2d at 1173-74.  Sharkroad's non-defenses should be stricken without leave to amend.

## IV.   CONCLUSION

For all the above reasons, DNA's Motion should be granted.

Respectfully submitted,

**VAKILI & LEUS, LLP**

Dated: June 22, 2026

By: /s/ *Craig McLaughlin*
Sa'id Vakili, Esq.
Craig McLaughlin, Esq.
*Counsel for Plaintiff DNA Specialty, Inc.*

## CERTIFICATION OF COMPLIANCE

The undersigned counsel of record for DNA Specialty, Inc., hereby certifies that according to the Word program count feature, this Memorandum contains 6,990 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 22, 2026

By: /s/ *Craig McLaughlin*
Craig McLaughlin, Esq.
*Counsel for Plaintiff DNA Specialty, Inc.*

22

*Memo. of Pts. & Auth. in Support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings and To Strike Several Defenses*

## CERTIFICATE OF SERVICE

*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-CV-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On June 23, 2026, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DNA SPECIALTY, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP RULE 12(c) AND TO STRIKE SEVERAL OF SHARKROAD, INC.'S DEFENSES PURSUANT TO FRCP RULE 12(f) OR 12(f)(1)** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant Sharkroad, Inc.*

I hereby certify that on the 23rd day of June 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on June 23, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming

CERTIFICATE OF SERVICE