Sa'id Vakili, Esq. (SBN: 176322)
*vakili@vakili.com*
Craig McLaughlin, Esq. (SBN: 182876)
*craig@vakili.com*
Jason C. Ming, Esq. (SBN: 219745)
*jason@vakili.com*
Stephen P. Hoffman, Esq. (SBN: 287075)
*hoffman@vakili.com*
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California  90010-2822

**213/380-6010**  |  Fax: 213/380-6051

*Counsel for Plaintiff DNA Specialty, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **DNA SPECIALTY, INC., a California Corporation,**<br><br>**Plaintiff and Counterclaim Defendant,**<br><br>v.<br><br>**SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,**<br><br>**Defendants and Counterclaimant.** | **CASE NO.: 2:25-cv-10379-MWC (RAOx)**<br><br>[*Hon. Michelle Williams Court*]<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DNA SPECIALTY, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP RULE 12(c) AND TO STRIKE SEVERAL OF SHARKROAD'S DEFENSES UNDER FRCP RULE 12(f) OR 12(f)(1)** |
| | **Date:**   July 24, 2026<br>**Time:**   1:30 P.M.<br>**Place:**  Courtroom 6A<br>         First Street U.S. Courthouse<br>         Los Angeles, CA |

1

*Request for Judicial Notice in Support of DNA's Notice of Motion and Motion for Partial Judgment On The Pleadings and To Strike Several Defenses*

# REQUEST FOR JUDICIAL NOTICE

## Factual Backround

In support of DNA Specialty, Inc.'s Notice of Motion and Motion for Partial Judgment on the Pleadings under F. R. Civ. P. Rule 12(c) and to Strike, Under F. R. Civ. P. Rule 12(f) or 12(f)(1), Several of Sharkroad's Defenses, under Federal Rules of Evidence Rule 201, DNA Specialty, Inc., through its attorneys of record, **hereby requests that this Court take judicial notice of U.S. Patent No. 374,649 to Choi ("the '649 Patent to Choi") and U.S. Patent No. 598,620 to Allen ("'620 Patent to Allen").** A copy of each of said patents is attached to this Request and to the concurrently filed declaration in support of the Motion. [Decl. Craig McLaughlin, Ex's. 3 and 4 respectively.]

In its Answer and Counterclaim ("ACC"), Sharkroad alleged that DNA committed inequitable conduct by withholding certain "prior art" from the USPTO during prosecution of what became the patent-in-suit, U.S. Patent No. D1,086,968. [Dkt. #12-1]. Sharkroad concluded that the allegedly withheld "prior art" was "material" and had it been disclosed during prosecution, it would have prevented issuance of the patent-in-suit. [Dkt. #23, ¶¶ 80, 81, 88.]

After a meet and confer between counsels about the inadequacy of Sharkroad's pleading, as an attempted cure, Sharkroad's counsel forwarded a proposed Amended Answer and Counterclaim ("PAACC") to DNA's counsel, adding additional allegedly "material prior art" references to the same counterclaim. [Decl. of Craig McLaughlin, Ex. 2, ¶¶ 91, 92, 97.] The subject patents sought to be judicially noticed here were examined by the USPTO and show that Sharkroad's allegations of "materiality" are untrue.

## Legal Standards

Under Federal Rules of Evidence 201(b), facts appropriate for judicial notice are those "not subject to reasonable dispute in that either (1) generally known within the

*Request for Judicial Notice in Support of DNA's Notice of Motion and Motion for Partial Judgment On The Pleadings and To Strike Several Defenses*

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." If requested, and the court is supplied with the necessary information, the request must be granted. F. R. Evid. 201(c)(2).

Patents are documents of public record, the accuracy of which cannot reasonably be questioned, and may be judicially noticed. *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (determining that USPTO documents were "public records subject to judicial notice").

A court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing cases). The court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *See Mullis v. United States Bankr.Ct.,* 828 F.2d 1385, 1388 (9th Cir.1987).

> When reviewing a Rule 12(c) motion, the court accepts all facts alleged in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Chubb Custom Inc. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Although a court generally may not consider evidence outside the pleadings in reviewing a Rule 12(c) motion, it may properly consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice[.]" *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007). In the realm of patents, "a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,

3

*Request for Judicial Notice in Support of DNA's Notice of Motion and Motion for Partial Judgment On The Pleadings and To Strike Several Defenses*

such as the claims and patent specification." *Secured Mail Sols., LLC v. Universal Wilde*, 873 F.3d 905, 913 (Fed. Cir. 2017) (internal quotation marks and citation omitted). *Clear Imaging Rsch. LLC v. Google LLC*, No. 25-cv-00221-GPC-BLM, 2025 U.S. Dist. LEXIS 251697, at *5, 2025 WL 3496694 (S.D. Cal. Dec. 4, 2025).

In considering a motion to dismiss (or a motion under Rule 12(c)), a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment. *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986); F. R. Civ. P. Rule 12(d). "[B]ecause none of Defendant's exhibits are 'matters outside the pleadings,' *see* Fed. R. Civ. P. 12(d), the Court declines to convert Defendant's Rule 12(c) Motion into one for summary judgment." *Williams v. Arnold*, No. 2:25-CV-108-GSL-APR, 2025 U.S. Dist. LEXIS 260721, at *8, 2025 WL 3652900 (N.D. Ind. Dec. 15, 2025).

**Analysis**

In the PAACC, Sharkroad concludes:  "The prior art products identified above are especially material because prior commercial twisted, twirled, and spiral spoke products are directly material to patentability."  [PAACC, ¶ 94.]  As the subjects of this Request show, Sharkroad's alleged prior art references of "twisted, twirled, and spiral spoke products" are *not* "directly material to patentability."  In other words, and as described below and in the 'Why' and 'How' of the Memorandum (Sec. III(A)(3)), the subject references show that Sharkroad's allegations of materiality in the ACC and in the PAACC are untrue and should not be accepted.

The '649 Patent to Choi, sought here to be judicially noticed, was cited on the face page of the patent-in-suit [Dkt. #12-1] and reviewed by the Examiner during prosecution and determined to *not* be material to patentability.  The '649 Patent to Choi shows a bent spoke with a twisted appearance along the entire length of the spoke.  The Examiner's

*Request for Judicial Notice in Support of DNA's Notice of Motion and Motion for Partial Judgment On The Pleadings and To Strike Several Defenses*

treatment of this reference flatly contradicts Sharkroad's conclusion that the bent spoke images it set forth in the ACC and PAACC are material to patentability merely because they exhibit twists or appear, even in-part, spiral in shape.

Further bolstering the immateriality of Sharkroad's references are images within U.S. Patent No. 598,620 to Allen ("'620 Patent to Allen"), which was cited as the first reference on the face page of the patent-in-suit and reviewed by the Examiner. Like the Choi reference, the Examiner determined that each of the images therein were of insufficient materiality to prevent allowance.

Particularly illustrative are Figure Nos. 6 and 7, which appear remarkably similar to Sharkroad's offerings and quite different from the spoke of the patent-in-suit that is straight and has twists along its entire length. Figure No. 6 shows an image much like Sharkroad's offerings, a bent spoke having partial twists along the spoke body. Figure No. 7 shows a spoke without a bend and having a twisted mid-portion, also of insufficient materiality to prevent allowance. Sharkroad's prior art offerings are materially indistinguishable from these Figures and are equally immaterial prior art.

In view of these two patents, none of Sharkroad's bent-spoke, partially-twisted references could have been material to patentability and thus could not be the subject of its Counterclaim for Inequitable Conduct or as a basis for its conclusory claims of invalidity in its Counterclaim for Invalidity and related defenses. In other words, the prosecution record shows that Sharkroad's allegations of materiality are false, objectively baseless and cannot be cured.

This Court should grant the Request.

Respectfully submitted,

**VAKILI & LEUS, LLP**

Dated: June 22, 2026                     By: /s/ *Craig McLaughlin*                .
                                              Craig McLaughlin, Esq.
                                              *Counsel for Plaintiff DNA Specialty, Inc.*

*Request for Judicial Notice in Support of DNA's Notice of Motion and Motion for Partial Judgment On The Pleadings and To Strike Several Defenses*

**<u>CERTIFICATE OF SERVICE</u>**
*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-CV-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On June 23, 2026, I served the foregoing document described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DNA SPECIALTY, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP RULE 12(c) AND TO STRIKE SEVERAL OF SHARKROAD'S DEFENSES UNDER FRCP RULE 12(f) OR 12(f)(1)** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant Sharkroad, Inc.*

I hereby certify that on the 23rd day of June 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on June 23, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming

CERTIFICATE OF SERVICE