# EXHIBIT No. 1

# Decl. of Craig McLaughlin in Support of DNA's Motion for Partial Judgment on the Pleadings and to Strike Several Defenses

R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant SHARKROAD, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| DNA SPECIALTY, INC., a California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,<br><br>    Defendants. | **Case No: 2:25-cv-10379-MWC(RAOx)**<br><br>**DEFENDANT SHARKROAD, INC.'S AMENDED ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>**Hon. Michelle Williams Court**<br>**United States District Judge** |

TROJAN LAW OFFICES
Beverly Hills

Defendant Defendant Sharkroad, Inc. ("Defendant" or "Sharkroad") answers the First Amended Complaint (Dkt. 12, "Complaint") filed by DNA Specialty, Inc.'s ("Plaintiff" or "DNA") as follows. All allegations not specifically admitted herein are denied.

**JURISDICTION AND VENUE**

1.     Defendant admits that the Complaint purports to state causes of action under the patent laws of the United States and the Lanham Act and California common law. Paragraph 1 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 1 except that Defendant admits, for the purposes of this action only, that this Court has subject matter jurisdiction over any federal claims asserted against Defendant in the Complaint.

2.     Defendant admits that Sharkroad is incorporated in California with an office located at 2160 Farallon Drive, San Leandro, CA 94577, and has an agent for service of process in California. Paragraph 2 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 1 except that Defendant admits, for the purposes of this action only, that this Court has personal jurisdiction over any federal claims asserted against Defendant in the Complaint. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 2, and therefore denies the same.

3.     Defendant admits that Sharkroad offered to sell and has sold spoke wheels through its website. Paragraph 3 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the same. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 3, and therefore denies the same.

-1-

TROJAN LAW OFFICES
BEVERLY HILLS

4.    Defendant admits that the history of Sharkroad, Inc., as reflected on the California Secretary of State's website, speaks for itself. Defendant further admits that Sharkroad is incorporated in California, maintains an office located at 2160 Farallon Drive, San Leandro, California 94577, and sells its products in California. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 4, and therefore denies the same.

5.    Paragraph 5 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 5 except that Defendant admits, for the purposes of this action only, that the venue is proper in the Central District of California.

**PARTIES**

6.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 6, and therefore denies the same.

7.    Defendant further admits that Sharkroad is incorporated in California, maintains an office located at 2160 Farallon Drive, San Leandro, California 94577, and sells its products, including motorcycle wheel, in California. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 7, and therefore denies the same.

8.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8, and therefore denies the same.

9.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 9, and therefore denies the same.

**DNA'S DESIGN PATENT**

10.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 10, and therefore denies the same.

TROJAN LAW OFFICES
BEVERLY HILLS

-2-

11.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 11, and therefore denies the same.

12.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 12, and therefore denies the same.

13.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 13, and therefore denies the same.

14.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 14, and therefore denies the same. Paragraph 14 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies such conclusions.

**DNA'S TRADE DRESS – SPIRAL-SPOKE WHEEL**

15.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 15, and therefore denies the same.

16.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 16, and therefore denies the same.

17.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 17, and therefore denies the same.

18.    Denied.

19.    Denied.

20.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 20, and therefore denies the same.

**DNA'S TRADE DRESS – 52 CYLINDRICAL-SPOKE WHEEL**

21.    Denied.

22.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 22, and therefore denies the same.

TROJAN LAW OFFICES
BEVERLY HILLS

-3-

23. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 23, and therefore denies the same.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 24, and therefore denies the same.

25. Denied.

26. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 26, and therefore denies the same.

27. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 27, and therefore denies the same.

28. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 28, and therefore denies the same.

29. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 29, and therefore denies the same.

## FIRST CAUSE OF ACTION

### (*Against All Defendants & DOES 1-50, Inclusive*)

### Infringement of the '968 Patent

30. Defendant incorporates by reference its response to paragraphs 1 through 29.

31. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 31, and therefore denies the same.

32. Denied.

33. Denied.

34. Paragraph 34 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 34.

35. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 35, and therefore denies the same. Paragraph 35

-4-

further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 35.

36. Paragraph 36 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 36.

37. Paragraph 37 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 37.

38. Paragraph 38 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 38.

### SECOND CAUSE OF ACTION
**(*Against All Defendants & DOES 1-50, Inclusive*)**
**Violation of 15 U.S.C. § 1025(a)**
**Trade Dress Infringement of DNA's Spiral-Spoke Wheel**

39. Defendant incorporates by reference its response to paragraphs 1 through 38.

40. Denied.

41. Paragraph 41 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 41.

42. Paragraph 42 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 42.

TROJAN LAW OFFICES
BEVERLY HILLS

43.     Paragraph 43 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 43.

44.     Paragraph 44 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 44.

### THIRD CAUSE OF ACTION

**(*Against All Defendants & DOES 1-50, Inclusive*)**

**Violation of 15 U.S.C. § 1025(a)**

**Trade Dress Infringement of DNA's 52 Cylindrical-Spoke Wheel**

45.     Defendant incorporates by reference its response to paragraphs 1 through 44.

46.     Denied.

47.     Paragraph 47 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 47.

48.     Paragraph 48 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 48.

49.     Paragraph 49 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 49.

50.     Paragraph 50 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 50.

### FOURTH CAUSE OF ACTION

-6-

TROJAN LAW OFFICES
BEVERLY HILLS

*(Against All Defendants & DOES 1-50, Inclusive)*

**Unfair Competition Under California Common Law**

51.     Defendant incorporates by reference its response to paragraphs 1 through 50.

52.     Paragraph 52 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 52.

53.     Paragraph 53 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 53.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief from Defendant.

**DEFENSES**

For its defenses to the Complaint, Defendant alleges as follows. However, by alleging the defenses set forth below, Defendant does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

**First Defense**

**(Lack of Standing)**

54.     On information and belief, Plaintiff lacks standing for the causes of action stated in the Complaint.

**Second Defense**

**(Failure to State a Claim)**

55.     Plaintiff fails to state a claim against Defendant upon which relief may be granted.

**Third Defense**

-7-

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

**(Equitable Doctrines)**

56.    Plaintiff's claims against Defendant are ~~or may be~~ barred, in whole or in part, by ~~various~~ equitable doctrines, including waiver, estoppel, laches, acquiescence, consent, unclean hands, inequitable conduct, ~~reasonable avoidance, acquiescence,~~ patent misuse, and/or other equitable defenses. Upon information and belief, Plaintiff seeks to enforce the '968 Patent and alleged trade dress rights despite Plaintiff's knowledge that substantially similar twisted, twirled, spiral, and/or fat twisted spoke designs were publicly known, used, offered for sale, and/or sold before Plaintiff claimed such designs as proprietary. Plaintiff's claims are further barred because Plaintiff, its principals, predecessors, assigns, and/or persons involved in the prosecution and ownership of the '968 Patent failed to disclose material prior art to the USPTO and now seek to enforce rights that were obtained and asserted through inequitable and improper conduct.

**Fourth Defense**

**(Inequitable Conduct)**

~~57.    Plaintiff cannot enforce the '968 Patent due to inequitable conduct.~~

57.    Plaintiff cannot enforce the '968 Patent because it was procured through inequitable conduct. Upon information and belief, Jerry Lehman, Paul Choi, and Plaintiff's principals, including James Choi and/or Sun Choi, knew of material prior art commercial products before and during prosecution of the application that issued as the '968 Patent, including twisted, twirled, spiral, and/or fat twisted spoke products publicly sold or offered for sale by J&P Cycles, V-Twin Manufacturing, Pacific Coast Star, HD Wheels, Buchanan's Spokes, and others before the April 19, 2023 filing date of the '968 Patent. Upon information and belief, those individuals knew that such prior art was material because it disclosed the same or substantially the same ornamental spoke designs claimed in the '968 Patent and would have caused the Examiner to reject the claimed design as anticipated and/or obvious. Despite that knowledge, no Information Disclosure Statement identifying those prior art

-8-

commercial products was submitted during prosecution. Upon information and belief, the failure to disclose that prior art was deliberate and made with the specific intent to deceive the USPTO into allowing the '968 Patent. Accordingly, the '968 Patent is unenforceable.

**Fifth Defense**

**(Patent Non-Infringement)**

58.    Defendant has not engaged in any conduct that constitutes direct or indirect infringement of the '968 Patent.

**Sixth Defense**

**(Patent Invalidity Based on Anticipation, Obviousness, and Functional Design)**

59.    The '968 Patent is invalid under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116. Additionally, the design claimed in the '968 Patent is not primarily ornamental but is instead dictated by functional considerations. As such, the claimed design is not eligible for design patent protection under 35 U.S.C. § 171 and is therefore invalid.

**Seventh Defense**

**(Patent Misuse)**

60.    Plaintiff's patent infringement claims are barred and Plaintiff's alleged patent is unenforceable based on the doctrine of patent misuse.

**Eighth Defense**

**(Invalidity of Plaintiff's Alleged Trade Dresses)**

61.    Plaintiff's alleged trade dresses do not constitute protectable trade dress, including because they are functional, not distinctive, and have not acquired secondary meaning.

**Ninth Defense**

**(Non-Infringement of Plaintiff's Alleged Trade Dresses)**

62.    Defendant has not infringed Plaintiff's alleged trade dresses. Even assuming, *arguendo*, that the alleged trade dresses constitute valid trade dress, they

-9-

TROJAN LAW OFFICES
BEVERLY HILLS

are not infringed by the Accused Products because the Accused Products have designs distinct from Plaintiff's products and are not likely to cause confusion among consumers as to the source, origin, or affiliation of the products.

### Tenth Defense

### (No Likelihood of Confusion)

63.    Defendant's alleged Accused Products are not confusingly similar to Plaintiff's products, and there is no likelihood that consumers would be misled, deceived, or confused as to the source, origin, sponsorship, or affiliation of Defendant's products.

### Eleventh Defense

### (No Unlawful, Unfair, or Fraudulent Conduct)

64.    Defendant denies that it has engaged in any unlawful, unfair, or fraudulent business act or practice.

### Twelfth Defense

### (No Willful Infringement)

65.    Plaintiff's claims for enhanced damages and an award of fees and costs against Defendant have no basis in fact or law and should be denied.

### Thirteenth Defense

### (No Damages)

66.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### Fourteenth Defense

### (Failure to Mitigate)

67.    Plaintiff is obligated under the law to mitigate their damages, if any, and have failed to do so.

### Fifteenth Defense

-10-

TROJAN LAW OFFICES
BEVERLY HILLS

**(No Irreparable Harm)**

68.    Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from the Defendant's actions.

**Sixteenth Defense**

**(Adequate Remedy at Law)**

69.    The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**Seventeenth Defense**

**(Lack of Notice)**

70.    Plaintiff failed to provide adequate statutory notice of the asserted design patent, the '968 Patent, including without limitation failure to properly mark products embodying the patent.

**Reservation of Rights**

71.    Answering Defendant reserves the right to assert additional defenses as discovery progresses in this litigation and information becomes available.

**COUNTERCLAIMS**

For its counterclaims ("Counterclaims") against Plaintiff, Defendant alleges as follows:

**I. PARTIES**

72.    Upon information and belief, Plaintiff DNA Specialty, Inc. ("Plaintiff," "Counter-defendant" or "DNA") is a California corporation with its principal place of business located at 200 W Artesia Blvd., Compton, California 90220.

73.    Defendant Sharkroad, Inc. ("Defendant," "Counterclaimant" or "Sharkroad"), is a California corporation having its principal place of business located at 2160 Farallon Drive, San Leandro, CA 94577.

**II. JURISDICTION**

TROJAN LAW OFFICES
Beverly Hills

-11-

74.    These Counterclaims seek declaratory relief for non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., the Lanham Act, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Thus, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-2202.

75.    Personal jurisdiction and venue in this District are proper under 28 U.S.C. § 1391, and 1400(b), because, upon information and belief, Plaintiff has extensive contacts with and conducts business within the State of California, Plaintiff is a corporation having its principal place of business in the State of California, and because Plaintiff sued Defendant in this Court.

## III. FACTS

76.    Plaintiff DNA alleges that it owns intellectual property rights on its spiral-spoke and cylindrical-spoke wheel products, including (a) U.S. Design Patent No. D1,086,968 ("the '968'968 Patent"); (b) DNA's alleged Spiral-Spoke Wheel trade dress and ("Alleged Spiral-Spoke Trade Dress"); and (c) DNA's alleged 52 Cylindrical-Spoke Wheel trade dress ("Alleged Cylindrical-Spoke Trade Dress") (collectively, the "Alleged Trade Dresses").

77.    An actual controversy exists under the Declaratory Judgment Act because DNA has asserted and is asserting infringement of the '968 Patent, Alleged Spiral-Spoke Trade Dress, and Alleged Cylindrical-Spoke Trade Dress by Defendant, and Defendant denies those assertions.

78.    The controversy is immediate and real in that the Plaintiff is seeking to enforce the '968the '968 Patent and the Alleged Trade Dresses to the detriment of Defendant's rights.

79.    The '968 Patent was is titled "Spiral Wheel Spoke," issued on August 5, 2025, and arose from U.S. Patent Application No. 29/874,416, filed on April 19, 2023 (the "Patent Filing Date") and, upon information.

TROJAN LAW OFFICES
BEVERLY HILLS

79. The named inventor and belief, is assigned to DNA.

80. original applicant of the application that issued as the '968 Patent was Jerry Lehman. Upon information and belief, numerous similar Mr. Lehman's address identified in the application materials was 200 West Artesia Blvd., Compton, California 90220.

81. Plaintiff DNA Specialty, Inc. is a California corporation that was established in 1984 selling automotive parts and incorporated in 1991 when it expanded into the motorcycle industry producing wheels, and motorcycle equipment. It has been in the business of selling motorcycle wheels for at least 25 years. Sun Seop Choi signed the incorporating documents in 1991.

82. Upon information and belief, DNA's 2025 and 2026 Statements of Information identify James Choi as Chief Executive Officer and Sun Choi as Secretary. Upon information and belief, DNA was listed as delinquent in approximately 2018 but continued operating in the motorcycle wheel and spoke wheel business.

83. On or about May 30, 2025, Jerry Lehman assigned his rights in U.S. Patent Application No. 29/874,416 to Paul Choi.

84. On or about September 11, 2025, Paul Choi assigned his rights in the '968 Patent and U.S. Patent Application No. 29/874,416 to Plaintiff DNA Specialty, Inc.

85. DNA's principal address, as reflected in the assignment from Paul Choi to DNA, is 200 W. Artesia Blvd., Compton, California 90220—the same address associated with Mr. Lehman in the application materials and with Paul Choi in the assignment records.

86. Upon information and belief, Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and/or Sun Choi, were aware of DNA's long-standing 25-year business in the motorcycle wheel and spoke wheel industry and were aware of prior commercial spoke wheel and twisted spoke designs that predated

-13-

TROJAN LAW OFFICES
BEVERLY HILLS

Formatted: Font color: Black

Formatted: Font color: Black

the April 19, 2023 filing date of the '968 Patent, which were sold by its direct competitors.

87.    Upon information and belief, Jerry Lehman was acting for, with, or on behalf of DNA and/or its principals in connection with the application that issued as the '968 Patent, including because Mr. Lehman used the same 200 W. Artesia Blvd., Compton, California 90220 address associated with DNA and Paul Choi.

88.    Upon information and belief, Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and/or Sun Choi, were individuals associated with the preparation, filing, and/or prosecution of the application that issued as the '968 Patent, or were otherwise substantively involved in the application and transfer of rights in the claimed design.

89.    During prosecution of the application that issued as the '968 Patent, no Information Disclosure Statement was submitted identifying the prior commercial spoke wheel and twisted spoke products known to DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi.  No information disclosure statement was submitted despite the fact that DNA was in the business of selling motorcycle wheels for over 20 years, during which time it would be certainly been aware of twisted spokes that were sold by its competitors.

90.    The prosecution history of the '968 Patent reflects that the USPTO Examiner cited certain patent references and a limited number of products.

80.91. Upon information and belief, before the April 19, 2023 filing date of the '968 Patent, numerous prior art products using twisted, twirled, spiral, or fat twisted spoke designs were publicly known, used, offered for sale, and/or sold prior to the Patent Filing Date, including, without limitation at least the following:

(a)    V-TWIN MFG:

https://www2.vtwinmfg.com/chrome-21-spoke-set-twirled-type-1.html

-14-

TROJAN LAW OFFICES
BEVERLY HILLS



(b)    BUCHANAN:

https://www.buchananspokes.com/categories/design_spokes.asp



**Spiral (Twisted) Spoke**

(c)    RIDEWRIGHT:

https://ridewrightwheels.com/collections/crosslaced-classics/products/spoke-motorcycle-wheels-1

(d) And at least the following:

| Website name | Name of the Product | Date of Product | Product Exemplar |
|---|---|---|---|
| www.jpcycles.com | V-Twin Mfg. Twisted Chrome Spokes For 21" Wheel | 03/29/2010 (Date of customer review) | |

**Formatted:** Font: Times, 12 pt

TROJAN LAW OFFICES
BEVERLY HILLS

| | | | |
|---|---|---|---|
| www.jpcycles.com | J&P Cycles Twisted Spokes For 16" Wheel | 09/12/2008 (Date of customer review) | |
| www.jpcycles.com | V-Twin Mfg. 40 Twirled Spoke Front Wheel For Harley FXD / FXR / XL 1984-1999 | 03/26/2010 (Date of customer review) | |
| www.pacificcoaststar.com | Road Star Spoke Rim Chrome Exchange | 02/03/2017 | |
| www.pacificcoaststar.com | Road Star Spoke Rim Chrome Exchange | 03/20/2019 | |
| www2.vtwinmfg.com | Chrome 21" Spoke Set Twirled Type Buchanan | 08/05/2020 | |
| www.hdwheels.com | Custom Wire Wheel Spoke selection - Twisted spoke - Fat Twisted spoke | 01/21/2022 | |
| www.buchananspokes.com | Spoke Kits – Design | 01/27/2022 | |

-16-

TROJAN LAW OFFICES
BEVERLY HILLS

92. The prior art products identified above are material to the patentability of the '968 Patent because they disclose the same or substantially the same ornamental features claimed in the '968 Patent, including twisted, twirled, spiral, and/or fat twisted spoke designs used in motorcycle wheel applications.

93. The prior art products identified above create the same overall visual impression as the claimed design of the '968 Patent, or render that design an obvious variation of known twisted spoke and spiral spoke designs that were already publicly available before the filing date of the '968 Patent.

94. The prior art products identified above are especially material because prior commercial twisted, twirled, and spiral spoke products are directly material to patentability.

95. Upon information and belief, had the Examiner been informed of the prior commercial twisted spoke, twirled spoke, spiral spoke, and fat twisted spoke products identified above, the Examiner would have rejected the claimed design as anticipated and/or obvious in view of those prior art products.

81. Upon information and belief, DNA committed fraud on the United States Patent and Trademark Office ("USPTO"), Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi knew of the prior art products identified above before and during prosecution of the '968 Patent by, at a minimum, knowingly failing to disclose material prior art relevant to the patentability of the claimed design in the '968 Patent.

96. Upon information and belief, application that issued as the '968 Patent because DNA hashad been engaged in the motorcycle wheel and spoke wheel business for manyover twenty years and was aware of relevant prior art. Despitebecause those products were publicly sold, advertised, and reviewed in the same industry in which DNA operated. Some competitors sold twisted spoke products as early as 2010, which predated the filing of the '968 Application by over ten years.

**Formatted:** Font color: Black

**Formatted:** Font color: Black

**Formatted:** Font color: Black
**Formatted:** Font color: Black
**Formatted:** Font color: Black
**Formatted:** Font color: Black
**Formatted:** Font color: Black

TROJAN LAW OFFICES
BEVERLY HILLS

97.    Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi also knew that the prior art products identified above were material to patentability because those products disclosed the same or substantially the same ornamental twisted, twirled, spiral, and/or fat twisted spoke designs that DNA later claimed as proprietary in the '968 Patent and in this knowledge, DNA failed to submit an Information Disclosure Statement identifying such prior art tolawsuit.

82.98. Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi intentionally withheld the prior art products identified above from the USPTO during prosecution of the application that issued as the '968 Patent.

99.    DNA's failure to disclose Upon information and belief, the withholding was not accidental or inadvertent. DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi had a strong motive to withhold the prior art relating to twisted spoke designs violated its duty ofbecause disclosure under 37 C.F.R. § 1.56. The withheld of the prior art was material to patentability because, had it been disclosed, the Examiner would have recognized shown the Examiner that the claimed spiral wheel spoke design was already known, sold, and used in the motorcycle wheel industry before the filing date of the '968 Patent reflects, at most, a non-inventive variation, such as a change in thickness, over existing designs. Accordingly, DNA engaged in .

100.   Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi intentionally withheld the prior art products identified above with the specific intent to deceive the USPTO into allowing the '968 Patent to issue.

101.   The inference of deceptive intent is reasonable and plausible because the prior art products were not obscure patent references unrelated to DNA's business; they were commercial motorcycle spoke and spoke wheel products in the same market in which DNA operated for decades, and they directly concerned the same twisted, twirled, spiral, and fat twisted spoke designs claimed in the '968 Patent.

-18-

102. The inference of deceptive intent is also reasonable and plausible because no Information Disclosure Statement identifying those commercial prior art products was submitted, even though the products were publicly available before the filing date and were directly material to the ornamental design the Examiner was asked to allow.

~~83.~~103. DNA's inequitable conduct~~, rendering~~ renders the '968 Patent unenforceable ~~and supporting an award of attorneys' fees to Defendant.~~.

~~84.~~104. Upon information and belief, prior to filing the Complaint, DNA failed to mark its products with the '968 Patent number as required to provide statutory notice for alleged damages.

~~85.~~105. Upon information and belief, DNA has not marked its products with the '968 Patent number and therefore cannot recover pre-suit damages, if any, for alleged infringement.

**COUNT I – UNENFORCEABILITY AND INVALIDITY OF THE '968 PATENT BASED ON INEQUITABLE CONDUCT**

~~86.~~106. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

~~87.~~107. Plaintiff alleges that it owns the ~~'968~~'968 Patent.

~~88. Upon information and belief, Plaintiff committed fraud on the United States Patent and Trademark Office ("USPTO") and violated its duty of disclosure during prosecution of the '968 Patent by, at a minimum, knowingly failing to disclose material prior art relevant to the patentability of the claimed design. Accordingly, Plaintiff engaged in inequitable conduct, rendering the '968 Patent unenforceable and supporting an award of attorneys' fees to Defendant.~~

108. Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and/or Sun Choi, who, upon information and belief, were involved in or substantively connected to the filing, prosecution, ownership, assignment, and enforcement of the application that issued as the '968 Patent. Sun Choi incorporated DNA in 1991 when

-19-

DNA expanded into sales of motorcycle wheels and has worked for the company for at least 25 years until the present time.

109. Plaintiff failed to disclose material prior art commercial products, including twisted, twirled, spiral, and fat twisted spoke products publicly available before the April 19, 2023 filing date of the '968 Patent known by Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and/or Sun Choi. Twisted, twirled, spiral, and fat twisted spoke products were publicly available as early as 2010, approximately 13 years prior to the filing date of the '968 Patent.

110. Plaintiff failed to disclose material prior art took place during prosecution of the application that issued as the '968 Patent before the USPTO, including from the April 19, 2023 filing date through the August 5, 2025 issuance of the '968 Patent.

111. Plaintiff, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi did not submit an Information Disclosure Statement or otherwise disclose to the Examiner known commercial prior art, including twisted, twirled, spiral, and fat twisted spoke products. Certain prior art had been publicly displayed since at least 2010—approximately thirteen years before the '968 Patent was filed—and was known known to DNA, which had been in the motorcycle wheel business for more than twenty years before the filing date since 1991. Their failure to submit an Information Disclosure Statement prevented the Examiner from considering prior art that created the same overall visual impression as the claimed design and/or rendered the claimed design obvious.

112. The withheld commercial prior art products were publicly available before the filing date, were in the same motorcycle wheel and spoke wheel industry in which Plaintiff operated, disclosed the same or substantially the same twisted, twirled, spiral, and/or fat twisted spoke designs, and would have caused the Examiner to reject the claimed design as anticipated and/or obvious.

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

113. Upon information and belief, Plaintiff, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi knew of the withheld prior art products because DNA had been operating in the motorcycle wheel and spoke wheel business for decades, and the withheld products were publicly sold, advertised, and reviewed in that same industry before the filing date of the '968 Patent.

114. Upon information and belief, Plaintiff, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi knew the withheld products were material because those products disclosed the same ornamental twisted, twirled, spiral, and/or fat twisted spoke designs claimed in the '968 Patent.

115. Upon information and belief, Plaintiff, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi deliberately withheld the prior art products identified above from the USPTO with the specific intent to deceive the USPTO and obtain allowance of the '968 Patent.

116. Plaintiff's own long-standing participation in the motorcycle wheel and spoke wheel industry supports knowledge of the withheld commercial prior art, and the omitted products were directly material to the same design features DNA later claimed as proprietary in the '968 Patent.

117. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant regarding the enforceability of the '968 Patent. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

118. Defendant is entitled to a declaratory judgment that the '968 Patent is unenforceable due to inequitable conduct.

119. Defendant is further entitled to an award of its attorneys' fees and costs based on Plaintiff's assertion of a patent procured through inequitable conduct

TROJAN LAW OFFICES
BEVERLY HILLS

## COUNT II – INVALIDITY OF THE '968 PATENT
## (ANTICIPATION AND OBVIOUSNESS)

120.    Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

121.    Defendant contends that the '968 Patent is invalid for failure to comply with the conditions for patentability under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 171.

122.    The '968 Patent is invalid under at least 35 U.S.C. §§ 102 and 103 because the claimed design was anticipated and/or rendered obvious by prior art that existed prior to the alleged invention and filing date. Upon information and belief, substantially similar designs were publicly known, used, offered for sale, and/or sold before the filing of the '968 Patent, and such prior art creates the same overall visual impression as the claimed design, either alone or in combination, rendering the claimed design unpatentable.

123.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

124.    Defendant is entitled to a declaratory judgment that the '968 Patent is invalid and unenforceable.

## COUNT III – INVALIDITY OF THE '968 PATENT BASED ON
## FUNCTIONAL DESIGN

125.    Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

126.    The design claimed in the '968 Patent is not primarily ornamental but is instead dictated by functional considerations. As such, the claimed design is

not eligible for design patent protection under 35 U.S.C. § 171 and is therefore invalid.

~~98.~~127.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

~~99.~~128.    Defendant is entitled to a declaratory judgment that the '968 Patent is invalid and unenforceable.

**COUNT IV– NON-INFRINGEMENT OF THE '968 PATENT**

~~100.~~129.    Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

~~101.~~130.    Plaintiff has expressly accused Defendant of infringement of the '968 patent by filing the Complaint in the present action.

~~102.~~131.    Plaintiff has not and is not infringing any claim of the '968 Patent, directly or indirectly. In light of Plaintiff's Complaint, there exists an actual controversy between Plaintiff and Defendant regarding the '968 Patent.

~~103.~~132.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

~~104.~~133.    Defendant is entitled to a declaratory judgment that it has not infringed and is not infringing the '968 Patent.

**COUNT V – INVALIDITY OF THE ALLEGED
SPIRAL-SPOKE TRADE DRESS**

~~105.~~134.    Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

-23-

TROJAN LAW OFFICES
BEVERLY HILLS

106.135.    Plaintiff's Alleged Spiral-Spoke Trade Dress does not constitute protectable trade dress, including because it is functional, not distinctive, and has not acquired secondary meaning.

107.136.    Plaintiff contends that the Alleged Trade Dress is valid and enforceable.

108.137.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

109.138.    Defendant is entitled to a declaratory judgment that the Alleged Spiral-Spoke Trade Dress is invalid because it is not distinctive, has not acquired secondary meaning, and is functional.

## COUNT VI – NON-INFRINGEMENT OF THE ALLEGED SPIRAL-SPOKE TRADE DRESS

110.139.    Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

111.140.    Plaintiff alleges that it is the owner of the Alleged Spiral-Spoke Trade Dress.

112.141.    Defendant has not infringed any trade dress owned by Plaintiff.

113.142.    Even if, assuming *arguendo*, the alleged trade dress does constitute valid trade dress owned by Plaintiff, it is not infringed by Defendant's Accused Product. The Accused Product has a design distinct from Plaintiff's products and is not likely to be confused by consumers.

114.143.    Consumers who choose Defendant's Accused Product do so based on its merits, not because they have been deceived into thinking that they are purchasing Plaintiff's products.

TROJAN LAW OFFICES
BEVERLY HILLS

-24-

115.144. Plaintiff alleges that the Alleged Spiral-Spoke Trade Dress is infringed by Defendant.

116.145. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

117.146. Defendant is entitled to a declaratory judgment that Defendant does not infringe the Alleged Spiral-Spoke Trade Dress.

## COUNT VII – INVALIDITY OF THE ALLEGED CYLINDRICAL-SPOKE TRADE DRESS

118.147. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

119.148. Plaintiff's Alleged Cylindrical-Spoke Trade Dress does not constitute protectable trade dress, including because it is functional, not distinctive, and has not acquired secondary meaning.

120.149. Plaintiff alleges that the Alleged Cylindrical-Spoke Trade Dress is valid and enforceable.

121.150. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

122.151. Defendant is entitled to a declaratory judgment that the Alleged Cylindrical-Spoke Trade Dress is invalid because it is not distinctive, has not acquired secondary meaning, and is functional.

## COUNT VIII – NON-INFRINGEMENT OF THE ALLEGED CYLINDRICAL-SPOKE TRADE DRESS

-25-

TROJAN LAW OFFICES
BEVERLY HILLS

123.152.    Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

124.153.    Plaintiff contends that it is the owner of the Alleged Cylindrical-Spoke Trade Dress.

125.154.    Defendant has not infringed any trade dress owned by Plaintiff.

126.155.    Even if, assuming *arguendo*, the Alleged Cylindrical-Spoke Trade Dress does constitute valid trade dress owned by Plaintiff, it is not infringed by Defendant's Accused Product. The Accused Product has a design distinct from Plaintiff's products and is not likely to be confused by consumers.

127.156.    Consumers who choose Defendant's Accused Product do so based on its merits, not because they have been deceived into thinking that they are purchasing Plaintiff's products.

128.157.    Plaintiff alleges that the Alleged Cylindrical-Spoke Trade Dress is infringed by Defendant.

129.158.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

130.159.    Defendant is entitled to a declaratory judgment that Defendant does not infringe the Alleged Cylindrical-Spoke Trade Dress.

### IV. PRAYER FOR RELIEF

WHEREOF, Defendant/Counterclaimant respectfully prays for the following:

a.    Dismissing Plaintiff's Complaint in its entirety, with prejudice;

b.    Declaring that Defendant has not been and is not now infringing, directly or indirectly, any claim of the '968 Patent;

c.    Declaring that the claims of the '986 Patent are invalid and unenforceable;

-26-

TROJAN LAW OFFICES
BEVERLY HILLS

d.      Declaring that Defendant has not been and is not now infringing any alleged trade dress of Plaintiff;

e.      Declaring that Plaintiff does not have any valid trade dress rights in the Alleged Trade Dresses because the Alleged Trade Dresses are not distinctive, have not acquired secondary meaning, and are functional;

f.      For an Order awarding damages to Defendant, as provided by the federal and state laws, in an amount to be trebled in accordance with such laws.

g.      For an Order awarding Defendant its attorneys' fees and costs;

h.      Pre-judgment and post judgment interest at the maximum legal rate;

i.      For an Order awarding Defendant such other and further relief as the Court deems just and proper.

### V. JURY DEMAND

Defendant demands a trial by jury on all issues so triable.


                              Respectfully submitted,

                              By:

Dated: May 18, 2026            /s/R. Joseph Trojan
                              R. Joseph Trojan
                              Dylan C. Dang
                              Francis Wong
                              TROJAN LAW OFFICES
                              9250 Wilshire Blvd., Suite 325
                              Beverly Hills, CA 90212
                              Telephone: (310) 777-8399
                              Facsimile: (310) 777-8348
                              Attorneys for Defendant
                              SHARKROAD, INC.

TROJAN LAW OFFICES
BEVERLY HILLS

-27-

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, I filed the foregoing with the Court's CM/ECF system, which will cause it to be served electronically upon all counsel of record.

/s/R. Joseph Trojan
R. Joseph Trojan

TROJAN LAW OFFICES
BEVERLY HILLS

-28-

# EXHIBIT No. 2

# Decl. of Craig McLaughlin in Support of DNA's Motion for Partial Judgment on the Pleadings and to Strike Several Defenses

R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant SHARKROAD, INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNA SPECIALTY, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive, <br><br> Defendants. | **Case No: 2:25-cv-10379-MWC(RAOx)** <br><br> **DEFENDANT SHARKROAD, INC.'S AMENDED ANSWER AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** <br><br><br> **Hon. Michelle Williams Court** <br> **United States District Judge** |

TROJAN LAW OFFICES
BEVERLY HILLS

Defendant Defendant Sharkroad, Inc. ("Defendant" or "Sharkroad") answers the First Amended Complaint (Dkt. 12, "Complaint") filed by DNA Specialty, Inc.'s ("Plaintiff" or "DNA") as follows. All allegations not specifically admitted herein are denied.

**JURISDICTION AND VENUE**

1.      Defendant admits that the Complaint purports to state causes of action under the patent laws of the United States and the Lanham Act and California common law. Paragraph 1 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 1 except that Defendant admits, for the purposes of this action only, that this Court has subject matter jurisdiction over any federal claims asserted against Defendant in the Complaint.

2.      Defendant admits that Sharkroad is incorporated in California with an office located at 2160 Farallon Drive, San Leandro, CA 94577, and has an agent for service of process in California. Paragraph 2 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 1 except that Defendant admits, for the purposes of this action only, that this Court has personal jurisdiction over any federal claims asserted against Defendant in the Complaint. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 2, and therefore denies the same.

3.      Defendant admits that Sharkroad offered to sell and has sold spoke wheels through its website. Paragraph 3 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the same. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 3, and therefore denies the same.

TROJAN LAW OFFICES
BEVERLY HILLS

-1-

4. Defendant admits that the history of Sharkroad, Inc., as reflected on the California Secretary of State's website, speaks for itself. Defendant further admits that Sharkroad is incorporated in California, maintains an office located at 2160 Farallon Drive, San Leandro, California 94577, and sells its products in California. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 4, and therefore denies the same.

5. Paragraph 5 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 5 except that Defendant admits, for the purposes of this action only, that the venue is proper in the Central District of California.

**PARTIES**

6. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 6, and therefore denies the same.

7. Defendant further admits that Sharkroad is incorporated in California, maintains an office located at 2160 Farallon Drive, San Leandro, California 94577, and sells its products, including motorcycle wheel, in California. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 7, and therefore denies the same.

8. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8, and therefore denies the same.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 9, and therefore denies the same.

**DNA'S DESIGN PATENT**

10. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 10, and therefore denies the same.

TROJAN LAW OFFICES
BEVERLY HILLS

-2-

11. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 11, and therefore denies the same.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 12, and therefore denies the same.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 13, and therefore denies the same.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 14, and therefore denies the same. Paragraph 14 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies such conclusions.

## DNA'S TRADE DRESS – SPIRAL-SPOKE WHEEL

15. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 15, and therefore denies the same.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 16, and therefore denies the same.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 17, and therefore denies the same.

18. Denied.

19. Denied.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 20, and therefore denies the same.

## DNA'S TRADE DRESS – 52 CYLINDRICAL-SPOKE WHEEL

21. Denied.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 22, and therefore denies the same.

TROJAN LAW OFFICES
BEVERLY HILLS

-3-

23. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 23, and therefore denies the same.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 24, and therefore denies the same.

25. Denied.

26. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 26, and therefore denies the same.

27. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 27, and therefore denies the same.

28. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 28, and therefore denies the same.

29. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 29, and therefore denies the same.

## FIRST CAUSE OF ACTION

### (*Against All Defendants & DOES 1-50, Inclusive*)

### Infringement of the '968 Patent

30. Defendant incorporates by reference its response to paragraphs 1 through 29.

31. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 31, and therefore denies the same.

32. Denied.

33. Denied.

34. Paragraph 34 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 34.

35. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 35, and therefore denies the same. Paragraph 35

TROJAN LAW OFFICES
BEVERLY HILLS

-4-

further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 35.

36.    Paragraph 36 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 36.

37.    Paragraph 37 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 37.

38.    Paragraph 38 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 38.

## SECOND CAUSE OF ACTION

### (*Against All Defendants & DOES 1-50, Inclusive*)

### Violation of 15 U.S.C. § 1025(a)

### Trade Dress Infringement of DNA's Spiral-Spoke Wheel

39.    Defendant incorporates by reference its response to paragraphs 1 through 38.

40.    Denied.

41.    Paragraph 41 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 41.

42.    Paragraph 42 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 42.

TROJAN LAW OFFICES
BEVERLY HILLS

43. Paragraph 43 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 43.

44. Paragraph 44 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 44.

## THIRD CAUSE OF ACTION

### (*Against All Defendants & DOES 1-50, Inclusive*)

### Violation of 15 U.S.C. § 1025(a)

### Trade Dress Infringement of DNA's 52 Cylindrical-Spoke Wheel

45. Defendant incorporates by reference its response to paragraphs 1 through 44.

46. Denied.

47. Paragraph 47 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 47.

48. Paragraph 48 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 48.

49. Paragraph 49 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 49.

50. Paragraph 50 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 50.

## FOURTH CAUSE OF ACTION

-6-

TROJAN LAW OFFICES
BEVERLY HILLS

**(*Against All Defendants & DOES 1-50, Inclusive*)**

**Unfair Competition Under California Common Law**

51. Defendant incorporates by reference its response to paragraphs 1 through 50.

52. Paragraph 52 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 52.

53. Paragraph 53 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 53.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief from Defendant.

## DEFENSES

For its defenses to the Complaint, Defendant alleges as follows. However, by alleging the defenses set forth below, Defendant does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

### First Defense

### (Lack of Standing)

54. On information and belief, Plaintiff lacks standing for the causes of action stated in the Complaint.

### Second Defense

### (Failure to State a Claim)

55. Plaintiff fails to state a claim against Defendant upon which relief may be granted.

### Third Defense

-7-

**(Equitable Doctrines)**

56.    Plaintiff's claims against Defendant are barred, in whole or in part, by equitable doctrines, including waiver, estoppel, laches, acquiescence, consent, unclean hands, inequitable conduct, patent misuse, and/or other equitable defenses. Upon information and belief, Plaintiff seeks to enforce the '968 Patent and alleged trade dress rights despite Plaintiff's knowledge that substantially similar twisted, twirled, spiral, and/or fat twisted spoke designs were publicly known, used, offered for sale, and/or sold before Plaintiff claimed such designs as proprietary. Plaintiff's claims are further barred because Plaintiff, its principals, predecessors, assigns, and/or persons involved in the prosecution and ownership of the '968 Patent failed to disclose material prior art to the USPTO and now seek to enforce rights that were obtained and asserted through inequitable and improper conduct.

**Fourth Defense**

**(Inequitable Conduct)**

57.    Plaintiff cannot enforce the '968 Patent because it was procured through inequitable conduct. Upon information and belief, Jerry Lehman, Paul Choi, and Plaintiff's principals, including James Choi and/or Sun Choi, knew of material prior art commercial products before and during prosecution of the application that issued as the '968 Patent, including twisted, twirled, spiral, and/or fat twisted spoke products publicly sold or offered for sale by J&P Cycles, V-Twin Manufacturing, Pacific Coast Star, HD Wheels, Buchanan's Spokes, and others before the April 19, 2023 filing date of the '968 Patent. Upon information and belief, those individuals knew that such prior art was material because it disclosed the same or substantially the same ornamental spoke designs claimed in the '968 Patent and would have caused the Examiner to reject the claimed design as anticipated and/or obvious. Despite that knowledge, no Information Disclosure Statement identifying those prior art commercial products was submitted during prosecution. Upon information and belief, the failure to disclose that prior art was deliberate and made with the specific

TROJAN LAW OFFICES
BEVERLY HILLS

-8-

intent to deceive the USPTO into allowing the '968 Patent. Accordingly, the '968 Patent is unenforceable.

## Fifth Defense

## (Patent Non-Infringement)

58.    Defendant has not engaged in any conduct that constitutes direct or indirect infringement of the '968 Patent.

## Sixth Defense

## (Patent Invalidity Based on Anticipation, Obviousness, and Functional Design)

59.    The '968 Patent is invalid under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116. Additionally, the design claimed in the '968 Patent is not primarily ornamental but is instead dictated by functional considerations. As such, the claimed design is not eligible for design patent protection under 35 U.S.C. § 171 and is therefore invalid.

## Seventh Defense

## (Patent Misuse)

60.    Plaintiff's patent infringement claims are barred and Plaintiff's alleged patent is unenforceable based on the doctrine of patent misuse.

## Eighth Defense

## (Invalidity of Plaintiff's Alleged Trade Dresses)

61.    Plaintiff's alleged trade dresses do not constitute protectable trade dress, including because they are functional, not distinctive, and have not acquired secondary meaning.

## Ninth Defense

## (Non-Infringement of Plaintiff's Alleged Trade Dresses)

62.    Defendant has not infringed Plaintiff's alleged trade dresses. Even assuming, *arguendo*, that the alleged trade dresses constitute valid trade dress, they are not infringed by the Accused Products because the Accused Products have

TROJAN LAW OFFICES
BEVERLY HILLS

designs distinct from Plaintiff's products and are not likely to cause confusion among consumers as to the source, origin, or affiliation of the products.

### Tenth Defense

### (No Likelihood of Confusion)

63.    Defendant's alleged Accused Products are not confusingly similar to Plaintiff's products, and there is no likelihood that consumers would be misled, deceived, or confused as to the source, origin, sponsorship, or affiliation of Defendant's products.

### Eleventh Defense

### (No Unlawful, Unfair, or Fraudulent Conduct)

64.    Defendant denies that it has engaged in any unlawful, unfair, or fraudulent business act or practice.

### Twelfth Defense

### (No Willful Infringement)

65.    Plaintiff's claims for enhanced damages and an award of fees and costs against Defendant have no basis in fact or law and should be denied.

### Thirteenth Defense

### (No Damages)

66.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### Fourteenth Defense

### (Failure to Mitigate)

67.    Plaintiff is obligated under the law to mitigate their damages, if any, and have failed to do so.

### Fifteenth Defense

### (No Irreparable Harm)

-10-

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

68.    Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from the Defendant's actions.

## Sixteenth Defense

## (Adequate Remedy at Law)

69.    The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## Seventeenth Defense

## (Lack of Notice)

70.    Plaintiff failed to provide adequate statutory notice of the asserted design patent, the '968 Patent, including without limitation failure to properly mark products embodying the patent.

## Reservation of Rights

71.    Answering Defendant reserves the right to assert additional defenses as discovery progresses in this litigation and information becomes available.

## COUNTERCLAIMS

For its counterclaims ("Counterclaims") against Plaintiff, Defendant alleges as follows:

## I. PARTIES

72.    Upon information and belief, Plaintiff DNA Specialty, Inc. ("Plaintiff," "Counter-defendant" or "DNA") is a California corporation with its principal place of business located at 200 W Artesia Blvd., Compton, California 90220.

73.    Defendant Sharkroad, Inc. ("Defendant," "Counterclaimant" or "Sharkroad"), is a California corporation having its principal place of business located at 2160 Farallon Drive, San Leandro, CA 94577.

## II. JURISDICTION

-11-

74.    These Counterclaims seek declaratory relief for non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., the Lanham Act, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Thus, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-2202.

75.    Personal jurisdiction and venue in this District are proper under 28 U.S.C. § 1391, and 1400(b), because, upon information and belief, Plaintiff has extensive contacts with and conducts business within the State of California, Plaintiff is a corporation having its principal place of business in the State of California, and because Plaintiff sued Defendant in this Court.

## III. FACTS

76.    Plaintiff DNA alleges that it owns intellectual property rights on its spiral-spoke and cylindrical-spoke wheel products, including (a) U.S. Design Patent No. D1,086,968 ("the '968 Patent"); (b) DNA's alleged Spiral-Spoke Wheel trade dress ("Alleged Spiral-Spoke Trade Dress"); and (c) DNA's alleged 52 Cylindrical-Spoke Wheel trade dress ("Alleged Cylindrical-Spoke Trade Dress") (collectively, the "Alleged Trade Dresses").

77.    An actual controversy exists under the Declaratory Judgment Act because DNA has asserted and is asserting infringement of the '968 Patent, Alleged Spiral-Spoke Trade Dress, and Alleged Cylindrical-Spoke Trade Dress by Defendant, and Defendant denies those assertions.

78.    The controversy is immediate and real in that Plaintiff is seeking to enforce the '968 Patent and the Alleged Trade Dresses to the detriment of Defendant's rights.

79.    The '968 Patent is titled "Spiral Wheel Spoke," issued on August 5, 2025, and arose from U.S. Patent Application No. 29/874,416, filed on April 19, 2023.

TROJAN LAW OFFICES
BEVERLY HILLS

80. The named inventor and original applicant of the application that issued as the '968 Patent was Jerry Lehman. Upon information and belief, Mr. Lehman's address identified in the application materials was 200 West Artesia Blvd., Compton, California 90220.

81. Plaintiff DNA Specialty, Inc. is a California corporation that was established in 1984 selling automotive parts and incorporated in 1991 when it expanded into the motorcycle industry producing wheels, and motorcycle equipment. It has been in the business of selling motorcycle wheels for at least 25 years. Sun Seop Choi signed the incorporating documents in 1991.

82. Upon information and belief, DNA's 2025 and 2026 Statements of Information identify James Choi as Chief Executive Officer and Sun Choi as Secretary. Upon information and belief, DNA was listed as delinquent in approximately 2018 but continued operating in the motorcycle wheel and spoke wheel business.

83. On or about May 30, 2025, Jerry Lehman assigned his rights in U.S. Patent Application No. 29/874,416 to Paul Choi.

84. On or about September 11, 2025, Paul Choi assigned his rights in the '968 Patent and U.S. Patent Application No. 29/874,416 to Plaintiff DNA Specialty, Inc.

85. DNA's principal address, as reflected in the assignment from Paul Choi to DNA, is 200 W. Artesia Blvd., Compton, California 90220—the same address associated with Mr. Lehman in the application materials and with Paul Choi in the assignment records.

86. Upon information and belief, Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and/or Sun Choi, were aware of DNA's long-standing 25-year business in the motorcycle wheel and spoke wheel industry and were aware of prior commercial spoke wheel and twisted spoke designs that predated

TROJAN LAW OFFICES
BEVERLY HILLS

the April 19, 2023 filing date of the '968 Patent, which were sold by its direct competitors.

87.    Upon information and belief, Jerry Lehman was acting for, with, or on behalf of DNA and/or its principals in connection with the application that issued as the '968 Patent, including because Mr. Lehman used the same 200 W. Artesia Blvd., Compton, California 90220 address associated with DNA and Paul Choi.

88.    Upon information and belief, Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and/or Sun Choi, were individuals associated with the preparation, filing, and/or prosecution of the application that issued as the '968 Patent, or were otherwise substantively involved in the application and transfer of rights in the claimed design.

89.    During prosecution of the application that issued as the '968 Patent, no Information Disclosure Statement was submitted identifying the prior commercial spoke wheel and twisted spoke products known to DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi.  No information disclosure statement was submitted despite the fact that DNA was in the business of selling motorcycle wheels for over 20 years, during which time it would be certainly been aware of twisted spokes that were sold by its competitors.

90.    The prosecution history of the '968 Patent reflects that the USPTO Examiner cited certain patent references and a limited number of products.

91.    Upon information and belief, before the April 19, 2023 filing date of the '968 Patent, numerous prior art products using twisted, twirled, spiral, or fat twisted spoke designs were publicly known, used, offered for sale, and/or sold, including at least the following:

(a)    V-TWIN MFG:

https://www2.vtwinmfg.com/chrome-21-spoke-set-twirled-type-1.html

TROJAN LAW OFFICES
BEVERLY HILLS

-14-



(b)   BUCHANAN:

https://www.buchananspokes.com/categories/design_spokes.asp



**Spiral (Twisted) Spoke**

(c)   RIDEWRIGHT:

https://ridewrightwheels.com/collections/crosslaced-classics/products/spoke-motorcycle-wheels-1

(d) And at least the following:

| Website name | Name of the Product | Date of Product | Product Exemplar |
|---|---|---|---|
| www.jpcycles.com | V-Twin Mfg. Twisted Chrome Spokes For 21" Wheel | 03/29/2010 (Date of customer review) | |

-15-

TROJAN LAW OFFICES
BEVERLY HILLS

| | | | |
|---|---|---|---|
| www.jpcycles.com | J&P Cycles Twisted Spokes For 16" Wheel | 09/12/2008 (Date of customer review) | |
| www.jpcycles.com | V-Twin Mfg. 40 Twirled Spoke Front Wheel For Harley FXD / FXR / XL 1984-1999 | 03/26/2010 (Date of customer review) | |
| www.pacificcoaststar.com | Road Star Spoke Rim Chrome Exchange | 02/03/2017 | |
| www.pacificcoaststar.com | Road Star Spoke Rim Chrome Exchange | 03/20/2019 | |
| www2.vtwinmfg.com | Chrome 21" Spoke Set Twirled Type Buchanan | 08/05/2020 | |
| www.hdwheels.com | Custom Wire Wheel Spoke selection - Twisted spoke - Fat Twisted spoke | 01/21/2022 | |
| www.buchananspokes.com | Spoke Kits – Design | 01/27/2022 | |

-16-

92.    The prior art products identified above are material to the patentability of the '968 Patent because they disclose the same or substantially the same ornamental features claimed in the '968 Patent, including twisted, twirled, spiral, and/or fat twisted spoke designs used in motorcycle wheel applications.

93.    The prior art products identified above create the same overall visual impression as the claimed design of the '968 Patent, or render that design an obvious variation of known twisted spoke and spiral spoke designs that were already publicly available before the filing date of the '968 Patent.

94.    The prior art products identified above are especially material because prior commercial twisted, twirled, and spiral spoke products are directly material to patentability.

95.    Upon information and belief, had the Examiner been informed of the prior commercial twisted spoke, twirled spoke, spiral spoke, and fat twisted spoke products identified above, the Examiner would have rejected the claimed design as anticipated and/or obvious in view of those prior art products.

96.    Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi knew of the prior art products identified above before and during prosecution of the application that issued as the '968 Patent because DNA had been in the motorcycle wheel and spoke wheel business for over twenty years and because those products were publicly sold, advertised, and reviewed in the same industry in which DNA operated. Some competitors sold twisted spoke products as early as 2010, which predated the filing of the '968 Application by over ten years.

97.    Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi also knew that the prior art products identified above were material to patentability because those products disclosed the same or substantially the same ornamental twisted, twirled, spiral, and/or fat twisted spoke designs that DNA later claimed as proprietary in the '968 Patent and in this lawsuit.

TROJAN LAW OFFICES
BEVERLY HILLS

-17-

TROJAN LAW OFFICES
BEVERLY HILLS

98. Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi intentionally withheld the prior art products identified above from the USPTO during prosecution of the application that issued as the '968 Patent.

99. Upon information and belief, the withholding was not accidental or inadvertent. DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi had a strong motive to withhold the prior art because disclosure of the prior art would have shown the Examiner that the claimed spiral wheel spoke design was already known, sold, and used in the motorcycle wheel industry before the filing date of the '968 Patent.

100. Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi intentionally withheld the prior art products identified above with the specific intent to deceive the USPTO into allowing the '968 Patent to issue.

101. The inference of deceptive intent is reasonable and plausible because the prior art products were not obscure patent references unrelated to DNA's business; they were commercial motorcycle spoke and spoke wheel products in the same market in which DNA operated for decades, and they directly concerned the same twisted, twirled, spiral, and fat twisted spoke designs claimed in the '968 Patent.

102. The inference of deceptive intent is also reasonable and plausible because no Information Disclosure Statement identifying those commercial prior art products was submitted, even though the products were publicly available before the filing date and were directly material to the ornamental design the Examiner was asked to allow.

103. DNA's inequitable conduct renders the '968 Patent unenforceable.

104. Upon information and belief, prior to filing the Complaint, DNA failed to mark its products with the '968 Patent number as required to provide statutory notice for alleged damages.

105. Upon information and belief, DNA has not marked its products with the '968 Patent number and therefore cannot recover pre-suit damages, if any, for alleged infringement.

-18-

## COUNT I – UNENFORCEABILITY AND INVALIDITY OF THE '968 PATENT BASED ON INEQUITABLE CONDUCT

106.  Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

107.  Plaintiff alleges that it owns the '968 Patent.

108.  Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and/or Sun Choi, who, upon information and belief, were involved in or substantively connected to the filing, prosecution, ownership, assignment, and enforcement of the application that issued as the '968 Patent.  Sun Choi incorporated DNA in 1991 when DNA expanded into sales of motorcycle wheels and has worked for the company for at least 25 years until the present time.

109.  Plaintiff failed to disclose material prior art commercial products, including twisted, twirled, spiral, and fat twisted spoke products publicly available before the April 19, 2023 filing date of the '968 Patent known by Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and/or Sun Choi.  Twisted, twirled, spiral, and fat twisted spoke products were publicly available as early as 2010, approximately 13 years prior to the filing date of the '968 Patent.

110.  Plaintiff failed to disclose material prior art took place during prosecution of the application that issued as the '968 Patent before the USPTO, including from the April 19, 2023 filing date through the August 5, 2025 issuance of the '968 Patent.

111.  Plaintiff, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi did not submit an Information Disclosure Statement or otherwise disclose to the Examiner known commercial prior art, including twisted, twirled, spiral, and fat twisted spoke products. Certain prior art had been publicly displayed since at least 2010— approximately thirteen years before the '968 Patent was filed—and was known known to DNA, which had been in the motorcycle wheel business for more than twenty years before the filing date since 1991. Their failure to submit an Information

TROJAN LAW OFFICES
BEVERLY HILLS

Disclosure Statement prevented the Examiner from considering prior art that created the same overall visual impression as the claimed design and/or rendered the claimed design obvious.

112. The withheld commercial prior art products were publicly available before the filing date, were in the same motorcycle wheel and spoke wheel industry in which Plaintiff operated, disclosed the same or substantially the same twisted, twirled, spiral, and/or fat twisted spoke designs, and would have caused the Examiner to reject the claimed design as anticipated and/or obvious.

113. Upon information and belief, Plaintiff, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi knew of the withheld prior art products because DNA had been operating in the motorcycle wheel and spoke wheel business for decades, and the withheld products were publicly sold, advertised, and reviewed in that same industry before the filing date of the '968 Patent.

114. Upon information and belief, Plaintiff, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi knew the withheld products were material because those products disclosed the same ornamental twisted, twirled, spiral, and/or fat twisted spoke designs claimed in the '968 Patent.

115. Upon information and belief, Plaintiff, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi deliberately withheld the prior art products identified above from the USPTO with the specific intent to deceive the USPTO and obtain allowance of the '968 Patent.

116. Plaintiff's own long-standing participation in the motorcycle wheel and spoke wheel industry supports knowledge of the withheld commercial prior art, and the omitted products were directly material to the same design features DNA later claimed as proprietary in the '968 Patent.

117. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant regarding the enforceability of the '968 Patent. Defendant desires a judicial determination and declaration of the respective rights

TROJAN LAW OFFICES
BEVERLY HILLS

-20-

and duties of the parties. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

118. Defendant is entitled to a declaratory judgment that the '968 Patent is unenforceable due to inequitable conduct.

119. Defendant is further entitled to an award of its attorneys' fees and costs based on Plaintiff's assertion of a patent procured through inequitable conduct

## <u>COUNT II – INVALIDITY OF THE '968 PATENT</u>
## <u>(ANTICIPATION AND OBVIOUSNESS)</u>

120. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

121. Defendant contends that the '968 Patent is invalid for failure to comply with the conditions for patentability under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 171.

122. The '968 Patent is invalid under at least 35 U.S.C. §§ 102 and 103 because the claimed design was anticipated and/or rendered obvious by prior art that existed prior to the alleged invention and filing date. Upon information and belief, substantially similar designs were publicly known, used, offered for sale, and/or sold before the filing of the '968 Patent, and such prior art creates the same overall visual impression as the claimed design, either alone or in combination, rendering the claimed design unpatentable.

123. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

TROJAN LAW OFFICES
BEVERLY HILLS

-21-

124. Defendant is entitled to a declaratory judgment that the '968 Patent is invalid and unenforceable.

## COUNT III – INVALIDITY OF THE '968 PATENT BASED ON FUNCTIONAL DESIGN

125. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

126. The design claimed in the '968 Patent is not primarily ornamental but is instead dictated by functional considerations. As such, the claimed design is not eligible for design patent protection under 35 U.S.C. § 171 and is therefore invalid.

127. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

128. Defendant is entitled to a declaratory judgment that the '968 Patent is invalid and unenforceable.

## COUNT IV– NON-INFRINGEMENT OF THE '968 PATENT

129. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

130. Plaintiff has expressly accused Defendant of infringement of the '968 patent by filing the Complaint in the present action.

131. Plaintiff has not and is not infringing any claim of the '968 Patent, directly or indirectly. In light of Plaintiff's Complaint, there exists an actual controversy between Plaintiff and Defendant regarding the '968 Patent.

132. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a

TROJAN LAW OFFICES
BEVERLY HILLS

-22-

determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

133. Defendant is entitled to a declaratory judgment that it has not infringed and is not infringing the '968 Patent.

## COUNT V – INVALIDITY OF THE ALLEGED
## SPIRAL-SPOKE TRADE DRESS

134. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

135. Plaintiff's Alleged Spiral-Spoke Trade Dress does not constitute protectable trade dress, including because it is functional, not distinctive, and has not acquired secondary meaning.

136. Plaintiff contends that the Alleged Trade Dress is valid and enforceable.

137. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

138. Defendant is entitled to a declaratory judgment that the Alleged Spiral-Spoke Trade Dress is invalid because it is not distinctive, has not acquired secondary meaning, and is functional.

## COUNT VI – NON-INFRINGEMENT OF THE ALLEGED
## SPIRAL-SPOKE TRADE DRESS

139. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

140. Plaintiff alleges that it is the owner of the Alleged Spiral-Spoke Trade Dress.

141. Defendant has not infringed any trade dress owned by Plaintiff.

TROJAN LAW OFFICES
BEVERLY HILLS

-23-

TROJAN LAW OFFICES
BEVERLY HILLS

142. Even if, assuming *arguendo*, the alleged trade dress does constitute valid trade dress owned by Plaintiff, it is not infringed by Defendant's Accused Product. The Accused Product has a design distinct from Plaintiff's products and is not likely to be confused by consumers.

143. Consumers who choose Defendant's Accused Product do so based on its merits, not because they have been deceived into thinking that they are purchasing Plaintiff's products.

144. Plaintiff alleges that the Alleged Spiral-Spoke Trade Dress is infringed by Defendant.

145. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

146. Defendant is entitled to a declaratory judgment that Defendant does not infringe the Alleged Spiral-Spoke Trade Dress.

## COUNT VII – INVALIDITY OF THE ALLEGED CYLINDRICAL-SPOKE TRADE DRESS

147. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

148. Plaintiff's Alleged Cylindrical-Spoke Trade Dress does not constitute protectable trade dress, including because it is functional, not distinctive, and has not acquired secondary meaning.

149. Plaintiff alleges that the Alleged Cylindrical-Spoke Trade Dress is valid and enforceable.

150. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a

determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

151. Defendant is entitled to a declaratory judgment that the Alleged Cylindrical-Spoke Trade Dress is invalid because it is not distinctive, has not acquired secondary meaning, and is functional.

**COUNT VIII – NON-INFRINGEMENT OF THE**

**ALLEGED CYLINDRICAL-SPOKE TRADE DRESS**

152. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

153. Plaintiff contends that it is the owner of the Alleged Cylindrical-Spoke Trade Dress.

154. Defendant has not infringed any trade dress owned by Plaintiff.

155. Even if, assuming *arguendo*, the Alleged Cylindrical-Spoke Trade Dress does constitute valid trade dress owned by Plaintiff, it is not infringed by Defendant's Accused Product. The Accused Product has a design distinct from Plaintiff's products and is not likely to be confused by consumers.

156. Consumers who choose Defendant's Accused Product do so based on its merits, not because they have been deceived into thinking that they are purchasing Plaintiff's products.

157. Plaintiff alleges that the Alleged Cylindrical-Spoke Trade Dress is infringed by Defendant.

158. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

159. Defendant is entitled to a declaratory judgment that Defendant does not infringe the Alleged Cylindrical-Spoke Trade Dress.

-25-

TROJAN LAW OFFICES
BEVERLY HILLS

## IV. PRAYER FOR RELIEF

WHEREOF, Defendant/Counterclaimant respectfully prays for the following:

a.      Dismissing Plaintiff's Complaint in its entirety, with prejudice;

b.      Declaring that Defendant has not been and is not now infringing, directly or indirectly, any claim of the '968 Patent;

c.      Declaring that the claims of the '986 Patent are invalid and unenforceable;

d.      Declaring that Defendant has not been and is not now infringing any alleged trade dress of Plaintiff;

e.      Declaring that Plaintiff does not have any valid trade dress rights in the Alleged Trade Dresses because the Alleged Trade Dresses are not distinctive, have not acquired secondary meaning, and are functional;

f.      For an Order awarding damages to Defendant, as provided by the federal and state laws, in an amount to be trebled in accordance with such laws.

g.      For an Order awarding Defendant its attorneys' fees and costs;

h.      Pre-judgment and post judgment interest at the maximum legal rate;

i.      For an Order awarding Defendant such other and further relief as the Court deems just and proper.

## V. JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

By:

Dated: May 15, 2026                    /s/R. Joseph Trojan
                                       R. Joseph Trojan
                                       Dylan C. Dang
                                       Francis Wong
                                       TROJAN LAW OFFICES
                                       9250 Wilshire Blvd., Suite 325
                                       Beverly Hills, CA 90212

-26-

TROJAN LAW OFFICES
BEVERLY HILLS

Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorneys for Defendant
SHARKROAD, INC.

TROJAN LAW OFFICES
BEVERLY HILLS

-27-

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2026, I filed the foregoing with the Court's CM/ECF system, which will cause it to be served electronically upon all counsel of record.

/s/R. Joseph Trojan
R. Joseph Trojan

TROJAN LAW OFFICES
BEVERLY HILLS

-28-

# EXHIBIT No. 3

# Decl. of Craig McLaughlin in Support of DNA's Motion for Partial Judgment on the Pleadings and to Strike Several Defenses

US00D374649S

# United States Patent [19]

## Choi

| [11] | Patent Number: | Des. 374,649 |
| [45] | Date of Patent: | **Oct. 15, 1996 |

[54] **TWISTED WIRE SPOKE FOR WIRE WHEELS**

[76] Inventor: **James H. Choi**, 2157 E. Del Amo Blvd., Rancho Dominguez, Calif. 90220

[**] Term: **14 Years**

[21] Appl. No.: **30,530**

[22] Filed: **Nov. 1, 1994**

[52] **U.S. Cl.** ............................................. **D12/213**

[58] **Field of Search** .................................. D12/204, 213; 301/37.1, 37.26, 37.42, 104, 105, 108.1, 108.5

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| 251,017 | 12/1881 | Moore | 301/104 |
| 396,262 | 1/1889 | Boland | 301/104 |
| 520,845 | 6/1894 | Fay | 301/104 |
| 598,620 | 2/1898 | Allen | 301/104 |

Primary Examiner—Marcus A. Jackson
Attorney, Agent, or Firm—Albert O. Cota

[57] **CLAIM**

The ornamental design for a twisted wire spoke for wire wheels, as shown and described.

### DESCRIPTION

FIG. **1** is a perspective view of an twisted wire spoke for wire wheels showing my new design;
FIG. **2** is a right side elevational view thereof, the left side view being a mirror image thereof;
FIG. **3** is a bottom plan view thereof;
FIG. **4** is a top plan view thereof;
FIG. **5** is a back elevational view thereof; and,
FIG. **6** is a front elevational view thereof.

**1 Claim, 1 Drawing Sheet**



U.S. Patent                    Oct. 15, 1996                    Des. 374,649



Fig.1.



Fig.2.



Fig.3.



Fig.4.



Fig.5.



Fig.6.

**EXHIBIT No. 4**

**Decl. of Craig McLaughlin in Support of DNA's Motion for Partial Judgment on the Pleadings and to Strike Several Defenses**

(No Model.)

# W. G. ALLEN.
## METAL SPOKE.

No. 598,620.

Patented Feb. 8, 1898.



Fig.1.

Fig.2.

Fig.3.

Fig.4.

Fig.5.

Fig.6.

Fig.7.

Witnesses.
W. R. Edelen.

Inventor.
William G. Allen,
by Pollok & Mauro,
his attorneys.

THE NORRIS PETERS CO., PHOTO-LITHO., WASHINGTON, D. C.

# UNITED STATES PATENT OFFICE.

## WILLIAM G. ALLEN, OF HARTFORD, CONNECTICUT.

## METAL SPOKE.

SPECIFICATION forming part of Letters Patent No. 598,620, dated February 8, 1898.

Application filed September 22, 1897. Serial No. 652,566. (No model.)

*To all whom it may concern:*

Be it known that I, WILLIAM G. ALLEN, of Hartford, Connecticut, have invented a new and useful Improvement in Metal Spokes, which improvement is fully set forth in the following specification.

This invention relates to the construction of metal wheel-spokes for bicycles and other vehicles; and its object is to produce a spoke which, while possessing great tensile strength in proportion to weight and capable of being readily and cheaply made, shall present a brilliant and elegant appearance in comparison with the spoke now ordinarily used.

The principal departure from ordinary practice in making the improved spoke consists in forming the intermediate portion of irregular or angular instead of circular cross-section, leaving the ends rounded. I further preferably impart to this intermediate portion as a finishing step a twist, so that the edges or angles form parallel helices. Spokes of this description impart to the wheel a highly-ornamental appearance, and when in motion the reflection of light from the angles of the spoke, particularly when twisted, produces a brilliant scintillating effect. In making spokes of this sort several difficulties have to be avoided in order to obtain a successful result. If the blank were reduced to angular or irregular cross-section and twisted from end to end, it would have to be drawn very hard in order to obtain the requisite tensile strength. In such case the bending of the headed end to form the shoulder is difficult and the metal when bent is greatly strained and breaks readily at the bend. Moreover, if the stock is angular there would not be a suitable bearing under the head. It also becomes difficult to shape the other end and cut the thread thereon.

In making the improved spoke I proceed in the following way: The blanks are cut of proper length from steel-wire stock of circular cross-section of the proper softness and toughness to admit of threading and of bending the headed end without loss of strength. The middle part of the blank is then brought to a triangular, square, hexagonal, or other polygonal or irregular cross-section, leaving the ends circular in cross-section. This change of shape is preferably effected by the use of rolls having grooves of proper shape and adapted to act on the middle part of the blank and finished, if desired, by swaging-dies; but the means employed form no part of the invention and may be of any suitable sort. The physical effect produced is to increase the hardness, compactness, and tensile strength of the middle portion, leaving the ends unaltered. The middle portion is then preferably twisted, making a spiral of greater or less pitch, as desired. In changing the shape of the middle portion of the spoke it is advantageous at the same time to reduce it in sectional area, and the procedure above described will accomplish that result. Obviously a blank having circular ends of greater diameter than the angular reduced portion can be produced in other ways; but that described above is believed to be the most practical and effective. The subsequent operations of heading, bending, and threading are or may be performed in the usual way.

Many specific varieties of spokes can be produced within the scope of the invention. As already stated, the reduced middle portion may be of various forms in cross-section, and the helices may have various pitches. The twist may also extend over a part only of the reduced portion and may be interrupted at one or more places, thus producing different effects upon the eye and giving to different wheels distinctive appearances.

In the accompanying drawings, which form part of this specification, Figures 1 to 5, inclusive, illustrate blanks having their middle portions of different polygonal form in cross-section. Fig. 6 illustrates a twisted spoke, and Fig. 7 another form of twisted spoke, the end portions being broken away.

In Figs. 1 to 5, $a$ designates the circular ends, and $b$ the polygonal intermediate portion, of the spoke. In Fig. 1 this portion presents in cross-section a square, in Fig. 2 a triangle, in Fig. 3 a pentagon, in Fig. 4 an oblong parallelogram, and in Fig. 5 a hexagon.

As shown in Fig. 6, the middle portion of the finished spoke has twisted parts or sections $c$, alternating with plain or untwisted parts $d$. A wheel provided with these spokes would exhibit while in motion bright circular bands separated by duller zones. Of course the number of twisted sections may be greater

598,620

or less than shown in this figure. Fig. 6 also shows one of the ends provided with a head *e* and shoulder *f* and the other with a screw-thread. It will be understood, however, that the invention is applicable to spokes which are not shouldered at one end or which have other attaching means than those shown.

Fig. 7 illustrates a spoke which has the middle portion twisted from end to end.

The foregoing description will enable persons skilled in the art of metal-working to comprehend my invention fully and to modify the construction of the spoke in various ways additional to those specifically indicated.

Having now particularly described my invention, what I claim as new, and desire to secure by Letters Patent, is—

1. A metal spoke having end portions of circular cross-section, and an intermediate portion of angular cross-section and twisted so that the edges form parallel helices, substantially as described.

2. A metal wheel-spoke having end portions of relatively large diameter, and a reduced middle portion of polygonal cross-section twisted so that its angles form parallel helices, substantially as described.

3. A metal spoke having end portions of circular cross-section, and a reduced twisted middle portion of polygonal cross-section, substantially as described.

4. A metal spoke having end portions of circular cross-section of relatively soft metal and a harder middle portion of polygonal cross-section, the middle portion being twisted, substantially as described.

5. A metal spoke having end portions of circular cross-section and a reduced middle portion of polygonal cross-section, the edges forming parallel helices extending over part of said middle portion, substantially as described.

In testimony whereof I have signed this specification in the presence of two subscribing witnesses.

WILLIAM G. ALLEN.

Witnesses:
REEVE LEWIS,
S. T. CAMERON.