Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Craig McLaughlin, Esq. (SBN: 182876)
craig@vakili.com
Jason C. Ming, Esq. (SBN: 219745)
jason@vakili.com
Stephen P. Hoffman, Esq. (SBN: 287075)
hoffman@vakili.com
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California  90010-2822

**213/380-6010**  |  Fax: 213/380-6051

*Counsel for Plaintiff and*
*Counterclaim Defendant DNA Specialty, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **DNA SPECIALTY, INC., a California Corporation,**<br><br>**Plaintiff and Counterclaim Defendant,**<br><br>v.<br><br>**SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,**<br><br>**Defendants and Counterclaimant.** | **CASE NO.: 2:25-cv-10379-MWC (RAOx)**<br><br>[*Hon. Michelle Williams Court*]<br><br>**REPLY TO SHARKROAD, INC.'S OPPOSITION TO DNA SPECIALTY, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP RULE 12(c) AND TO STRIKE SEVERAL OF SHARKROAD'S DEFENSES PURSUANT TO FRCP RULE 12(f) OR 12(f)(1)**<br><br>**Date:**    July 24, 2026<br>**Time:**    1:30 p.m.<br>**Place:**   Courtroom 6A<br>              First Street U.S. Courthouse<br>              Los Angeles, CA  90012 |

---

*Reply to Sharkroad's Opposition to DNA's Motion for Partial Judgment on the*
*Pleadings and to Strike Several Defenses*

## I.    INTRODUCTION

Sharkroad's Opposition to DNA's Motion merely repeats its deficient, conclusory allegations and fails to address the many fatal flaws DNA identified in its moving papers. Specifically, Sharkroad's Opposition can be broken down as follows: (1) that DNA violated the Meet and Confer requirements of Local Rule 7-3 by failing to assist Sharkroad in complying with the pleading standards required of it by law; (2) that the proposed Amended Answer and Counterclaim ("PAACC") conforms to those pleading standards; and (3) that Sharkroad should be allowed to file its proposed Amended Answer and Counterclaim because it cures all defects in its operative Answer and Counterclaim ("ACC"). As shown below, none of these contentions withstands scrutiny: DNA fully complied with Local Rule 7-3; the PAACC fails for the same reasons as the ACC; and Sharkroad has shown no basis for leave to file it.

### A.    *Local Rule 7-3 Was Followed*

Local Rule 7-3 requires that the parties "meet and confer" to attempt to resolve differences before a motion is filed if differences could not be resolved. Sharkroad concedes that DNA's counsel did exactly that. In its correspondence requesting a "meet and confer," DNA pointed out significant deficiencies in the ACC and requested that Sharkroad comply with F. R. Civ. P. Rule 9(b) and provide fair notice of its defenses. During the meeting, DNA also provided citations to both seminal Federal Circuit cases for Sharkroad to review and comply with. As Sharkroad's counsel readily admits, DNA granted Sharkroad's counsel's request for a week to cure the deficiencies in a proposed pleading. DNA's counsel added: "DNA, of course, reserves the right to seek relief if the proposed amendment does not comply." [Dkt. #31-2, pg. 4 of 7.]

As noted in DNA's Memorandum, Sharkroad's attempt at a cure was also fatally inadequate, and Sharkroad's counsel's characterization that the "amendments were responsive to every issue that DNA's counsel raised" was inaccurate. DNA complied with L.R. 7-3. DNA's counsel met and conferred with opposing counsel, granted them

1

*Reply to Sharkroad's Opposition to DNA's Motion for Partial Judgment on the Pleadings and to Strike Several Defenses*

the requested week to cure the pleading, and did not file this Motion until after receiving and reviewing the proposed, albeit grossly non-compliant, pleading.  The Motion took significant time to prepare because it analyzed both pleadings.  The only time limitation set forth in L.R. 7-3 is a bar on filing a motion *less than* 7 days after the meet-and-confer.

As received, however, the PAACC continued to fail nearly every prong of the test required by the very Federal Circuit precedent Sharkroad's counsel was supplied with at the "meet and confer."  What is surprising isn't that DNA filed the subject Motion, or when it did; it is that Sharkroad's lawyers (advertised as experienced intellectual property law specialists since 1991) were somehow surprised by it, *believing that the PAACC actually cures the pleading deficiencies* and that if it doesn't, DNA not only has a duty but an ongoing duty to teach them what a legally sufficient pleading looks like. https://www.trojanlawoffices.com/.  Yet it was Sharkroad's duty to comply with the specific pleading requirements of F. R. Civ. P. Rule 9(b) and to provide fair notice of the challenged defenses.  It is not DNA's duty to be strung along, wasting more resources to ensure that Sharkroad adheres to the law.  L.R. 7-3 requires no more.

### B.     *Sharkroad's Proposed Pleading Does Not Comply with Applicable Law*

As set forth in great detail in the Memorandum, which need not be rehashed here, Sharkroad failed to comply with the pleading requirements of F. R. Civ. P. Rule 9(b) and to provide fair notice of its defenses, not only in the ACC but also in the PAACC.  Its conclusory assertions of compliance in its Opposition are merely argument and do nothing to change the reality of the fatally defective pleadings, which include implausible claims as well as unfairly noticed alleged defenses and non-defenses.  Count I of Sharkroad's Counterclaim fails to comply with F. R. Civ. P. Rule 9(b) and the controlling law of the Federal Circuit.  Count II fails to comply because it also consists solely of conclusory allegations and relies on the same immaterial prior art through incorporation by reference.

A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature

*Reply to Sharkroad's Opposition to DNA's Motion for Partial Judgment on the Pleadings and to Strike Several Defenses*

of the defense and to provide any information about the grounds upon which it rests. (See *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Powertech Tech., Inc. v. Tessara, Inc.*, No. C 10-0945 CW, 2012 WL 1746848, at *5 (N.D. Cal. May 16, 2012) ("affirmative defenses [which] include only conclusory allegations, without providing any information about the grounds upon which the defenses rest, it has insufficiently [pleaded] these defenses."). As detailed in the Motion, the ACC failed to provide DNA with fair notice of the nature of the challenged defenses and with adequate information about the grounds upon which they rest. The PAACC fares no better.

> ### 1. Sharkroad's Own Pleadings—Not Any Disputed Fact About Choi or Allen—Establish the Rule 9(b) Failure, So the Court Need Not Reach the Contents of Choi or Allen or Convert This Motion

Sharkroad asserts that the Court may not consider the contents of the Choi and Allen patents because doing so would require resolving disputed facts outside the pleadings and result in conversion of this Motion into one for summary judgment. [Dkt. #31, pg. 17 of 19, lns. 17-27 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1003 (9th Cir. 2018)).] DNA agrees that the Court need not resolve any disputed question about what Choi or Allen actually discloses in order to grant this Motion regarding Counts I and II of Sharkroad's Counterclaim. The independently sufficient ground for granting the Motion is Sharkroad's own pleading failure—a long list of fatal defects apparent from the four corners of the ACC and PAACC and their own attached exhibits, as detailed in the Motion, without any need to adjudicate the substance of Choi, Allen, or any other reference.

The face page of the '968 Patent—Exhibit 1 to the operative First Amended Complaint and thus already part of the pleadings before the Court—lists 18 prior art references the Examiner considered before allowance, including Choi and Allen. [Dkt. #12-1.] Under *Exergen* and its progeny, it is Sharkroad's burden, not DNA's or the Court's, to plead 'why' its purported prior art is material and non-cumulative to the

*Reply to Sharkroad's Opposition to DNA's Motion for Partial Judgment on the Pleadings and to Strike Several Defenses*

references already of record.  *Exergen Corp.*, 575 F.3d at 1329-30; *Signify N. Am. Corp.*, 2020 U.S. Dist. LEXIS 49792 *17; *Arrmaz Products Inc.*, 2024 U.S. Dist. LEXIS 107870 **12-15 (granting Rule 12(c) motion where "Defendant doesn't provide anything beyond conclusory statements that these references are material and not cumulative.").  Neither the ACC nor the PAACC mentions Choi, Allen, or any of the 16 other cited references, much less any attempt to distinguish them or explain why Sharkroad's alleged purported prior art is not cumulative of what the Examiner already reviewed.  That silence is a fatal pleading defect the Court can and should find on the papers alone.

Sharkroad's Opposition does not cure this problem. It does not identify a single allegation in either pleading that grapples with any of the 18 references of record.  It can't because there are no such allegations.  Sharkroad instead changes the subject to whether the Court may consider the substance of Choi and Allen.  The Court need not reach that question to grant the Motion: whether or not it takes notice of what Choi and Allen disclose, Sharkroad's Counterclaim fails for the independent and undisputed reason that Sharkroad never pled facts addressing the prior art the Examiner already considered.

The Court also need not go beyond materials already part of the pleadings to see that Sharkroad's purported prior art cannot anticipate the '968 Patent.  And Sharkroad pleads no analysis about how any of its references could be used to conclude obviousness.

Sharkroad's own Counterclaim attaches images of its purported "prior art," each depicting a bent spoke with an incomplete twist. [Dkt. #23, ¶ 80; PAACC, ¶ 91.]  The '968 Patent, attached to the FAC, claims a straight spoke spiraled along its entire length. [Dkt. #12-1.]  Comparing Sharkroad's own attached images to DNA's own attached patent—both already in the record without resort to judicial notice of any third-party document—confirms that Sharkroad has not pled facts showing its art anticipates or renders obvious the claimed design, independent of anything Choi or Allen might show.

Because granting this Motion does not require the Court to find any disputed extrinsic fact true, no conversion under Rule 12(d) is warranted.  The Motion may be

*Reply to Sharkroad's Opposition to DNA's Motion for Partial Judgment on the
Pleadings and to Strike Several Defenses*

resolved as what it is: a challenge to the sufficiency of Sharkroad's own pleadings.

DNA notes, only for context and not for the truth of any disputed merits issue, that Sharkroad's own Invalidity Contentions—which are outside the pleadings and which DNA does not ask the Court to weigh in resolving this Motion—reflect that Sharkroad was aware of the '620 Patent to Allen at least as early as the day before this Motion was filed. [Dkt. #31, pg. 15 of 19, lns. 14-15.] Despite that awareness, neither the ACC, the PAACC nor its Opposition attempts to distinguish it, or any of the other 17 references of record. That fact is consistent with, and does not detract from, the independent and sufficient pleading defect described above to grant the Motion.

However, the Court can and should, nonetheless, consider the Choi and Allen patents as not "outside the pleadings" for several legitimate reasons. First, Sharkroad doesn't even suggest that the figures in Choi or Allen are subject to dispute, are inauthentic or not relevant to its pleading requirements. Secondly, the pleadings do not attempt to distinguish any of the references the Examiner reviewed and found not material to patentability or even mention, conclude, let alone explain, 'why' Sharkroad's purported prior art is non-cumulative of them, *material which is necessarily invoked by the legal requirements to support Sharkroad's Counterclaim for inequitable conduct* and thus is not "outside the pleadings."

Indeed, as a threshold matter to initiate its inequitable conduct claim, *Exergen* required Sharkroad to distinguish the references of the prosecution record and allege that it did so in its Counterclaim. Accordingly, it was required of Sharkroad to review Allen and the other 17 references it listed on the face page of the '968 Patent and to confirm that they were not cumulative before suing DNA for fraud on the patent office. It is thus proper to incorporate those references (or any of them) here from the prosecution record that formed a part of that duty whether the references were specifically mentioned in the Counterclaim or not (obviously, the '968 Patent and its scope was central to the Counterclaim Counts for inequitable conduct and invalidity as was Sharkroad's review

of the references as a threshold matter).

As *Khoja* explains, there are instances in the pleading stage to consider material where there is no mention or reference of it in the complaint if the claim necessarily depended upon it – "even though the complaint did not 'allege or describe the contents of the surrounding pages,' it was proper to incorporate them because the claim necessarily depended on them." *Khoja*, 899 F.3d at 1002.

Here, Sharkroad's Counterclaim depended on its review of Allen and the other 17 references cited and reviewed by the Examiner.  They were intrinsic to its duty to adequately plead inequitable conduct as required by the Federal Circuit, not to mention its duty to conduct an adequate pre-filing investigation before suing DNA for fraud on the USPTO and are thus proper for the Court to consider without converting the motion to one for summary judgment.

Because Sharkroad failed to distinguish the references in the prosecution record before filing its Counterclaim against DNA doesn't mean that the Court is prevented from doing so to properly aid it in concluding that Sharkroad's Counterclaim is meritless and objectively baseless.  Allen also shows either a serious lack of investigation before filing such a frivolous claim or a knowing and intentional filing of an objectively baseless one, continued maintenance of which will likely cost the Counterclaim defendant even more to defend than this Motion has to date.

Additionally, considering Choi and Allen is relevant to whether the Court should grant Sharkroad's request for leave to file the PAACC.  Even with clear knowledge of Allen, presumably long before this Motion was filed, Sharkroad continues to fail to address, let alone explain this glaring omission in the ACC, in the PAACC and now in its Opposition.  The prosecution record shows 'why' Sharkroad *cannot* credibly distinguish its purported prior art from references examined and *cannot* explain 'why' such art is not cumulative.

Having now had three opportunities to address this fatal deficiency, DNA is

*Reply to Sharkroad's Opposition to DNA's Motion for Partial Judgment on the Pleadings and to Strike Several Defenses*

entitled to judgment as a matter of law and leave to amend would be futile.  Had Sharkroad been diligent, it never would have filed the Counterclaim, and had it been honest, it would have withdrawn the Counterclaim as requested.  Instead, it chose to make this Motion necessary causing the consumption of unnecessary resources of this Court and DNA, while having the continued temerity to request the Court's approval to maintain its baseless pleading.

### C.    Sharkroad's Counterclaim for Invalidity Also Suffers from Fatal Pleading and Matters Outside the Pleadings Are No Cure

Ironically, Sharkroad attempts to revive its fatal pleading of invalidity by arguing that its Invalidity Contentions save its claim.  Yet, those contentions are not contained in nor do they form any part of its pleadings.  Indeed, they are outside the pleadings and therefore should not be considered.  *Khoja*, 899 F.3d at 999.  Sharkroad doesn't assert otherwise.

As detailed in the Memorandum, Count II of Sharkroad's Counterclaim suffers from inadequate conclusory pleading without any supporting facts or analysis. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It is clear that none of Sharkroad's purported prior art anticipates the '968 Patent and Sharkroad's pleadings provide no analysis of how any of its references could be used to result in obviousness. See *Crye Precision LLC v. Duro Textiles, LLC*, 112 F.Supp.3d 69, 79 (S.D.N.Y. 2015).  None of the statutory grounds asserted for invalidity are supported. Accordingly, its Counterclaim for Invalidity must also fall under Rule 12(c).

### D.    Sharkroad Requests That the PAACC Be Allowed to Be Filed Confirming That Amendment Is Futile

In its Opposition, Sharkroad avers: "At minimum, if the Court identifies any pleading deficiency, Sharkroad should be granted leave to file the proposed Amended Answer and Counterclaims it already provided to DNA." [Dkt. #31, pg. 7 of 19, lns. 3-

7

*Reply to Sharkroad's Opposition to DNA's Motion for Partial Judgment on the Pleadings and to Strike Several Defenses*

5.] After reviewing the Memorandum and the glaring defects that persist in the PAACC, Sharkroad asks the Court to allow it to be filed.[1]

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Sedaghat v. Roles*, No. 2:24-cv-10884-CAS-PDx, 2025 U.S. Dist. LEXIS 82317, at *8, 2025 WL 1249164 (C.D. Cal. Apr. 28, 2025) (citing <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004). While futility alone justifies denying leave, it appears that each factor is met here.

"Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *Sedaghat* (citing *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982)). "If the amendments to the complaint will fail to cure fatally defective allegations, refusal to allow leave to file the amended complaint is acceptable." *Hinton v. Pacific Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). Sharkroad knew of Allen at least as early as the day before this Motion was filed, yet asks this Court to grant leave for it file the PAACC, a proposed pleading which knowingly continues to fail to distinguish its purported prior art from Choi, Allen and the other 16 references in the prosecution record.

Given the severe and fatal defects in the PAACC, including the failure to distinguish *Allen*, allowing it to be filed would be an exercise in futility and would prompt a subsequent motion by DNA under Rule 12, further wasting this Court's resources and further prejudicing DNA. Accordingly, the instant Motion should be granted without leave to amend.

---

[1] Oddly, Sharkroad's counsel certified that it had been filed. [Dkt.# 30-1, pg. 60 of 67.]

8

*Reply to Sharkroad's Opposition to DNA's Motion for Partial Judgment on the Pleadings and to Strike Several Defenses*

## II.    <u>CONCLUSION</u>

For all the foregoing reasons, this Court should grant the Motion in its entirety.

Respectfully submitted,

**VAKILI & LEUS, LLP**

Dated: July 10, 2026

By: /s/ *Craig McLaughlin*
Sa'id Vakili, Esq.
Craig McLaughlin, Esq.
*Counsel for Plaintiff and Counterclaim Defendant DNA Specialty, Inc.*

*Reply to Sharkroad's Opposition to DNA's Motion for Partial Judgment on the Pleadings and to Strike Several Defenses*

## CERTIFICATE OF SERVICE

*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-CV-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On July 10, 2026, I served the foregoing document described as **REPLY TO SHARKROAD, INC.'S OPPOSITION TO DNA SPECIALTY, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP RULE 12(c) AND TO STRIKE SEVERAL OF SHARKROAD'S DEFENSES PURSUANT TO FRCP RULE 12(f) OR 12(f)(1)** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant and Counterclaimant Sharkroad, Inc.*

I hereby certify that on the 10th day of July 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on July 10, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming

CERTIFICATE OF SERVICE