UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10379-MWC-RAO                           Date: July 21, 2026

Title:      DNA Specialty Inc. v. Sharkroad, Inc., *et al*

Present:  The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND DEFENDANT'S ANSWER AND COUNTERCLAIM AND DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. [28]).**

Before the Court is a motion for judgment on the pleadings and motion to strike ("Motion") filed by Plaintiff and Counter-Defendant DNA Specialty, Inc. ("Plaintiff"). Dkt. # 28, 28-1 ("*Mot.*").  Defendant and Counterclaimant Sharkroad, Inc. ("Defendant") opposed, Dkt. # 31 ("*Opp'n*"), and Plaintiff replied, Dkt. # 32 ("*Reply*").  The Court finds the matter appropriate for decision without oral argument and **VACATES** the Motion hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers, the Court **GRANTS** Plaintiff's motion for judgment on the pleadings **WITH LEAVE TO AMEND** and **DENIES** Plaintiff's motion to strike.

I.      Background

        A.      Factual Background

The Court incorporates and refers to the factual background and procedural history described in its March 10, 2026, Order denying Defendant's motion to dismiss the First Amended Complaint ("FAC"), *see* Dkt. # 22 ("*MTD FAC O.*"), and repeats only those facts which are necessary to decide the instant motion.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10379-MWC-RAO                                    Date: July 21, 2026

Title:    DNA Specialty Inc. v. Sharkroad, Inc., *et al*

        *i.*     *Plaintiff's First Amended Complaint*

On October 28, 2025, Plaintiff initiated this action against Defendant, Dkt. # 1, and on.  December 4, 2025, Plaintiff filed its First Amended Complaint ("FAC").  Dkt. # 12 ("*FAC*"). [1]

The FAC alleges Plaintiff is the owner of United States Patent No. D1,086,968 ("the '968 Patent").  *See FAC* ¶ 10, Ex. 1.  The FAC describes the claim as "[t]he ornamental design for a spiral wheel spoke."  *Id.*, Ex. 1 at 17.  The FAC asserts four claims for relief: (1) Infringement of the '968 Patent; (2) Violation of 15 U.S.C. § 1025(a) - Trade Dress Infringement of DNA's Spiral-Spoke Wheel; (3) Violation of 15 U.S.C. § 1025(a) - Trade Dress Infringement of DNA's 52 Cylindrical-Spoke Wheel; and (4) Unfair Competition Under California Common Law.  *FAC*.

On March 10, 2026, the Court denied Defendant's motion to dismiss the FAC.  *MTD FAC O.*

        *ii.*     *Defendant's Answer and Counterclaims*

On March 24, 2026, Defendant filed an Answer and Counterclaims.  Dkt. # 23 ("*ACC*").

The Answer and Counterclaims ("ACC") alleges as follows:

The '968 Patent was filed on April 19, 2023, (the "Patent Filing Date") and assigned to DNA.  *Id.* ¶ 79.  Prior to the Patent Filing Date, numerous similar products were publicly known, used, offered for sale, and/or sold, including, without limitation, the V-TWIN MFG, BUCHANAN, and RIDEWRIGHT spokes.  *Id.* ¶ 80.  Upon information and belief, Plaintiff has been engaged in the spoke wheel business for many years and was aware of relevant prior art relating to twisted spoke designs.  *Id.* ¶¶ 82–83.  Despite this knowledge,

---

[1] Plaintiff's FAC brings claims against Does 1–50.  *See FAC* ¶ 8.  Pursuant to the Court's Standing Order, "[a]ny 'DOE' or fictitiously-named Defendant(s) who is not identified and served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m)."  Dkt. # 10 ¶ 1. As more than ninety (90) days have passed since the filing of Plaintiff's FAC, and because Plaintiff has yet to identify and serve any "Doe" Defendants, the Court **DISMISSES** all fifty (50) Does **WITHOUT PREJUDICE**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10379-MWC-RAO                              Date: July 21, 2026

Title:      DNA Specialty Inc. v. Sharkroad, Inc., *et al*

DNA failed to submit an Information Disclosure Statement identifying such prior art to the USPTO during prosecution of the application that issued as the '968 Patent.  *Id*.  Thus, the Examiner did not review these references.  *Id*. ¶ 83.  Had the prior art been disclosed, the Examiner would have recognized that the claimed design of the '968 Patent reflects, at most, a noninventive variation, such as a change in thickness, over existing designs.  *Id.* Upon information and belief, prior to filing the Complaint, DNA failed to mark its products with the '968 Patent number.  *Id.* ¶ 84.

The ACC asserts seventeen affirmative defenses.  *Id.*  The ACC also asserts eight counterclaims: (I) Unenforceability and Invalidity of the '968 Patent Based On Inequitable Conduct; (II) Invalidity of the '968 Patent Based On Anticipation and Obviousness; (III) Invalidity of the '968 Patent Based On Functional Design; (IV) Non-Infringement of the '968 Patent; (V) Invalidity of the Alleged Spiral-Spoke Trade Dress; (VI) Non-Infringement of the Alleged Spiral-Spoke Trade Dress; (VII) Invalidity of the Alleged Cylindrical-Spoke Trade Dress; and (VIII) Non-Infringement of the Alleged Cylindrical-Spoke Trade Dress.  *See generally id.*  Defendant seeks dismissal of Plaintiff's complaint and declaratory judgments of non-infringement of the '968 Patent, non-infringement of Plaintiff's trade dress, invalidity and unenforceability of the '968 Patent and Plaintiff's trade dress, treble damages, attorneys' fees and costs, pre-judgment and post judgment interest, and other relief as the Court deems just and proper.  *Id*. at 19 (Prayer for Relief).

B.      Procedural History and Conference of Counsel

On April 13, 2026, Plaintiff filed a Reply to the ACC and answered the Counterclaims.  Dkt. # 25 ("*ACC Reply*").

On May 6, 2026, the parties met and conferred by telephone to discuss Defendant's intent to file a motion for judgment on the pleadings as to certain deficiencies in the ACC.  *Mot.* at 2; Dkt. # 30 ("*McLaughlin Decl.*") ¶ 3.  On May 12, 2026, Defendant sent Plaintiff a proposed Amended Answer and Counterclaims ("PAACC").  *Mot.* at 2.  Plaintiff asked for a clean PDF version of the PAACC, which Defendant provided on May 15, 2026.  *Opp'n* at 3.  Plaintiff did not respond with any comments.  *Id*.

On June 22, 2026, pursuant to Standing Patent Rule 3-3, Defendant provided Plaintiff with Invalidity Contentions.  *Id*. at 4.  On June 23, 2026, Plaintiff filed this Motion.  *Mot.*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10379-MWC-RAO                    Date: July 21, 2026

Title:    DNA Specialty Inc. v. Sharkroad, Inc., *et al*

    C.    <u>Requested Relief</u>

In its Motion, Plaintiff seeks to strike the following affirmative defenses from Defendant's ACC:

- Defense Three ("Equitable Doctrines"),

- Defense Four ("Inequitable Conduct"),

- Defense Five ("Patent-Non-Infringement),

- Defense Six ("Patent Invalidity Based on Anticipation, Obviousness, and Functional Design"),

- Defense Seven ("Patent Misuse"),

- Defense Nine ("Non-Infringement of Plaintiff's Alleged Trade Dresses"),

- Defense Ten ("No Likelihood of Confusion"),

- Defense Eleven ("No Unlawful, Unfair, or Fraudulent Conduct"),

- Defense Twelve ("No Willful Infringement"),

- Defense Thirteen ("No Damages"),

- Defense Fourteen ("Failure to Mitigate"), and

- Defense Fifteen ("No Irreparable Harm").

*Mot.* at 1–2.  Plaintiff additionally moves for judgment on the pleadings on two of Defendant's counterclaims: (I) Unenforceability and Invalidity of the '968 Patent Based On Inequitable Conduct, and (II) Invalidity of the '968 Patent Based On Anticipation and Obviousness.  *See generally id.*

The Court begins with several procedural issues regarding Plaintiff's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10379-MWC-RAO                                     Date: July 21, 2026

Title:      DNA Specialty Inc. v. Sharkroad, Inc., *et al*

II.      Meet and Confer Requirement

Defendant asks the Court to deny the motion for failure to comply with Local Rule 7-3's meet and confer requirements.  *Opp'n* at 6:11–12.

Prior to filing a motion, the Central District of California requires counsel contemplating the filing of any motion to meet and confer with opposing counsel "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least 7 days prior to the filing of the motion.  C.D. Cal. L.R. 7-3. Local Rule 7-3 also requires counsel for the moving party to "include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion."  C.D. Cal. L.R. 7-3.  "Failure to include such a declaration may result in the motion being denied," or the court may decline to consider the motion.  C.D. Cal. L.R. 7-3, 7-4.

To demonstrate compliance, Plaintiff's counsel declares that on May 6, 2026, the parties met and conferred, discussing "[Plaintiff]'s intent . . . to file a motion for judgment on the pleadings under Fed R. Civ. P. 12(c) . . . and to strike, under F. R. Civ. P. Rule 12(f) or 12(f)(1), [Defendant]'s related defenses."  *See McLaughlin Decl.* ¶ 3.  Defendant requested one week to prepare a proposed pleading to remedy the deficiencies identified in the meet and confer.  *Id*. ¶ 4.  Plaintiff contends that it reserved the "right to seek relief from the Court should the revised pleading continue to fail to comply in any in any meaningful manner to said authority."  *Id*.  On May 12, 2026, Defendant emailed Plaintiff with proposed revisions to the ACC.  *Id*. ¶ 5. Defendant argues that, because Plaintiff did not continue to engage in the meet and confer process after Defendant sent over proposed edits to the ACC, Plaintiff has violated Local Rule 7-3.  *Opp'n* at 6–7.

"The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which further[s] judicial economy and the administration of justice.  *Galban v. City of Fontana,* No. 5:19-cv-02474-MCS-SHK, 2020 WL 9148119, at *1 (C.D. Cal. Dec. 10, 2020) (citing *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co*., No. 8:16-cv-01155-JLS-E, 2016 WL 9223782 at *1 (C.D. Cal. Sept. 12, 2016)) (internal quotation marks omitted).  "Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially where perceived defects in a complaint, answer, or counterclaim could be corrected by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10379-MWC-RAO                                    Date: July 21, 2026

Title:     DNA Specialty Inc. v. Sharkroad, Inc., *et al*

amendment." *Id*.  Here, Defendant meaningfully engaged in the meet and confer process by drafting a proposed amended Answer and Counterclaims (the PAACC).  Instead of continuing to resolve defects in the PAACC, Plaintiff filed the instant motion to litigate the operative ACC.  Plaintiff's conduct does not promote judicial economy, and the Motion may be stricken on that basis.  *See* C.D. Cal. L.R. 7-4.

Nonetheless, the Court exercises its discretion and reaches the merits of Plaintiff's Motion.  Plaintiff is **CAUTIONED** to adhere to the applicable rules going forward.

III.    Motion to Strike

Rule 12(f)(2) provides that a party may move to strike material from a pleading either "before responding to the pleading" or, if a response is not allowed, "within 21 days after being served with the pleading."  Fed R. Civ. P. 12(f).

Defendant served Plaintiff with its Answer and Counterclaims on March 24, 2026. *ACC*.  Plaintiff did not timely move to strike portions of Defendant's answer. *Mot*.  Instead, Plaintiff filed its Reply to Defendant's Counterclaims on April 13, 2026, thereby responding to the pleading rather than moving to strike.  Dkt. # 24.  Plaintiff's motion, filed June 23, 2026, is thus untimely.

Plaintiff requests that, should its motion to strike be deemed untimely under Rule 12(f)(2), the Court consider the challenged defenses pursuant to Rule 12(f)(1), which permits a court to strike material from a pleading on its own initiative.  *Mot.* at 17 n.1.

"The district court has authority under Rule 12(f) to strike a pleading, in whole or in part, only if a motion is made before the moving party has filed a responsive pleading, unless the court strikes the pleading on its own initiative or no responsive pleading is permitted."  *Culinary & Serv. Emps. Union, AFL-CIO Loc. 555 v. Hawaii Emp. Ben. Admin., Inc.,* 688 F.2d 1228, 1232 (9th Cir. 1982).  However, "[j]ust because the Court *may* consider an untimely motion to strike, it does not necessarily follow that the Court *should* consider every untimely motion to strike."  *Daniels v. Dixon*, No. 8:21-cv-00223-CJC-MAR, 2022 WL 2101740, at *2 (C.D. Cal. Mar. 22, 2022) (emphases in original).  Moreover, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice . . ." *Edwards v. United Wholesale Mortgage, LLC,* No. 2:25-CV-03667-VBF-SP, 2025 WL 4036432, at *2 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10379-MWC-RAO                                    Date: July 21, 2026

Title:      DNA Specialty Inc. v. Sharkroad, Inc., *et al*


Cal. Sept. 2, 2025) (quoting *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

Here, Plaintiff elected to file a responsive pleading, then waited several months thereafter to seek relief under Rule 12(f). Plaintiff's delay, combined with its lackluster engagement with the meet and confer process and the limited practical benefit of striking defenses, does not persuade the Court to strike material on its own initiative.

For these reasons, Plaintiff's Motion to Strike is **DENIED**.

IV.    Motion for Judgment on the Pleadings

A.    Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming that no counterclaim or cross-claim is made." *Laws. for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1074 (9th Cir. 2025) (cleaned up). The analysis for a Rule 12(c) motion is "substantially identical to [the] analysis [for a] Rule 12(b)(6) [motion] because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy. *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (internal quotation marks and citation omitted); *see also Webb v. Trader Joe's Co.*, 999 F.3d 1196 (9th Cir. 2021) (noting that "motions for judgment on the pleadings are functionally identical to Rule 12(b)(6) motions").

In reviewing a Rule 12(c) motion, the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Health Freedom Def. Fund, Inc. v. Carvalho*, 148 F.4th 1020, 1026 (9th Cir. 2025) (quotation marks and citation omitted). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted). If "no relief could be granted under any set of facts that could be proved consistent with the allegations," then judgment on the pleadings is warranted. *Bacon v. Woodward*, 104 F.4th 744, 749 (9th Cir. 2024) (citation omitted). In resolving the motion, the Court may "consider documents

---

CV-90 (03/15)                              Civil Minutes – General                              Page **7** of **14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10379-MWC-RAO                                    Date: July 21, 2026

Title:      DNA Specialty Inc. v. Sharkroad, Inc., *et al*

incorporated into the complaint by reference and matters of which [the Court] may take judicial notice." *Carvalho*, 148 F.4th at 1026 (citation omitted).[2]

Under Rule 12(c), courts "have discretion to grant a Rule 12(c) motion with leave to amend, or dismiss the action instead of entering judgment." *Ryan v. Salisbury*, 382 F. Supp. 3d 1031, 1047 (D. Haw. 2019) (citations omitted); *see also Gregg v. Hawaii, Dept. of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017). Although Rule 12(c) "does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." *Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1141 (C.D. Cal. 2019) (quoting *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005)).

V.       Discussion

As a threshold matter, in the Motion, Plaintiff asks the Court to rule on both Defendant's Answer and Counterclaims and its Proposed Amended Answer and Counterclaims. *See Mot.* at 5. The request is denied.

Generally, courts "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Iovance Biotherapeutics, Inc. v. Federal Insurance Co.*, No. 25-CV-00040-RFL, 2025 WL 2426830, at *2 (N.D. Cal. Aug. 22, 2025) (citing *Reckstin Fam. Tr. v. C3.ai, Inc.*, No. 22-cv-01413-HSG, 2025 WL 490470, at *3 (N.D. Cal. Feb. 13, 2025). Ruling on the merits of an inoperative pleading would be premature. Therefore, the Court addresses only the Inequitable Conduct and Invalidity counterclaims, and the applicable defenses, as pled in the operative Answer and Counterclaims. *See Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1063 (C.D. Cal. 2017).

---

[2] Plaintiff requests the Court take judicial notice of two additional patents, U.S. Patent No. 374,649 and U.S. Patent No. 598,620, in light of allegations added to the proposed amended Answer and Counterclaims ("PAACC"). *See* Dkt. # 29; *see generally Mot*. The contents of the PAACC are not before the Court. Therefore, "[n]one of the material[s] referenced in the request for judicial notice affects the Court's legal analysis or its decision on the motion for judgment on the pleadings," and the request is **DENIED AS MOOT.** *See Edwards Lifesciences Corp. v. Meril Life Sciences Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 1312748, at *3 (N.D. Cal. Apr. 8, 2021)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10379-MWC-RAO                               Date: July 21, 2026

Title:      DNA Specialty Inc. v. Sharkroad, Inc., *et al*

A.      Count I – Inequitable Conduct Counterclaim

Plaintiff moves for judgment on the pleadings as to Defendant's Counterclaim One, Inequitable Conduct.  *Mot.* at 13.

Whether inequitable conduct has been adequately pled is subject to Federal Circuit law because it "pertains to or is unique to patent law." *Central Admixture Pharm. Servs., Inc. v. Advanced Cardiac Sols., P.C.,* 482 F.3d 1347, 1356 (Fed. Cir. 2007) (citing *Intel Corp. v. Commonwealth Sci. & Indus. Rsrch. Org.*, 455 F.3d 1364, 1369 (Fed. Cir. 2006)). "To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson and Co.,* 649 F.3d 1276, 1290 (Fed. Cir. 2011) (citing *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.,* 537 F.3d 1357, 1366 (Fed. Cir. 2008)).  Specifically, the accused infringer "must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it."  *Id.* "Inequitable conduct, while a broader concept than fraud, must be pled with particularity under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (quoting *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003). Thus,

> the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. Moreover, although 'knowledge' and 'intent' may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Id*. at 1328–29.[3]

---

[3] Plaintiff does not argue that the ACC fails to identify the "what" and "when" considerations. *See Mot.*  Because Plaintiff does not challenge the counterclaim on these grounds, the Court concludes Defendant has adequately pled the "what" and "when" of its inequitable conduct counterclaim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10379-MWC-RAO                    Date: July 21, 2026

Title:      DNA Specialty Inc. v. Sharkroad, Inc., *et al*

           *i.*        *"Who"*

The ACC alleges DNA Specialty failed to disclose prior art relating to twisted spoke designs.  *ACC ¶ 83.*

In *Exergen*, the Federal Circuit held that a complaint referring generally to "Exergen, its agents and/or attorneys" was insufficient to identify the "who," because doing so "fails to name the specific individual associated with the filing or prosecution of the [patent] application."  575 F.3d at 1329.  Similarly, here, the ACC only identifies DNA Specialty rather than specific individuals alleged to be involved in the filing or prosecution of the patent allocation.  This "leaves one wondering who did what." *See Autel Intelligent Tech. Corp. v. Shenzhen XTOOLTech Intelligent Co.,* No. EDCV 25-01755-KK-DTBX, 2025 WL 3652931, at *3 (C.D. Cal. Nov. 26, 2025).  Therefore, the ACC does not plead "who" with sufficient specificity to satisfy Rule 9(b).

           *ii.*      *"Where"*

Plaintiff argues the "where" consideration is not met because Defendant fails to point to specific locations in the references that would demonstrate the references disclose the alleged information.  *Mot.* at 8–9. Defendant argues the ACC meets the "where" consideration because it alleges "the prior art was publicly sold, advertised, reviewed, and offered in the motorcycle wheel and spoke wheel market in which DNA had operated for decades."  *Opp'n* at 9 (citing *ACC ¶ 80*).

To establish the "where," the pleading must "identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found." *Exergen,* 575 F.3d at 1329.  Defendant identifies three products which were "publicly known, used, offered for sale, and/or sold prior to the Patent Filing Date," titled the V-TWIN MFG, BUCHANAN, and RIDEWRIGHT.  *ACC ¶ 80.*  Defendant provides photo images for two of the products and URL links to each product.  *Id.*  Missing from the ACC, however, is guidance on where the material information is found within the source images and/or URL links.  The ACC later describes the prior art as "relating to twisted spoke designs," but does not provide any

---

*See AbCellera Biologics Inc. v. Bruker Cellular Analysis*, No. 20-CV-08624-JST, 2024 WL 37213, at *7 (N.D. Cal. Jan. 2, 2024) (finding defendant adequately pled "what" and "where" because plaintiffs did not challenge inequitable conduct counterclaim on those grounds).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10379-MWC-RAO                                    Date: July 21, 2026

Title:      DNA Specialty Inc. v. Sharkroad, Inc., *et al*

context to the prior art images, nor does it identify "where" within the images and/or URL links the material information is located.  *Id.* ¶ 83.

For these reasons, the ACC does not adequately allege the "where" requirement.

> *iii.      "Why" and "How"*

Plaintiff argues Defendant fails to sufficiently allege "why" the references are material and non-cumulative or "how" an examiner would have used the information.  *Mot.* at 9–12.

To satisfy these requirements, defendants must plead "'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Exergen*, 575 F.3d at 1329–30. "The materiality required to establish inequitable conduct is but-for materiality . . . [P]rior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Therasense, Inc.*, 649 F.3d at 1291.  To sufficiently allege the "why" of materiality, Defendant must "at least show 'gaps in the prior art that was before the examiner during prosecution' and 'how the reference fills those gaps." *Autel Intelligent Tech. Corp.*, 2025 WL 3652931, at *5 (citing *Jackson v. NuVasive, Inc.*, No. CV 21-53-RGA, 2023 WL 5175092, at *5 (D. Del. Aug. 11, 2023)) (brackets omitted).

The ACC alleges only that "withheld prior art was material to patentability because, had it been disclosed, the Examiner would have recognized that the claimed design of the '968 Patent reflects, at most, a noninventive variation, such as a change in thickness, over existing designs."  *ACC* ¶ 83.  The ACC makes no reference to any gaps in the prior art before the examiner, nor does it address how the references fill those gaps.

Relatedly, Defendant argues the "how" consideration is met because "the omission prevented the Examiner from considering prior commercial products creating the same overall visual impression or rendering the design obvious." *Opp'n* at 9.  This argument is not present in the operative ACC. *See ACC*.  The ACC alleges only that, as noted, had the prior art been provided, "the Examiner would have recognized that the claimed design of the '968 Patent reflects, at most, a noninventive variation, such as a change in thickness, over existing designs." *ACC* ¶ 83.  Defendant's allegation regarding a "change in thickness" lacks any factual support, such as the comparative thickness of the references versus the stoke in the '968 Patent. Thus, Defendant's allegation is conclusory.  "Such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10379-MWC-RAO                              Date: July 21, 2026

Title:       DNA Specialty Inc. v. Sharkroad, Inc., *et al*

conclusory allegations, without more, are insufficient "to explain both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Abcellera Biologics Inc.*, 2024 WL 37213, at \*13.

For these reasons, the "why" and "how" considerations are not satisfied under the legal standard of Rule 9(b).

> iv.     *Knowledge and Intent*

While the above considerations are relevant to establishing inequitable conduct with particularly, Defendant must additionally "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.  A reasonable inference is one that is plausible and that flows logically from the facts alleged."  *Autel Intelligent Tech. Corp.,* 2025 WL 3652931, at \*5 (quoting *Exergen*, 575 F.3d at 1327–29) (quotation marks omitted).  A "defendant['s] failure to identify a particular individual prevents the Court from inferring that a particular person acted with the requisite intent." *Id*.

As noted, Defendant has not identified any specific individual.  Thus, the Court is unable to analyze whether any specific individual acted with a requisite intent, which is another deficiency of the inequitable conduct counterclaim.

For the foregoing reasons, Defendant has failed to plead Inequitable Conduct, so the Motion is **GRANTED** as to Counterclaim I.  Because amendment will not necessarily be futile, Defendant is granted **LEAVE TO AMEND** Counterclaim I.

> B.     Count II – Anticipation and Obviousness Invalidity Counterclaim

Next, Defendant seeks declaratory judgment that the '968 Patent is invalid and unenforceable under 35 U.S.C. §§ 102 and 103.  *ACC* ¶¶ 93–95.

> i.     *Legal Standard*

Under § 102, a patent claim is invalid if the claimed invention was "'patented, described in a printed publication, or in public use, on sale, or otherwise available to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10379-MWC-RAO                                            Date: July 21, 2026

Title:      DNA Specialty Inc. v. Sharkroad, Inc., *et al*

public before the effective filing date of the claimed invention.'" *Wi-LAN Inc. v. LG Elecs., Inc.,* 421 F. Supp. 3d 911, 928 (S.D. Cal. 2019) (quoting 35 U.S.C. § 102).

Under § 103, "[a] patent for a claimed invention may not be obtained . . . if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103.

> ii.      *Application*

As a preliminary matter, Defendant argues Plaintiff's attack on its invalidity counterclaim fails, particularly in light of the detailed invalidity contentions it has served on Plaintiff. *Opp'n* at 10–11. Thus, Defendant argues, "[it] would be academic for [Defendant] to amend the pleadings to recite the facts that are already laid out in the invalidity contentions." *Id.* at 11.

"Courts are split on whether invalidity claims must meet the pleading standards of *Twombly* and *Iqbal*." *Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB, 2013 WL 2090298, at *4 (C.D. Cal. May 1, 2013). "Various courts have concluded that conclusory statements that a patent is invalid under various sections of the U.S. Code without any further factual detail regarding the grounds for this invalidity are insufficient." *See Deckers Outdoor Corp. v. Rue Services Corp.,* No. CV 13-6303 JVS (VBKx), 2013 WL 12139134, at *2 (C.D. Cal. Dec. 23, 2013) (collecting cases); *see also Ely Holdings Ltd. v. O'Keeffe's, Inc.*, No. 18-CV-06721-JCS, 2019 WL 4071028, at *1 (N.D. Cal. Mar. 5, 2019) (interpreting "civil actions generally" as described in *Iqbal* to apply to invalidity counterclaims). "However, other cases have found the pleading of such counterclaims to be sufficient in light of the more detailed invalidity contentions required by local patent rules." *Deckers Outdoor Corp.,* 2013 WL 12139134, at *2 (collecting cases).

While Standing Patent Rule 3-3 requires parties opposing patent infringement to serve invalidity contentions, this requirement does not supplant or lower the *Iqbal* standard for allegations of patent invalidity. *See* S.P.R. 3-3. Therefore, the Court will not consider Defendant's Invalidity Contentions in place of the ACC and instead considers whether the pleadings support a plausible claim for invalidity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10379-MWC-RAO                    Date: July 21, 2026

Title:      DNA Specialty Inc. v. Sharkroad, Inc., *et al*

It does not.  The ACC alleges only that "substantially similar designs were publicly known, used, offered for sale, and/or sold before the filing of the '968 Patent, and such prior art creates the same overall visual impression as the claimed design, either alone or in combination, rendering the claimed design unpatentable."  *ACC* ¶ 93.  "This bare-bones recitation of statutes does not meet the requirements of *Twombly* and *Iqbal* and does not put defendants on notice." *Xilinx, Inc. v. Invention Inv. Fund I LLP*, No. C 11-0671 SI, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011).  Defendant provides no explanation as to how any designs were substantially similar, nor does it make any reference or description to what the "prior art" is.   Without more, the ACC fails to state a claim for Count II – Invalidity of the '968 Patent Based on Anticipation and Obviousness.

Plaintiff's Motion is thus **GRANTED** as to Counterclaim II.  Because amendment is not futile, Defendant is granted **LEAVE TO AMEND** Counterclaim II.

VI.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Strike, **GRANTS** Plaintiff's Motion for Judgment on the Pleadings as to Counterclaims One and Two and **DENIES AS MOOT** Plaintiff's Request for Judicial Notice.

Defendant is **GRANTED LEAVE TO AMEND** the Answer and Counterclaims I and II, consistent with this Order, no later than **August 3, 2026**.  When filing an amended answer and counterclaims, Defendant must also file a redline with the Court.  No new counterclaims may be added without the Court's prior approval or stipulation by the parties. *See* Fed. R. Civ. P. 15.

**IT IS SO ORDERED.**

                                                                                        :

                                                      **Initials of Preparer**   TJ