R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant SHARKROAD, INC.

TROJAN LAW OFFICES
BEVERLY HILLS

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNA SPECIALTY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,<br><br>Defendants. | **Case No: 2:25-cv-10379-MWC(RAOx)**<br><br>**DEFENDANT SHARKROAD, INC.'S AMENDED ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br><br>**Hon. Michelle Williams Court**<br>**United States District Judge** |

Defendant Defendant Sharkroad, Inc. ("Defendant" or "Sharkroad") answers the First Amended Complaint (Dkt. 12, "Complaint") filed by DNA Specialty, Inc.'s ("Plaintiff" or "DNA") as follows. All allegations not specifically admitted herein are denied.

## JURISDICTION AND VENUE

1. Defendant admits that the Complaint purports to state causes of action under the patent laws of the United States and the Lanham Act and California common law. Paragraph 1 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 1 except that Defendant admits, for the purposes of this action only, that this Court has subject matter jurisdiction over any federal claims asserted against Defendant in the Complaint.

2. Defendant admits that Sharkroad is incorporated in California with an office located at 2160 Farallon Drive, San Leandro, CA 94577, and has an agent for service of process in California. Paragraph 2 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 1 except that Defendant admits, for the purposes of this action only, that this Court has personal jurisdiction over any federal claims asserted against Defendant in the Complaint. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 2, and therefore denies the same.

3. Defendant admits that Sharkroad offered to sell and has sold spoke wheels through its website. Paragraph 3 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the same. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 3, and therefore denies the same.

TROJAN LAW OFFICES
BEVERLY HILLS

-1-

4.    Defendant admits that the history of Sharkroad, Inc., as reflected on the California Secretary of State's website, speaks for itself. Defendant further admits that Sharkroad is incorporated in California, maintains an office located at 2160 Farallon Drive, San Leandro, California 94577, and sells its products in California. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 4, and therefore denies the same.

5.    Paragraph 5 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 5 except that Defendant admits, for the purposes of this action only, that the venue is proper in the Central District of California.

**PARTIES**

6.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 6, and therefore denies the same.

7.    Defendant further admits that Sharkroad is incorporated in California, maintains an office located at 2160 Farallon Drive, San Leandro, California 94577, and sells its products, including motorcycle wheel, in California. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 7, and therefore denies the same.

8.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8, and therefore denies the same.

9.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 9, and therefore denies the same.

**DNA'S DESIGN PATENT**

10.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 10, and therefore denies the same.

TROJAN LAW OFFICES
BEVERLY HILLS

-2-

11. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 11, and therefore denies the same.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 12, and therefore denies the same.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 13, and therefore denies the same.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 14, and therefore denies the same. Paragraph 14 further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies such conclusions.

### DNA'S TRADE DRESS – SPIRAL-SPOKE WHEEL

15. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 15, and therefore denies the same.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 16, and therefore denies the same.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 17, and therefore denies the same.

18. Denied.

19. Denied.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 20, and therefore denies the same.

### DNA'S TRADE DRESS – 52 CYLINDRICAL-SPOKE WHEEL

21. Denied.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 22, and therefore denies the same.

TROJAN LAW OFFICES
BEVERLY HILLS

-3-

23.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 23, and therefore denies the same.

24.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 24, and therefore denies the same.

25.    Denied.

26.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 26, and therefore denies the same.

27.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 27, and therefore denies the same.

28.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 28, and therefore denies the same.

29.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 29, and therefore denies the same.

## FIRST CAUSE OF ACTION

### (*Against All Defendants & DOES 1-50, Inclusive*)

### Infringement of the '968 Patent

30.    Defendant incorporates by reference its response to paragraphs 1 through 29.

31.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 31, and therefore denies the same.

32.    Denied.

33.    Denied.

34.    Paragraph 34 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 34.

35.    Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 35, and therefore denies the same. Paragraph 35

TROJAN LAW OFFICES
BEVERLY HILLS

-4-

further sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the remaining allegations of paragraph 35.

36.    Paragraph 36 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 36.

37.    Paragraph 37 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 37.

38.    Paragraph 38 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 38.

## SECOND CAUSE OF ACTION

### (*Against All Defendants & DOES 1-50, Inclusive*)

### Violation of 15 U.S.C. § 1025(a)

### Trade Dress Infringement of DNA's Spiral-Spoke Wheel

39.    Defendant incorporates by reference its response to paragraphs 1 through 38.

40.    Denied.

41.    Paragraph 41 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 41.

42.    Paragraph 42 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 42.

TROJAN LAW OFFICES
BEVERLY HILLS

43. Paragraph 43 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 43.

44. Paragraph 44 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 44.

## THIRD CAUSE OF ACTION

### (*Against All Defendants & DOES 1-50, Inclusive*)

### Violation of 15 U.S.C. § 1025(a)

### Trade Dress Infringement of DNA's 52 Cylindrical-Spoke Wheel

45. Defendant incorporates by reference its response to paragraphs 1 through 44.

46. Denied.

47. Paragraph 47 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 47.

48. Paragraph 48 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 48.

49. Paragraph 49 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 49.

50. Paragraph 50 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 50.

## FOURTH CAUSE OF ACTION

TROJAN LAW OFFICES
BEVERLY HILLS

**(*Against All Defendants & DOES 1-50, Inclusive*)**

**Unfair Competition Under California Common Law**

51. Defendant incorporates by reference its response to paragraphs 1 through 50.

52. Paragraph 52 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 52.

53. Paragraph 53 sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendant denies the allegations of paragraph 53.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief from Defendant.

## DEFENSES

For its defenses to the Complaint, Defendant alleges as follows. However, by alleging the defenses set forth below, Defendant does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

**First Defense**

**(Lack of Standing)**

54. On information and belief, Plaintiff lacks standing for the causes of action stated in the Complaint.

**Second Defense**

**(Failure to State a Claim)**

55. Plaintiff fails to state a claim against Defendant upon which relief may be granted.

**Third Defense**

-7-

**(Equitable Doctrines)**

56.   Plaintiff's claims against Defendant are or may be barred by various equitable doctrines, including waiver, estoppel, laches, consent, unclean hands, inequitable conduct, reasonable avoidance, acquiescence, and other equitable defenses.

**Fourth Defense**

**(Inequitable Conduct)**

57.   Plaintiff cannot enforce the '968 Patent due to inequitable conduct.

**Fifth Defense**

**(Patent Non-Infringement)**

58.   Defendant has not engaged in any conduct that constitutes direct or indirect infringement of the '968 Patent.

**Sixth Defense**

**(Patent Invalidity Based on Anticipation, Obviousness, and Functional Design)**

59.   The '968 Patent is invalid under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116. Additionally, the design claimed in the '968 Patent is not primarily ornamental but is instead dictated by functional considerations. As such, the claimed design is not eligible for design patent protection under 35 U.S.C. § 171 and is therefore invalid.

**Seventh Defense**

**(Patent Misuse)**

60.   Plaintiff's patent infringement claims are barred and Plaintiff's alleged patent is unenforceable based on the doctrine of patent misuse.

**Eighth Defense**

**(Invalidity of Plaintiff's Alleged Trade Dresses)**

61.   Plaintiff's alleged trade dresses do not constitute protectable trade dress, including because they are functional, not distinctive, and have not acquired secondary meaning.

TROJAN LAW OFFICES
BEVERLY HILLS

-8-

**Ninth Defense**

**(Non-Infringement of Plaintiff's Alleged Trade Dresses)**

62.    Defendant has not infringed Plaintiff's alleged trade dresses. Even assuming, *arguendo*, that the alleged trade dresses constitute valid trade dress, they are not infringed by the Accused Products because the Accused Products have designs distinct from Plaintiff's products and are not likely to cause confusion among consumers as to the source, origin, or affiliation of the products.

**Tenth Defense**

**(No Likelihood of Confusion)**

63.    Defendant's alleged Accused Products are not confusingly similar to Plaintiff's products, and there is no likelihood that consumers would be misled, deceived, or confused as to the source, origin, sponsorship, or affiliation of Defendant's products.

**Eleventh Defense**

**(No Unlawful, Unfair, or Fraudulent Conduct)**

64.    Defendant denies that it has engaged in any unlawful, unfair, or fraudulent business act or practice.

**Twelfth Defense**

**(No Willful Infringement)**

65.    Plaintiff's claims for enhanced damages and an award of fees and costs against Defendant have no basis in fact or law and should be denied.

**Thirteenth Defense**

**(No Damages)**

66.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**Fourteenth Defense**

-9-

TROJAN LAW OFFICES
BEVERLY HILLS

**(Failure to Mitigate)**

67. Plaintiff is obligated under the law to mitigate their damages, if any, and have failed to do so.

**Fifteenth Defense**

**(No Irreparable Harm)**

68. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from the Defendant's actions.

**Sixteenth Defense**

**(Adequate Remedy at Law)**

69. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**Seventeenth Defense**

**(Lack of Notice)**

70. Plaintiff failed to provide adequate statutory notice of the asserted design patent, the '968 Patent, including without limitation failure to properly mark products embodying the patent.

**Reservation of Rights**

71. Answering Defendant reserves the right to assert additional defenses as discovery progresses in this litigation and information becomes available.

**COUNTERCLAIMS**

For its counterclaims ("Counterclaims") against Plaintiff, Defendant alleges as follows:

**I. PARTIES**

72. Upon information and belief, Plaintiff DNA Specialty, Inc. ("Plaintiff," "Counter-defendant" or "DNA") is a California corporation with its principal place of business located at 200 W Artesia Blvd., Compton, California 90220.

TROJAN LAW OFFICES
BEVERLY HILLS

73. Defendant Sharkroad, Inc. ("Defendant," "Counterclaimant" or "Sharkroad"), is a California corporation having its principal place of business located at 2160 Farallon Drive, San Leandro, CA 94577.

## II. JURISDICTION

74. These Counterclaims seek declaratory relief for non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., the Lanham Act, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Thus, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-2202.

75. Personal jurisdiction and venue in this District are proper under 28 U.S.C. § 1391, and 1400(b), because, upon information and belief, Plaintiff has extensive contacts with and conducts business within the State of California, Plaintiff is a corporation having its principal place of business in the State of California, and because Plaintiff sued Defendant in this Court.

## III. FACTS

76. Plaintiff DNA alleges that it owns intellectual property rights on its spiral-spoke and cylindrical-spoke wheel products, including (a) U.S. Design Patent No. D1,086,968 ("the '968 Patent"); (b) DNA's alleged Spiral-Spoke Wheel trade dress ("Alleged Spiral-Spoke Trade Dress"); and (c) DNA's alleged 52 Cylindrical-Spoke Wheel trade dress ("Alleged Cylindrical-Spoke Trade Dress") (collectively, the "Alleged Trade Dresses").

77. An actual controversy exists under the Declaratory Judgment Act because DNA has asserted and is asserting infringement of the '968 Patent, Alleged Spiral-Spoke Trade Dress, and Alleged Cylindrical-Spoke Trade Dress by Defendant, and Defendant denies those assertions.

TROJAN LAW OFFICES
BEVERLY HILLS

-11-

78. The controversy is immediate and real in that Plaintiff is seeking to enforce the '968 Patent and the Alleged Trade Dresses to the detriment of Defendant's rights.

79. The '968 Patent is titled "Spiral Wheel Spoke," issued on August 5, 2025, and arose from U.S. Patent Application No. 29/874,416, filed on April 19, 2023.

80. The named inventor and original applicant of the application that issued as the '968 Patent was Jerry Lehman. Upon information and belief, Mr. Lehman also goes by the name "Jerald Lehman" and his address is identified in the patent application materials as 200 West Artesia Blvd., Compton, California 90220.

81. Plaintiff DNA Specialty, Inc. is a California corporation that was established in 1984 selling automotive parts and incorporated in 1991 when it expanded into the motorcycle industry producing wheels, and motorcycle equipment. It has been in the business of selling motorcycle wheels for at least 25 years. Sun Seop Choi signed the incorporating documents in 1991.

82. Upon information and belief, DNA's 2025 and 2026 Statements of Information identify James Choi as Chief Executive Officer and Sun Choi as Secretary. Upon information and belief, DNA was listed as delinquent in approximately 2018 but continued operating in the motorcycle wheel and spoke wheel business.

83. On or about May 30, 2025, Jerry Lehman assigned his rights in U.S. Patent Application No. 29/874,416 to Paul Choi.

84. On or about September 11, 2025, Paul Choi assigned his rights in the '968 Patent and U.S. Patent Application No. 29/874,416 to Plaintiff DNA Specialty, Inc.

85. DNA's principal address, as reflected in the assignment from Paul Choi to DNA, is 200 W. Artesia Blvd., Compton, California 90220—the same address

TROJAN LAW OFFICES
BEVERLY HILLS

-12-

TROJAN LAW OFFICES
BEVERLY HILLS

associated with Mr. Lehman in the application materials and with Paul Choi in the assignment records.

86. Upon information and belief, Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and/or Sun Choi, were aware of DNA's long-standing 25-year business in the motorcycle wheel and spoke wheel industry and were aware of prior commercial spoke wheel and twisted spoke designs that predated the April 19, 2023 filing date of the '968 Patent, which were sold by DNA itself and its direct competitors.

87. For example, DNA's 2021 Catalog on page 43 publicly displayed and offered for sale a product identified as "Twisted Spoke," approximately two years before the April 19, 2023 filing date of the '968 patent as shown below:



The catalog is publicly available at the following website: https://www.yumpu.com/en/document/read/65785427/dna-catalog-2021/43

-13-

88. The "Twisted Spoke" is nearly identical to the claimed design in the '968 Patent:




FIG.1

89. Upon information and belief, Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and/or Sun Choi, were aware of DNA's "Twisted Spoke".

90. Upon information and belief, Jerry Lehman was acting for, with, or on behalf of DNA and/or its principals, in connection with the application that issued as the '968 Patent, including because Mr. Lehman used the same 200 W. Artesia Blvd., Compton, California 90220 address associated with DNA and Paul Choi.    In

TROJAN LAW OFFICES
BEVERLY HILLS

-14-

particular, upon information and belief, Mr. Lehman had an established technical and product-development relationship with DNA by at least 2019 and had access to DNA's confidential internal engineering and product materials, including those about the "Twisted Spoke."

91. Upon information and belief, Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and/or Sun Choi, were individuals associated with the preparation, filing, and/or prosecution of the application that issued as the '968 Patent, or were otherwise substantively involved in the application and transfer of rights in the claimed design. Specifically, Jerry Lehman, the named inventor and original applicant, participated in the preparation and prosecution of the application by signing the inventor's declaration and power of attorney. Before or during prosecution, Mr. Lehman knew of the DNA Twisted Spoke product because he referred to himself as the "Manager Engineering" in the prosecution documents. Despite that knowledge, Mr. Lehman did not disclose the product to the USPTO.

92. During prosecution of the application that issued as the '968 Patent, no Information Disclosure Statement was submitted identifying the prior commercial spoke wheel products, including the Twisted Spoke products, known to DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi. No information disclosure statement was submitted despite the fact that DNA was in the business of selling motorcycle wheels for over 20 years, during which time it was certainly aware of twisted spokes that were sold by its competitors, not to mention its own Twisted Spoke products.

93. The prosecution history of the '968 Patent reflects that the USPTO Examiner cited certain patent references and a limited number of products.

94. Upon information and belief, before the April 19, 2023 filing date of the '968 Patent, numerous prior art products using twisted, twirled, spiral, or fat twisted spoke designs were publicly known, used, offered for sale, and/or sold, including at least the following products listed shown on the respective website links:

-15-

(a)    V-TWIN MFG:

https://www2.vtwinmfg.com/chrome-21-spoke-set-twirled-type-1.html

(b)    BUCHANAN:

https://www.buchananspokes.com/categories/design_spokes.asp

Spiral (Twisted) Spoke

(c)    RIDEWRIGHT:

https://ridewrightwheels.com/collections/crosslaced-classics/products/spoke-motorcycle-wheels-1

(d) And at least the following:

| Website name | Name of the Product on Website | Date of Product | Product Exemplar |
|---|---|---|---|
|  |  |  |  |

-16-

| | | | |
|---|---|---|---|
| www.jpcycles.com | V-Twin Mfg. Twisted Chrome Spokes For 21" Wheel | 03/29/2010 (Date of customer review) | |
| www.jpcycles.com | J&P Cycles Twisted Spokes For 16" Wheel | 09/12/2008 (Date of customer review) | |
| www.jpcycles.com | V-Twin Mfg. 40 Twirled Spoke Front Wheel For Harley FXD / FXR / XL 1984-1999 | 03/26/2010 (Date of customer review) | |
| www.pacificcoaststar.com | Road Star Spoke Rim Chrome Exchange | 02/03/2017 | |
| www.pacificcoaststar.com | Road Star Spoke Rim Chrome Exchange | 03/20/2019 | |
| www2.vtwinmfg.com | Chrome 21" Spoke Set Twirled Type Buchanan | 08/05/2020 | |

-17-

| | | | |
|---|---|---|---|
| www.hdwheels.com | Custom Wire Wheel Spoke selection - Twisted spoke - Fat Twisted spoke | 01/21/2022 | |
| www.buchananspokes.com | Spoke Kits – Design | 01/27/2022 | |
| https://www.dragspecialties.com/ <br><br> https://assets-static.lemansnet.com/sites/flippers/2021-Drag-Specialties-FatBook/1800/ | Twisted Chrome Spoke Sets | Available in 2021 | |

(including DNA's 2021 "Twisted Spoke" product, the foregoing products are hereinafter collectively referred to as "Prior Art Products"). Each of the above Prior Art Products are found in the indicated website when searching for the product name and disclose a single spoke comprising an elongated rectangular body with two cylindrical ends, said body having a rectangular cross-section, which is twisted along the longitudinal axis of the body, and each said ends having a circular cross-section that is reflected in the ornamental design of the '968 Patent.

95.    Upon information and belief, the final product depicted above, Drag Specialties, is one of the largest and most influential aftermarket motorcycle parts distributors in the U.S., with a dominant presence in the Harley-Davidson and V-Twin customization market.

96.    The Prior Art Products are material to the patentability of the '968 Patent because they disclose the same or substantially the same ornamental features claimed

-18-

in the '968 Patent, including twisted, twirled, spiral, and/or fat twisted spoke designs used in motorcycle wheel applications, which were not disclosed or examined by the USPTO during the prosecution of the'968 Patent.

97.    The Prior Art Products create the same overall visual impression as the claimed design of the '968 Patent, or render that design an obvious variation of known twisted spoke and spiral spoke designs that were already publicly available before the filing date of the '968 Patent.

98.    The Prior Art Products are especially material because prior commercial twisted, twirled, and spiral spoke products are directly material to patentability and were not considered by the USPTO.

99.    Upon information and belief, had the Examiner been informed of the Prior Art Products, the Examiner would have rejected the claimed design as anticipated and/or obvious in view of those Prior Art Products.  While the Examiner considered other prior art depicting wheel spokes during the prosecution of the '968 Patent, including prior art by the inventor, the Examiner did not review any of Prior Art Products during the prosecution which disclosed a single spoke comprising an elongated rectangular body with two cylindrical ends, said body having a rectangular cross-section, which is twisted along the longitudinal axis of the body, and each said ends having a circular cross-section that is reflected in the ornamental design of the '968 Patent.  In particular, the Examiner did not review DNA's own product that it sold in 2021, which is identical in appearance compared to the claimed design in the'968 Patent as discussed above.

100.    For example, the Examiner considered US Patent No. D1,042,287, which depicted a wheel with cylindrical spokes, but did not depict an elongated spoke body having the longitudinally twisted rectangular configuration shown in solid lines in Figures 1–4 of the '968 Patent. The examiner also considered D374,649 invented by James Choi, but that disclosed a "Twisted wire spoke for wire wheels." The DNA 2021 Twisted Spoke product filled that gap because the photograph on page 43 of

TROJAN LAW OFFICES
BEVERLY HILLS

-19-

the catalog shows a single spoke comprising an elongated rectangular body with two cylindrical ends, said body having a rectangular cross-section, which is twisted along the longitudinal axis of the body, and each said ends having a circular cross-section. The DNA product was therefore not cumulative of D1,042,287 nor references such as D374,649.

101. Had the Examiner considered this reference, the Examiner would have compared its overall visual impression with the claimed design and found that the reference disclosed the twisted spoke. Because the art already before the Examiner did not disclose those features, the reference was noncumulative and would have supplied a basis for rejection under 35 U.S.C. § 102 or § 103.

102. Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and Sun Choi knew of the Prior Art Products before and during prosecution of the application that issued as the '968 Patent because DNA had been in the motorcycle wheel and spoke wheel business for over twenty years and because those Prior Art Products were publicly sold, advertised, and reviewed in the same industry in which DNA operated. Some competitors sold twisted spoke products as early as 2010, which predated the filing of the '968 Application by over ten years. Even DNA itself sold a twisted spoke product in its own catalog in 2021 which it did not disclose to the USPTO and was not examined during prosecution. Mr. Lehman, Paul Choi, James Choi, and Sun Choi would have been involved in preparing the 2021 catalog with that product and would have been involved in the sale of that product.

103. Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and Sun Choi also knew that the Prior Art Products were material to patentability because those products disclosed the same or substantially the same ornamental twisted, twirled, spiral, and/or fat twisted spoke designs that DNA later claimed as proprietary in the '968 Patent and in this lawsuit.

TROJAN LAW OFFICES
BEVERLY HILLS

-20-

104. Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi intentionally withheld the Prior Art Products identified above from the USPTO during prosecution of the application that issued as the '968 Patent.

105. Upon information and belief, the withholding was not accidental or inadvertent. DNA, Mr. Lehman, Paul Choi, James Choi, and Sun Choi had a strong motive to withhold the Prior Art Products because their disclosure would have shown the Examiner that the claimed spiral wheel spoke design was already known, sold, and used in the motorcycle wheel industry before the filing date of the '968 Patent. In particular, the "Twisted Spoke" product anticipated or rendered obvious the design claimed in the '968 Patent.

106. Upon information and belief, DNA, Mr. Lehman, Paul Choi, James Choi, and Sun Choi intentionally withheld the Prior Art Products with the specific intent to deceive the USPTO into allowing the '968 Patent to issue.

107. The inference of deceptive intent is reasonable and plausible because the Prior Art Products were not obscure patent references unrelated to DNA's business; they were commercial motorcycle spoke and spoke wheel products in the same market in which DNA operated for decades, and they directly concerned the same twisted, twirled, spiral, and fat twisted spoke designs claimed in the '968 Patent.

108. The inference of deceptive intent is also reasonable and plausible because no Information Disclosure Statement identifying those commercial prior art products was submitted, even though the products were publicly available before the filing date and were directly material to the ornamental design the Examiner was asked to allow.

109. DNA's inequitable conduct renders the '968 Patent unenforceable.

110. Upon information and belief, prior to filing the Complaint, DNA failed to mark its products with the '968 Patent number as required to provide statutory notice for alleged damages.

TROJAN LAW OFFICES
BEVERLY HILLS

-21-

111.   Upon information and belief, DNA has not marked its products with the '968 Patent number and therefore cannot recover pre-suit damages, if any, for alleged infringement.

## COUNT I – UNENFORCEABILITY AND INVALIDITY OF THE '968 PATENT BASED ON INEQUITABLE CONDUCT

112.   Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

113.   Plaintiff alleges that it owns the '968 Patent.

114.   Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and Sun Choi were involved in or substantively connected to the filing, prosecution, ownership, assignment, and enforcement of the application that issued as the '968 Patent.  Sun Choi incorporated DNA in 1991 when DNA expanded into sales of motorcycle wheels and has worked for the company for at least 25 years until the present time.

115.   Plaintiff failed to disclose material prior art products, including twisted, twirled, spiral, and fat twisted spoke products publicly available before the April 19, 2023 filing date of the '968 Patent, which were known by Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and Sun Choi.  Twisted, twirled, spiral, and fat twisted spoke products were publicly available as early as 2010, approximately 13 years prior to the filing date of the '968 Patent.

116.   Specifically, Plaintiff failed to disclose material prior art, including the "Twisted Spoke", during prosecution of the application that issued as the '968 Patent before the USPTO, from the April 19, 2023 filing date through the August 5, 2025 issuance of the '968 Patent.

117.   Plaintiff, Mr. Lehman, Paul Choi, James Choi, and Sun Choi did not submit an Information Disclosure Statement or otherwise disclose to the Examiner known commercial prior art, including DNA's own "Twisted Spoke" product. Certain prior art had been publicly displayed since at least 2010—approximately

TROJAN LAW OFFICES
BEVERLY HILLS

thirteen years before the '968 Patent was filed—and was known to DNA, which had been in the motorcycle wheel business for more than twenty years before the filing date since 1991. Their failure to submit an Information Disclosure Statement prevented the Examiner from considering prior art that created the same overall visual impression as the claimed design and/or rendered the claimed design obvious.

118.    While the Examiner considered other prior art depicting wheel spokes during the prosecution of the '968 Patent, including prior art by the inventor, the Examiner did not review any of the Prior Art Products (including the "Twisted Spoke") during the prosecution for the claimed design of a single spoke comprising an elongated rectangular body with two cylindrical ends, said body having a rectangular cross-section, which is twisted along the longitudinal axis of the body, and each said ends having a circular cross-section, as reflected in the ornamental design of the '968 Patent.  In particular, the Examiner did not independently find or review DNA's own product that it sold in 2021, which is identical in appearance compared to the claimed design in the '968 Patent.

119.    As alleged above, the "Twisted Spoke" is nearly identical to the claimed design in the '968 Patent:

TROJAN LAW OFFICES
BEVERLY HILLS

-23-





FIG.1

120. Upon information and belief, Jerry Lehman, Paul Choi, and DNA's principals, including James Choi and Sun Choi, were aware of DNA's "Twisted Spoke", but did not disclose the prior art to the USPTO with the intention of obscuring this reference from the Examiner. Had the Examiner considered this product, it would not have allowed the '968 Patent to issue because the "Twisted Spoke" product could have anticipated or rendered obvious the claimed design.

121. Additionally, the withheld commercial prior art products were publicly available before the filing date, were in the same motorcycle wheel and spoke wheel industry in which Plaintiff operated, disclosed the same or substantially the same

-24-

TROJAN LAW OFFICES
BEVERLY HILLS

twisted, twirled, spiral, and/or fat twisted spoke designs, and would have caused the Examiner to reject the claimed design as anticipated and/or obvious.

122. Upon information and belief, Plaintiff, Mr. Lehman, Paul Choi, James Choi, and Sun Choi knew of the withheld prior art products because DNA had been operating in the motorcycle wheel and spoke wheel business for decades, and the withheld products were publicly sold, advertised, and reviewed in that same industry before the filing date of the '968 Patent.

123. Upon information and belief, Plaintiff, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi knew the withheld products were material because those products disclosed the same ornamental twisted, twirled, spiral, and/or fat twisted spoke designs claimed in the '968 Patent.

124. Upon information and belief, Plaintiff, Mr. Lehman, Paul Choi, James Choi, and Sun Choi deliberately withheld the prior art products identified above from the USPTO with the specific intent to deceive the USPTO and obtain allowance of the '968 Patent.

125. Plaintiff's own long-standing participation in the motorcycle wheel and spoke wheel industry supports knowledge of the withheld commercial prior art, and the omitted products were directly material to the same design features DNA later claimed as proprietary in the '968 Patent.

126. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant regarding the enforceability of the '968 Patent. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

127. Defendant is entitled to a declaratory judgment that the '968 Patent is unenforceable due to inequitable conduct.

TROJAN LAW OFFICES
BEVERLY HILLS

-25-

128.   Defendant is further entitled to an award of its attorneys' fees and costs based on Plaintiff's assertion of a patent procured through inequitable conduct

## **COUNT II – INVALIDITY OF THE '968 PATENT**
## **(ANTICIPATION AND OBVIOUSNESS)**

129.   Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

130.   Defendant contends that the '968 Patent is invalid for failure to comply with the conditions for patentability under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 171.

131.   The '968 Patent is invalid under at least 35 U.S.C. §§ 102 and 103 because the claimed design was anticipated and/or rendered obvious by the Prior Art Products that existed prior to the alleged invention and filing date. Upon information and belief, substantially similar designs were publicly known, used, offered for sale, and/or sold before the filing of the '968 Patent, and such prior art creates the same overall visual impression as the claimed design, either alone or in combination, rendering the claimed design unpatentable.

132.   For example, DNA's own "Twisted Spoke" products that it sold in 2021, well before the filing date of the '968 Patent, is identical in appearance compared to the claimed design in the '968 Patent and thus anticipates it by disclosing the same design as claimed in the patent as shown below:

TROJAN LAW OFFICES
BEVERLY HILLS

-26-

TROJAN LAW OFFICES
BEVERLY HILLS





FIG.1

133.  Moreover, the other Prior Art Products alleged above disclose the same overall visual impression as the claimed design when viewed from the perspective of an ordinary observer. The opposite ends of the claimed wheel spoke are depicted in broken lines and therefore form no part of the claimed design of the '968 Patent. Accordingly, the scope of the claimed design is limited primarily to the spiral or twisted configuration of the elongated spoke shown in solid lines. The Prior Art Products disclose the same or substantially the same spiral or twisted spoke configuration, creating an overall appearance that is substantially identical to, or at least not meaningfully distinguishable from, the claimed design. Any differences between the claimed design and the cited references are minor, insignificant, and

-27-

would not be noticeable to an ordinary observer familiar with wheel spoke designs. Accordingly, the cited reference anticipates the claimed design under 35 U.S.C. § 102.

134. The '968 Patent is also invalid under 35 U.S.C. § 103. While each of the Prior Art Products alleged above anticipates the claimed design under 35 U.S.C. § 102, to the extent any individual reference is found not to disclose every aspect of the claimed design and therefore not to anticipate, each such reference at least renders the claimed design obvious.

135. For example, the spiral or twisted spokes sold by Buchanan's Spoke & Rim, Inc. ("Buchanan") identified in ¶¶ 93-94 demonstrates that spiral spokes were available to the public well before the earliest claimed priority date of the '968 Patent, April 19, 2023.

136. Upon information and belief, Buchanan has sold "spiral spokes" as early as 1986, and has featured a "twisted Spiral spoke" on the cover of its catalogs since approximately 1990. Buchanan further published a dealer catalog available since 2008 depicting spiral spokes.

137. An illustrative comparison of the '968 Patent design is provided below, with the claimed design depicted first and Buchanan product shown beneath it:



FIG.2



**Spiral (Twisted) Spoke**

138. As alleged above, the scope of the claimed design is narrow and, as admitted by DNA, is limited to the spiral or twisted configuration of the elongated spoke body.

TROJAN LAW OFFICES
BEVERLY HILLS

139.   The Buchanan product falls squarely within the same field of endeavor as the claimed design, namely wheel spokes and wheel-spoke configurations. Under Graham factor one, Buchanan product constitutes highly relevant prior art within the knowledge of an ordinary designer in the field of wheel-spoke design.

140.   Under Graham factor two, the Buchanan product discloses a spiral or twisted spoke configuration that is identical or substantially similar in overall visual appearance to the claimed design from the perspective of an ordinary observer. Even assuming any differences exist, such differences are minor and relate only to variations in dimensions or degree of twist. These differences do not alter the overall visual impression of the design.

141.   Under Graham factor three, an ordinary designer of wheel spokes would have been familiar with spiral and twisted spoke configurations such as those disclosed in the Buchanan product and would have found it obvious to adopt or modify such known designs. Because the Buchanan product concerns the same type of article and discloses substantially the same spiral spoke configuration, any modifications would constitute nothing more than the predictable application of known design principles within the field.

142.   Accordingly, even if the Buchanan product is not found to anticipate the claimed design, it renders the claimed design obvious under 35 U.S.C. § 103.

143.   To the extent combinations are considered, the other cited Prior Art Products constitute analogous art directed to the same field of wheel-spoke design, and an ordinary designer would have been motivated to consider and combine their teachings.

144.   The same analysis applies with equal force to the other prior-art references identified in the preceding section under the § 102 analysis, each of which independently renders the claimed design obvious.

145.   Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and

-29-

declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

146.   Defendant is entitled to a declaratory judgment that the '968 Patent is invalid and unenforceable.

## COUNT III – INVALIDITY OF THE '968 PATENT BASED ON FUNCTIONAL DESIGN

147.   Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

148.   The design claimed in the '968 Patent is not primarily ornamental but is instead dictated by functional considerations. As such, the claimed design is not eligible for design patent protection under 35 U.S.C. § 171 and is therefore invalid.

149.   Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

150.   Defendant is entitled to a declaratory judgment that the '968 Patent is invalid and unenforceable.

## COUNT IV– NON-INFRINGEMENT OF THE '968 PATENT

151.   Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

152.   Plaintiff has expressly accused Defendant of infringement of the '968 patent by filing the Complaint in the present action.

153.   Plaintiff has not and is not infringing any claim of the '968 Patent, directly or indirectly. In light of Plaintiff's Complaint, there exists an actual controversy between Plaintiff and Defendant regarding the '968 Patent.

TROJAN LAW OFFICES
BEVERLY HILLS

154.   Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

155.   Defendant is entitled to a declaratory judgment that it has not infringed and is not infringing the '968 Patent.

## COUNT V – INVALIDITY OF THE ALLEGED SPIRAL-SPOKE TRADE DRESS

156.   Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

157.   Plaintiff's Alleged Spiral-Spoke Trade Dress does not constitute protectable trade dress, including because it is functional, not distinctive, and has not acquired secondary meaning.

158.   Plaintiff contends that the Alleged Trade Dress is valid and enforceable.

159.   Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

160.   Defendant is entitled to a declaratory judgment that the Alleged Spiral-Spoke Trade Dress is invalid because it is not distinctive, has not acquired secondary meaning, and is functional.

## COUNT VI – NON-INFRINGEMENT OF THE ALLEGED SPIRAL-SPOKE TRADE DRESS

161.   Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

TROJAN LAW OFFICES
BEVERLY HILLS

162.    Plaintiff alleges that it is the owner of the Alleged Spiral-Spoke Trade Dress.

163.    Defendant has not infringed any trade dress owned by Plaintiff.

164.    Even if, assuming *arguendo*, the alleged trade dress does constitute valid trade dress owned by Plaintiff, it is not infringed by Defendant's Accused Product. The Accused Product has a design distinct from Plaintiff's products and is not likely to be confused by consumers.

165.    Consumers who choose Defendant's Accused Product do so based on its merits, not because they have been deceived into thinking that they are purchasing Plaintiff's products.

166.    Plaintiff alleges that the Alleged Spiral-Spoke Trade Dress is infringed by Defendant.

167.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

168.    Defendant is entitled to a declaratory judgment that Defendant does not infringe the Alleged Spiral-Spoke Trade Dress.

## COUNT VII – INVALIDITY OF THE ALLEGED CYLINDRICAL-SPOKE TRADE DRESS

169.    Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

170.    Plaintiff's Alleged Cylindrical-Spoke Trade Dress does not constitute protectable trade dress, including because it is functional, not distinctive, and has not acquired secondary meaning.

171.    Plaintiff alleges that the Alleged Cylindrical-Spoke Trade Dress is valid and enforceable.

TROJAN LAW OFFICES
BEVERLY HILLS

-32-

TROJAN LAW OFFICES
BEVERLY HILLS

172. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

173. Defendant is entitled to a declaratory judgment that the Alleged Cylindrical-Spoke Trade Dress is invalid because it is not distinctive, has not acquired secondary meaning, and is functional.

## COUNT VIII – NON-INFRINGEMENT OF THE ALLEGED CYLINDRICAL-SPOKE TRADE DRESS

174. Defendant repeats and realleges each of the allegations set forth in the preceding paragraphs of Defendant's Counterclaims as if fully set forth herein.

175. Plaintiff contends that it is the owner of the Alleged Cylindrical-Spoke Trade Dress.

176. Defendant has not infringed any trade dress owned by Plaintiff.

177. Even if, assuming *arguendo*, the Alleged Cylindrical-Spoke Trade Dress does constitute valid trade dress owned by Plaintiff, it is not infringed by Defendant's Accused Product. The Accused Product has a design distinct from Plaintiff's products and is not likely to be confused by consumers.

178. Consumers who choose Defendant's Accused Product do so based on its merits, not because they have been deceived into thinking that they are purchasing Plaintiff's products.

179. Plaintiff alleges that the Alleged Cylindrical-Spoke Trade Dress is infringed by Defendant.

180. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Defendant desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a

determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

181. Defendant is entitled to a declaratory judgment that Defendant does not infringe the Alleged Cylindrical-Spoke Trade Dress.

## IV. PRAYER FOR RELIEF

WHEREOF, Defendant/Counterclaimant respectfully prays for the following:

a. Dismissing Plaintiff's Complaint in its entirety, with prejudice;

b. Declaring that Defendant has not been and is not now infringing, directly or indirectly, any claim of the '968 Patent;

c. Declaring that the claims of the '968 Patent are invalid and unenforceable;

d. Declaring that Defendant has not been and is not now infringing any alleged trade dress of Plaintiff;

e. Declaring that Plaintiff does not have any valid trade dress rights in the Alleged Trade Dresses because the Alleged Trade Dresses are not distinctive, have not acquired secondary meaning, and are functional;

f. For an Order awarding damages to Defendant, as provided by the federal and state laws, in an amount to be trebled in accordance with such laws.

g. For an Order awarding Defendant its attorneys' fees and costs;

h. Pre-judgment and post judgment interest at the maximum legal rate;

i. For an Order awarding Defendant such other and further relief as the Court deems just and proper.

## V. JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

By:

Dated: August 3, 2026                    /s/R. Joseph Trojan

TROJAN LAW OFFICES
BEVERLY HILLS

R. Joseph Trojan
Dylan C. Dang
Francis Wong
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorneys for Defendant
SHARKROAD, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2026, I filed the foregoing with the Court's CM/ECF system, which will cause it to be served electronically upon all counsel of record.

/s/R. Joseph Trojan
R. Joseph Trojan

TROJAN LAW OFFICES
BEVERLY HILLS

-36-