Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Craig McLaughlin, Esq. (SBN: 182876)
craig@vakili.com
Jason C. Ming, Esq. (SBN: 219745)
jason@vakili.com
Stephen P. Hoffman, Esq. (SBN: 287075)
hoffman@vakili.com
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051
*Counsel for DNA Specialty, Inc.*

R. Joseph Trojan, Esq. (SBN: 137067)
trojan@trojanlawoffices.com
Dylan C. Dang, Esq. (SBN: 223455)
dang@trojanlawoffices.com
Francis Wong, Esq. (SBN: 284946)
wong@trojanlawoffices.com
Mehdi Poursoltani, Esq. (SBN: 331961)
Poursoltani@trojanlawoffices.com
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | 310/777-8348
*Counsel for Sharkroad, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

**DNA SPECIALTY, INC., a California Corporation,**

**Plaintiff/Counterclaim Defendant,**

**v.**

**SHARKROAD, INC., a California Corporation,**

**Defendant/Counterclaimant.**

**CASE NO.: 2:25-cv-10379-MWC (RAOx)**

[*Hon. Michelle Williams Court*]

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Plaintiff and Counterclaim Defendant DNA Specialty, Inc. ("DNA") and Defendant Counterclaimant Sharkroad, Inc. ("Sharkroad") (together "the Parties") submit, through their respective attorneys, this Joint Claim Construction and Prehearing Statement pursuant to this Court's Civil Trial Order in this action, dated April 10, 2026, [Dkt. #26] and Rule 4-3 of the Standing Order Re: Patent Cases ("S.P.R"). This Joint Claim Construction and Prehearing Statement concerns Design Patent No. U.S. D1,086,968 ("the '968 Patent) issued on August 5, 2025.

Pursuant to S.P.R. 4-3(a), the Parties agree that there is only one claim to construe as set forth in the '968 Patent, but have been unable to come to agreement as to the construction of the claim, despite meeting and conferring as required by the Patent Rules on August 12, 2026.

Pursuant to S.P.R. 4-3(b), the Parties set forth separately below [1] each party's proposed construction of each disputed claim term, phrase, or clause, [2] an identification of all references from the specification or prosecution history that support that construction, and [3] an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

Pursuant to S.P.R. 4-3(c), unlike a utility patent where individual terms within the utility claim may need to be construed, the Parties agree that a design patent claim is defined by its figures, here Figures 1 – 4, and thus such construction in view of those Figures is of utmost significance. Responding to S.P.R. 4-3(b) below, the Parties offer differing proposed constructions of what is shown in said Figures and do not identify any specific term for construction or any particular term that may be case dispositive. DNA notes, however, that Sharkroad's proposed construction is overly broad and leaves

out ornamental details of the patented design in efforts to sweep in prior art to try and invalidate the ‘968 Patent.

Pursuant to S.P.R. 4-3(d), the Parties anticipate that no more than one (1) hour will be required for the Claim-Construction Hearing.

Pursuant to S.P.R. 4-3(e), neither party intends to call any witnesses at the Claim Construction Hearing.

Pursuant to S.P.R. 4-3(f), the Parties request that the Court provide its legal and factual bases for its construction decision.

**DNA’S PROPOSED CONSTRUCTION**

1. Pursuant to S.P.R. 4-3(b), DNA proposes the following construction:

    The ornamental design for a spiral wheel spoke as shown and described in Figures 1-4 of the patent. The broken lines shown, particularly in Figure 4, represent unclaimed subject matter.

2. DNA refers to the ‘968 Patent, the prosecution record, including each of the patents set forth on the face page of the patent.
3. DNA does not identify any extrinsic evidence on which it intends to rely either to support its proposed construction or to oppose any other party’s proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

**SHARKROAD’S PROPOSED CONSTRUCTION**

1. Pursuant to S.P.R. 4-3(b), Sharkroad proposes the following construction:

The ’968 Patent claims the overall ornamental design for a spiral wheel spoke, as shown in solid lines in Figures 1–4, which Defendant construes as “a single spoke

comprising an elongated rectangular body with two cylindrical ends, said body having a rectangular cross-section, which is twisted along the longitudinal axis of the body, and each said ends having a circular cross-section."

2. Sharkroad's basis for the construction is as follows:

The '968 Patent's title and claim identify the claimed article as a "spiral wheel spoke," and the claim recites "[t]he ornamental design for a spiral wheel spoke, as shown and described." Although the descriptions of Figures 1–4 inconsistently refer to a "spiral spoke wheel," the drawings depict only a single spoke and do not depict a wheel or wheel assembly. The inconsistency should therefore be resolved in favor of the more specific and controlling identification in the title and claim: the claimed article of manufacture is a wheel *spoke* rather than a wheel generally.

The '968 Patent expressly states that "[t]he broken lines shown in the drawings are for the purpose of illustrating portions of the spiral wheel spoke that form no part of the claimed design." Accordingly, every feature shown in broken lines is excluded. This includes the cylindrical, threaded portions extending from the opposite ends of the spoke in Figures 1-4. The claimed design does not require those threaded ends, their thread pattern, or their cylindrical configuration.

The surface-shading lines should not be treated as separately claimed ornamentation. They should not be construed to require a particular surface decoration, color, texture, material, transparency, reflectivity, or finish. To the extent the shading has any relevance, it merely assists the viewer in perceiving the three-dimensional contour created by the twisted rectangular profile.

3. Sharkroad does not intend to rely on extrinsic evidence for claim construction.

DATED: August 20, 2026

**VAKILI & LEUS, LLP**

By: /s/ Craig McLaughlin
Sa'id Vakili, Esq.
Craig McLaughlin, Esq.
*Counsel for DNA Specialty, Inc.*

DATED: August 20, 2026

**TROJAN LAW OFFICES, P.C.**

By: /s/ R. Joseph Trojan
R. Joseph Trojan, Esq.
*Counsel for Sharkroad, Inc.*

**CERTIFICATE OF SERVICE**

*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-CV-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On August 20, 2026, I served the foregoing document described as **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant and Counterclaimant Sharkroad, Inc.*

I hereby certify that on the 20th day of August 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on August 20, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming