**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DNA SPECIALTY INC, *a California Corporation,*

Plaintiff,

v.

SHARKROAD, INC., *et al.*,

Defendants.

Case No. 2:25-cv-10379-MWC-RAO

**ORDER REQUIRING DNA SPECIALTY TO SUBMIT AI DECLARATIONS RE: MOTION TO DISMISS (DKT. [37]) AND REQUEST FOR JUDICIAL NOTICE (DKT. [39])**

Plaintiff and Counter Defendant DNA Specialty Inc ("DNA Specialty") has two pending pleadings before the Court, a Motion to Dismiss ("Motion," Dkt. # 37) and Request for Judicial Notice ("RJN," Dkt. # 39). Recently, however, the Court revised its Civil Standing Order, which now provides, in relevant part, that:

> Every motion, pleading, or other paper must attach to the filing a separate declaration, signed under penalty of perjury, disclosing the use or non-use of generative Artificial Intelligence ("AI") (e.g., Claude, ChatGPT, Harvey, CoCounsel, or Google Board). The preparer of the filing must certify that either (a) no portion of the filing was drafted by AI, or that (b) AI was used in drafting a portion of the filing, and that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligation. The declaration must identify which, if any, portion of the filing incorporates Generative AI outputs. . . . **Failure to submit a declaration attesting to the use or non-use of AI may result in the Court striking the filing.**

*See* Civil Standing Order, Honorable Michelle Williams Court, Central District of California, *Orders and Additional Documents*, at https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court ("*Standing Order*") ¶ 1a. (emphasis in original). District courts have "considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *see also Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). This includes enforcement of a district court's Standing Order. *See, e.g.*, *LaComba v. Eagle Home Loans and Inv. LLC*, No. 2:23-cv-00370-KJM-DB, 2023 WL 6201597, at *1 (E.D. Cal. Sept. 22, 2023); *Flowz Digit. LLC v. Dalal*, No. 2:25-cv-00709-SB-PVC, 2025 WL 1294947, at *1

(C.D. Cal. May 5, 2025); *US Nutrilab v. Nguyen*, No. CV16-00785 PSG (ASx), 2017 WL 11636412, at *1 (C.D. Cal. Jan. 12, 2017); *Hill v. Workday, Inc.*, No. 23-cv-06558-PHK, 2026 WL 1146289, at *4–5 (N.D. Cal. Apr. 28, 2026).

DNA Specialty's Motion and RJN each failed to attach an accompanying declaration attesting to the use or non-use of AI in the instant filings. However, the Court declines to strike the pleadings on this basis.[1] Instead, the Court **ORDERS** the following:

1. DNA Specialty must file a separate declaration attesting to whether it used Artificial Intelligence in drafting the Motion, Dkt. # 37, **by Monday, September 14, 2026**;
2. DNA Specialty must file a separate declaration attesting to whether it used Artificial Intelligence in drafting the RJN, Dkt. # 39, **by Monday, September 14, 2026**;
3. Failure to timely submit such declaration will result in the Court striking the relevant pleading.

**IT IS SO ORDERED.**

DATED: September 11, 2026

Hon. Michelle Williams Court
United States District Judge

[1] The Court further notes that Dkts. #37–39 fail to comply with Standing Order ¶ 8(d), which states: "If a filed or lodged document has declarations, exhibits, or other attachments, each of these must be filed as a separately docketed *attachment* to the *main docket entry* with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration)." (emphasis added). Subsequent failures to comply with this requirement will result in the Court striking the relevant pleading without further warning.