# EXHIBIT 1

Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Craig McLaughlin, Esq. (SBN: 182876)
craig@vakili.com
Jason C. Ming, Esq. (SBN: 219745)
jason@vakili.com
Stephen P. Hoffman, Esq. (SBN: 287075)
hoffman@vakili.com
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051

*Counsel for Plaintiff and Counterclaim Defendant DNA Specialty, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| **DNA SPECIALTY, INC., a California Corporation,**<br><br>**Plaintiff/Counterclaim Defendant,**<br><br>**v.**<br><br>**SHARKROAD, INC., a California Corporation,**<br><br>**Defendant/Counterclaimant.** | **CASE NO.: 2:25-cv-10379-MWC (RAOx)**<br><br>**DNA SPECIALITY, INC.'S RESPONSES TO SHARKROAD, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**<br><br>[*Nos. 90–118*] |

**PROPOUNDING PARTY : Defendant SHARKROAD, INC.**

**RESPONDING PARTY : Plaintiff DNA SPECIALTY, INC.**

**SET NUMBER : TWO (2)**

---

**TO PROPOUNDING PARTY AND ITS COUNSEL OF RECORD:**

Pursuant to Rules 26 and 34 of the *Federal Rules of Civil Procedure*, Plaintiff DNA SPECIALTY, INC. ("Plaintiff," "DNA," or "Responding Party") hereby responds to the Second Set of Requests for Production of Documents (the "Requests") propounded by Defendant SHARKROAD, INC. ("Defendant," "SHARKROAD," or "Propounding Party).

DNA's responses are made without waiving or intending to waive any objections as to relevancy, privilege, admissibility of any information provided in response to SHARKROAD's Requests, in any subsequent proceeding or at trial of this or any other action, on any ground. A partial response to any Request which has been objected to, in whole or in part, is not intended to be a waiver of the objection.

## PRELIMINARY STATEMENT

These responses are made solely for the purposes of this action. These responses are subject to any and all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all objections and grounds that would permit the exclusion of any statement or response herein if any questions were asked of, or any statement or response made herein were made or disclosed by, witnesses present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. Further, the Requests, and each of them, incorporate defined and undefined terms which render them vague, ambiguous, and uncertain and without any reasonable particularity or limit in violation of the *Federal Rules of Civil Procedure*.

In responding to these Requests, and in producing information and documentation thereunder, Responding Party does not concede the relevancy, competency, or admissibility at trial of any such response, or of any information contained in any such response, nor any document produced hereunder, nor any information contained in any document produced hereunder.

Responding Party's investigation and discovery is ongoing and is not yet complete. As investigation and discovery proceeds, witnesses, facts and evidence may be discovered which are not set forth herein, but which may have been responsive to discovery requested. Facts and evidence now known may be imperfectly understood or the relevance or consequence of such facts and evidence may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be included in the following responses. Accordingly, this Responding Party reserves the right to conduct investigation and discovery with reference to, or offer into evidence at any subsequent time, including at trial, any and all such documents, facts and evidence subsequently ascertained or discovered, notwithstanding the absence of such reference to such documents, facts and evidence in these responses, and Responding Party reserves the right to supplement these responses at any time.

## GENERAL OBJECTIONS

Responding Party DNA makes the following General Objections to Propounding Party SHARKROAD's Second Set of Requests for Production:

DNA objects to the Requests to the extent they would require DNA to disclose confidential communications which are protected by the attorney-client privilege.

DNA objects to the Requests to the extent they would require DNA to disclose information that comprises work product, including (a) material prepared in anticipation of litigation or in the course of litigation by DNA or its representatives, or (b) mental

impressions, conclusions, opinions or legal theories of its attorneys or other representatives.

DNA objects to the Requests to the extent that they seek production of documents that are neither relevant to the issues raised in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

DNA objects to the Requests to the extent that SHARKROAD seeks information and/or documents that are not within the possession, custody or control of DNA and/or information and/or documents that have previously been produced.

DNA objects to the Requests to the extent that they vague and/or ambiguous.

DNA objects to the Requests to the extent that they are compound, conjunctive, and/or disjunctive.

DNA objects to the Requests to the extent that they are overbroad, unduly burdensome, and/or oppressive.

DNA objects to the Requests to the extent that they are not limited or not reasonably limited as to time and/or scope.

DNA objects to the Requests to the extent that they seek premature expert witness discovery.

These General Objections apply to all of DNA's responses to SHARKROAD's Requests.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

DNA objects to SHARKROAD's Definitions and Instructions to the extent that they exceed the requirements of Rules 26 and 34 of the *Federal Rules of Civil Procedure* and applicable law.

DNA notes that discovery in this case is ongoing and specifically reserves all rights to supplement and/or amend these responses.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 90:**

All Documents relating to the conception, design, development, and creation of the DNA Twisted Spoke.

**Response to Request for Production No. 90:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 91:**

All Documents relating to the design and/or any product specification for the DNA Twisted Spoke.

**<u>Response to Request for Production No. 91</u>:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**<u>Request for Production No. 92</u>:**

All Documents exchanged with any manufacturers concerning the DNA Twisted Spoke.

**<u>Response to Request for Production No. 92</u>:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents

that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed put to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 93:**

All Documents exchanged with any distributors concerning the DNA Twisted Spoke.

**Response to Request for Production No. 93:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources,

the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the ‘968 Patent. Particularly in view of the ‘620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed put to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 94:**

All Documents exchanged with any customers concerning the DNA Twisted Spoke.

**Response to Request for Production No. 94:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks “all documents exchanged” and the meaning of “exchanged” is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party’s claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties’ relative access to relevant information, the parties’ resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the ‘968 Patent. Particularly in view of the ‘620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a

subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 95:**

All Documents relating to the first public disclosure of the DNA Twisted Spoke, including, but not limited to any publications, marketing, or advertising exemplars that include that product.

**Response to Request for Production No. 95:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 96:**

All Documents relating to the DNA's product catalog(s) it publicly released from 2020 to the present.

**Response to Request for Production No. 96:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all product catalogs, whether or not they contain depictions of wheels of either of the "Alleged Trade Dresses." The Request seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows:

To the extent that DNA has within its possession custody or control responsive product catalogs that refer to the wheels of the "Alleged Trade Dresses," DNA will produce them.

**Request for Production No. 97:**

All Documents relating to the sale of the DNA Twisted Spoke, including but not limited to records of the date of first sale, invoices, sales orders, documents identifying distributors for the product, importation records of the product, and shipping records to customers.

**Response to Request for Production No. 97:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 98:**

All Documents relating to the employment of Lehman at DNA.

**Response to Request for Production No. 98:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome, personally invasive and seeks information subject to privacy law under the California Constitution, and that it seeks personal information beyond the claims or defenses in this action. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: Jerry Lehman is not an employee of DNA and thus there are no employment records.

**Request for Production No. 99:**

All Documents exchanged between Lehman and DNA from 2021 to the present concerning the DNA Twisted Spoke.

**Response to Request for Production No. 99:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 100:**

All Documents exchanged between Lehman and any manufacturers of the DNA Twisted Spoke.

**Response to Request for Production No. 100:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is

vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 101:**

All Documents exchanged between Paul Choi and Lehman from 2021 to the present concerning the DNA Twisted Spoke.

**Response to Request for Production No. 101:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 102:**

All Documents exchanged between Paul Choi and any manufacturers of the DNA Twisted Spoke.

**Response to Request for Production No. 102:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus

it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 103:**

All Documents exchanged between James Choi and Lehman from 2021 to the present concerning the DNA Twisted Spoke.

**Response to Request for Production No. 103:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the breadth of irrelevant documents Sharkroad seeks here.

**Request for Production No. 104:**

All Documents exchanged between James Choi and any manufacturers of the DNA Twisted Spoke.

**Response to Request for Production No. 104:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 105:**

All Documents exchanged between Sun Choi and Lehman from 2021 to the present concerning the DNA Twisted Spoke.

**Response to Request for Production No. 105:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 106:**

All Documents exchanged between Sun Choi and any manufacturers of the DNA Twisted Spoke.

**Response to Request for Production No. 106:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced documents relating to the design of the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found

to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**<u>Request for Production No. 107</u>:**

All Documents relating to the conception, design, development, and creation of any of DNA's twisted, spiral, or twirled wheel spoke products.

**<u>Response to Request for Production No. 107</u>:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents" related to a variety of products, only one of which is relevant to the claims or defenses in this action and is unclear why such documents would be relevant to any of the claims or defenses in this action. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced such documents relating to the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant

documents Sharkroad seeks here. Documents related to the spoke of the '968 Patent have been produced.

**Request for Production No. 108:**

All Documents relating to the product specifications for any of DNA's twisted, spiral, or twirled wheel spoke products.

**Response to Request for Production No. 108:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents" related to specifications for a variety of products, only one of which is relevant to the claims or defenses in this action and is unclear why such documents would be relevant to any of the claims or defenses in this action. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced such documents relating to the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**<u>Request for Production No. 109</u>:**

All Documents exchanged between DNA and any manufacturer concerning any of DNA's twisted, spiral, or twirled wheel spoke products, including, without limitation, those containing or referring to the terms "twisted," "spiral," or "twirled."

**<u>Response to Request for Production No. 109</u>:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as overly broad, unduly burdensome in that seeks "all documents" related to communications involving a variety of products, only one of which is relevant to the claims or defenses in this action and is unclear why such documents would be relevant to any of the claims or defenses in this action. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced such documents relating to the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the irrelevant documents Sharkroad seeks here.

**Request for Production No. 110:**

All Documents exchanged between DNA and any distributor concerning any of DNA's twisted, spiral, or twirled wheel spoke products, including, without limitation, those containing or referring to the terms "twisted," "spiral," or "twirled."

**Response to Request for Production No. 110:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as overly broad, unduly burdensome in that seeks "all documents" related to communications involving a variety of products, only one of which is relevant to the claims or defenses in this action and is unclear why such documents would be relevant to any of the claims or defenses in this action. The Request is objected to as seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced such documents relating to the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the breadth of irrelevant documents Sharkroad seeks here.

**<u>Request for Production No. 111</u>:**

All Documents exchanged between DNA and any customer concerning any of DNA's twisted, spiral, or twirled wheel spoke products, including, without limitation, those containing or referring to the terms "twisted," "spiral," or "twirled."

**<u>Response to Request for Production No. 111</u>:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents exchanged" and the meaning of "exchanged" is vague and ambiguous. The Request is objected to as overly broad, unduly burdensome in that seeks "all documents" related to communications involving a variety of products, only one of which is relevant to the claims or defenses in this action and is unclear why such documents would be relevant to any of the claims or defenses in this action. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. DNA has previously produced documents relating to the design of the '968 Patent. Sharkroad continues to seek documents unrelated thereto and thus would be unduly burdensome and oppressive to search for and produce the breadth of irrelevant documents Sharkroad seeks here.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced such documents relating to the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus

it would be unduly burdensome and oppressive to search for and produce the breadth of irrelevant documents Sharkroad seeks here.

**Request for Production No. 112:**

All Documents relating to the first public disclosure of any of DNA's twisted, spiral, or twirled wheel spoke products, including, but not limited to, any publications, marketing materials, or advertising materials featuring or referring to such products.

**Response to Request for Production No. 112:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks "all documents" related to communications involving a variety of products, only one of which is relevant to the claims or defenses in this action and is unclear why such documents would be relevant to any of the claims or defenses in this action. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: DNA has previously produced such documents relating to the '968 Patent. Particularly in view of the '620 Patent to Allen, which was examined during prosecution and found to be immaterial to patentability as has been repeatedly pointed out to Sharkroad and is a subject of the currently pending Motion to Dismiss filed by DNA on Aug. 14, 2026, Sharkroad continues to harass DNA by requesting documents cumulative thereto and thus it would be unduly burdensome and oppressive to search for and produce the breadth of irrelevant documents Sharkroad seeks here.

To the extent that DNA has them and has not previously produced documents related to the first public disclosure involving the spiral spoke of the '968 Patent or the wheel claimed as Spiral Spoke Trade Dress, DNA will do so.

**Request for Production No. 113:**

Documents sufficient to identify all websites that have been owned, controlled, or operated by DNA relating to the marketing, advertising, promotion, or sale of DNA's wheel or spoke products.

**Response to Request for Production No. 113:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome in that seeks documents related to websites involving a variety of products and it is unclear why such documents would be relevant to any of the claims or defenses in this action. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Request for Production No. 114:**

Documents sufficient to identify all known names, aliases, or variations of names that have been previously used or are currently used by Jerry Lehman in connection with any patent application.

**Response to Request for Production No. 114:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome, personally invasive and seeks information subject to privacy law under the California Constitution, and that it seeks personal information beyond the claims or defenses in this action. The Request is objected to as it seeks documents that are not

relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: See DNA's response to Sharkroad's First Set of Admission for names that Mr. Lehman has used generally.

**Request for Production No. 115:**

Documents sufficient to identify all known names, aliases, or variations of names that have been previously used or are currently used by Paul Choi in connection with any patent application.

**Response to Request for Production No. 115:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome, personally invasive and seeks information subject to privacy law under the California Constitution, and that it seeks personal information beyond the claims or defenses in this action. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: After a reasonable search, DNA has no responsive documents.

**Request for Production No. 116:**

Documents sufficient to identify all known names, aliases, or variations of names that have been previously used or are currently used by James Choi in connection with any patent application.

**Response to Request for Production No. 116:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome, personally invasive and seeks information subject to privacy law under the California Constitution, and that it seeks personal information beyond the claims or defenses in this action. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: After a reasonable search, DNA has no responsive documents.

**Request for Production No. 117:**

Documents sufficient to identify all known names, aliases, or variations of names that have been previously used or are currently used by Sun Choi in connection with any patent application.

**Response to Request for Production No. 117:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome, personally invasive and seeks information subject to privacy law under the California Constitution, and that it seeks personal information beyond the claims or defenses in this action. The Request is objected to as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving such objections, DNA responds as follows: After a reasonable search, DNA has no responsive documents.

**Request for Production No. 118:**

Documents sufficient to identify all known names, aliases, trade names, fictitious business names, or variations of names that have been previously used or are currently used by DNA in connection with any patent application, patent prosecution, or patent ownership.

**Response to Request for Production No. 118:**

DNA objects to this Request on the grounds that it is overly broad, unduly burdensome, and that it seeks information beyond the claims or defenses in this action. The Request seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

DATED: August 24, 2026

**VAKILI & LEUS, LLP**

By: /s/*Craig McLaughlin*
Sa'id Vakili, Esq.
Craig McLaughlin
*Counsel for DNA Specialty, Inc.*

**CERTIFICATE OF SERVICE**

*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-CV-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On August 24, 2026, I served the foregoing document described as **DNA SPECIALITY, INC.'S RESPONSES TO SHARKROAD, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant Sharkroad, Inc.*

I hereby certify that on the 24th day of August 2026, I will cause to be served the above-referenced document via electronic transmission to the person at the e-mail addresses listed above. I declare under penalty under the laws of the United States that the above is true and correct.

Executed on August 24, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming