# EXHIBIT 4

**Subject:** RE: DNA v. Sharkroad - ZOOM Meeting (08/12/26 - 3 p.m.)
**Date:** Wednesday, August 12, 2026 at 7:31:29 PM Pacific Daylight Time
**From:** Craig McLaughlin
**To:** Francis Wong
**CC:** Dylan Dang, Joe Trojan, Said Vakili, Jason Ming
**Attachments:** image001.png

Dear Francis,

Thank you for the recap of our meet confer on Zoom this afternoon with you, Dylan Dang and Said Valiki.

DNA believes that Sharkroad is in error believing that only "notice" pleading is required for an inequitable conduct claim and have addressed in great detail the requirements of the Federal Circuit for such a claim, which we continue to believe Sharkroad has failed to meet in the AACC. We don't believe that yet another bite at the apple is warranted after three opportunities by Sharkroad, to provide yet another opportunity for Sharkroad to forward another proposed pleading that the Court won't consider. See Court's Order disregarding the PAACC. As set forth in great detail in yesterday's letter to you, and the prior e-mail correspondence sent to you on August 5th, Sharkroad has repeatedly shown that it cannot adequately plead the Count. DNA is not willing to waste more resources to address an unfiled pleading that the Court will refuse to consider. Thus, Sharkroad's offer for yet another proposed pleading is untimely and we believe is also unproductive, particularly since the Court has shown a great reluctance to address it. As an intellectual property firm since 1991, we assume that after not one, not two, but three attempts at an adequate pleading, Sharkroad would have done so if it could have.

As for discovery, despite Dylan's sudden request at today's conference to, without notice, include a meet and confer over Sharkroad's issues with DNA's discovery responses, I will note first that DNA never agreed to and was not prepared for such a meet and confer at today's conference, that DNA sent a letter on July 2, 2026, to Sharkroad's counsel addressing the vast inadequacies of Sharkroad's responses to DNA's discovery (a protective order has long been entered and Sharkroad has not responded to the letter), and that a meeting over discovery deficiencies is required by Magistrate Oliver's Standing Order to be held in person. DNA is not fond of ambush "meet and confers."

As for the potential spoilation that DNA is concerned about, specifically did Sharkroad engage in removing past offers for sale or advertisements of its spiral spoke products from its website?

As for missing dates of Sharkroad's sales information, moments ago, I sent Mehdi a request for documents that we were not able to download.

Best Regards,

Craig McLaughlin
Vakili & Leus, LLP

**From:** Francis Wong <wong@trojanlawoffices.com>
**Sent:** Wednesday, August 12, 2026 5:25 PM
**To:** Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Jason Ming <jason@vakili.com>
**Cc:** Dylan Dang <dang@trojanlawoffices.com>; Joe Trojan <trojan@trojanlawoffices.com>
**Subject:** Re: DNA v. Sharkroad - ZOOM Meeting (08/12/26 - 3 p.m.)

Dear Craig and Sa'id:

Thank you for conferring with us today. We write to memorialize our understanding of the issues discussed during the meet and confer.

**Amended Counterclaims**

We discussed DNA's anticipated challenges to SharkRoad's amended counterclaims. As we explained in previous correspondence, DNA's substantive objections to SharkRoad's inequitable conduct claim are not properly resolved on a Rule 12 motion. Among other things, DNA contends that the newly referenced prior art is cumulative of prior art considered by the Patent Examiner. As we explained, that is a factual argument concerning the substance and significance of the respective prior-art references and the prosecution history, not an appropriate basis for resolving the claims on the pleadings. Moreover, the amended counterclaims specifically allege why the newly added prior art is not cumulative of the references previously considered by the Examiner.

We also discussed several of DNA's more minor pleading objections, including its objection to the use of "and/or" in certain allegations (despite the specific factual allegations that give DNA more than sufficient notice of the claims being asserted against it). Although SharkRoad does not believe that these trivial objections have any merit, we offered to make reasonable amendments to address them to avoid unnecessary motion practice. You declined. That offer remains open.

**Joint Claim Construction and Prehearing Statement**

The parties also met and conferred concerning the Joint Claim Construction and Prehearing Statement. DNA indicated that it intends to provide a draft sometime this week. Also, both sides indicated that they will not need to call witnesses for claim construction.

**Discovery Issues**

Regarding various outstanding discovery issues raised in our previous correspondence, we offered to meet and confer substantively regarding those issues during today's call. While the parties discussed some of the discovery issues, you requested that the parties conduct an in-person conference at a later date. Although in our experience it is not customary practice to conduct such a meet-and-confer in-person, we are willing to do so if necessary and asked you to provide dates and times for your availability.

We emphasized, however, the need to move promptly because the discovery requests at issue

have been pending for some time. But if DNA can produce responsive documents this week, it may eliminate or substantially narrow the need for a motion to compel. For example, production of DNA's 2021 catalog and related information concerning the products DNA offered or sold during that period may resolve at least some of the outstanding issues.

On that point, when we specifically raised DNA's 2021 catalog, you suggested that DNA could simply Bates-label the version of the catalog that SharkRoad previously provided and produce that copy back to us. As we explained in the conference, that would not be proper because SharkRoad is entitled to documents in DNA's possession, custody, or control, including documents maintained by DNA in the ordinary course of its business. Accordingly, if DNA possesses its own copy of the 2021 catalog, it must produce that original document and other responsive documents.

DNA also raised two discovery issues of its own.

First, you indicated that certain material relating to SharkRoad's website may have been removed from the Wayback Machine. As we have no idea what you were referring to, we asked you to provide additional information identifying the material that DNA contends was removed, including the particular pages, content, and relevant dates or captures at issue. Once DNA provides that information, we will investigate the issue and respond.

Second, DNA followed up concerning SharkRoad sales documents that it previously contended were missing dates. As we explained during the call, our associate Mehdi sent an email on July 31, 2026 providing sales documents containing the requested dates. We did not receive any subsequent correspondence identifying a deficiency with that production. If there are any other issues with the production, please identify them specifically so we can address them.

We also look forward to receiving DNA's document production or your availability for the discovery conference, as well as DNA's draft of the Joint Claim Construction and Prehearing Statement.

Best regards,

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

This email is intended only for the use of the individual or entity to whom or which it

is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Said Vakili <vakili@vakili.com>
**Date:** Wednesday, August 12, 2026 at 3:05 PM
**To:** Francis Wong <wong@trojanlawoffices.com>
**Cc:** Craig McLaughlin <craig@vakili.com>; Dylan Dang <dang@trojanlawoffices.com>; Jason Ming <jason@vakili.com>; Joe Trojan <trojan@trojanlawoffices.com>
**Subject:** Re: DNA v. Sharkroad - ZOOM Meeting (08/12/26 - 3 p.m.)

zoom

Join our Cloud HD Video Meeting
us06web.zoom.us

On Aug 12, 2026, at 3:00 PM, Francis Wong <wong@trojanlawoffices.com> wrote:

Hi Craig:

When I click on the link below, it says I'm unable to join and need permission. Feel free to just call our office.

Best regards,

TROJAN LAW OFFICES, P.C.

by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Craig McLaughlin <craig@vakili.com>
**Date:** Tuesday, August 11, 2026 at 9:02 AM
**To:** Francis Wong <wong@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>
**Cc:** Said Vakili <vakili@vakili.com>; Jason Ming <jason@vakili.com>; Joe Trojan <trojan@trojanlawoffices.com>
**Subject:** RE: DNA v. Sharkroad - ZOOM Meeting (08/12/26 - 3 p.m.)

Francis,

Forwarding the invitation for the "meet and confer."

Craig

---

**From:** Said Vakili <vakili@vakili.com>
**Sent:** Friday, August 7, 2026 4:24 PM
**To:** Craig McLaughlin <craig@vakili.com>; Jason Ming <jason@vakili.com>; Joe Trojan <trojan@trojanlawoffices.com>
**Subject:** DNA v. Sharkroad - ZOOM Meeting (08/12/26 - 3 p.m.)

Sa'id Vakili, Esq. is inviting you to a scheduled Zoom meeting.

Topic: ZOOM Meeting: MnC - DNA v. Sharkroad
Time: Aug 12, 2026 03:00 PM Pacific Time (US and Canada)
Join Zoom Meeting

<image001.png>

Join our Cloud HD Video Meeting
us06web.zoom.us

Meeting chat link
https://us06web.zoom.us/launch/jc/81609528788

Meeting ID: 816 0952 8788
Passcode: 147604

---

One tap mobile
+16694449171,,81609528788#,,,,*147604# US
+16699006833,,81609528788#,,,,*147604# US (San Jose)

---

Join by SIP
• 81609528788@zoomcrc.com

Join instructions
https://us06web.zoom.us/meetings/81609528788/invitations?signature=vH0HK-nwMs1Rl9mHbgCooplbcQbqj5l82nney9gMbC8

Very best,

*Sa'id Vakili*
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010 |** Fax: 213/380-6051
*http://www.vakili.com*

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply e-mail or by telephone (213/380-6010), and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.