# EXHIBIT 6

**Subject:** Re: DNA v. SharkRoad- Memorialization of August 18, 2026 Meet and Confer
**Date:** Thursday, August 20, 2026 at 4:00:36 PM Pacific Daylight Time
**From:** Francis Wong
**To:** Craig McLaughlin, Jason Ming, Said Vakili
**CC:** Joe Trojan, Mehdi Poursoltani, Dylan Dang

Dear Craig:

We've noted that you've decline the extension proposal. As we represented during our meet and confer, we will revisit the discovery requests in light of the issues you raised and will supplement our responses where appropriate.

Best regards,

TROJAN LAW OFFICES, P.C.
by
Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086
TLO® — providing quality intellectual property services to our global clientele since 1991.
This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

**From:** Craig McLaughlin <craig@vakili.com>
**Date:** Thursday, August 20, 2026 at 1:39 PM
**To:** Francis Wong <wong@trojanlawoffices.com>; Jason Ming <jason@vakili.com>; Said Vakili <vakili@vakili.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>
**Subject:** RE: DNA v. SharkRoad- Memorialization of August 18, 2026 Meet and Confer

Francis,

For Sharkroad to assert that the definitions are incapable of response because the term "spirally-shaped spoke" is somehow vague and ambiguous is absurd. The patent-in-suit is entitled "spiral wheel spoke." We have been actively litigating the patent for months.

Sharkroad's Counterclaim is replete with use of the term "spiral spoke products." Sharkroad has based its claim of inequitable conduct on the very description. Here are just two examples:

97. The Prior Art Products create the same overall visual impression as the claimed design of the '968 Patent, or render that design an obvious variation of known twisted spoke and spiral spoke designs that were already publicly available before the filing date of the '968 Patent.

98. The Prior Art Products are especially material because prior commercial twisted, twirled, and spiral spoke products are directly material to patentability and were not considered by the USPTO.

DNA has provided authority to you that requires Sharkroad to apply a reasonable construction to the definitions which has already been pointed out include the Accused Spiral Spoke Products. Please provide authority that suggests that Sharkroad need not try and answer with a definition that is reasonable.

DNA declines your conditional extension and will serve responses no later than Monday.

Regards,

Craig McLaughlin
Vakili & Leus, LLP

---

**From:** Francis Wong <wong@trojanlawoffices.com>
**Sent:** Thursday, August 20, 2026 9:32 AM
**To:** Jason Ming <jason@vakili.com>; Craig McLaughlin <craig@vakili.com>; Said Vakili <vakili@vakili.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>
**Subject:** Re: DNA v. SharkRoad- Memorialization of August 18, 2026 Meet and Confer

Dear Jason:

Thank you for your email. We reviewed your response, but we think it slightly misses the point of our objections.

Our issue with the term "spirally-shaped spokes" is that it is not defined in your discovery requests. Without a definition tying that term to the rights DNA has actually asserted in its Complaint, the ordinary or "common-sense" reading of the phrase could encompass products well beyond the scope of DNA's asserted claims.

If DNA is offering to limit "spirally-shaped spokes" to the specific rights and products at issue in the Complaint, then the scope of the requests would be more manageable. As currently phrased, however, the term is vague because SharkRoad is left to guess at its intended meaning and scope. That ambiguity also makes the requests unduly burdensome because it potentially requires SharkRoad to search for and collect documents concerning products that are not actually at issue

in this litigation.

Additionally, we do not believe DNA has responded to our proposal concerning DNA's requested extension for SharkRoad's second set of discovery. We'll operate on the assumption that is extension is no longer necessary and we will expect DNA's responses on Monday, August 24.

Best regards,

TROJAN LAW OFFICES, P.C.
by
Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086
TLO® — providing quality intellectual property services to our global clientele since 1991.
This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Jason Ming <jason@vakili.com>
**Date:** Wednesday, August 19, 2026 at 2:34 PM
**To:** Francis Wong <wong@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>
**Cc:** Craig McLaughlin <craig@vakili.com>; Said Vakili <vakili@vakili.com>
**Subject:** Re: DNA v. SharkRoad- Memorialization of August 18, 2026 Meet and Confer

Thank you Francis.

Yes, counsel for both parties met and conferred yesterday over each respective party's issues with discovery responses from the other side and it was valuable discussion, with both sides agreeing to produce responsive documents and supplemental responses within two weeks.

I do note, however, that there was considerable exchange during the "meet and confer" regarding whether Sharkroad is required to respond in view of objections to defined terms, for example, of products in interrogatories. Sharkroad's position was that if the definition had been objected to, as for example, for being overbroad, then there was no requirement to respond at all. DNA did not agree, and stated that it was clear that the product definitions set forth in DNA's interrogatories and document requests were directed at a minimum to the Accused Products set forth in the FAC. DNA's counsel was surprised by Sharkroad's counsel's position, and did not have authority at hand to provide during the call. Here are some:

Responding parties should use common sense and ordinary definitions to terms in discovery requests. Advanced Visual Image Design, LLC v. Exist, Inc., 2015 U.S. Dist. LEXIS 109140, 2015 WL 4934178, at *6 (C.D. Cal. Aug. 18, 2015) (citing Bryant v. Armstrong, 285 F.R.D. 596, 606 (S.D. Cal. 2012)); see also Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 618-19 (D. Colo. 2007); (finding parties have an "obligation to construe ... discovery requests in a reasonable manner"); King-Hardy v. Bloomfield Bd. of Educ., 2002 U.S. Dist. LEXIS 27384, 2002 WL 32506294, at *5 (D. Conn. Dec. 8, 2002) (finding the responding party must give discovery requests a reasonable construction, rather than strain to find ambiguity); McCoo v. Denny's Inc., 192 F.R.D. 675, 694 (D. Kan. 2000) ("A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized...." (internal quotation marks omitted)).

Best regards,
Jason

Jason C. Ming, Esq.
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010 |** Fax: 213/380-6051
*http://www.vakili.com*

---

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply email or by telephone (213/380-6010) and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere.

> On Aug 18, 2026, at 5:00 PM, Francis Wong <wong@trojanlawoffices.com> wrote:
>
> Dear Counsel:
>
> Thank you for meeting with us today concerning the SharkRoad's first set of discovery requests. We also discussed DNA's first of discovery requests to SharkRoad.
>
> As a high-level summary of both discussions, both parties agreed to revisit the interrogatories responses and supplement the answers to address the issues raised in our respective letters dated July 2, 2026 (DNA) and July 28, 2026 (SharkRoad). We agreed that both parties will supplemental responses in two weeks by September 1, 2026.
>
> Additionally, SharkRoad agreed that it will produce documents within the next two weeks as it continues to confer with its client. One of the issues SharkRoad requested clarification on is concerning the document production that supports

DNA's infringement contentions pursuant to the local rules. Please confirm whether that production is now complete or whether there will be ongoing production.

DNA also requested a two week extension to provide responses to SharkRoad's second set of discovery consisting of additional interrogatories, requests for production, and requests for admission that are due on Monday, August 24, 2026. While SharkRoad made it clear that it will not agree to stay discovery pending the resolution to DNA's pending motion to dismiss as discussed in prior correspondences, we can agree to provide to a limited two-week extension until September 8, 2026 with the understanding that SharkRoad will provide **substantive responses and produce responsive documents for the second set**. We want to avoid a situation where, after an extension, DNA simply serves objections and/or offers to confer, without substantive responses and production.

Additionally, DNA would request a reciprocal two week extension to respond to DNA's requests for admission to SharkRoad.

If those conditions are agreeable, we are fine with the extension. If not, then DNA expects discovery responses on Monday.

Best regards,

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.