Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Craig McLaughlin, Esq. (SBN: 182876)
craig@vakili.com
Jason C. Ming, Esq. (SBN: 219745)
jason@vakili.com
Stephen P. Hoffman, Esq. (SBN: 287075)
hoffman@vakili.com
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051

*Counsel for DNA Specialty, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| **DNA SPECIALTY, INC., a California Corporation,**<br><br>**Plaintiff/Counterclaim Defendant,**<br><br>**v.**<br><br>**SHARKROAD, INC., a California Corporation,**<br><br>**Defendant/Counterclaimant.** | **CASE NO.: 2:25-cv-10379-MWC (RAOx)**<br><br>[*Hon. Michelle Williams Court*]<br><br>**REPLY TO SHARKROAD'S OPPOSITION TO DNA SPECIALTY, INC.'S MOTION TO DISMISS COUNTS I AND II OF SHARKROAD'S AMENDED ANSWER AND COUNTERCLAIM PURSUANT TO FRCP RULE 12(b)(6) AND TO STRIKE SHARKROAD'S RELATED DEFENSES PURSUANT TO FRCP RULE 12(f)(2)**<br><br>**Date:** Oct. 2, 2026<br>**Time:** 1:30 P.M.<br>**Place:** Courtroom 6A<br>First Street U.S. Courthouse<br>Los Angeles, CA |

**DNA SPECIALTY, INC.'S REPLY TO SHARKROAD'S OPPOSITION**

## I. Introduction

While Sharkroad's pleading continues to fail to satisfy the 'who', 'where', 'why', and 'how' of *Exergen* and the specific intent requirements of *Therasense*, the gist of Sharkroad's Opposition rests on a false premise, namely, that no matter the falsity of the allegations, the Court is prohibited from dismissing a claim at the pleading stage, thereby requiring a defendant to incur the expense of a fishing expedition in discovery. That is simply not the law; the claim must be plausible.

Sharkroad attempts to disguise its repeated and knowing failure to distinguish the '620 Patent from Allen in its pleadings, characterizing its obligation to do so as a factual dispute. In its pleadings, Sharkroad attempts to distinguish two of the 18 references reviewed by the Examiner, but given its clear prior knowledge of Allen, it intentionally and brazenly omits Allen from the AACC, relying instead on its false assertion that the Court is prohibited from considering Allen as part of the information of record because doing so would impermissibly wade into considering evidence. Sharkroad is wrong.

## II. Consistently, Sharkroad Continues to Hide From Allen

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding such a motion, the Court is not permitted to review matters outside the pleadings to determine whether the allegations in the claim are plausible. A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *see Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and

reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

The additional doctrine of incorporation-by-reference prevents plaintiffs from selecting only portions of documents that support their claims, as Sharkroad did here, while omitting portions of those very documents that weaken — or doom — their claims. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds, as recognized in *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006) (observing "the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).[1]

What is remarkable is that Sharkroad, in its "15 pages of additional facts," adds more of the same cumulative prior art and, here too, asserts that its purported prior art is "alleged to be critical prior art because it is identical to the patented design." [Opp. at 1:23-24 (emphasis in original).] "The references allegedly concerned the same design as DNA was attempting to patent; …." [Opp. at 16:12-13.] Of course, Sharkroad completely avoids comparing Figure 6 or 7 of Allen or distinguishing them from the alleged "critical" prior art, as required by the 'why' of *Exergen*. If there is any identicality, it is nearly exactly[2] between the twisted spoke from DNA's 2021 catalog and

[1] Here, unlike in SEC cases, Sharkroad has had access to the entire prosecution record, thus eliminating the concern of premature dismissal based on lack thereof by the pleading party who doesn't. "This risk is especially significant in Securities and Exchange Commission (SEC) fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Khoja*, 899 F.3d at 994.

[2] Figure 6 of Allen shows a bent spoke with a button for attachment to an axial hub plate, the standard bicycle spoke arrangement for over 125 years, with varying twists on a portion of the spoke. Figure 7 shows more consistent twists, also only on a portion of

Figure 6 of Allen.

Not only does Sharkroad falsely allege identicality, it also deceptively assigns an inaccurate and overbroad description of the claim of the ’968 Patent, alleging that DNA’s twisted spoke “filled the missing gap because it possessed the elongated rectangular body, longitudinal twist, and cylindrical ends” and hence “was therefore not cumulative of D1,042,287 nor references such as D374,649.” [Opp. at 13:12-15.] It also omits mention that this description appears in Figure 7 of Allen.

Sharkroad’s mischaracterization describes a basic bicycle spoke and is wrong at that. Indeed, that description omits any mention of a bend or attachment button that such spokes exhibit, both of which are missing from the ’968 Patent. The ’968 Patent discloses a spiral-shaped unbent spoke with twists along its entire length and a larger diameter than the unclaimed cylindrical ends, *as evidenced by the tapered shoulders* transitioning to them. [See Fig. 1 Opp. 5:12-21; Figs. 1 and 2 Dkt. #12-1, Ex. 1.]

In the AACC, Sharkroad alleges: “The DNA 2021 Twisted Spoke product filled that gap because the photograph on page 43 of the catalog shows a single spoke comprising an elongated rectangular body with two cylindrical ends, said body having a rectangular cross-section, which is twisted along the longitudinal axis of the body, and each said ends having a circular cross-section.” [Dkt. #36, ¶ 100. *See also* Dkt. #36, ¶ 94.]

---

the spoke, and it is unknown what is beyond what is shown as broken cylindrical ends. Both Figures appear to show a consistent diameter, unlike the spoke of the ‘968 Patent, which has tapered shoulders and, as can be seen in the wheel images in the FAC, mounts directly to the hub by way of unclaimed threaded ends. [Dkt. #12, ID#:91-92.] Like Allen, Sharkroad’s prior art spokes show twists on only a portion of the spoke, the same consistent diameter, no tapering shoulders, and like Fig. 6 of Allen, a bent end with a button for attachment to an axial hub plate. Even if Sharkroad’s prior art looked like Figure 7, which it doesn’t, it would be cumulative prior art and thus no duty would attach to disclose it. In view of Allen, Sharkroad’s claim of inequitable conduct is not only implausible, but also frivolous.

In the very next paragraph, Sharkroad alleged this doozy: "*Because the art already before the Examiner did not disclose those features*, the reference was noncumulative and would have supplied a basis for rejection under 35 U.S.C. § 102 or § 103." [Dkt. #36, ¶ 101.] (Emphasis added.) Figure 7 of Allen flatly contradicts this allegation as well.

Sharkroad invites a review of the complete prior art of record by conveniently attempting to distinguish two (inconsequential) patents from it, while deceptively ignoring the knowingly far closer reference of record, Figures 6 and 7 of Allen. The incorporation-by-reference doctrine prevents such deception.

### A. **<u>The Court Should Consider Allen</u>**

Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In deciding a Rule 12(b)(6) motion, a court may take judicial notice of a patent's prosecution history, which is a public record. *Genetic Techs. Ltd. v. Bristol-Myers Squibb Co.*, 72 F. Supp. 3d 521, 526 (D. Del. 2014) (citing *Hockerson-Halberstadt, Inc. v. Avia Grp. Int'l, Inc.*, 222 F.3d 951, 957 (Fed. Cir. 2000)). The prosecution history includes all 18 patents reviewed by the Examiner.

Sharkroad suggests that it had no duty to review Allen at the pleading stage and was not required to distinguish Allen in its pleading. [Opp. 15:16-18.] This is an incorrect statement of law that it perhaps adopted from ChatGPT.[3] The 'why' and 'how' requirements of *Exergen* do not require Sharkroad to distinguish each reference in its pleading, but they do require Sharkroad to review "the information of record" and explain why the withheld information is material and not cumulative.

[3] According to the submitted declaration regarding AI, Sharkroad's Opposition was drafted in part using artificial intelligence, but Sharkroad failed, in violation of this Court's Standing Order, to "identify which, if any, portion of the filing incorporates Generative AI outputs." [Dkt. #45-8.] Sharkroad also violated Local Rule 11-6.2 by failing to provide a certification of word count at the end of its Opposition brief.

> [T]he pleading states generally that the withheld references are "material" and "not cumulative to the information already of record," Answer PP 41-42, but does not identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from *the information of record*. Such allegations *are necessary* to explain both "why" the withheld information is material and not cumulative, and [*1330] "how" an examiner would have used this information in assessing the patentability of the claims. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329-30 (Fed. Cir. 2009) (emphasis added).

*Exergen* does not limit review of the information of record to a couple of preferred selections as Sharkroad would have this Court believe. There is no reference to only a "part" of the record or "some" of the record. Rather, *Exergen* requires review of *the* information of record in order to allege what is missing from it.

Failing to distinguish Allen, Sharkroad's allegations that the twisted spoke of DNA's 2021 catalog is material to patentability and non-cumulative of prior art in the prosecution record are not only conclusory but also false, and this Court should not accept them.

> In the realm of patents, "a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit, such as the claims and patent specification." *Secured Mail Sols., LLC v. Universal Wilde*, 873 F.3d 905, 913 (Fed. Cir. 2017) (internal quotation marks and citation omitted). *Clear Imaging Rsch. LLC v. Google LLC*, No. 25-cv-00221-GPC-BLM, 2025 U.S. Dist. LEXIS 251697, at *5, 2025 WL 3496694 (S.D. Cal. Dec. 4, 2025).

Patents are public-record documents whose accuracy cannot reasonably be questioned and may be judicially noticed. *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (determining that USPTO documents were "public records subject to judicial

notice"). Such documents may be considered and are not "outside the pleadings" for purposes of a motion to dismiss. If the court is provided with the necessary information, as it has been here, the request for judicial notice must be granted. F. R. Evid. 201(c)(2).

"Judicial notice under [Federal Rule of Evidence] 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)); *Lee*, 250 F.3d at 689.

Here, Sharkroad asserts, but does not point out, where DNA disputes the content or "interpretation of" the drawings of Allen. [Opp. at 14:8-10.] DNA has not disputed what Figures 6 and 7 of Allen show and neither has Sharkroad. The images speak for themselves. Sharkroad also does not dispute the Examiner's decision to consider Allen insufficiently material to patentability. The AACC does not mention Allen, let alone characterize it in its pleading, from which Sharkroad could conceivably advance a basis to assert that a dispute about its interpretation has arisen. Sharkroad has not filed any objection or opposition to DNA's Request for Judicial Notice of Allen. Sharkroad does not even question the accuracy of Allen or what it plainly shows. Nor does Sharkroad dispute that Figure 6 of Allen is virtually identical to the twisted spoke from DNA's 2021 catalog and is therefore cumulative prior art. There simply is no argument, let alone a factual dispute, about what the images in Allen show from which the Court can refuse to consider it.

A review of Allen reveals why Sharkroad didn't try to distinguish it. If Sharkroad had, it would have no baseless claim to foist on DNA. Nevertheless, Sharkroad continues to plow ahead with knowingly false allegations, causing DNA the expense of bringing two motions to dismiss it. The Court should not condone such deception. Sharkroad's

falsehoods also continue to burden[4] DNA with irrelevant discovery regarding the twisted spoke of the DNA 2021 catalog. See Exhs. 1 and 2 to Wong declaration [Dkt. #45-2, 3]. Sharkroad's deceptive intent aside, its failure to distinguish the information of record in its pleading is fatal to Sharkroad's counterclaim for inequitable conduct.

> Considering that defendants also claim that the lattice mismatch problem was "well-known", they must at least explain how Figure 6 conveys information that is unique and not covered by the other prior art references cited in the '851 Patent. Without having done so, it is unreasonable for the Court to infer that Dr. Wang should have known that Figure 6 was not simply cumulative of information that he already disclosed. *Lexington Luminance LLC v. Osram Sylvania Inc.*, 972 F. Supp. 2d 88, 93 (D. Mass. 2013) (dismissing inequitable conduct claim because it did not explain how the asserted prior art was unique and not covered by the prior art references of record).

*See also, Signify N. Am. Corp. v. Reggiani Lighting USA, Inc.*, 2020 U.S. Dist. LEXIS 49792 *17; 2020 WL 1331919 (SDNY March 13, 2020); *Arrmaz Products Inc. v. Rieth-Riley Construction Co. Inc.*, 2024 U.S. Dist. LEXIS 107870 *12; 2024 LX 99199; 2024 WL 3043317 (N.D. IN 2024); *Int'l Test Solutions, Inc. v. Int'l Corp.*, 2017 U.S. Dist. LEXIS 74640 *16; 2017 LX 39962; 2017 WL 2118314 (ND. Cal., May 16, 2017); *Tangent Techs., LLC v. Recycled Plastics Indus., LLC*, 2024 U.S. Dist. LEXIS 157277 *20; 2024 WL 4007218 (E.D.WI, July 24, 2024); *Aevoe Corp. v. Ae Tech. Co.*, 2013 U.S. Dist. LEXIS 31647 *22; 2013 WL 876036 (D. NV March 7, 2013); *Crye*

[4] Throughout the meet and confer efforts, Sharkroad never provided a proposed amended AACC (or any other prior art from which it might attempt to cure the pleading). DNA desired a quick end to Sharkroad's continuing false allegations and its continuing harassment of irrelevant discovery concerning DNA's 2021 twisted spoke, by promptly filing the instant motion on August 14, 2026 (when the original hearing date was available).

*Precision LLC v. Duro Textiles, LLC*, 112 F. Supp. 3d 69, 81 (S.D.N.Y. 2015).

Here, in repeated violation of the 'why' and 'how' of *Exergen*, Sharkroad fails to explain 'why' any of its asserted prior art, including the twisted spoke from DNA's 2021 catalog, is unique and actually "but-for" material in view of "the information of record." *Exergen*, 575 F.3d at 1329-30.

Review of the patents of record was also intrinsic to Sharkroad's duty to conduct a pre-filing investigation. Sharkroad does not dispute this obligation or that it failed to comply with it. Given its knowledge of Allen well prior to the AACC, the omission of Allen wasn't merely a negligent oversight; it was intentional and knowingly pled at least twice.[5]

By way of judicial notice and the doctrine of incorporation-by-reference, the Court should consider what Sharkroad intentionally concealed from it and should conclude that it is *unreasonable to infer* that Sharkroad's asserted prior art was "but-for material" to patentability. The Court may also conclude, in observing that Sharkroad's pleading failed

---

[5] A frivolous counterclaim for inequitable conduct arises under the patent laws which subjects a party in an exceptional case to an award of attorney's fees under 35 U.S.C. § 285, and separately under this Court's inherent power to sanction bad faith conduct as demonstrated here by Sharkroad's repeated filing of a knowingly frivolous claim and its counsel's threat of sanctions to challenge it. "[I]n addition to failing to perform an adequate pre-filing investigation, Max Sound's litigation conduct makes this case exceptional because it insisted on maintaining this lawsuit even when faced with mounting evidence that it lacked standing. When Defendants filed their first motion to dismiss and brought to light the concern that Max Sound had no standing without Vedanti (including the factual and legal basis for this concern), Max Sound doubled down and amended its Complaint." *Max Sound Corp. v. Google, Inc.*, No. 14-cv-04412-EJD, 2017 U.S. Dist. LEXIS 168541, at *28, 2017 WL 4536342 (N.D. Cal. Sep. 25, 2017) (court found such conduct to be exceptional warranting sanctions). In addition to knowingly and repeatedly filing its counterclaim with actual knowledge of Allen, Sharkroad propounded harassing discovery upon DNA directed to its frivolous assertions of purportedly invalidating prior art. Sanctions against Sharkroad's counsel under the Court's inherent authority are also justified.

to distinguish its asserted prior art from *the information of record*, including Allen, that it is *unreasonable for the Court to infer* that any of the accused parties "should have known" that the information purportedly withheld "was not simply cumulative of information" that was already disclosed or was otherwise part of the information of record. *Lexington Luminance LLC; Exergen*, 575 F.3d at 1329-30; *Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011).

## III. Sharkroad's Invalidity Counterclaim Also Suffers from Ignoring Allen

As can be seen, Sharkroad fervently seeks to avoid the Court's review of Allen. Without it, Sharkroad apparently believes it is free to allege false claims of invalidity by pleading in conclusory fashion that its asserted prior art, which it doesn't distinguish from one another, is "identical" or "substantially similar" to the spiral spoke of the '968 Patent. Yet, like Figure 6 of Allen and unlike the '968 Patent, they all are bent spokes having a button for attachment to an axial hub plate like a standard bicycle spoke, a twisted appearance on only a portion of the spoke, and are of a streamlined diameter. Sharkroad's assertion of anticipation is a non-starter. And Sharkroad surmises obviousness in conclusory fashion by invoking only Buchanan and no other reference in combination. There is nothing in the facts pled by Sharkroad that could possibly establish anticipation or obviousness. Its counterclaim is not plausible.

## IV. Sharkroad's Defenses Are Bare and Should Be Stricken

The Court previously was not inclined to strike the defenses at issue "under its own initiative." DNA does not ask the Court to reconsider its prior ruling, nor is such reconsideration necessary for the relief DNA seeks. Unlike the previous motion, DNA moves to strike the defenses here under F. R. Civ. P. 12(f)(2). The Court's refusal to act *sua sponte* and its prior refusal to consider Allen moot, dismissing with leave to amend, do not establish law of the case and do not preclude a separate motion under a different Rule 12 subsection. Nothing in Rule 12 precludes the instant motion to strike, and

Sharkroad has cited no authority to the contrary. Accordingly, the Court should rule on the merits of this motion to strike.

Here, Sharkroad provides no basis to maintain these defenses. Sharkroad's only resort is to offer to incorporate the failed factual allegations of both Counterclaim Counts in yet another amended pleading, which will do nothing to cure Sharkroad's failure to provide any basis or facts to support fair notice of the nature of the defense or the grounds upon which it rests, including its entire defense of invalidity under each of the statutes it alleged bare.

## V. Conclusion

While Sharkroad requests leave to amend again and offers to massage and/or omit language in the current amended pleading, it has not offered any new or different prior art that could possibly cure the gross deficiencies in its currently pled baseless counterclaims and defenses. Therefore, those counterclaims and defenses should be dismissed with prejudice.

Respectfully submitted,

**VAKILI & LEUS, LLP**

Dated: September 15, 2026

By: /s/ Craig McLaughlin

Craig McLaughlin, Esq.
*Counsel for DNA Specialty, Inc.*

**CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for DNA Specialty, Inc., hereby certifies that, according to the Word program's word count feature, this Reply brief contains 3,298 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 15, 2026

By: /s/ *Craig McLaughlin*
Craig McLaughlin, Esq.
*Counsel for DNA Specialty, Inc*.

**CERTIFICATE OF SERVICE**

*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-CV-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On September 15, 2026, I served the foregoing document described as **REPLY TO SHARKROAD'S OPPOSITION TO DNA SPECIALTY, INC.'S MOTION TO DISMISS COUNTS I AND II OF SHARKROAD'S AMENDED ANSWER AND COUNTERCLAIM PURSUANT TO FRCP RULE 12(b)(6) AND TO STRIKE SHARKROAD'S RELATED DEFENSES PURSUANT TO FRCP RULE 12(f)(2)** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant and Counterclaimant Sharkroad, Inc.*

I hereby certify that on the 15th day of September 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on September 15, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming