R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
Mehdi Poursoltani, CA Bar No. 331961
Poursoltani@trojanlawoffices.com
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant SHARKROAD, INC.

TROJAN LAW OFFICES
BEVERLY HILLS

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DNA SPECIALTY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,<br><br>Defendants. | **Case No: 2:25-cv-10379-MWC(RAOx)**<br><br>**DEFENDANT SHARKROAD, INC.'S OPENING CLAIM CONSTRUCTION BRIEF**<br><br>Hon. Michelle Williams Court<br>United States District Judge |

Pursuant to Section 4-4(a) of the Court's Standing Order Re Patent Cases (Dkt. 11) and the Court's Civil Trial Order (Dkt. 26), Defendant Sharkroad, Inc. ("Sharkroad" or "Defendant") hereby submits its Opening Claim Construction Brief regarding U.S. Design Patent No. D1,086,968 (the "'968 Patent"), which Plaintiff DNA Specialty, Inc. ("DNA" or "Plaintiff") has asserted in this action.

## I. Introduction

This action concerns alleged infringement of the '968 Patent and Sharkroad's defenses and counterclaims challenging its validity and enforceability.

The '968 Patent, entitled "Spiral Wheel Spoke," issued on August 5, 2025, from U.S. Patent Application No. 29/874,416, which was filed on April 19, 2023. The patent contains a single claim directed to "[t]he ornamental design for a spiral wheel spoke, as shown and described," as illustrated in Figures 1-4 reproduced below:



FIG.1

TROJAN LAW OFFICES
BEVERLY HILLS



FIG.2



FIG.3



FIG.4

TROJAN LAW OFFICES
BEVERLY HILLS

Sharkroad respectfully submits that a verbal description of the design would be helpful to the jury in making the factual determinations of validity and infringement. Thus, Sharkroad requests adoption of its proposed construction in the Joint Claim Construction and Prehearing Statement:

> The '968 Patent claims the overall ornamental design for a spiral wheel spoke, as shown in solid lines in Figures 1–4, which Defendant construes as "a single spoke comprising an elongated rectangular body with two cylindrical ends, said body having a rectangular cross-section, which is twisted along the longitudinal axis of the body, and each said ends having a circular cross-section."

Dkt. 41 at 2:27–3:3.

That construction identifies the overall design shown in solid lines in Figures 1–4, gives effect to the broken-line disclaimer, and clarifies the role of surface shading. Sharkroad relies on the patent's intrinsic record and does not intend to rely on extrinsic evidence.

## III. ARGUMENT AND BASIS FOR SHARKROAD'S CONSTRUCTION

As a preliminary matter, Sharkroad relies on the patent's intrinsic record and does not intend to rely on extrinsic evidence for claim construction.

### A. The Proposed Construction Applies to a "Spiral Wheel Spoke"

Sharkroad's proposed claim construction accurately limits the design to a "spiral wheel spoke." The Federal Circuit teaches that "[a] design claim is limited to the article of manufacture identified in the claim; it does not broadly cover a design in the abstract." *In re SurgiSil, L.L.P.*, 14 F.4th 1380, 1382 (Fed. Cir. 2021).

Here, the '968 Patent's title and claim identify the claimed article as a "spiral wheel spoke," and the claim recites "[t]he ornamental design for a spiral wheel spoke, as shown and described." Although the descriptions of Figures 1–4 inconsistently refer to a "spiral spoke wheel," the drawings depict only a single spoke and do not depict a wheel or wheel assembly. The inconsistency should therefore be resolved in favor of the more specific and controlling identification in the title and claim: the claimed article of manufacture is a wheel spoke rather than a wheel generally. Dkt. 41 at 3:7–13.

### B. The Proposed Construction Accurately Describes the "Various Features" of the Claim Design to Aid the Jury

Sharkroad's proposed construction should be adopted because it is an accurate description of the claimed design. In *Egyptian Goddess*, the Federal Circuit explained that "a court may find it helpful to point out, either for a jury or in the case of a bench trial by way of **describing the court's own analysis, various features of the claimed design as they relate to the accused design and the prior art.**" *Egyptian Goddess*, 543 F.3d 665, 680 (emphasis added). The Federal Circuit emphasized that "the level of detail to be used in describing the claimed design is a matter within the court's discretion." *Id.* (quoting *Dobson v. Dornan*, 118 U.S. 10, 14, 6 S.Ct. 946, 30 L.Ed. 63 (1886)) (emphasis added).



TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

Here, Sharkroad's proposed description accurately identifies "a single spoke comprising an elongated rectangular body with two cylindrical ends, said body having a rectangular cross-section, which is twisted along the longitudinal axis of the body, and each said ends having a circular cross-section." Dkt. 41 at 2:27–3:3. SharkRoad's proposed description of the figures will help the jury understand the scope of the "various features of the claimed design as they relate to the accused design and the prior art" and does not supplant any of the figures. *Id*. at 680.

For example, the description of a "rectangular body with two cylindrical ends . . . which is twisted" matches the disclosure in the Figures:



FIG.1

The written description will help the jury compare the claimed design to SharkRoad's product and to the prior art by focusing the jury on the overall shape of the spoke and its twisted rectangular cross-section. This helps the jury understand that the claimed design is not just any "twisted" shape, but that the underlying rectangular body is twisted to form the design. This distinction will help the jury

compare the claimed designs to the various products it will examine for the validity and infringement analysis.

### C. The Proposed Construction Appropriately Excludes Every Broken-Line Feature

SharkRoad's proposed claim construction specifically **excludes** the threads that are depicted in broken lines in the claim design . The Federal Circuit teaches that exclusion of certain features is an appropriate function of claim construction:

> Apart from attempting to provide a verbal description of the design, a trial court can usefully guide the finder of fact by addressing a number of other issues that bear on the scope of the claim. Those include such matters as describing the role of particular conventions in design patent drafting, **such as the role of broken lines**, see 37 C.F.R. § 1.152; assessing and describing the effect of any representations that may have been made in the course of the prosecution history, see *Goodyear Tire & Rubber Co.*, 162 F.3d at 1116; and **distinguishing between those features of the claimed design that are ornamental and those that are purely functional**, see *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed.Cir.1997) ("Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent.").

*Egyptian Goddess, Inc*, 543 F.3d at 680 (emphasis added).

Here, the '968 Patent expressly states that "[t]he broken lines shown in the drawings are for the purpose of illustrating portions of the spiral wheel spoke that form no part of the claimed design." Accordingly, Sharkroad's submitted construction also excludes every feature shown in broken lines, including the cylindrical, **threaded portions** extending from the opposite ends of the spoke. The claimed design does not require those threaded ends, their thread pattern, or their cylindrical configuration. Dkt. 41 at 3:14–20. The construction's reference to "two cylindrical ends" describes the solid-line portions and does not incorporate the disclaimed extensions.



TROJAN LAW OFFICES
BEVERLY HILLS

This exclusion follows *Contessa*, which explains that "[i]f features appearing in the figures are not desired to be claimed, the patentee is permitted to show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals inclusion of the features in the claimed design." *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1378 (Fed. Cir. 2002) (citing *Door–Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1313, 59 USPQ2d 1472, 1475 (Fed.Cir.2001)).

Should the Court deem it necessary, the claim construction order should emphasize that "[t]he broken lines shown in the drawings are for the purpose of illustrating portions of the spiral wheel spoke that form no part of the claimed design."

**C. The Proposed Construction Excludes Surface Shading**

SharkRoad's proposed claim construction specifically **excludes** the shading marks as aspects of the claimed design. The Manual of Patent Examining Procedure ("MPEP") explains that surface shading:

> may be necessary in particular cases to shade the figures to show clearly the character and contour of all surfaces of any 3-dimensional aspects of the design. Surface shading is also necessary to distinguish between any open and solid areas of the article. However, surface shading should not be used on unclaimed subject matter, shown in broken lines, to avoid confusion as to the scope of the claim.

MPEP § 1503.02 Drawing [R-01.2024]. Consistent with that guidance, the surface-shading lines of the '968 Patent should not be treated as separately claimed ornamentation or construed to require a particular surface decoration, color, texture, material, transparency, reflectivity, or finish. They merely assist the viewer in perceiving the three-dimensional contour created by the twisted rectangular profile. Dkt. 41 at 3:21–25.

Should the Court deem it necessary, the claim construction order should emphasize that the shading is not part of the claimed design and only "shows . . . the character and contour of all surfaces of any 3-dimensional aspects of the design."

## IV. CONCLUSION

Based on the foregoing, Sharkroad respectfully requests that the Court adopt its construction submitted in the Joint Claim Construction and Prehearing Statement.

Respectfully submitted,

By:

Dated: October 5, 2026

/s/R. Joseph Trojan

R. Joseph Trojan
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorney for Defendant
SHARKROAD, INC.

TROJAN LAW OFFICES
BEVERLY HILLS

# CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2026, I filed the foregoing with the Court's CM/ECF system, which will cause it to be served electronically upon all counsel of record.

/s/ R. Joseph Trojan
R. Joseph Trojan