R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
Mehdi Poursoltani, CA Bar No. 33,1961
poursoltani@trojanlawoffices.com
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant SHARKROAD, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

DNA SPECIALTY, INC., a California Corporation,

Plaintiff,

v.

SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,

Defendants.

**Case No: 2:25-cv-10379-MWC(RAOx)**

**DEFENDANT SHARKROAD, INC.'S RESPONSIVE CLAIM CONSTRUCTION BRIEF**

**Date:** November 13, 2026
**Time:** 1:30 p.m.
**Place:** Courtroom 6A
First Street U.S. Courthouse
Los Angeles, CA

**Hon. Michelle Williams Court**
**United States District Judge**

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

Pursuant to Section 4-5(b) of the Court's Standing Order Re Patent Cases (Dkt. 11, "S.P.R. 4-5(b)") and the Court's Civil Trial Order (Dkt. 26 at 4), Defendant Sharkroad, Inc. ("Sharkroad" or "Defendant") respectfully submits this Responsive Claim Construction Brief in response to Plaintiff DNA Specialty, Inc.'s ("DNA" or "Plaintiff") Opening Claim Construction Brief (Dkt. 49).

**I. Sharkroad's Construction Provides the Jury with the Guidance *Egyptian Goddess* Permits**

Unlike DNA's construction, which largely repeats the claim and refers the jury to the figures, Sharkroad's proposed construction provides a concise verbal description that will help the jury understand the depicted geometry and compare the overall design with the accused design and prior art. That assistance is particularly useful here because the parties dispute how to describe the spoke's body and end portions. *Egyptian Goddess* expressly permits guidance of this kind.

In *Egyptian Goddess*, the Federal Circuit explained that "a court may find it helpful to point out, either for a jury or in the case of a bench trial by way of **describing the court's own analysis, various features of the claimed design as they relate to the accused design and the prior art**." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 680 (emphasis added). The Federal Circuit emphasized that "the level of detail to be used in describing the claimed design is a matter within the court's discretion." *Id*. (quoting *Dobson v. Dornan*, 118 U.S. 10, 14, 6 S.Ct. 946, 30 L.Ed. 63 (1886)).

Here, Sharkroad's proposed description accurately identifies "a single spoke comprising an elongated rectangular body with two cylindrical ends, said body having a rectangular cross-section, which is twisted along the longitudinal axis of the body, and each said ends having a circular cross-section." Dkt. 50 at 2:18–22 and Dkt. 41 at 2:27–3:3. This description will help the jury understand the scope of the "various features of the claimed design as they relate to the accused design and the

prior art" and does not supplant any of the figures. *Egyptian Goddess*, 543 F.3d at 680.

The description will assist the jury in comparing the claimed design with Sharkroad's product and the prior art by focusing on the spoke's overall shape and twisted rectangular cross-section. It explains that the depicted design is not merely any "twisted" shape: the underlying rectangular body is twisted to form the design. This distinction will help the jury compare the claimed designs in its validity and infringement analyses. That construction identifies the overall design shown in solid lines in Figures 1–4 and gives effect to the broken-line disclaimer. It helps the jury understand the design as a whole without supplanting the figures.

**II. DNA's Objections Confirm the Need for Useful Guidance**

DNA asserts that "a rectangular body" is "not apparent from any of the figures" and that Sharkroad "does not point out where such a [rectangular] cross-section is depicted." Dkt. 49 at 6:12–18. The rectangular body and its rectangular cross-section are apparent when the different views in Figures 1–4 are considered together. Sharkroad's opening brief explains: "This helps the jury understand that the claimed design is not just any 'twisted' shape, but that the underlying rectangular body is twisted to form the design." Dkt. 50 at 4:25–27. Describing that geometry helps the jury understand the overall spoke shape and make the comparisons contemplated by *Egyptian Goddess*. DNA's disagreement with the description does not establish that such assistance is improper.

DNA also asserts that "each cylindrical end is expressly excluded from the claim as defined by the broken lines." Dkt. 49 at 6:18–20. Sharkroad has already distinguished the solid-line end portions from the disclaimed extensions: "Sharkroad's submitted construction also excludes every feature shown in broken lines, including the cylindrical, threaded portions extending from the opposite ends of the spoke," and further explains that the "construction's reference to 'two

TROJAN LAW OFFICES
BEVERLY HILLS

cylindrical ends' describes the solid-line portions and does not incorporate the disclaimed extensions." Dkt. 50 at 5:19–27.

DNA's proposed construction addresses the broken-line disclaimer by referring "particularly" to Figure 4, and DNA explains that Figure 4 "most clearly shows the omitted portion of the claim." Dkt. 49 at 1:20–26; 6:3–6. Although that wording does not expressly limit the disclaimer to Figure 4, it unnecessarily singles out one view. DNA acknowledges that the examiner amended the broken-line statement, which excludes broken-line portions throughout the drawings. *Id*. at 5:27–6:3. The Court should make that exclusion explicit for every figure.

**III. DNA's Own Comparison to Allen Demonstrates the Value of Verbal Guidance to the Jury**

DNA alleges that "Sharkroad's proposed construction also attempts to improperly broaden the claim to sweep into it immaterial prior art." Dkt. 49 at 6:25–26. It further asserts that the construction "doesn't describe the novel claim of the '968 Patent at all, but instead appears to describe Figure 7 of the 598,620 Patent to Allen." *Id*. at 7. Those allegations turn on the significance of Allen and the differences between the overall designs. Whether Allen invalidates the patent is a merits question, not an issue for resolution in this claim-construction proceeding. That invalidity analysis does not determine whether a verbal description will help the jury understand the claimed design.

DNA itself verbally identifies a "straight spoke," a "spiral design along its entire claimed length," and "the shoulders of the spoke tapering to the threaded, but unclaimed cylindrical ends" to distinguish Allen. Dkt. 49 at 6:26–7:2. *DNA thus uses descriptions of particular features to explain the comparison while opposing Sharkroad's use of a description to assist the jury*. That is the assistance *Egyptian Goddess* permits: identifying "various features of the claimed design as they relate to the accused design and the prior art." *Egyptian Goddess*, 543 F.3d 665, 680. The

TROJAN LAW OFFICES
BEVERLY HILLS

possibility that an accurate description may assist the jury in evaluating Sharkroad's defenses is no reason to withhold it.

## IV. CONCLUSION

For the foregoing reasons, the Court should adopt Sharkroad's proposed construction, expressly exclude every broken-line feature in every figure, and adopt Sharkroad's interpretation that surface shading depicts contour rather than separately claimed surface ornamentation, as explained in Sharkroad's Opening Claim Construction Brief (Dkt. 50).

Respectfully submitted,

By:

Dated: October 19, 2026

/s/R. Joseph Trojan

R. Joseph Trojan
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorneys for Defendant
SHARKROAD, INC.

TROJAN LAW OFFICES
BEVERLY HILLS

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2026, I filed the foregoing with the Court's CM/ECF system, which will cause it to be served electronically upon all counsel of record.

/s/R. Joseph Trojan
R. Joseph Trojan

TROJAN LAW OFFICES
BEVERLY HILLS