Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Craig McLaughlin, Esq. (SBN: 182876)
craig@vakili.com
Jason C. Ming, Esq. (SBN: 219745)
jason@vakili.com
Stephen P. Hoffman, Esq. (SBN: 287075)
hoffman@vakili.com
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051

*Counsel for DNA Specialty, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| **DNA SPECIALTY, INC., a California Corporation,**<br><br>**Plaintiff/Counterclaim Defendant,**<br><br>**v.**<br><br>**SHARKROAD, INC., a California Corporation,**<br><br>**Defendant/Counterclaimant.** | **CASE NO.: 2:25-cv-10379-MWC (RAOx)**<br>[*Hon. Michelle Williams Court*]<br><br>**PLAINTIFF DNA SPECIALTY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SHARKROAD, INC.'S CLAIM CONSTRUCTION BRIEF**<br><br>**Hearing Date:** November 13, 2026<br>**Time:** 1:30 P.M.<br>**Place:** Courtroom 6A<br>Felicitas and Gonzalo Mendez United States Courthouse<br>350 W 1st Street<br>Los Angeles, CA 90012 |

**DNA'S OPPOSITION**

## I. INTRODUCTION

On October 5, 2026, Plaintiff DNA Specialty, Inc. ("DNA"), electronically filed and served its Claim Construction Brief [Dkt. #49] in accordance with this Court's Civil Trial Order [Dkt. #26] and this Court's Standing Order Re: Patent Cases. Fourteen minutes later, Sharkroad filed its own Claim Construction Brief. [Dkt. #50.] The Standing Order Re: Patent Cases sets forth who is authorized to file such a brief as follows:

"Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file an opening brief and any evidence supporting its claim construction." S.P.R. 4-5 (a).

According to the Rule, since DNA is the party claiming patent infringement, it is only DNA that was authorized to file such a brief. Sharkroad's Claim Construction Brief should therefore be stricken as it was filed in violation of the Rule and unnecessarily burdens DNA and this Court with a superfluous second set of briefs. Sharkroad also failed to provide a Certificate of Compliance in violation of L.R. 11-6.2.

Unlike DNA's brief, Sharkroad's filing did not mention DNA's Proposed Construction as set forth in the Parties' Joint Claim Construction and Prehearing Statement. [Dkt. #41.] Nor did Sharkroad mention that the element-by-element construction that it has proposed is disfavored under current law or that its proposed construction is overbroad and improperly sweeps in immaterial prior art that the Examiner reviewed and determined was not material to patentability. The Court may recognize the remainder of this unnecessary Opposition, which is mostly a copy of what DNA filed in its authorized initial brief.

## II. THE PARTIES' PROPOSED CONSTRUCTIONS

The Parties' proposed constructions are as follows:

| DNA's PROPOSED CONSTRUCTION | SHARKROAD'S PROPOSED CONSTRUCTION |
|---|---|
| "The ornamental design for a spiral wheel spoke as shown and described in Figures 1-4 of the patent. The broken lines shown, particularly in Figure 4, represent unclaimed subject matter." | "a single spoke comprising an elongated rectangular body with two cylindrical ends, said body having a rectangular cross-section, which is twisted along the longitudinal axis of the body, and each said ends having a circular cross-section." |

## III. LEGAL STANDARDS

"Determining whether a design patent has been infringed is a two-part test: (1) the court first construes the claim to determine its meaning and scope; (2) the fact finder then compares the properly construed claim to the accused design." *Range of Motion Prods., LLC v. Armaid Co.,* 166 F.4th 981, 988 (Fed. Cir. 2026).

Claim construction is a question of law that falls "exclusively within the province of the court." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996). "It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*) (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)).

"A design patent is directed to the appearance of an article of manufacture. An article of manufacture necessarily serves a utilitarian purpose, and the design of a useful article is deemed to be functional when the appearance of the claimed design is 'dictated

by' the use or purpose of the article." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993).

"While claim construction is conducted for utility patents, because design patents are premised on drawings, the Federal Circuit 'has not required that the trial court attempt to provide a detailed verbal description of the claimed design, as is typically done in the case of utility patents.' *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008)."[1] *Proslide Tech., Inc. v. Whitewater W. Indus., Ltd.*, No. 6:20-cv-2189-CEM-DCI, 2023 U.S. Dist. LEXIS 36757, at *17; 2023 WL 2328970 (M.D. Fla. Jan. 20, 2023).

"[A] design is better represented by an illustration 'than it could be by any description and a description would probably not be intelligible without the illustration.'" *Egyptian Goddess, Inc.*, 543 F.3d at 679. In fact, the Federal Circuit has warned against an element-by-element descriptive approach to construe a design patent claim. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015).

> The element-by-element [**9] approach to claim construction proposed by defendant, while perhaps not specifically proscribed, invites the kind of myopic, restrictive approach to the infringement analysis which the Federal Circuit has found to be "untethered from the ordinary observer inquiry" and therefore error. *Ethicon*, 796 F.3d at 1335 (citing *Amini Innovation Corp.*

---

[1] In *Egyptian Goddess, Inc.*, the Federal Circuit dispensed with the previous "point of novelty" test and set forth the "ordinary observer test" as the sole standard for determining anticipation in design patent cases, requiring comparison of the entire design as perceived by an ordinary observer, familiar with the prior art, but not discreet or isolated "points of novelty." A defendant no longer may identify a discreet feature from a reference and argue invalidity based on that feature alone – it is the whole-design that must be considered to analyze both invalidity and infringement. *Egyptian Goddess, Inc.*, 543 F.3d at 678. "Both the ordinary observer test, whether applied for infringement or invalidity, and the obviousness test, applied for invalidity under Section 103, focus on the [*1241] *overall* designs." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240-41 (Fed. Cir. 2009) (emphasis in original).

*v. Anthony Cal., Inc.*, 439 F.3d 1365 (Fed Cir. 2006)). Defendant's proposal needlessly provokes such an error. *See Egyptian Goddess*, 543 F.3d at 680 (admonishing district courts to "recognize the risk" of a verbal description that may place undue emphasis on certain features in lieu of the design as a whole"). *Fa-Hsing Lu v. Hyper Bicycles, Inc.*, 568 F. Supp. 3d 68, 72 (D. Mass. 2021).

The Federal Circuit has explained that "[g]iven the recognized difficulties entailed in trying to describe a design in words, the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Egyptian Goddess*, 543 F.3d at 679. This is because providing [*21] verbal descriptions "risks undue emphasis on particular features of the design rather than examination of the design as a whole." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (reviewing a lower court case that "show[ed] the dangers of reliance on a detailed verbal claim construction") (citing *Egyptian Goddess*, 543 F.3d at 679-80). *Proslide Tech., Inc.* at **20-21.

*See also* "'*Reddy*, 60 F. Supp. at 255 (applying the *Egyptian Goddess* principles and accepting the plaintiff's proposed construction of 'The ornamental design [*22] for a bathroom vanity light shade, as shown and described in Figures 1-5.'); see also *P.S. Prods. Inc. v. Activision Blizzard, Inc.*, 140 F. Supp. 3d 795, 802 (E.D. Ark. 2014) ('[T]he Court construes the '294 patent's claim as the ornamental design for a stun gun as shown and described in figures 1-8 of the '294 patent.'); *Am. Beverage Corp. v. Diageo N. Am., Inc.*, 936 F. Supp. 2d 555, 572 (W.D. Pa. 2013) ('The '672 patent claims an ornamental design for a flexible liquid-containing pouch, as shown in Figures 1-8 of Exhibit A.'); *Junker v. Med. Components, Inc.*,

No. CV 13-4606, 2017 U.S. Dist. LEXIS 179955, 2017 WL 4922291, *7 (E.D. Pa. Oct. 31, 2017) ('The D'839 Patent claims the ornamental design of a handle for an introducer sheath, as shown in Figures 1-9. The broken lines in the Figures of the D'839 Patent represent unclaimed subject matter.')." *Proslide Tech., Inc.* at **21-22.

*See also Trove Brands, LLC v. TRRS Magnate LLC*, No. 2:22-cv-02222-TLN-CKD, 2024 U.S. Dist. LEXIS 78785, at *18-19, 2024 WL 1886565 (E.D. Cal. Apr. 30, 2024) (adopting "Plaintiff's proposed constructions which simply refer to the illustrations in the patents' figures" and rejecting Defendant's proposed claim constructions "because they rely upon detailed verbal descriptions and require the Court to conduct functionality analysis, which the Court cannot decide at this time"); *Tan Grow Inc. v. Link Future, Inc.*, No. 2:22-cv-08257-MEMF-JEMx, 2024 U.S. Dist. LEXIS 243290, at *9, 2024 WL 5507583 (C.D. Cal. July 31, 2024) (construction of design patent claims unnecessary).

To construe the claim by attempting to parse out purported functional and ornamental features is an exercise more appropriately, if at all, to be preferably taken up at a later stage. *Depaoli v. Daisy Manufacturing Co., Inc.*, No. 070-cv-11778-DPW, 2009 U.S. Dist. LEXIS 62057, 2009 WL 2145721 (D. Mass. July 14, 2009); *Reddy v. Lowe's Cos.*, 60 F. Supp. 3d 249, 254 (D. Mass. 2014).

Similarly, while courts have recognized that *Egyptian Goddess* allows for a judge's examination of prior art, they have generally left such considerations for post-claim construction interpretations, mainly to avoid putting "undue emphasis on particular features of the design." *OraLabs, Inc. v. Kind Group LLC*, No. 13-CV-00170-PAB-KLM, 2014 U.S. Dist. LEXIS 57279, 2014 WL 1630690, at *4 (D. Colo. Apr. 24, 2014) (internal citations and quotation marks omitted). These courts have viewed prior art as part of the infringement analysis, not the construction analysis. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 U.S. Dist.

LEXIS 105125, 2012 WL 3071477, at *3 (N.D. Cal. July 27, 2012) (holding that "the limitation in scope of a design patent in light of prior art is necessarily folded into the infringement analysis"). *Reddy*, 60 F. Supp. 3d at 254.

## IV. ANALYSIS

Here, DNA proposes a simple and favored construction in accord with Federal Circuit guidance and so many district court decisions construing design patent claims. The claim of the ‘968 Patent is described as: “The ornamental design for a spiral wheel spoke as shown and described in figures 1-4 of the '968 patent.” [Dkt. #12-1, ID#:104-106.] The ‘968 Patent also states: “The broken lines shown in the drawings are for the purpose of illustrating portions of the spiral wheel spoke that form no part of the claimed design.” This language was provided in an Examiner’s amendment, dated May 16, 2025. (See page 2 of the Notice of Allowability as provided in DNA’s cease and desist letter, dated June 16, 2025, to Sharkroad’s CEO Xingbo Yao. [Dkt. #12-1, ID#:122.]). (The last sentence of DNA’s proposed construction refers to Figure 4 as it most clearly shows the omitted portion of the claim, but is offered here as optional and can alternatively be explained at trial.)

On the other hand, Sharkroad attempts to persuade the Court to step away from such guidance by offering an element-by-element approach, which the Federal Circuit has warned, “risks undue emphasis on particular features of the design rather than examination of the design as a whole.” *Crocs, Inc. v. Int'l Trade Comm'n*, *supra*, 598 F.3d. at 1302.

One element of Sharkroad’s proposed construction includes “a rectangular body,” which is not apparent from any of the figures within the ‘968 Patent claim. It also includes “two cylindrical ends,” which, according to the claim, are not part of the invention and are not otherwise identifiable from the drawings. The proposed construction also includes “a rectangular cross-section,” but Sharkroad does not point out

where such a cross-section is depicted in any of the figures within the claim of the patent. Additionally, its proposed construction includes a "circular cross-section" at each end, but again, each cylindrical end is expressly excluded from the claim as defined by the broken lines and such "cylindrical ends" are not otherwise identifiable from the drawings.

Sharkroad's proposed element-by-element construction is not only inaccurate, but it also "invites the kind of myopic, restrictive approach to the infringement analysis which the Federal Circuit has found to be 'untethered from the ordinary observer inquiry' and therefore error." *Fa-Hsing Lu*, 568 F. Supp. 3d at 72.

Sharkroad's proposed construction also attempts to improperly broaden the claim to sweep into it immaterial prior art. Note that it omits what is novel about the '968 Patent, which is an unbent, straight spoke depicting the spiral design along its entire claimed length and is of a diameter that exceeds its ends evidenced by the shoulders of the spoke tapering to the threaded, but unclaimed cylindrical ends. See Figures 1 and, here, Figure 2 of the '968 Patent. [Dkt. #12-1, ID#:104-106.]



FIG.2

If it can be understood, Sharkroad's proposed construction doesn't describe the novel claim of the '968 Patent at all, but instead appears to describe Figure 7 of the 598,620 Patent to Allen ("Allen").[2] [Dkt. #38-1, Ex. No. 5.] (See below.)

2 Allen, of course, was found by the Examiner to be immaterial to patentability (see Allen among listing of reviewed patents on face page of '968 Patent). [Dkt. #12-1, ID#.104.] See Allen patent. [Dkt. #30-1, Ex. 4.]




Figure 7 of Allen, an 1898 patent, appears to depict Sharkroad's proposed construction, namely, "a single spoke comprising an elongated rectangular body with two cylindrical ends, said body having a rectangular cross-section, which is twisted along the longitudinal axis of the body, and each said ends having a circular cross-section." Sharkroad wishes to include "cylindrical ends" and "circular cross-sections" into its proposed construction so that at least Figure 7 of Allen can be swept into it to result in invalidation. But unlike the '968 Patent, the twisted portion of Figure 7 does not extend to the ends of the claimed spoke, is not of a greater diameter than the ends and shows no diameter-reducing taper from the twisted portion to the ends. If Sharkroad's proposed construction is accepted, it would not only be a disfavored element-by-element construction, but would also be error by omitting novel features of the '968 Patent and including features expressly excluded in the claim, improperly sweeping in at least Figure 7 of Allen from the prior art for Sharkroad's intended purpose of invalidating the '968 Patent.

/ / /

/ / /

/ / /

/ / /

/ / /

## V. **CONCLUSION**

For all the above reasons, DNA's proposed construction should be accepted.

Respectfully submitted,

**VAKILI & LEUS, LLP**

Dated: October 19, 2026

By: /s/ *Craig McLaughlin*
Craig McLaughlin, Esq.
*Counsel for DNA Specialty, Inc.*

**CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for DNA Specialty, Inc., hereby certifies that according to the Word program count feature, this Memorandum contains 2,339 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 19, 2026

By: /s/ *Craig McLaughlin*
Craig McLaughlin, Esq.
*Counsel for DNA Specialty, Inc.*

**CERTIFICATE OF SERVICE**

*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-CV-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On October 19, 2026, I served the foregoing document described as **PLAINTIFF DNA SPECIALTY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SHARKROAD, INC.'S CLAIM CONSTRUCTION BRIEF** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant and Counterclaimant Sharkroad, Inc.*

I hereby certify that on the 19th day of October 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on October 19, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming