R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
Mehdi Poursoltani, CA Bar No. 33,1961
poursoltani@trojanlawoffices.com
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant SHARKROAD, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DNA SPECIALTY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,<br><br>Defendants. | **Case No: 2:25-cv-10379-MWC(RAOx)**<br><br>**DECLARATION OF R. JOSEPH TROJAN IN SUPPORT OF DEFENDANT SHARKROAD, INC.'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>**Date:** November 20, 2026<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 6A<br>First Street U.S. Courthouse<br>Los Angeles, CA<br><br>**Hon. Michelle Williams Court**<br>**United States District Judge** |

I, R. Joseph Trojan, declare as follows:

1. I am an attorney duly admitted to practice before this Court and am a an associate of Trojan Law Offices, P.C., counsel of record for Defendant Sharkroad, Inc. ("Sharkroad") in this action. I have personal knowledge of the facts stated in this declaration, except as to matters stated on information and belief, and as to those matters I believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. On April 21, 2026, Sharkroad served its First Set of Requests for Production of Documents on Plaintiff DNA Specialty, Inc. ("DNA"), seeking documents concerning DNA's asserted intellectual property rights.

3. On June 22, 2026, Sharkroad served its original Invalidity Contentions. A true and correct copy of Sharkroad's Invalidity Contentions served on June 22, 2026 is attached hereto as **Exhibit 1**.

4. Sharkroad pursued supplementation of DNA's discovery responses through correspondence dated June 19, July 2, July 24, July 28, and September 3, 2026. Counsel for parties also met and conferred regarding discovery on August 18, 2026. Although the parties agreed to supplement their discovery responses by September 1, 2026, DNA did not supplement its interrogatory responses and produced only limited additional materials by the deadline. Sharkroad subsequently requested an informal discovery conference by email dated September 3, 2026. True and correct excerpts of the relevant discovery correspondence, including excerpts of Sharkroad's emails dated June 19, July 2, July 24, and July 28, 2026, the July 28 meet-and-confer letter, excerpts of the parties' September 1, 2026 email exchange regarding supplementation of their discovery responses, and Sharkroad's September 3, 2026 email concerning its request for an informal discovery conference, are attached hereto as **Exhibit 4**. The two Dropbox links to Sharkroad's document production containing Attorney's Eyes Only ("AEO") information have been redacted because the materials are irrelevant to this motion and to prevent unauthorized access to AEO-protected information.

5. Sharkroad independently identified DNA's 2021 Catalog. Only after Sharkroad raised the issue with DNA did it produce the Catalog on August 17, 2026. The Catalog depicts the DNA "Twisted" spoke on internal page 43. The proposed Amended Invalidity Contentions identify this reference as NPL 23. A true and correct copy of the 2021 Catalog produced by DNA is attached hereto as **Exhibit 2**.

6. On August 24, 2026, DNA served its responses to Sharkroad's First Set of Requests for Admission. A true and correct copy of DNA's responses is attached hereto as **Exhibit 3**.

7. Sharkroad continued investigating prior-art products after serving its original Invalidity Contentions. About October 3, 2026, Sharkroad discovered the additional twirled-spoke product identified as NPL 24 in the proposed Amended Invalidity Contentions. True and correct copies of the supporting materials obtained for NPL 24 are attached hereto as **Exhibit 14**.

8. A true and correct copy of the micro-entity certification obtained from the USPTO prosecution record for the U.S. Design Patent No. D1,086,968 (the "'968 Patent") is attached hereto as **Exhibit 5**.

9. A true and correct copy of the USPTO records obtained concerning U.S. Application No. 29/874,401 is attached hereto as **Exhibit 6**.

10. A true and correct copy of the USPTO records obtained concerning U.S. Application No. 29/869,554 is attached hereto as **Exhibit 7**.

11. A true and correct copy of the USPTO records obtained concerning U.S. Application No. 29/794,780 is attached hereto as **Exhibit 8**.

12. A true and correct copy of the USPTO records obtained concerning U.S. Application No. 18/296,903 is attached hereto as **Exhibit 9**.

13. A true and correct copy of the USPTO records obtained concerning U.S. Application No. 29/679,966 is attached hereto as **Exhibit 10**.

14. A true and correct copy of the USPTO records obtained concerning U.S. Application No. 18/187,532 is attached hereto as **Exhibit 11**.

15. DNA's counsel subsequently confirmed that Lehman performed services for DNA as an independent contractor. A true and correct copy of that correspondence is attached hereto as **Exhibit 13**.

16. On October 5, 2026, DNA's counsel informed Sharkroad's counsel that DNA "corrected the micro-entity status." A true and correct copy of that correspondence is attached hereto as **Exhibit 16**.

17. The USPTO record includes papers correcting the '968 Patent's entity status from micro entity to small entity. True and correct copies of the correction papers obtained from the USPTO record are attached hereto as **Exhibit 15**.

18. On September 25, 2026, Sharkroad informed DNA of its intent to amend its Invalidity Contentions and requested a conference pursuant to Local Rule 7-3, offering availability on September 30 and October 1. On October 2, Sharkroad provided redlined proposed amendments, renewed its conference request, and offered availability on October 5. On October 6, Sharkroad provided a revised redline and again requested the conference, offering availability on October 7. True and correct excerpts of the relevant email correspondence are attached hereto as **Exhibit 17**.

19. On October 7, 2026, counsel for parties participated in a telephone conference with DNA's counsel, concerning the proposed amendments to the Invalidity Contentions. Sharkroad's October 7, 2026 email summarizing the conference is included in Exhibit 17**.**

20. The exhibits corresponding to NPL 22 were timely served with the Invalidity Contentions, but the description of NPL 22 inadvertently repeated the description associated with the previous reference number. The proposed amendment corrects that description to conform to the previously served materials and does not add a new reference under NPL 22.

21. A true and correct copy of the proposed Amended Invalidity Contentions is attached hereto as **Exhibit 12**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



TROJAN LAW OFFICES
BEVERLY HILLS

Executed on October 20, 2026, at Beverly Hills, California.

Dated: October 20, 2026

/s/R. Joseph Trojan
R. Joseph Trojan

TROJAN LAW OFFICES
BEVERLY HILLS