# EXHIBIT 1

R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
Mehdi Poursoltani, CA Bar No. 331961
Poursoltani@trojanlawoffices.com
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant SHARKROAD, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DNA SPECIALTY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,<br><br>Defendants. | **Case No: 2:25-cv-10379-MWC(RAOx)**<br><br>**DEFENDANT SHARKROAD, INC.'S INVALIDITY CONTENTIONS**<br><br>**Hon. Michelle Williams Court**<br>**United States District Judge** |

TROJAN LAW OFFICES
BEVERLY HILLS

Pursuant to Section 3-3 of the Court's Standing Order Re Patent Cases (Dkt. 11) and the Court's Civil Trial Order (Dkt. 26), Defendant Sharkroad, Inc. ("Sharkroad" or "Defendant") hereby serves its Invalidity Contentions regarding U.S. Design Patent No. D1,086,968 (the "'968 Patent"), which has been asserted in this action by Plaintiff DNA Specialty, Inc. ("DNA" or "Plaintiff"). These Invalidity Contentions are based upon information presently known and reasonably available to Sharkroad and are subject to supplementation, amendment, modification, or revision as discovery proceeds, additional information becomes available, and as otherwise permitted by the Federal Rules of Civil Procedure, the Court's orders, and applicable law.

## I. Procedural Background and the Patent at Issue

This action concerns allegations of infringement and invalidity relating to the "'968 Patent.

The '968 Patent, entitled "Spiral Wheel Spoke," issued on August 5, 2025, from U.S. Patent Application No. 29/874,416, which was filed on April 19, 2023. The patent claims "[t]he ornamental design for a spiral wheel spoke," as depicted in the figures reproduced below:



FIG.1

TROJAN LAW OFFICES
BEVERLY HILLS



FIG.2



FIG.3



FIG.4

Defendant challenges the validity of the ’968 Patent on multiple grounds under the Patent Act, including, but not limited to, lack of novelty under 35 U.S.C. § 102, obviousness under 35 U.S.C. § 103, and failure to satisfy the requirements for design patent protection under 35 U.S.C. § 171. Defendant denies that the claimed design is entitled to patent protection and contends that the ’968 Patent is invalid and unenforceable.

As discussed above, these Invalidity Contentions are based on the information presently known and reasonably available to Defendant. Defendant is in receipt of Plaintiff’s June 11, 2026 written responses to Defendant’s First Set of Interrogatories and Requests for Production, which were served on April 21, 2026. However, as of Friday, June 19, 2026, Plaintiff had not produced any documents responsive to Defendant’s Requests for Production.

On Saturday, June 20, 2026, during the weekend immediately preceding Defendant’s Monday, June 22, 2026 deadline to serve these Invalidity Contentions, Plaintiff produced approximately 64 pages of documents consisting primarily of prosecution-related materials for the ’968 Patent and a limited number of marketing

TROJAN LAW OFFICES
BEVERLY HILLS

materials. Given the timing of this production, Defendant has had little to no opportunity to meaningfully review and analyze these materials before serving these Invalidity Contentions. Moreover, *Plaintiff's production appears significantly deficient in light of both the documents required to be produced under S.P.R. 3.2 and Defendant's discovery requests*.

Accordingly, Defendant reserves the right to supplement, amend, modify, or revise these Invalidity Contentions based on its continued review of Plaintiff's production, any additional documents or information produced by Plaintiff, expert analysis, third-party discovery, or other information obtained during discovery.

**II. Functionality and Lack of Ornamentality Under 35 U.S.C. § 171**

Under 35 U.S.C. § 171, "a design patent may be granted for a 'new, original and ornamental design for an article of manufacture.' However, if the design claimed in a design patent **is dictated solely by the function** of the article of manufacture, **the patent is invalid** because the design is not ornamental." *Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996) (emphasis added).

Defendant contends that the claimed design of the '968 Patent is invalid because the purported design is primarily functional rather than ornamental. The features depicted in the patent drawings are dictated by utilitarian considerations and serve functional purposes related to the operation, performance, manufacture, or structural characteristics of the claimed article. As such, the claimed design lacks the ornamentality required for protection under 35 U.S.C. § 171.

The spiral spoke as claimed in the '968 Patent is primarily functional, not ornamental. Twisting or spiraling metal spokes increases rigidity and strength, improves load distribution, reduces stress concentrations, and enhances the overall durability and performance.[1] It is general knowledge in the industry that twisted or spiral metal spokes can make a wheel stronger and more durable by helping force

[1]https://www.sciencedaily.com/releases/2014/04/140408154432.htm



TROJAN LAW OFFICES
BEVERLY HILLS

spread through the wheel instead of concentrating in one spot. Their curved shape lets the spokes flex slightly when the wheel experiences bumps, vibration, or side pressure, allowing nearby spokes to share the load and reducing the chance of cracks or breaks at weak points. This added strength and flexibility helps the wheel better withstand repeated impacts and everyday wear.[2] *See also* Exs. 29A-29C.

Critically, these functional benefits are expressly recognized by Plaintiff DNA in its own marketing materials. With respect to its spiral or twisted spoke "Cali Fat 52-Spoke" design, DNA states that its "Patented Cali Spoke Design [is] Built for Bold Performance" and that its "Massive 3/8" Stainless Steel Spokes [are] Designed for maximum strength, [and] durability." These statements expressly attribute performance, strength, and durability benefits to the spiral or twisted spoke design. (*See* Exs. 21-25).

Similarly, with respect to the spiral spoke and twisted design used in its "Cali Traditional 60 Spoke" wheel, DNA states: "60-Spoke Construction: Distributes weight evenly for less spoke stress and higher load capacity." This statement likewise identifies functional benefits associated with the claimed spiral spoke design. (*See* Exs. 21-25).

The foregoing statements by DNA can be found on the following webpages:

https://www.dnaspecialty.com/products/cali-fat-spoke-wheel-indian?_pos=2&_sid=914efd2af&_ss=r

and

https://www.dnaspecialty.com/products/cali-traditional-60-spoke-wheel?srsltid=AfmBOopL6ysK6p63zVn5ZZ0gnK0RVFIEaLQcsjCqI9F5_AlqaV3R9ETo

[2] Sources: https://people.duke.edu/~hpgavin/papers/HPGavin-Wheel-Paper.pdf; https://www.nature.com/articles/ncomms4580; Brown University. "New twist makes for better steel: Greater strength without loss of ductility." ScienceDaily. ScienceDaily, 8 April 2014. www.sciencedaily.com/releases/2014/04/140408154432.htm; https://www.researchgate.net/publication/267648750_Effects_of_Twist_on_Chain_Strength_and_Fatigue_Performance_Small_Scale_Test_Results



TROJAN LAW OFFICES
BEVERLY HILLS

Based on the foregoing, DNA's own public statements therefore confirm that the claimed spiral spoke configuration serves utilitarian purposes and provides functional benefits relating to wheel strength, load distribution, durability, and performance. Such admissions are inconsistent with any contention that the claimed design is purely ornamental.

Because the visual characteristics of the claimed design are dictated by functional considerations rather than aesthetic choices, the '968 Patent fails to satisfy the ornamentality requirement of § 171 and is therefore invalid.

To be clear, Sharkroad contends that the wheel-spoke design is functional in its entirety. But even assuming some ornamental aspect exists, the scope of the design patent must be limited to the specific visual features shown in the claimed design, not to twisted wheel spokes generally. For example, the claimed design depicts a rectangular spoke with a wider face and narrower edge that appears to twist three times along its length. DNA cannot expand that narrow depiction into a monopoly over all twisted wheel spokes. If DNA contends that the design patent covers any twisted spoke, that position confirms the design's functionality because industry sources recognize that twisting metal spokes increases strength and durability. Alternatively, if DNA contends that the patent covers twisted spokes generally as an ornamental design, then the claim is anticipated and/or obvious in view of the prior art discussed below.

## III. Limited Scope of the Claimed Design

As discussed above, even assuming, arguendo, that some aspects of the claimed design possess ornamental characteristics, which Defendant expressly disputes, the scope of the claimed design is extremely limited.

The opposite ends of the claimed spiral wheel spoke shown in the '968 Patent are depicted in broken lines and therefore form no part of the claimed design. Accordingly, those portions are excluded from the scope of the claimed design and do not contribute to its overall visual appearance.



TROJAN LAW OFFICES
BEVERLY HILLS

Viewed from the perspective of an ordinary observer and considering only the portions shown in solid lines, the only discernible feature contributing to the overall visual impression of the claimed design is the spiral or twisted configuration of the elongated spoke itself, as illustrated, for example, in Figure 1 of the '968 Patent, reproduced below:



FIG.1

This limited scope of the claimed design is further confirmed by DNA's own discovery responses. In response to Sharkroad's First Set of Interrogatories, served on April 21, 2026, Interrogatory No. 1, DNA stated that "What is claimed in the '968 Patent is an ornamental design of a spirally shaped wheel spoke. The spoke is necessarily weight bearing to connect the hub to the rim, but its spiral shape is not functionally necessary and contributes to the overall ornamental appearance of the claimed design. The threaded ends shown in the drawings are functional and are not part of the claimed design." Thus, DNA expressly acknowledges that the threaded ends shown in broken lines are functional and excluded from the claimed design, and further confirms that the only purportedly ornamental feature of the claimed design is the spiral shape or configuration of the spoke itself.

TROJAN LAW OFFICES
BEVERLY HILLS

## IV. The Identity of Prior Art

Pursuant to Section 3-3(a) of the Court's Standing Order Re Patent Cases (Dkt. 11), Sharkroad identifies below the prior art references upon which it may rely in support of its invalidity defenses to the '968 Patent. These references include patents, published patent applications, products, records of public use, public sales, publications, or other materials that may constitute prior art under 35 U.S.C. §§ 102 and/or 103. The prior art references identified herein are based on information presently known and reasonably available to Sharkroad. Sharkroad reserves the right to rely upon any identified reference alone or in combination with any other prior art reference.

### A. Prior Art Arising from Non-Patent Literature, Public Sales, and Public Use

#### 1- Twisted Chrome Spokes For 21" Wheel (Exs. 1A-1B) ("NPL 1")

a. Known Publication or Offer-for-Sale Date –05/15/2013 on Wayback Machine (Ex. 1B), and 03/29/2010 based on customer reviews.

b. Known Seller - J&P Cycles.

c. Known Manufacturer - V-Twin Mfg.

d. Webpage Link - https://www.jpcycles.com/product/v-twin-mfg-twisted-chrome-spokes-for-21-wheel?sku_id=10247127

e. Webpage Link of Wayback Machine - https://web.archive.org/web/20130315054519/http://www.jpcycles.com/product/2000140

f. Product Exemplar



TROJAN LAW OFFICES
BEVERLY HILLS



**2- Spiral (Twisted) Spoke (Exs. 2A-2B) ("NPL 2")**

a. Known Publication or Offer-for-Sale Date –06/14/2014 on Wayback Machine (Ex. 2B).

b. Name of the Seller or Manufacturer - Buchanan's Spoke & Rim, Inc.

c. Webpage Link - https://www.buchananspokes.com/categories/design_spokes.asp

d. Webpage Link of Wayback Machine - https://web.archive.org/web/20140614021217/https://www.buchananspokes.com/categories/design_spokes.asp

e. Product Exemplar



Spiral (Twisted) Spoke

**3- J&P Cycles Twisted Spokes For 16" Wheel (Exs. 3A-3B) ("NPL 3")**

a. Known Publication or Offer-for-Sale Date – 11/10/2012 on Wayback Machine, and 09/12/2008 based on customer reviews.

b. Name of the Seller or Manufacturer - J&P Cycles.



TROJAN LAW OFFICES
BEVERLY HILLS

c. Webpage Link - https://www.jpcycles.com/product/jp-cycles-twisted-spokes-for-16-wheel?sku_id=10236917

d. Webpage Link of Wayback Machine - https://web.archive.org/web/20121110031818/http://www.jpcycles.com/product/2000040

e. Product Exemplar



**4- V-Twin Mfg. 40 Twirled Spoke Front Wheel For Harley FXD / FXR / XL 1984-1999 (Ex. 4) ("NPL 4")**

a. Known Publication or Offer-for-Sale Date - 03/26/2010 based on customer reviews.

b. Name of the Seller - J&P Cycles.

c. Name of the Manufacturer - V-Twin Mfg.

d. Webpage Link - https://www.jpcycles.com/product/v-twin-mfg-40-twirled-spoke-front-wheel-for-harley-fxd-fxr-xl-1984-1999?sku_id=10241644

e. Product Exemplar



TROJAN LAW OFFICES
BEVERLY HILLS



**5- V-Twin Mfg. Twirled Spoke Chrome Front Wheel, 21" X 2.15" For Harley 2000-2006 (Ex. 5) ("NPL 5")**

a. Known Publication or Offer-for-Sale Date - 04/08/2020 based on customer reviews.

b. Name of the Seller - J&P Cycles.

c. Name of the Manufacturer - V-Twin Mfg.

d. Webpage Link - https://www.jpcycles.com/product/v-twin-mfg-twirled-spoke-chrome-front-wheel-21-x-215-for-harley-2000-2006?sku_id=10241662

e. Product Exemplar



**6- Chrome 21" Spoke Set Twirled Type Buchanan (Exs. 6A-6B) ("NPL 6")**

a. Known Publication or Offer-for-Sale Date – 08/05/2020 on Wayback Machine.

b. Name of the Manufacturer - Buchanan Spoke.

c. Name of the Seller – V-Twin Mfg.

d. Webpage Link - https://www2.vtwinmfg.com/chrome-21-spoke-set-twirled-type-buchanan-1.html

e. Webpage Link of Wayback Machine - https://web.archive.org/web/20200805082934/https://www2.vtwinmfg.com/chrome-21-spoke-set-twirled-type-buchanan-1.html

f. Product Exemplar



**7- Twisted Spoke (Exs. 7A-7B) ("NPL 7")**

a. Known Publication or Offer-for-Sale Date – 12/14/2016 on Wayback Machine.

b. Name of the Seller or Manufacturer - Pacific Coast Star.

c. Webpage Link - https://www.pacificcoaststar.com/pcs/road-star-chroming-spoke-rim.htm

d. Webpage Link of Wayback Machine - https://web.archive.org/web/20161214194831/https://www.pacificcoaststar.com/pcs/road-star-chroming-spoke-rim.htm

e. Product Exemplar



TROJAN LAW OFFICES
BEVERLY HILLS




**8- Custom Wire Wheel: Spoke selection - Twisted spoke, Fat Twisted spoke (Exs. 8A-8B) ("NPL 8")**

a. Known Publication or Offer-for-Sale Date – 02/09/2006 on Wayback Machine.

b. Name of the Seller or Manufacturer - HD Wheels.

c. Webpage Link - https://www.hdwheels.com/Product.htm

d. Webpage Link of Wayback Machine - https://web.archive.org/web/20060209232359/http://hdwheels.com/Product.htm

e. Product Exemplar




**9- Spoke Motorcycle Wheels (Exs. 9A-9C) ("NPL 9")**

a. Known Publication or Offer-for-Sale Date - 11/15/2019 on Wayback Machine.



TROJAN LAW OFFICES
BEVERLY HILLS

b. Name of the Seller or Manufacturer - Ridewright Wheels.

c. Webpage Link - https://ridewrightwheels.com/collections/crosslaced-classics/products/spoke-motorcycle-wheels-1

d. Webpage Link of Wayback Machine - https://web.archive.org/web/20191115125922/https://ridewrightwheels.com/collections/the-spokes/products/80-spoke-motorcycle-wheel

e. Product Exemplar




**10- Harley Davidson 80 spoke twisted chrome 16 x 3 wheel awesome quality available custom cruisers uk (Ex. 10) ("NPL 10")**

a. Known Publication or Offer-for-Sale Date on YouTube - 1/30/2021.

b. Name of the Publisher - CUSTOM CRUISERS LIMITED.

c. Webpage Link - https://www.youtube.com/watch?v=oUiPqw2JZQw

d. Product Exemplar

TROJAN LAW OFFICES
BEVERLY HILLS



**11- Lowrider 20" 36 Twisted Spoke Chrome Front Bicycle Wheel (Ex. 11) ("NPL 11")**

a. Known Publication or Offer-for-Sale Date - 6/13/2014 based on relevant customer reviews.

b. Name of the Seller or Manufacturer – Lowrider.

c. Product Exemplar



**12- Candy Red and Chrome Mammoth Twisted Spoke Wheels (Ex. 12) ("NPL 12")**

a. Known Publication or Offer-for-Sale Date on Facebook - 9/02/2020.

b. Name of the Seller or Manufacturer - HOT RODS & HANDLEBARS.



TROJAN LAW OFFICES
BEVERLY HILLS

c. Webpage Link - https://www.facebook.com/TeamHandH/videos/hot-damn-candy-red-and-chrome-mammoth-twisted-spoke-wheels-ifitaintlouditaintus-/10157828450548883/

d. Product Exemplar



**13- Twisted Spokes (Ex. 13) ("NPL 13")**

a. Known Publication or Offer-for-Sale Date on YouTube - 9/11/2019.

b. Name of the Seller or Manufacturer - Long Beach Custom Baggers Parts 4 Sale.

c. Webpage Link - https://www.youtube.com/watch?v=NO17BYaUe8Y

d. Product Exemplar

TROJAN LAW OFFICES
BEVERLY HILLS



**14- Twisted Chrome Steel Spokes (Ex. 14) ("NPL 14")**

a. Known Publication or Offer-for-Sale Date on Instagram- 4/25/2018 as evidenced by the posting date associated with the relevant social media post.

b. Name of the Seller or Manufacturer - Buchanan's Spoke.

c. Webpage Link - https://www.instagram.com/p/BiAi7eBhuOG/?img_index=1

d. Product Exemplar



**15- Polished Stainless Twisted Spoke Set (Ex. 15) ("NPL 15")**

a. Known Publication or Offer-for-Sale Date - 2/23/2018 as evidenced by the posting date associated with the relevant social media post.

b. Name of the Seller or Manufacturer - Buchanan's Spoke.



TROJAN LAW OFFICES
BEVERLY HILLS

c. Webpage Link - https://www.instagram.com/p/BfjVDXtj7CB/

d. Product Exemplar



**16- 50 Twista Spokes - 17" - Gloss Black (Exs. 16A-16B) ("NPL 16")**

a. Known Publication or Offer-for-Sale Date - 11/21/2019 on Wayback Machine.

b. Name of the Seller or Manufacturer - RideWright Wheels.

c. Webpage Link - https://ridewrightwheels.com/products/50-twista-spokes-17-gloss-black?_pos=9&_sid=eecaa2076&_ss=r

d. Webpage Link of Wayback Machine - https://web.archive.org/web/20190821012413/https://ridewrightwheels.com/products/50-twista-spokes-17-gloss-black

e. Product Exemplar

TROJAN LAW OFFICES
BEVERLY HILLS



**17- 40 Twisted Spokes - 18" - Lolly Pop Blue (Exs. 17A-17B) ("NPL 17")**

a. Known Publication or Offer-for-Sale Date - 11/18/2019 on Wayback Machine.

b. Name of the Seller or Manufacturer - RideWright Wheels.

c. Webpage Link - https://ridewrightwheels.com/products/40-twisted-spokes-18-lolly-pop-blue?_pos=2&_sid=eecaa2076&_ss=r

d. Webpage Link of Wayback Machine - https://web.archive.org/web/20191118003850/https://ridewrightwheels.com/products/40-twisted-spokes-18-lolly-pop-blue

e. Product Exemplar

TROJAN LAW OFFICES
BEVERLY HILLS



**18- 40 Twisted Spokes - 17" – Brass (Exs. 18A-18B) ("NPL 18")**

a. Known Publication or Offer-for-Sale Date - 07/20/2019 on Wayback Machine.

b. Name of the Seller or Manufacturer - RideWright Wheels.

c. Webpage Link - https://ridewrightwheels.com/products/40-twisted-spokes-17-brass?_pos=1&_sid=eecaa2076&_ss=r

d. Webpage Link of Wayback Machine - https://web.archive.org/web/20190720160659/https://ridewrightwheels.com/products/40-twisted-spokes-17-brass

e. Product Exemplar





TROJAN LAW OFFICES
BEVERLY HILLS

**19- 80 Twisted Spokes - 21" - Gloss Black (Exhs. 19A-19B) ("NPL 19")**

a. Known Publication or Offer-for-Sale Date - 7/18/2019 on Wayback Machine.

b. Name of the Seller or Manufacturer - RideWright Wheels.

c. Webpage Link - https://ridewrightwheels.com/products/80-twisted-spokes-21-gloss-black?_pos=19&_sid=eecaa2076&_ss=r

d. Webpage Link of Wayback Machine - https://web.archive.org/web/20190718045452/https://ridewrightwheels.com/products/80-twisted-spokes-21-gloss-black

e. Product Exemplar



**20- 50 Spoke Twista Softlip (Ex. 20) ("NPL 20")**

a. Known Publication or Offer-for-Sale Date - 6/9/2012 on Wayback Machine.

b. Name of the Seller or Manufacturer - RideWright Wheels.

c. Webpage Link of Wayback Machine - https://web.archive.org/web/20120609024441/http://www.ridewrightwheels.com/collections/spoke-motorcycle-wheels/products/50-

TROJAN LAW OFFICES
BEVERLY HILLS

spoke-twista-softlip-1

d. Product Exemplar



**21- Spiral (Twisted Spoke) (Exs. 26A-26E) ("NPL 20")**

a. Known Publication or Offer-for-Sale Date – As early as 1990, as reflected in the catalog cover produced pursuant to a third-party subpoena to Buchanan's Spoke & Rim, Inc., and further corroborated by representative sales invoices from 2007, 2015, and 2022.

b. Name of the Seller or Manufacturer – Buchanan's Spoke & Rim, Inc.

c. Product Exemplar



Spiral (Twisted) Spoke

**22- Spiral (Twisted Spoke) (Exs. 27A-26F) ("NPL 22")**

a. Known Publication or Offer-for-Sale Date – As early as 1990, as



TROJAN LAW OFFICES
BEVERLY HILLS

reflected in the catalog cover produced pursuant to a third-party subpoena to Buchanan's Spoke & Rim, Inc., and further corroborated by representative sales invoices from 2007, 2015, and 2022.

b. Name of the Seller or Manufacturer – Buchanan's Spoke & Rim, Inc.

c. Product Exemplar



**B. Patents**

| Country & Patent No. | Issue Date | First Inventor |
|---|---|---|
| U.S. 598,620 (Ex. 28) (the "'620 Patent") | Feb. 8, 1898 | W. G. Allen |

**C. The Cited Prior Art Constitutes Analogous Art**

The references identified above constitute analogous prior art to the claimed design of the '968 Patent because they are directed to the same field of endeavor, namely, wheel spokes and wheel spoke designs, and address the same or substantially similar design considerations as the claimed design. Several of these references are products, publications, or marketing materials of Plaintiff's competitors and reflect designs that were publicly known, publicly displayed, offered for sale, sold, and/or otherwise made available to the public in the ordinary course of business in the relevant industry. **Each of the cited references was publicly available prior to the earliest claimed priority date of the '968 Patent, April 19, 2023**, and originated



TROJAN LAW OFFICES
BEVERLY HILLS

from persons or entities other than the named inventor or patent owner. Accordingly, the cited references qualify as prior art and may be relied upon, individually and/or in combination, to demonstrate that the claimed design is anticipated and/or rendered obvious under 35 U.S.C. §§ 102 and 103.

## V. Anticipation (35 U.S.C. § 102)

The Supreme Court held that if, "**in the eye of an ordinary observer**, giving such attention as a purchaser usually gives, **two designs are substantially the same**, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009) (citing *Gorham Mfg. Co. v. White*, 14 Wall. 511, 81 U.S. 511, 528, 20 L.Ed. 731 (1871) (emphasis added)). The Federal Circuit has held that "the ordinary observer test must logically be the sole test for anticipation as well." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009).

The Federal Court in *Seaway* further noted that "Although the ordinary observer test requires consideration of the design as a whole, …, this does not prevent the district court on summary judgment from determining that individual features of the design are insignificant from the point of view of the ordinary observer and should not be considered as part of the overall comparison, and that "**minor differences cannot prevent a finding of anticipation**." *Int'l Seaway Trading Corp.*, 589 F.3d 1233, 1243 (Fed. Cir. 2009) (emphasis added).

Among the references outlined in Section I, at least the following references can be relied upon to invalidate the design claimed in the '968 Patent under 35 U.S.C. § 102:

| **The '968 Patent – Claimed Design, Fig. 1** | **Prior Art Reference(s)** | **Invalidity - Anticipation** |
| --- | --- | --- |

TROJAN LAW OFFICES
BEVERLY HILLS

| | | |
|---|---|---|
|  FIG.1 | **NPL 1 and NPL 3**  | The cited references (NPL 1-2) disclose the same overall visual impression as the claimed design when viewed from the perspective of an ordinary observer. The opposite ends of the claimed wheel spoke are depicted in broken lines and therefore form no part of the claimed design. Accordingly, the scope of the claimed design is limited |



TROJAN LAW OFFICES
BEVERLY HILLS

| | | |
|---|---|---|
| | | primarily to the spiral or twisted configuration of the elongated spoke shown in solid lines. The cited references disclose the same or substantially the same spiral or twisted spoke configuration, creating an overall appearance that is substantially identical to, or at least not meaningfully distinguishabl e from, the claimed |

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

| | | |
|---|---|---|
| | | design. Any differences between the claimed design and the cited references are minor, insignificant, and would not be noticeable to an ordinary observer familiar with wheel spoke designs. Accordingly, the cited reference anticipates the claimed design under 35 U.S.C. § 102. |
|  FIG.1 | **NPL 2** | A similar anticipation analysis as set forth above |

| | | |
|---|---|---|
| |   | with respect to NPL 1 and NPL 3 |
|  FIG.1 | **NPL 4**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |
|  FIG.1 | **NPL 5**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |

TROJAN LAW OFFICES
BEVERLY HILLS

| | | |
|---|---|---|
|  FIG.1 | **NPL 6**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |
|  FIG.1 | **NPL 7**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |
|  FIG.1 | **NPL 8**   | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |
|  FIG.1 | **NPL 9** | A similar anticipation analysis as set forth above with respect to |

TROJAN LAW OFFICES
BEVERLY HILLS

| | | |
|---|---|---|
| |  | NPL 1 and NPL 3 |
|  FIG.1 | **NPL 10**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |
|  FIG.1 | **NPL 14**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
Beverly Hills

| | | |
|---|---|---|
|  FIG.1 | **NPL 15**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |
|  FIG.1 | **NPL 16**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |
|  FIG.1 | **NPL 17**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |

| | | |
|---|---|---|
|  FIG.1 | **NPL 18**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |
|  FIG.1 | **NPL 19**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |
|  FIG.1 | **NPL 20**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |

TROJAN LAW OFFICES
BEVERLY HILLS

| | | |
|---|---|---|
|  FIG.1 | **NPL 21**   | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |
|  FIG.1 | **NPL 22**  | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |
|  FIG.1 | **The** ’620 Patent   | A similar anticipation analysis as set forth above with respect to NPL 1 and NPL 3 |

**V. Obviousness (35 U.S.C. § 103)**

Following the Federal Circuit's *en banc* decision in *LKQ*, “[w]here a primary reference alone does not render the claimed design obvious, secondary references may be considered. The primary and secondary references need not be ‘so related’



TROJAN LAW OFFICES
BEVERLY HILLS

such that features in one would suggest application of those features in the other but they must both be analogous art to the patented design. Consistent with *KSR*, the motivation to combine these references need not come from the references themselves." *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 102 F.4th 1280, 1299 (Fed. Cir. 2024).

The Federal Circuit further held in *LKQ* "that '[i]nvalidity based on obviousness of a patented design is determined [based] on factual criteria similar to those that have been developed as analytical tools for reviewing the validity of a utility patent under § 103, that is, on application of the *Graham* factors.'" *LKQ Corp.*, 102 F.4th at 1295 (citing *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1462 (Fed. Cir. 1997)).

In assessing obviousness, the Federal Circuit has instructed that, under Graham factor one, "the fact finder should consider the 'scope and content of the prior art' within the knowledge of an ordinary designer in the field of the design." *LKQ Corp.*, 102 F.4th at 1295–96. Graham factor two focuses on "determining the differences between the prior art designs and the design claim at issue." *Id.* at 1298. Under Graham factor three, "'the level of ordinary skill in the pertinent art [must be] resolved.'" *Id.* at 1298–99. As the Federal Circuit further explained, "[i]n the design patent context, we have interpreted 'a person of ordinary skill in the art to which the invention pertains' in § 103 as meaning that obviousness of a design patent claim is assessed from the viewpoint of an ordinary designer in the field to which the claimed design pertains." *Id.* at 1299. Finally, the obviousness inquiry also "requires assessment of secondary considerations as indicia of obviousness or nonobviousness, when evidence of such considerations is presented." *Id.* at 1300.

Applying these principles here, Defendant contends that the asserted claim of the '968 Patent is invalid under 35 U.S.C. § 103. While Defendant believes that each of the prior-art references discussed in the preceding section anticipates the claimed design under 35 U.S.C. § 102, to the extent any individual reference is found not to



TROJAN LAW OFFICES
BEVERLY HILLS

disclose every aspect of the claimed design and therefore not to anticipate, Defendant contends that each such reference at least renders the claimed design obvious.

As discussed above, the scope of the claimed design is exceedingly narrow. The opposite ends of the claimed wheel spoke are depicted in broken lines and therefore form no part of the claimed design. Viewed from the perspective of an ordinary observer and considering only the portions shown in solid lines, the only discernible feature contributing to the overall visual impression of the claimed design is the spiral or twisted configuration of the elongated spoke itself.

The prior-art references identified above fall squarely within the same field of endeavor as the claimed design, namely, wheel spokes and wheel-spoke configurations. Under Graham factor one, these references constitute highly relevant prior art within the knowledge of an ordinary designer of wheel spokes. Under Graham factor two, any differences between the claimed design and the cited references are minimal and relate only to insignificant variations in the implementation, dimensions, degree of twist, or other functional details of a known spiral or twisted spoke configuration. Such differences do not alter the overall visual impression of the design. It is black letter patent law that "**differences in measurements, or thickness of materials, or design of structures** such as here considered do not rise to invention, nor, likewise, do size and cost. To the lay eye and understanding there was no real improvement or advance beyond **physical requirements of the users** and this **did not constitute invention**." *See Application of Saether*, 492 F.2d 849, 855 (C.C.P.A. 1974) (emphasis added).

Under Graham factor three, an ordinary designer of wheel spokes would have been familiar with the various spiral and twisted spoke configurations disclosed in the cited references and would have found it obvious to adopt, modify, or incorporate any minor variations reflected therein. Because all of the cited references concern the same type of article and disclose substantially the same spiral or twisted spoke configuration, any such modifications would have constituted nothing more than the

TROJAN LAW OFFICES
BEVERLY HILLS

predictable application of known design and functional characteristics within the same field.

Accordingly, even if any individual prior-art reference is found not to anticipate the claimed design, the claimed design would nevertheless have been obvious to an ordinary designer in the field in view of that reference. Moreover, to the extent any combination of references is considered, the cited references constitute analogous art directed to the same field of wheel-spoke design, and an ordinary designer would have been motivated to consider and combine the teachings reflected therein. The asserted claim is therefore invalid under 35 U.S.C. § 103.

As an illustrative application of the foregoing analysis, Defendant provides the following example based on NPL 21, identified in Section IV.A above.

NPL 21, identified in Section IV.A above, is a non-patent literature reference directed to spiral or twisted spokes sold by Buchanan's Spoke & Rim, Inc. ("Buchanan"), and demonstrates that spiral spokes were available to the public well before the earliest claimed priority date of the '968 Patent, April 19, 2023. According to Buchanan's response to Defendant's third-party subpoena, Buchanan has sold "spiral spokes" as early as 1986, and has featured a "twisted Spiral spoke" on the cover of its catalogs since approximately 1990. Buchanan further produced a dealer catalog available since 2008 depicting spiral spokes, as well as sales invoices from 2007, 2015, and 2022 confirming continued commercial sales of such products. (*See* Exs. 26A–26E). These materials reflect long-standing public use and sale of spiral spoke designs that are identical or substantially similar in appearance to the claimed design.

An illustrative comparison of the '968 Patent design is provided below, with the claimed design depicted first and NPL 21 shown beneath it:

TROJAN LAW OFFICES
BEVERLY HILLS



FIG.2



Spiral (Twisted) Spoke

As discussed above, the scope of the claimed design is narrow and, as admitted by DNA, is limited to the spiral or twisted configuration of the elongated spoke body.

NPL 21 falls squarely within the same field of endeavor as the claimed design, namely wheel spokes and wheel-spoke configurations. Under Graham factor one, NPL 21 constitutes highly relevant prior art within the knowledge of an ordinary designer in the field of wheel-spoke design.

Under Graham factor two, NPL 21 discloses a spiral or twisted spoke configuration that is identical or substantially similar in overall visual appearance to the claimed design from the perspective of an ordinary observer. Even assuming any differences exist, such differences are minor and relate only to variations in dimensions or degree of twist. These differences do not alter the overall visual impression of the design. As the court has recognized, "differences in measurements, or thickness of materials, or design of structures such as here considered do not rise to invention, nor, likewise, do size and cost. To the lay eye and understanding there was no real improvement or advance beyond physical requirements of the users and this did not constitute invention." *Application of Saether*, 492 F.2d 849, 855 (C.C.P.A. 1974).

Under Graham factor three, an ordinary designer of wheel spokes would have been familiar with spiral and twisted spoke configurations such as those disclosed in NPL 21 and would have found it obvious to adopt or modify such known designs. Because NPL 21 concerns the same type of article and discloses substantially the



TROJAN LAW OFFICES
BEVERLY HILLS

same spiral spoke configuration, any modifications would constitute nothing more than the predictable application of known design principles within the field.

Accordingly, even if NPL 21 is not found to anticipate the claimed design, it renders the claimed design obvious under 35 U.S.C. § 103. To the extent combinations are considered, NPL 20 and the other cited references constitute analogous art directed to the same field of wheel-spoke design, and an ordinary designer would have been motivated to consider and combine their teachings.

The same analysis applies with equal force to the other prior-art references identified in the preceding section under the § 102 analysis, each of which independently renders the claimed design obvious.

## VI. Inequitable Conduct

Sharkroad contends that DNA reasonably should have been aware, prior to the filing of the application that issued as the ’968 Patent, of certain third-party distributors, manufacturers, and products in the relevant field involving twisted, twirled, spiral, and/or fat twisted spoke products. That contention is based on the following:

The ’968 Patent is titled “Spiral Wheel Spoke,” issued on August 5, 2025, and arose from U.S. Patent Application No. 29/874,416, filed on April 19, 2023.

The named inventor and original applicant of the application that issued as the ’968 Patent was Jerry Lehman. Mr. Lehman’s address identified in the application materials was 200 West Artesia Blvd., Compton, California 90220.

DNA is a California corporation that was established in 1984 selling automotive parts and incorporated in 1991 when it expanded into the motorcycle industry producing wheels, and motorcycle equipment. It has been in the business of selling motorcycle wheels for at least 25 years. Sun Seop Choi signed the incorporating documents in 1991.

On or about May 30, 2025, Jerry Lehman assigned his rights in U.S. Patent Application No. 29/874,416 to Paul Choi.

On or about September 11, 2025, Paul Choi assigned his rights in the ’968 Patent and U.S. Patent Application No. 29/874,416 to DNA Specialty, Inc.

DNA’s principal address, as reflected in the assignment from Paul Choi to DNA, is 200 W. Artesia Blvd., Compton, California 90220—the same address associated with Mr. Lehman in the application materials and with Paul Choi in the assignment records.

Jerry Lehman, Paul Choi, and DNA’s principals, including James Choi and/or Sun Choi, were aware of DNA’s long-standing 25-year business in the motorcycle wheel and spoke wheel industry and were aware of prior commercial spoke wheel and twisted spoke designs that predated the April 19, 2023 filing date of the ’968 Patent, which were sold by its direct competitors.

Jerry Lehman was acting for, with, or on behalf of DNA and/or its principals in connection with the application that issued as the ’968 Patent, including because Mr. Lehman used the same 200 W. Artesia Blvd., Compton, California 90220 address associated with DNA and Paul Choi.

Jerry Lehman, Paul Choi, and DNA’s principals, including James Choi and/or Sun Choi, were individuals reasonably associated with the preparation, filing, and/or prosecution of the application that issued as the ’968 Patent, or were otherwise substantively involved in the application and transfer of rights in the claimed design.

During prosecution of the application that issued as the ’968 Patent, no Information Disclosure Statement was submitted identifying the prior commercial spoke wheel and twisted spoke products known to DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi. No information disclosure statement was submitted despite the fact that DNA was in the business of selling motorcycle wheels for over 20 years, during which time it would be certainly been aware of twisted spokes that were sold by its competitors.

TROJAN LAW OFFICES
BEVERLY HILLS

The prosecution history of the ’968 Patent reflects that the USPTO Examiner cited certain patent references and a limited number of products.

Before the April 19, 2023 filing date of the ’968 Patent, numerous prior art products using twisted, twirled, spiral, or fat twisted spoke designs were publicly known, used, offered for sale, and/or sold, including, at a minimum, the products listed in Section IV.A above.

The prior art products identified in the present invalidity contentions are material to the patentability of the ’968 Patent because they disclose the same or substantially the same ornamental features claimed in the ’968 Patent, including twisted, twirled, spiral, and/or fat twisted spoke designs used in motorcycle wheel applications.

As discussed in the preceding sections, the prior art products identified above create the same overall visual impression as the claimed design of the ’968 Patent, or at least render that design an obvious variation of known twisted spoke and spiral spoke designs that were already publicly available before the filing date of the ’968 Patent.

The prior art products identified above are especially material because prior commercial twisted, twirled, and spiral spoke products are directly material to patentability.

Had the Examiner been informed of the prior commercial twisted spoke, twirled spoke, spiral spoke, and fat twisted spoke products identified above, the Examiner would have rejected the claimed design as anticipated and/or obvious in view of those prior art products.

DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi knew of the prior art products identified above before and during prosecution of the application that issued as the ’968 Patent because DNA had been in the motorcycle wheel and spoke wheel business for over twenty years and because those products were publicly sold, advertised, and reviewed in the same industry in which DNA operated. Some



TROJAN LAW OFFICES
BEVERLY HILLS

competitors sold twisted spoke products as early as 2010, which predated the filing of the ‘968 Application by over ten years.

DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi also knew that the prior art products identified above were material to patentability because those products disclosed the same or substantially the same ornamental twisted, twirled, spiral, and/or fat twisted spoke designs that DNA later claimed as proprietary in the ’968 Patent and in this lawsuit.

DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi intentionally withheld the prior art products identified above from the USPTO during prosecution of the application that issued as the ’968 Patent. The withholding was not accidental or inadvertent. DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi had a strong motive to withhold the prior art because disclosure of the prior art would have shown the Examiner that the claimed spiral wheel spoke design was already known, sold, and used in the motorcycle wheel industry before the filing date of the ’968 Patent.

DNA, Mr. Lehman, Paul Choi, James Choi, and/or Sun Choi intentionally withheld the prior art products identified above with the specific intent to deceive the USPTO into allowing the ’968 Patent to issue.

The inference of deceptive intent is reasonable because the prior art products were not obscure patent references unrelated to DNA’s business; they were commercial motorcycle spoke and spoke wheel products in the same market in which DNA operated for decades, and they directly concerned the same twisted, twirled, spiral, and fat twisted spoke designs claimed in the ’968 Patent.

The inference of deceptive intent is also reasonable because no Information Disclosure Statement identifying those commercial prior art products was submitted, even though the products were publicly available before the filing date and were directly material to the ornamental design the Examiner was asked to allow.

TROJAN LAW OFFICES
BEVERLY HILLS

Based on the foregoing, Sharkroad contends that DNA's inequitable conduct renders the '968 Patent unenforceable.

**VII. Conclusion**

For the reasons set forth above, Defendant contends that the asserted claim of the '968 Patent is invalid. The prior-art references identified herein disclose the same or substantially the same design as the claimed design and therefore anticipate the asserted claim under 35 U.S.C. § 102. Alternatively, to the extent any individual reference is found not to anticipate, the asserted claim would have been obvious to an ordinary designer in the relevant field in view of the cited prior art and is therefore invalid under 35 U.S.C. § 103.

In addition, the claimed design is directed to a primarily functional wheel-spoke configuration and lacks the ornamentality required for design-patent protection under 35 U.S.C. § 171. Accordingly, the asserted claim of the '968 Patent is invalid under at least 35 U.S.C. §§ 102, 103, and 171.

Further, as set forth herein, the '968 Patent is unenforceable due to inequitable conduct. The inventor and/or those acting on behalf of the applicant failed to disclose material prior-art references and information to the United States Patent and Trademark Office, despite knowledge of such information and its materiality to patentability, with the specific intent to deceive the Patent Office. Had the omitted information been disclosed, the asserted claim would not have issued in its present form, if at all. Accordingly, the '968 Patent is unenforceable under the doctrine of inequitable conduct.

Defendant reserves the right to rely upon additional prior art, evidence, legal theories, claim constructions, expert opinions, and other grounds for invalidity and/or unenforceability, that may be identified through ongoing discovery, investigation, expert analysis, or further development of the factual record.

TROJAN LAW OFFICES
BEVERLY HILLS

Respectfully submitted,

By:

Dated: June 22, 2026

/s/R. Joseph Trojan

R. Joseph Trojan
Dylan C. Dang
Francis Wong
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorneys for Defendant
SHARKROAD, INC.

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

## CERTIFICATE OF SERVICE

I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 9250 Wilshire Blvd., Suite 325, Beverly Hills, California 90212.

On June 22, 2026, I served:

**DEFENDANT SHARKROAD, INC.'S INVALIDITY CONTENTIONS**

by transmitting via email to:

Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Craig McLaughlin, Esq. (SBN: 182876)
craig@vakili.com
Jason C. Ming, Esq. (SBN: 219745)
jason@vakili.com
Stephen P. Hoffman, Esq. (SBN: 287075)
hoffman@vakili.com
VAKILI & LEUS, LLP
Counsel for Plaintiff DNA Specialty, Inc.

[X] BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the respective e-mail address of the party as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X] FEDERAL: I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 22, 2026, at Beverly Hills, California.

/s/ Mehdi Poursoltani
Mehdi Poursoltani

TROJAN LAW OFFICES
BEVERLY HILLS