# EXHIBIT 3

Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Craig McLaughlin, Esq. (SBN: 182876)
craig@vakili.com
Jason C. Ming, Esq. (SBN: 219745)
jason@vakili.com
Stephen P. Hoffman, Esq. (SBN: 287075)
hoffman@vakili.com
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051

*Counsel for Plaintiff and Counterclaim Defendant DNA Specialty, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| **DNA SPECIALTY, INC., a California Corporation,**<br><br>**Plaintiff/Counterclaim Defendant,**<br><br>**v.**<br><br>**SHARKROAD, INC., a California Corporation,**<br><br>**Defendant/Counterclaimant.** | **CASE NO.: 2:25-cv-10379-MWC (RAOx)**<br><br>**DNA SPECIALITY, INC.'S RESPONSES TO SHARKROAD, INC.'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>[*Nos. 1–30*] |

**PROPOUNDING PARTY : Defendant SHARKROAD, INC.**

**RESPONDING PARTY : Plaintiff DNA SPECIALTY, INC.**

**SET NUMBER : ONE (1)**

---

**TO PROPOUNDING PARTY AND ITS COUNSEL OF RECORD:**

Pursuant to Rules 26 and 36 of the *Federal Rules of Civil Procedure*, Plaintiff DNA SPECIALTY, INC. ("Plaintiff," "DNA," or "Responding Party") hereby responds to the First Set of Requests for Admission (the "Requests") propounded by Defendant SHARKROAD, INC. ("Defendant," "SHARKROAD," or "Propounding Party).

DNA's responses are made without waiving or intending to waive any objections as to relevancy, privilege, admissibility of any information provided in response to SHARKROAD's Requests, in any subsequent proceeding or at trial of this or any other action, on any ground. A partial response to any Request which has been objected to, in whole or in part, is not intended to be a waiver of the objection.

## PRELIMINARY STATEMENT

These responses are made solely for the purposes of this action. These responses are subject to any and all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all objections and grounds that would permit the exclusion of any statement or response herein if any questions were asked of, or any statement or response made herein were made or disclosed by, witnesses present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. Further, the Requests, and each of them, incorporate defined and undefined terms which render them vague, ambiguous, and uncertain and without any reasonable particularity or limit in violation of the *Federal Rules of Civil Procedure*.

In responding to these Requests, and in producing information and documentation thereunder, Responding Party does not concede the relevancy, competency, or

admissibility at trial of any such response, or of any information contained in any such response, nor any document produced hereunder, nor any information contained in any document produced hereunder.

Responding Party's investigation and discovery is ongoing and is not yet complete. As investigation and discovery proceeds, witnesses, facts and evidence may be discovered which are not set forth herein, but which may have been responsive to discovery requested. Facts and evidence now known may be imperfectly understood or the relevance or consequence of such facts and evidence may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be included in the following responses. Accordingly, this Responding Party reserves the right to conduct investigation and discovery with reference to, or offer into evidence at any subsequent time, including at trial, any and all such documents, facts and evidence subsequently ascertained or discovered, notwithstanding the absence of such reference to such documents, facts and evidence in these responses, and Responding Party reserves the right to supplement these responses at any time.

## GENERAL OBJECTIONS

Responding Party DNA makes the following General Objections to Propounding Party SHARKROAD's First Set of Requests for Admission:

DNA objects to the Requests to the extent they would require DNA to disclose confidential communications which are protected by the attorney-client privilege.

DNA objects to the Requests to the extent they would require DNA to disclose information that comprises work product, including (a) material prepared in anticipation of litigation or in the course of litigation by DNA or its representatives, or (b) mental impressions, conclusions, opinions or legal theories of its attorneys or other representatives.

DNA objects to the Requests to the extent that they seek information that are neither relevant to the issues raised in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

DNA objects to the Requests to the extent that SHARKROAD seeks information that are not within the knowledge of DNA.

DNA objects to the Requests to the extent that they are vague and/or ambiguous.

DNA objects to the Requests to the extent that they are compound, conjunctive, and/or disjunctive.

DNA objects to the Requests to the extent that they are overbroad, unduly burdensome, and/or oppressive.

DNA objects to the Requests to the extent that they are not limited or not reasonably limited as to time and/or scope.

DNA objects to the Requests to the extent that they seek premature expert witness discovery.

These General Objections apply to all of DNA's responses to SHARKROAD's Requests.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

DNA objects to SHARKROAD's Definitions and Instructions to the extent that they exceed the requirements of Rules 26 and 36 of the *Federal Rules of Civil Procedure* and applicable law.

DNA notes that discovery in this case is ongoing and specifically reserves all rights to supplement and/or amend these responses.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Admit that Exhibit A is genuine document from DNA.

**Response to Request for Admission No. 1:**

Admit.

**Request for Admission No. 2:**

Admit that Exhibit A was authored by DNA.

**Response to Request for Admission No. 2:**

Admit.

**Request for Admission No. 3:**

Admit that Exhibit A was published by DNA.

**Response to Request for Admission No. 3:**

Admit.

**Request for Admission No. 4:**

Admit that Exhibit A was published as early as the calendar year of 2021.

**Response to Request for Admission No. 4:**

Deny.

**Request for Admission No. 5:**

Admit that Exhibit A discloses the DNA Twisted Spoke.

**Response to Request for Admission No. 5:**

Admit.

**Request for Admission No. 6:**

Admit that DNA publicly disclosed the DNA Twisted Spoke in 2021.

**Response to Request for Admission No. 6:**

Admit that DNA publicly disclosed the DNA Twisted Spoke in approximately 2021.

**<u>Request for Admission No. 7</u>:**

Admit that DNA's date of first sale of the DNA Twisted Spoke was in 2021.

**<u>Response to Request for Admission No. 7</u>:**

Admit that the first sale of the DNA Twisted Spoke was approximately 2021.

**<u>Request for Admission No. 8</u>:**

Admit Lehman is an employee of DNA.

**<u>Response to Request for Admission No. 8</u>:**

Deny.

**<u>Request for Admission No. 9</u>:**

Admit Lehman is an [*sic*] is [*sic*] involved in the development of DNA's products.

**<u>Response to Request for Admission No. 9</u>:**

DNA admits that Jerry Lehman is involved in the development of DNA's products.

**<u>Request for Admission No. 10</u>:**

Admit Lehman was involved in the development of the DNA Twisted Spoke.

**<u>Response to Request for Admission No. 10</u>:**

Deny.

**<u>Request for Admission No. 11</u>:**

Admit Lehman was involved in the manufacturing of the DNA Twisted Spoke.

**<u>Response to Request for Admission No. 11</u>:**

Deny.

**<u>Request for Admission No. 12</u>:**

Admit Lehman communicated with the manufacturer of the DNA Twisted Spoke about the product.

**<u>Response to Request for Admission No. 12</u>:**

Deny.

**<u>Request for Admission No. 13</u>:**

Admit Paul Choi is an employee of DNA.

**<u>Response to Request for Admission No. 13</u>:**

Deny.

**<u>Request for Admission No. 14</u>:**

Admit Paul Choi is an [*sic*] is [*sic*] involved in the development of DNA's products.

**<u>Response to Request for Admission No. 14</u>:**

DNA admits that Paul Choi is involved in the development of DNA's products.

**<u>Request for Admission No. 15</u>:**

Admit Paul Choi was involved in the development of the DNA Twisted Spoke.

**<u>Response to Request for Admission No. 15</u>:**

Admit.

**<u>Request for Admission No. 16</u>:**

Admit Paul Choi was involved in the manufacturing of the DNA Twisted Spoke.

**<u>Response to Request for Admission No. 16</u>:**

Deny.

**<u>Request for Admission No. 17</u>:**

Admit Paul Choi communicated with the manufacturer of the DNA Twisted Spoke about the product.

**<u>Response to Request for Admission No. 17</u>:**

Admit.

**<u>Request for Admission No. 18</u>:**

Admit that Exhibit A was not disclosed to the USPTO during the prosecution of the ’968 Patent.

**<u>Response to Request for Admission No. 18</u>:**

Admit.

**<u>Request for Admission No. 19</u>:**

Admit that the DNA Twisted Spoke was not disclosed to the USPTO during the prosecution of the ’968 Patent.

**<u>Response to Request for Admission No. 19</u>:**

Admit.

**<u>Request for Admission No. 20</u>:**

Admit that Lehman did not disclose Exhibit A to the USPTO during the prosecution of the ’968 Patent.

**<u>Response to Request for Admission No. 20</u>:**

Admit.

**<u>Request for Admission No. 21</u>:**

Admit that Lehman did not disclose the DNA Twisted Spoke to the USPTO during the prosecution of the ’968 Patent.

**<u>Response to Request for Admission No. 21</u>:**

Admit.

**<u>Request for Admission No. 22</u>:**

Admit that Paul Choi did not disclose Exhibit A to the USPTO during the prosecution of the ’968 Patent.

**<u>Response to Request for Admission No. 22</u>:**

Admit.

**<u>Request for Admission No. 23</u>:**

Admit that Paul Choi did not disclose the DNA Twisted Spoke to the USPTO during the prosecution of the ’968 Patent.

**<u>Response to Request for Admission No. 23</u>:**

Admit.

**<u>Request for Admission No. 24</u>:**

Admit that Jerry Lehman, the named inventor of the ’968 Patent, has also been known as Jerry L. Lehman.

**<u>Response to Request for Admission No. 24</u>:**

Admit.

**<u>Request for Admission No. 25</u>:**

Admit that Jerry Lehman, the named inventor of the ’968 Patent, has also been known as Gerald Lehman.

**<u>Response to Request for Admission No. 25</u>:**

Admit.

**<u>Request for Admission No. 26</u>:**

Admit that Jerry Lehman, the named inventor of the ’968 Patent, has also been known as Jerald Lehman.

**<u>Response to Request for Admission No. 26</u>:**

Deny.

**<u>Request for Admission No. 27</u>:**

Admit that Jerry Lehman, the named inventor of the ’968 Patent, has also been known as Gerald Lucian Lehman.

**<u>Response to Request for Admission No. 27</u>:**

Admit.

**<u>Request for Admission No. 28</u>:**

Admit that Jerry Lehman, the named inventor of the '968 Patent, was named as an inventor on more than four U.S. utility patent applications before April 19, 2023.

**<u>Response to Request for Admission No. 28</u>:**

Deny.

**<u>Request for Admission No. 29</u>:**

Admit that Jerry Lehman, the named inventor of the '968 Patent, was not entitled to micro entity status with respect to the patent application that resulted in the '968 Patent.

**<u>Response to Request for Admission No. 29</u>:**

DNA objects on the grounds that the Request calls for a legal conclusion and therefore no answer is required. *See Cunningham v. Standard Fire Ins. Co*., Civil Action No. 07-cv-02538-REB-KLM, 2008 U.S. Dist. LEXIS 52518, at *8 (D. Colo. May 29, 2008).

**<u>Request for Admission No. 30</u>:**

Admit that the patent application that resulted in the '968 Patent was not entitled to micro entity status at the time the issue fee was paid on July 1, 2025.

**<u>Response to Request for Admission No. 30</u>:**

DNA objects on the grounds that the Request calls for a legal conclusion and therefore no answer is required. *See Cunningham v. Standard Fire Ins. Co*., Civil Action No. 07-cv-02538-REB-KLM, 2008 U.S. Dist. LEXIS 52518, at *8 (D. Colo. May 29, 2008).

DATED: August 24, 2026

**VAKILI & LEUS, LLP**

By: <u>/s/*Craig McLaughlin*</u>
Sa'id Vakili, Esq.
Craig McLaughlin
*Counsel for DNA Specialty, Inc.*

**CERTIFICATE OF SERVICE**

*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-CV-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On August 24, 2026, I served the foregoing document described as **DNA SPECIALITY, INC.'S RESPONSES TO SHARKROAD, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant Sharkroad, Inc.*

I hereby certify that on the 24th day of August 2026, I will cause to be served the above-referenced document via electronic transmission to the person at the e-mail addresses listed above. I declare under penalty under the laws of the United States that the above is true and correct.

Executed on August 24, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming