# EXHIBIT 4

**Thursday, September 24, 2026 at 15:04:13 Pacific Daylight Time**

**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379 – DNA's Responses to to Sharkroad's First Set of RFPs and Interrogatories
**Date:** Friday, June 19, 2026 at 5:19:07 PM Pacific Daylight Time
**From:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>
**To:** Craig McLaughlin <craig@vakili.com>, Jason Ming <jason@vakili.com>, Said Vakili <vakili@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com>, Daphne Gomez <daphne@vakili.com>
**CC:** Joe Trojan <trojan@trojanlawoffices.com>, Francis Wong <wong@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Michiko Speier <speier@trojanlawoffices.com>

Hi Craig,

Thank you for your response. You state that DNA's response to Sharkroad's Interrogatory No. 8 and Doc Request No. 6 "affirms that DNA is unaware of any prior art that would have affected patentability (which by definition would include functionality, conception, and development) and that there was nothing to produce."

Please note that prior art that would affect patentability does not, by definition, encompass the conception, development, and functionality of the claimed design. Indeed, as corroborated by DNA's responses, including its response to Request for Production No. 1 seeking "Documents relating to the conception, design, development, or reduction to practice of the '968 Patent," Plaintiff indicated that it would produce documents.

Additionally, our requests concerning prior art are not limited to Interrogatory No. 8 and Request for Production No. 6. They also include Request for Production No. 5, which seeks "All Documents relating to any prior art known, identified, reviewed, or considered by You or on Your behalf in connection with the '968 Patent." Likewise, Request for Production No. 7 seeks documents "relating to any search for prior art relating to the '968 Patent." Notably, in response to Request No. 7, DNA stated that it would produce responsive documents. That representation is difficult to reconcile with your assertion that there is "nothing to produce" regarding prior art. Given Plaintiff's experience in this field, it is difficult to understand how no spoke designs were known, identified, reviewed, or considered before the conception of the claimed design. In any event, we intend to further meet and confer regarding this issue and will address it separately.

Putting that issue aside, in DNA's responses to several document requests in Defendant's First Set of Requests for Production, it is noted that "Responding Party will produce non-privileged documents." We have not received any document production for these requests. One request in particular asks for your client's documents "relating to the marketing, advertising, or promotion of any products embodying the design claimed in the '968 Patent." Documents such as those should be readily available.

Similarly, plaintiff is required to produce documents under the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2, which were due on May 8, 2026, relating to, amongst others, "contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements," "the conception, reduction to practice, design, and development," "documents evidencing ownership of the patent rights," "agreements, including licenses, transferring an interest in any patent-in-suit," and "agreements

that otherwise may be used to support the party asserting infringement's damages."

We have not received documents in response to the standing order either. Please confirm that plaintiff will produce documents no later than June 26.

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.*

---

**From:** Craig McLaughlin <craig@vakili.com>
**Date:** Thursday, June 18, 2026 at 8:44 PM
**To:** TLO #2 <Poursoltani@trojanlawoffices.com>, Jason Ming <jason@vakili.com>, Said Vakili <vakili@vakili.com>, "Stephen P. Hoffman" <hoffman@vakili.com>, Daphne Gomez <daphne@vakili.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>, Francis Wong <wong@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Michiko Speier <speier@trojanlawoffices.com>
**Subject:** RE: DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379 – DNA's Responses to to Sharkroad's First Set of RFPs and Interrogatories

Mehdi,

Good evening. Your e-mail of today was somewhat surprising, particularly if you had read DNA's response to Sharkroad's Interrogatory No. 8 and Doc Request No. 6, which affirms that DNA is unaware of any prior art that would have affected patentability (which by definition would include

**Thursday, September 24, 2026 at 15:05:06 Pacific Daylight Time**

**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379 – DNA's Responses to to Sharkroad's First Set of RFPs and Interrogatories
**Date:** Thursday, July 2, 2026 at 4:36:18 PM Pacific Daylight Time
**From:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>
**To:** Craig McLaughlin <craig@vakili.com>, Jason Ming <jason@vakili.com>, Said Vakili <vakili@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com>, Daphne Gomez <daphne@vakili.com>
**CC:** Joe Trojan <trojan@trojanlawoffices.com>, Francis Wong <wong@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Michiko Speier <speier@trojanlawoffices.com>

Dear Counsel,

Further to our June 19, 2026 email regarding Plaintiff's failure to produce documents responsive to Defendant's First Set of Requests for Production, as well as Plaintiff's obligations under the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2, Plaintiff has only produced approximately 64 pages of documents, consisting primarily of publicly available prosecution-related materials for the '968 Patent and a limited number of marketing materials.

As noted in our prior correspondence, Plaintiff's responses to several of Defendant's Requests for Production state that Plaintiff "will produce non-privileged documents." However, no meaningful production has been made in response to those requests.

In addition, Plaintiff was required under the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2, to produce documents relating to, among other things, "contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements," "the conception, reduction to practice, design, and development," "documents evidencing ownership of the patent rights," "agreements, including licenses, transferring an interest in any patent-in-suit," and "agreements that otherwise may be used to support the party asserting infringement's damages." Those disclosures were due on May 8, 2026.

Please produce all documents responsive to Defendant's Requests for Production, as well as all documents required under S.P.R. 3.2, **no later than July 7, 2026**. If Plaintiff contends that no additional responsive documents exist for any category, please confirm that in writing.

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325

**Thursday, September 24, 2026 at 15:06:11 Pacific Daylight Time**

**Subject:** Re: Sharkroad's Violation of Patent Standing Order Rule 3-4(d)
**Date:** Friday, July 24, 2026 at 5:29:42 PM Pacific Daylight Time
**From:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>
**To:** Craig McLaughlin <craig@vakili.com>, Said Vakili <vakili@vakili.com>, Jason Ming <jason@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com>
**CC:** Joe Trojan <trojan@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Francis Wong <wong@trojanlawoffices.com>, Michiko Speier <speier@trojanlawoffices.com>

Dear Counsel,

Plaintiff has been on notice since June 1 that a protective order would be necessary before Defendant could produce confidential and Attorneys' Eyes Only materials, including documents concerning Sharkroad's sales, costs, and profits. To facilitate that production, we requested a draft protective order and followed up on that request several times, but the protective order was not filed until July 13.

Consistent with that position above, Defendant's Invalidity Contentions on June 22 also stated that a protective order would be necessary before producing such confidential materials.

Now that the Court has entered the protective order, Defendant is producing documents, including Attorney's Eyes Only information, which are available for download at the following link: [redacted]

The production includes Bates Nos. Sharkroad_000760 to 000871. Bates Nos. Sharkroad_000855 to 000871 contain information relating to Sharkroad's sales, costs, and profits as requested.

Additionally, further to our June 19 and July 2, 2026 emails regarding Plaintiff's failure to produce documents responsive to Defendant's First Set of Requests for Production, as well as Plaintiff's obligations under the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2, we again remind you that Plaintiff was required under the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2, to produce documents relating to, among other things, "contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements," "the conception, reduction to practice, design, and development," "documents evidencing ownership of the patent rights," "agreements, including licenses, transferring an interest in any patent-in-suit," and "agreements that otherwise may be used to support the party asserting infringement's damages."

Please let us know whether Plaintiff still intends to withhold such documents or will produce them by no later than July 31, 2026.

Regards,

TROJAN LAW OFFICES, P.C.
by

**Thursday, September 24, 2026 at 15:07:39 Pacific Daylight Time**

| | |
|---|---|
| **Subject:** | Defendant's Meet-and-Confer Letter Regarding Plaintiff's Discovery Deficiencies and Failure to Comply with S.P.R. 3.2; DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379; TLO#25-11-10088 |
| **Date:** | Tuesday, July 28, 2026 at 2:44:57 PM Pacific Daylight Time |
| **From:** | Mehdi Poursoltani <Poursoltani@trojanlawoffices.com> |
| **To:** | Said Vakili <vakili@vakili.com>, Craig McLaughlin <craig@vakili.com>, Jason Ming <jason@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com> |
| **CC:** | Joe Trojan <trojan@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Francis Wong <wong@trojanlawoffices.com>, Michiko Speier <speier@trojanlawoffices.com> |
| **Attachments:** | Sharkroad MnC Letter Re RFP1 ROG1 SPR3.2 vServed 2026-07-28.pdf |

Dear Counsel,

Please see the attached meet-and-confer correspondence.

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.*

R. JOSEPH TROJAN

DYLAN C. DANG
FRANCIS WONG
EDWIN TARVER
MEHDI POURSOLTANI
ALEXANDER D. MAZZEO

# TROJAN LAW OFFICES, P.C.

REXFORD PLAZA
9250 WILSHIRE BOULEVARD
SUITE 325
BEVERLY HILLS, CALIFORNIA 90212
www.PatenTrademark.com
REGISTERED PATENT ATTORNEYS

PATENT, TRADEMARK, COPYRIGHT,
TRADE SECRET & RELATED CAUSES

TELEPHONE (310) 777-8399
FACSIMILE (310) 777-8348
TROJAN@TROJANIP.COM

EST. 1991

July 28, 2026

Sa'id Vakili, Esq. (SBN: 176322)
Craig McLaughlin, Esq. (SBN: 182876)
Jason C. Ming, Esq. (SBN: 219745)
Stephen P. Hoffman, Esq. (SBN: 287075)
VAKILI & LEUS, LLP
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010

***Via E-Mail***

Re: *DNA Specialty, Inc. v Sharkroad, Inc.*
Case No. 2:25-cv-10379-MWC (RAOx)
Central District of California
TLO File No. 25-11-10088

Dear Counsel:

We write further to our June 19, July 2, and July 24, 2026 emails regarding Plaintiff DNA Specialty, Inc.'s ("DNA" or "Plaintiff") failure to produce documents responsive to Defendant Sharkroad, Inc.'s ("Sharkroad" or "Defendant") First Set of Requests for Production ("RFPs"). This letter identifies the deficiencies in Plaintiff's document production and further addresses Plaintiff's deficient responses to Defendant's First Set of Interrogatories ("ROGs").

As noted in numerous prior emails, Plaintiff has not complied with the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2 and has failed to produce documents in support of its infringement contentions. *Plaintiff's May 8, 2026 deadline to produce the documents required under S.P.R. 3.2 has long since passed*. Nevertheless, Plaintiff has neither produced the required materials nor otherwise complied with the Court's Standing Order.

As a preliminary matter, Plaintiff has produced only approximately 64 pages of documents, consisting primarily of publicly available prosecution materials relating to the '968 Patent and only four documents concerning DNA's marketing materials. This production is plainly deficient in light of Defendant's 89 RFPs, which seek documents central to Plaintiff's infringement claims, Defendant's counterclaims and defenses, and Plaintiff's obligations under the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3. The production omits broad categories of responsive documents and does not reflect a reasonable search for responsive materials.

---

While we understand from your email dated July 25 that you will start your supplementation of documents on or before July 31, we ask that you substantially complete production **by no later than August 6, 2026**. If Plaintiff contends that it has completed its production, that no additional responsive documents exist, or that it intends to withhold any otherwise responsive documents, please confirm that position in writing **by August 3, 2026**, including the basis for any such withholding. **Alternatively, please advise whether you are available to meet and confer on August 10 at 11:00 a.m.**[1]

**I. DNA's Responses to ROGs**

**<u>DNA's Improper Boilerplate General Objections</u>**

Plaintiff asserts numerous boilerplate "General Objections" to the Interrogatories, Instructions, and Definitions without identifying the specific interrogatory or definition to which any objection applies. Such blanket and generalized objections fail to comply with the Federal Rules because they do not identify whether responsive information has been withheld or explain the basis for any particular objection.

Accordingly, Plaintiff should withdraw its General Objections and serve amended interrogatory responses that state any objections with specificity and identify the particular interrogatory to which each objection applies.

**<u>DNA's Improper Incorporation by Reference of Other Pleadings and Discovery Responses</u>**

Through its interrogatory responses, including but not limited to **ROG Nos. 1, 3, 4, 5, 11, 13, 17, 19, and 21**, Plaintiff attempts to avoid providing substantive responses by referring generally to its First Amended Complaint, Infringement Contentions, Initial Disclosures, or other pleadings and discovery responses. Such generalized references are improper and do not satisfy Plaintiff's obligation under FRCP 33 to provide complete, written answers to interrogatories. Plaintiff must answer each interrogatory fully and separately based on the information presently available to it and may not incorporate other pleadings or discovery responses by general reference. Accordingly, for each interrogatory, please provide a complete and substantive response setting forth all responsive facts, rather than referring generally to other documents.

**<u>DNA's Improper Reliance on Future Supplementation</u>**

Throughout its interrogatory responses, Plaintiff repeatedly states that "[d]iscovery and investigation in this matter are ongoing and Responding Party reserves the right to supplement,

---

[1] We can simultaneously confer on issues raised in your previous letters as well.

amend, or otherwise modify the response to this interrogatory at a subsequent time." While Plaintiff may supplement its responses if additional responsive information is later discovered, that does not relieve Plaintiff of its obligation to provide complete responses based on the information presently known or reasonably available to it. Plaintiff may not withhold currently known facts under the guise of future supplementation. For example, facts concerning the conception and development of the claimed design are necessarily within Plaintiff's present knowledge. Accordingly, please remove this reservation from each interrogatory response and provide all facts presently known or reasonably available to Plaintiff.

**ROG No. 1**

Plaintiff further refers generally to the "First Amended Complaint and Infringement Contentions." This vague reference does not answer the interrogatory. Incorporating other pleadings or discovery responses by reference does not relieve Plaintiff of its obligation to provide a complete and substantive interrogatory response.

Additionally, Plaintiff states only that "its spiral shape is not functionally necessary and contributes to the overall ornamental appearance of the claimed design." Please confirm whether Plaintiff contends that the spiral shape is the only element that contributes to the ornamental appearance of the claimed design. If not, please identify every element that Plaintiff contends contributes to the claimed design's ornamental appearance. Accordingly, please supplement your response by identifying the specific facts, allegations, and contentions upon which Plaintiff relies, rather than referring generally to other documents.

**ROG No. 2**

Plaintiff's response fails to answer the interrogatory. While Plaintiff repeats its contention that the spiral shape is ornamental rather than functional, it does not identify any alternative designs that perform the same or similar function, despite the interrogatory expressly requesting that information. If Plaintiff contends that no such alternative designs exist, please confirm that in writing. Otherwise, please supplement your response by identifying all alternative designs upon which Plaintiff relies and all facts supporting that contention.

**ROG No. 3**

Plaintiff improperly objects to subpart (c) on the ground that it is "not required to prove infringement." The interrogatory seeks the factual basis for Plaintiff's infringement allegations and is plainly relevant. Plaintiff also improperly refers generally to its First Amended Complaint and Infringement Contentions instead of providing a substantive response. Please withdraw the

---

objection and supplement your response by describing in detail all facts supporting Plaintiff's contention that the Accused Spiral-Spoke Products infringe the '968 Patent. If Plaintiff is not presently aware of any supporting facts, please confirm that in writing.

**<u>ROG No. 4</u>**

Plaintiff's response consists of the conclusory assertion that the products are "substantially similar" and again refers generally to other pleadings. Please supplement your response by identifying all facts supporting Plaintiff's contention that an ordinary observer would find the Accused Products substantially similar to the claimed design.

**<u>ROG No. 5</u>**

Plaintiff fails to identify the persons involved in the conception, design, development, creation, and reduction to practice of the claimed design, or the dates of those activities, as expressly requested. Plaintiff also fails to describe the facts relating to those activities. Such facts include, without limitation, internal communications, communications with manufacturers or other third parties, consideration of alternative designs, searches for similar or prior designs, and the development of the claimed design from its initial conception through reduction to practice. Please supplement your response accordingly.

**<u>ROG No. 7</u>**

Plaintiff fails to respond to significant portions of the interrogatory, including communications, decisions, considerations, and the identities of persons involved in determining whether similar designs, products, or references should be disclosed to the USPTO. Please supplement your response by providing all responsive facts.

**<u>ROG No. 8</u>**

Plaintiff improperly refuses to respond based on its unsupported assertion that Defendant has not provided sufficient information regarding the specifically identified references. Sharkroad further directs Plaintiff to its Invalidity Contentions, which contain additional information regarding the identified prior art references should Plaintiff require further clarification. Please supplement your response by addressing each identified reference and each subpart of the interrogatory. If Plaintiff contends it has no responsive facts, please confirm that in writing.

**<u>ROG No. 9</u>**

Plaintiff's response does not clearly identify the alleged Spiral-Spoke Trade Dress. It uses undefined terms, such as "fat," "ribbon-style," "spiral design," and "radial lace fashion," without

---

identifying the portions of the product to which those terms refer. Plaintiff also fails to identify which features are functional. Please supplement your response by providing an annotated illustration, photograph, or drawing clearly identifying the alleged trade dress, each asserted trade dress element, and each functional feature.

**ROG No. 10**

Plaintiff fails to describe the facts supporting its contention that the alleged trade dress is inherently distinctive. Please supplement your response by identifying all facts supporting that contention.

**ROG No. 11**

Plaintiff provides only conclusory assertions regarding secondary meaning without identifying any supporting facts. Please supplement your response by identifying all supporting facts or confirm in writing that Plaintiff has no additional supporting facts.

**ROG No. 12**

Plaintiff identifies only an approximate first-use date and provides only a general description of use. Please supplement your response by identifying the specific dates of first use, the products on which the alleged trade dress was first used, and the facts concerning the continuity of such use.

**ROG No. 13**

Plaintiff improperly objects to subpart (c) on the ground that it is "not required to prove infringement." The interrogatory seeks the factual basis for Plaintiff's trade dress infringement allegations and is plainly relevant. Please withdraw the objection and supplement your response by describing in detail all facts supporting Plaintiff's contention that Defendant's Accused Spiral-Spoke Products infringe the alleged trade dress. If Plaintiff is not presently aware of any additional supporting facts, please confirm that in writing.

**ROG No. 14**

Plaintiff fails to respond to significant portions of the interrogatory, including actual confusion and any surveys, studies, analyses, or other evidence relating to likelihood of confusion. Please supplement your response accordingly or confirm in writing that no such facts exist.

---

**ROG No. 15**

Plaintiff's response does not clearly identify the alleged Cylindrical-Spoke Trade Dress. It uses undefined terms, such as "fat," "straight," "cylindrically shaped," and "radial lace fashion," without identifying the portions of the product to which those terms refer. Plaintiff also fails to identify which features are functional. Please supplement your response by providing an annotated illustration, photograph, or drawing clearly identifying the alleged trade dress, each asserted trade dress element, and each functional feature.

**ROG No. 16**

Plaintiff fails to describe the facts supporting its contention that the alleged trade dress is inherently distinctive. Please supplement your response by identifying all facts supporting that contention.

**ROG No. 17**

Plaintiff provides only conclusory assertions regarding secondary meaning without identifying any supporting facts. Please supplement your response by identifying all supporting facts or confirm in writing that Plaintiff has no additional supporting facts.

**ROG No. 18**

Plaintiff identifies only an approximate first-use date and provides only a general description of use. Please supplement your response by identifying the specific dates of first use, the products on which the alleged trade dress was first used, and the facts concerning the continuity of such use.

**ROG No. 19**

Plaintiff improperly objects to subpart (c) on the ground that it is "not required to prove infringement." The interrogatory seeks the factual basis for Plaintiff's trade dress infringement allegations and is plainly relevant. Please withdraw the objection and supplement your response by describing all facts supporting Plaintiff's contention that Defendant's Accused 52 Cylindrical-Spoke Products infringe the alleged Cylindrical-Spoke Trade Dress. If Plaintiff is not presently aware of any supporting facts, please confirm that in writing.

---

**ROG No. 20**

Plaintiff fails to respond to significant portions of the interrogatory, including actual confusion and any surveys, studies, analyses, or other evidence relating to likelihood of confusion. Please supplement your response accordingly or confirm in writing that no such facts exist.

**ROG No. 21**

Plaintiff's response does not fully answer the interrogatory. Please supplement your response by identifying all opinions, analyses, research, studies, interviews, surveys, investigations, and other due diligence performed before filing this action, or confirm in writing that no such facts exist.

**ROG No. 22**

Plaintiff fails to identify the factual basis for its damages, any method of computation, the persons with knowledge, or the supporting documents. Although Plaintiff may later supplement its damages analysis as discovery progresses, Plaintiff must disclose all information presently known or reasonably available.

## II. DNA's Responses to RFPs

**DNA's Improper Boilerplate General Objections**

Plaintiff asserts numerous boilerplate General Objections and repeats the same unsupported objections to individual RFPs, including that the requests are "compound," "conjunctive," "disjunctive," "overbroad," "unduly burdensome," "not limited as to time or scope," "not limited as to time," or that the burden outweighs the likely benefit. Plaintiff does not explain how any objection applies to any particular request or whether responsive documents have been withheld on the basis of any objection.

Accordingly, Plaintiff should withdraw its boilerplate objections and serve amended responses and identifying whether any responsive documents have been withheld, and on what basis.

**Failure to Produce Documents Plaintiff Represented It Would Produce**

In numerous responses, including but not limited to RFP Nos. 1-4, 7, 9-17, 24-26, 28-30, 34-35, 37, 42-51, 54-55, 57, 59, 61-65, 67, 69, 74, 78, and 86, Plaintiff states that it "will produce non-privileged documents." However, Plaintiff has produced only approximately 64 pages of documents, consisting primarily of publicly available prosecution materials and only four

---

documents relating to DNA's marketing materials. Plaintiff has not produced documents responsive to most of the requests for which it agreed to produce documents. If Plaintiff has completed its search and no responsive documents exist, please confirm that in writing for each applicable request. Otherwise, please promptly produce all responsive, non-privileged documents.

**DNA's Failure to State Whether Responsive Documents Have Been Withheld**

In numerous responses, Plaintiff states only that it "will produce" responsive documents, "will produce" documents if they exist, or "will produce" documents to the extent it becomes aware of them. These responses do not state whether Plaintiff has completed its search, whether responsive documents presently exist, whether documents have been withheld, or whether the production served to date is complete.

Accordingly, for each such request, please state whether Plaintiff has completed its search, whether all responsive non-privileged documents have been produced, and whether any responsive documents have been withheld.

**Improper Reliance on Future Supplementation**

Throughout its RFP responses, Plaintiff states that discovery is ongoing and reserves the right to supplement or amend its responses. While Plaintiff may supplement its production if additional responsive documents are later discovered, that does not excuse Plaintiff from producing all responsive documents presently within its possession, custody, or control. Plaintiff may not withhold existing responsive documents under the guise of future supplementation. Accordingly, please produce all responsive, non-privileged documents presently known to Plaintiff.

**DNA's Improper References to Other Documents**

In several responses, including but not limited to RFP Nos. 7, 9, 10-11, 13, 18, 20, 22, 23, 41, 43, 59, 61, 63-66, and 70-71, Plaintiff attempts to satisfy its production obligations by referring generally to documents such as the First Amended Complaint, the Answer and Counterclaim, the face page of the '968 Patent, the Examiner's search results, or assignment documents. Such references do not satisfy Plaintiff's obligation to produce responsive documents within its possession, custody, or control.

Accordingly, for each such request, please produce all responsive, non-privileged documents within Plaintiff's possession, custody, or control rather than directing Defendant to other sources.

**Failure to Confirm That No Responsive Documents Exist After a Reasonable Search**

In numerous responses, including but not limited to RFP Nos. 5, 6, 8, 10, 18, 19, 31-33, 36, 38-40, 52-53, 56, 58, 60, 66, 77, 79, and 81, Plaintiff merely states that it is "unaware" of responsive documents. These responses do not confirm that Plaintiff conducted a reasonable search for responsive documents or that no responsive documents exist after such a search. Accordingly, for each such request, please confirm that Plaintiff conducted a reasonable search and either produce all responsive, non-privileged documents or confirm in writing that **no responsive documents** exist after a reasonable search.

While the foregoing deficiencies should be addressed in Plaintiff's supplemental responses to all applicable RFPs, Sharkroad also identifies below a non-exhaustive list of additional deficiencies with respect to specific requests for production. These examples are intended to facilitate the parties' meet-and-confer process and do not waive Defendant's right to seek supplementation of any other deficient response.

**RFP Nos. 1, 3-4, and 13**

These requests seek documents relating to the conception, design, development, manufacture, and commercialization of the design claimed in the '968 Patent. At a minimum, Plaintiff should produce the following responsive, non-privileged documents **from January 1, 2020, to the present**:

1. All *communications* (including emails, text messages, WhatsApp messages, Slack messages, Microsoft Teams messages, and similar communications) with or among any person or entity involved in, or relating to, the conception, design, development, manufacture, commercialization, or patenting of the claimed design, including *inventors, designers, manufacturers, engineers, developers, consultants, suppliers, contractors, draftsmen, patent attorneys, patent agents, and other patent professionals*. Such *communications include those containing search terms such as "twisted," "spiral," "twirled,"* or similar terms relating to the claimed design.
2. Design documents, including sketches, drawings, CAD files, renderings, prototypes, and design revisions.
3. Documents relating to the conception, development, testing, or evaluation of the claimed design.
4. Manufacturing documents, including specifications, production records, purchase orders, invoices, and communications with manufacturers.
5. Documents relating to alternative designs considered during development.

---

6. Documents relating to the first manufacture, sale, or commercialization of products embodying the claimed design.

**RFP No. 5**

Plaintiff improperly limits its response to prior art that it considers "material." RFP No. 5 broadly seeks all documents relating to any prior art known, identified, reviewed, or considered by Plaintiff or on Plaintiff's behalf in connection with the claimed design of a twisted or spiral spoke, regardless of whether Plaintiff considers such prior art material. Please supplement your response by producing all responsive, non-privileged documents, including, without limitation:

1. Communications relating to any prior art, similar designs, or competing products.
2. Prior art searches, search results, and search reports.
3. Catalogs, brochures, advertisements, marketing materials, websites, photographs, and other publications relating to third-party products or designs having a spiral shaped spoke.
4. Documents received from manufacturers, designers, suppliers, patent professionals, or other third parties relating to similar or alternative designs.
5. Internal analyses, comparisons, evaluations, notes, or discussions concerning any prior art or similar designs.

As you know from our recent production of documents, Plaintiff failed to produce its product catalog from 2021 or any information concerning its “Twisted Spoke” product. That product is clearly relevant to the design in the asserted patent. *Please explain why that catalog was withheld when other product catalogues were produced*.

**RFP No. 12**

Plaintiff represents that it will produce responsive documents but has not done so. RFP No. 12 seeks documents relating to patent marking of products embodying the design claimed in the '968 Patent. At a minimum, Plaintiff should produce the following responsive, non-privileged documents from January 1, 2023, to the present:

1. *Communications with manufacturers, suppliers, distributors, retailers, or other third parties relating to patent marking*.
2. Documents identifying the date on which any product was first marked with "Patent Pending," the '968 Patent number, or any other patent designation.
3. Communications relating to any decision to begin, modify, or discontinue patent marking.

4. Documents identifying the products that were marked and the dates on which such marking began.
5. Catalogs, brochures, advertisements, product packaging, labels, product photographs, webpages, and other marketing materials showing patent marking.
6. Purchase orders, manufacturing specifications, artwork, packaging files, or other documents reflecting implementation of patent marking.
7. Documents sufficient to identify any changes to patent marking practices, including the dates of such changes.

If Plaintiff contends that no such documents exist, please confirm in writing.

**RFP Nos. 14, 15, and 17**

These requests seek documents relating to the marketing, sale, distribution, customers, and commercialization of products embodying the design claimed in the '968 Patent. At a minimum, Plaintiff should produce the following responsive, non-privileged documents from January 1, 2020, to the present:

1. *All communications with or among distributors, retailers, customers, manufacturers, suppliers, sales representatives, marketing personnel, and other third parties relating to products embodying the claimed design*.
2. *Documents sufficient to identify all marketing and advertising materials, including catalogs, brochures, flyers, webpages, social media posts, advertisements, promotional materials, and product listings referring to or depicting a twisted, spiral, or twirled spoke design*.
3. Documents sufficient to identify all distributors, retailers, and customers of products embodying the claimed design.

**RFP 20**

Plaintiff's response is deficient in several respects. First, although RFP No. 20 expressly limits the requested documents to the period from April 19, 2022, to the present, Plaintiff nevertheless objects that the request "is not limited as to time." This objection is plainly baseless and further demonstrates Plaintiff's use of boilerplate objections that are repeatedly asserted throughout its discovery responses.

---

Second, Plaintiff objects that the request is irrelevant. Plaintiff is aware that the identified terms—including "Twirled Type," "vtwinmfg," "V-Twin," "vtwin," "buchanan," "buchananspokes," "ridewrightwheels," and "ridewright"—refer to competitors and products in the same market that, as reflected in the pleadings and Defendant's Invalidity Contentions, include similar twisted-spoke designs. Documents concerning these terms are directly relevant to Plaintiff's infringement claims, Defendant's invalidity and non-infringement defenses, and Defendant's counterclaims. This request goes to the heart of the issues in this action.

Accordingly, please withdraw your objections and produce all responsive, non-privileged documents immediately.

**RFP Nos. 24-26 and 44-46**

These requests seek documents relating to the conception, creation, development, adoption, first use, manufacture, marketing, and commercialization of the alleged Spiral-Spoke Trade Dress and the alleged Cylindrical-Spoke Trade Dress. At a minimum, Plaintiff should produce the following responsive, non-privileged documents:

1. All communications (including emails, text messages, WhatsApp messages, Slack messages, Microsoft Teams messages, and similar communications) with or among any person or entity relating to the conception, development, adoption, manufacture, marketing, or commercialization of either alleged trade dress, including designers, manufacturers, engineers, developers, consultants, suppliers, contractors, marketing personnel, branding consultants, and other third parties. Such communications include those containing search terms such as "spiral," "twisted," "twirled," "cylindrical," or similar terms relating to the alleged trade dresses.
2. Documents relating to the conception, creation, development, adoption, or first use of either alleged trade dress.
3. Design documents, including sketches, drawings, CAD files, renderings, prototypes, and design revisions.
4. Manufacturing, branding, advertising, and marketing documents relating to either alleged trade dress.
5. Documents relating to the first manufacture, first sale, first use in commerce, or commercialization of products bearing either alleged trade dress.

**RFP Nos. 27-31, 34-36, and 42**

These requests seek documents relating to the distinctiveness, secondary meaning, first use, advertising, marketing, promotion, sales, consumer perception, exclusivity, surveys, studies, or

---

analyses, and commercialization of the alleged Spiral-Spoke Trade Dress. Please produce all responsive, non-privileged documents, including documents to establish the asserted distinctiveness, secondary meaning, first use, advertising, sales, customer recognition, consumer perception, exclusivity, surveys, studies, or analyses, and commercialization of the alleged Spiral-Spoke Trade Dress from January 1, 2020, to the present.

**RFP Nos. 47-51, 54-56, and 59**

These requests seek documents relating to the distinctiveness, secondary meaning, first use, advertising, marketing, promotion, sales, consumer perception, exclusivity, surveys, studies, or analyses, and commercialization of the alleged Cylindrical-Spoke Trade Dress. Please produce all responsive, non-privileged documents, including documents to establish the asserted distinctiveness, secondary meaning, first use, advertising, sales, customer recognition, consumer perception, exclusivity, surveys, studies, or analyses, and commercialization of the alleged Cylindrical-Spoke Trade Dress from January 1, 2020, to the present.

**RFP Nos. 37, 41, 43, 57, and 63-64**

These requests seek documents supporting Plaintiff's allegations of trade dress infringement, including alleged consumer confusion and Plaintiff's contentions that Defendant's products infringe the alleged Spiral-Spoke Trade Dress and the alleged Cylindrical-Spoke Trade Dress. Please produce all responsive, non-privileged documents supporting or refuting these allegations.

## III. Plaintiff's Failure to Comply with the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2

Plaintiff has also failed to comply with the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2. Plaintiff's deadline to produce the documents required by S.P.R. 3.2 has long since passed, yet Plaintiff has neither produced the required documents nor otherwise complied with the Court's Standing Order. Sharkroad has repeatedly reminded Plaintiff of its obligations under S.P.R. 3.2, but Plaintiff has failed to cure these deficiencies.

S.P.R. 3.2 requires Plaintiff, without awaiting discovery requests, to produce documents evidencing, among other things, the conception, reduction to practice, design, and development of the claimed invention; disclosures to third parties, offers for sale, sales, or public use before the patent application; ownership of the asserted patent; agreements relating to the asserted patent or damages; patent marking; and other categories specifically identified in the Standing Order. Plaintiff has failed to produce these required materials, other than approximately 64 pages consisting primarily of publicly available prosecution materials and limited marketing materials.

Accordingly, please immediately comply with S.P.R. 3.2 by producing all documents required under the Standing Order. In addition, as expressly required by S.P.R. 3.2, Plaintiff shall separately identify, by production number, the documents corresponding to each category required under S.P.R. 3.2. If Plaintiff contends that any required category contains no responsive documents, please expressly confirm that in writing.

**VI. Conclusion**

The foregoing identifies a number of significant deficiencies in Plaintiff's interrogatory responses, document production, and compliance with the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2. The issues identified in this letter are not exhaustive and are intended to facilitate the parties' meet-and-confer process. Defendant expressly reserves all rights to identify additional deficiencies in Plaintiff's discovery responses and document production, to seek further supplementation, and to pursue all relief available under the applicable rules.

Accordingly, **please serve supplemental responses and substantially complete its document production by no later than August 6, 2026**. If Plaintiff contends that it has completed its production, that no additional responsive documents exist, or that it intends to withhold any otherwise responsive documents, please confirm that position in writing **by August 3, 2026**, including the basis for any such withholding. **Alternatively, please advise whether you are available to meet and confer on August 10 at 11:00 a.m.**

If Plaintiff fails to timely remedy the foregoing deficiencies, Defendant will have no alternative but to seek appropriate relief from the Court, including an order compelling further responses and production of documents, together with any other relief the Court deems appropriate.

Very truly yours,

TROJAN LAW OFFICES, P.C.
by

/s/R. Joseph Trojan
R. Joseph Trojan, Esq.

RJT:fw:mp

| | |
|---|---|
| **Subject:** | Re: DNA Specialty, Inc. v. Sharkroad, Inc. |
| **Date:** | Thursday, September 3, 2026 at 5:45:17 PM Pacific Daylight Time |
| **From:** | Francis Wong <wong@trojanlawoffices.com> |
| **To:** | Jason Ming <jason@vakili.com>, Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>, Joe Trojan <trojan@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com> |
| **CC:** | Said Vakili <vakili@vakili.com>, Craig McLaughlin <craig@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com> |
| **Attachments:** | 5e064da4-4d45-4c9a-b884-c3b1e11e4df5.pdf |

Dear Jason:

As you know, SharkRoad served its first set of discovery requests on April 21, 2026. Despite having more than 4 months to respond to the discovery and to produce responsive documents, DNA is still deficient in complying with its discovery obligations. SharkRoad attempted to resolve these issues in emails and letters dated June 19, July 2, July 24, and July 28. The parties conferred at length last month on August 18, 2026 to see if any progress can be gained without court intervention. As clearly set forth in my email of August 18 and your response of August 19, the parties agreed to supplement their discovery responses by September 1, 2026.

Yet, despite SharkRoad substantially supplementing its responses and producing additional documents on September 1, DNA failed to provide any interrogatory supplementation and produced a small set of documents consisting essentially of the prosecution history for the patent at issue and google search results. Your email also appears to attach *SharkRoad's* supplemental responses and omits any interrogatory supplementation from DNA.

To justify the delay, you contend that "[w]e had to tend to other matters in the meantime and will have to send DNA's additional written responses another day." Thus, DNA appears to have made no effort to supplement its discovery responses as we agreed on the call. For example, DNA did not provide any supplementation concerning its trade dress claims or produce additional documents supporting its claim of distinctiveness of its trade dress, which are issues we specifically discussed during the meet and confer.

Due to DNA's failure to make good faith efforts to supplement its discovery responses, SharkRoad will request and informal discovery conference with Judge Oliver. Per her standing order, please provide us with your availability the week of September 14, 2026 for an informal discovery conference so we can prepare the attached request.

Please provide us with your availability no later than tomorrow, September 4.

Best regards,

TROJAN LAW OFFICES, P.C.
by
Francis Wong

**Thursday, October 15, 2026 at 11:51:22 Pacific Daylight Time**

| | |
|---|---|
| **Subject:** | Re: DNA Specialty, Inc. v. Sharkroad, Inc. |
| **Date:** | Tuesday, September 1, 2026 at 7:21:17 PM Pacific Daylight Time |
| **From:** | Jason Ming <jason@vakili.com> |
| **To:** | Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>, Francis Wong <wong@trojanlawoffices.com>, Joe Trojan <trojan@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com> |
| **CC:** | Said Vakili <vakili@vakili.com>, Craig McLaughlin <craig@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com> |
| **Attachments:** | DNA-00347 – DNA-00422.pdf, Certificate of Service for DNA's Document Production of 2026.09.01.pdf, Sharkroad Response to DNA ROG Set1 - First Amended - vServed 2026-09-01.pdf, Sharkroad Response to DNA RFP Set1 - First Amended - vServed 2026-09-01.pdf |

Dear All—

Received, and thank you. As stated during the parties' meet and confer teleconference on August 18, 2026, DNA Specialty, Inc. will be amending and/or supplementing its response to various interrogatories and requests in Sharkroad's first sets of Interrogatories and Requests for Production. We had to tend to other matters in the meantime and will have to send DNA's additional written responses another day.

However, we do have additional document production ready today. Attached please find DNA Specialty, Inc.'s document production bearing control numbers DNA-00347 – DNA-00422, along with the corresponding Certificate of Service.

Thank you.

Best regards,
Jason

Jason C. Ming, Esq.
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010 |** Fax: 213/380-6051
http://www.vakili.com

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply email or by telephone (213/380-6010) and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere.

On Sep 1, 2026, at 5:53PM, Mehdi Poursoltani <Poursoltani@trojanlawoffices.com> wrote:

Dear Counsel,

Please see attached Sharkroad, Inc.'s amended responses to Plaintiff's First Set of Requests for Production of Documents and Interrogatories. Please note that certain responses contain information designated "CONFIDENTIAL: ATTORNEY'S EYES ONLY."

A further production of documents by Sharkroad, Inc. is available for download at the following link:
[redacted]

This production includes documents bearing Bates Nos. **Sharkroad_000888–Sharkroad_000970**. Please note that certain documents in this production contain information designated "CONFIDENTIAL: ATTORNEY'S EYES ONLY."

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.*