# EXHIBIT 17

**Monday, October 12, 2026 at 18:45:19 Pacific Daylight Time**

**Subject:** Re: Request to Meet and Confer Regarding Amendment of Invalidity Contentions; DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379; TLO#25-11-10088
**Date:** Wednesday, October 7, 2026 at 4:53:59 PM Pacific Daylight Time
**From:** Francis Wong <wong@trojanlawoffices.com>
**To:** Said Vakili <vakili@vakili.com>, Craig McLaughlin <craig@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com>, Jason Ming <jason@vakili.com>
**CC:** Joe Trojan <trojan@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>

Dear Craig and Sai'd:

Thank you for meeting and conferring with us today regarding SharkRoad's anticipated motion for leave to amend the invalidity contentions.

During our discussion, we reviewed the proposed amended invalidity contentions, including (1) the identification of additional prior art, (2) the correction of a typographical error, and (3) the inclusion of additional details concerning inequitable conduct.

We also explained our position that good cause exists for the proposed amendments because the additional information was either recently confirmed through discovery or independently discovered.

As part of our discussion, you expressed DNA's position that allegations concerning inequitable conduct should not be included in the invalidity contentions at all. We disagreed and explained that the additional details were included out of an abundance of caution to ensure that SharkRoad could not later be accused of failing to fully disclose the factual basis for its inequitable conduct allegations. We offered to remove the inequitable conduct section from the proposed amended contentions if DNA would agree that SharkRoad would not subsequently be precluded from asserting those allegations on the basis that they were not disclosed in its invalidity contentions. DNA declined that proposal. Additionally, DNA disagreed generally that SharkRoad has good cause to amend the contentions.

Thus, we understand from our discussion that DNA intends to oppose the motion for leave to amend. Given the parties' differing positions and inability to reach an agreement, SharkRoad intends to proceed with filing its motion for leave to amend the invalidity contentions.

Best regards,

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325

Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>
**Date:** Tuesday, October 6, 2026 at 5:50 PM
**To:** Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>; Jason Ming <jason@vakili.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Francis Wong <wong@trojanlawoffices.com>
**Subject:** Re: Request to Meet and Confer Regarding Amendment of Invalidity Contentions; DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379; TLO#25-11-10088

Hi Sa'id,

Yes, 4:30 p.m. tomorrow works. Below is the dial-in information:

**Dial in: (267) 930-4000**
**Participant No: 196-187-751**

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212

Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.*

---

**From:** Said Vakili <vakili@vakili.com>
**Date:** Tuesday, October 6, 2026 at 5:34 PM
**To:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>
**Cc:** Craig McLaughlin <craig@vakili.com>, Jason Ming <jason@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com>, Joe Trojan <trojan@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Francis Wong <wong@trojanlawoffices.com>
**Subject:** Re: Request to Meet and Confer Regarding Amendment of Invalidity Contentions; DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379; TLO#25-11-10088

Hi Mehdi–

I have a deposition starting at 10 a.m. tomorrow - are you free at 4:30 p.m. tomorrow?

Sa'id

*Sa'id Vakili*
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010 |** Fax: 213/380-6051
*http://www.vakili.com*

---

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply e-mail or by telephone (213/380-6010), and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere. Thank you.

On Oct 6, 2026, at 2:02PM, Mehdi Poursoltani <Poursoltani@trojanlawoffices.com> wrote:

Hi Craig,

Sharkroad first requested an L.R. 7-3 conference on September 25 and offered availability on September 30 and October 1. On October 2, we renewed that request and offered availability on October 5. Today, October 6, we again requested the conference and offered additional availability on October 7. Thus, eleven days have passed since our initial request, and we have not received confirmation of a conference date.

The contemplated motion seeks leave to amend under Section 3-6 of the Court's Standing Order Regarding Patent Cases. The issue presented by that motion is whether good cause exists to permit the proposed amendments.

The ultimate merits of the proposed contentions are not presently before the Court and may be addressed through discovery and subsequent proceedings. As with counterclaims, Sharkroad is not required to prove its contentions at the amendment stage. Accordingly, a full adjudication of the legal and factual merits is not a prerequisite to conducting the required L.R. 7-3 conference.

We remain available tomorrow, October 7, between 10:00 and 11:00 a.m. or between 1:00 and 3:00 p.m. Pacific Time. Please confirm whether you will participate during either period. If DNA declines to confer or does not confirm its availability, Sharkroad will proceed with filing its motion and will advise the Court of the parties' correspondence and Sharkroad's efforts to arrange the conference.

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.*

*If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.*

---

**From:** Craig McLaughlin <craig@vakili.com>
**Date:** Tuesday, October 6, 2026 at 12:02 PM
**To:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>
**Cc:** Said Vakili <vakili@vakili.com>, Jason Ming <jason@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com>, Joe Trojan <trojan@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Francis Wong <wong@trojanlawoffices.com>
**Subject:** Re: Request to Meet and Confer Regarding Amendment of Invalidity Contentions; DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379; TLO#25-11-10088

I sent a couple of e-mails (see below) requesting that Sharkroad reconsider its positions on the proposed amendments and provide authority supporting them. Thus far, there has been no relevant response. So as to be adequately prepared for a meet and confer can you indicate what issues still remain and kindly supply the requested authority for those that do.

Thank you.

Craig McLaughlin
Sent from my iPhone

> On Oct 6, 2026, at 11:41AM, Mehdi Poursoltani <Poursoltani@trojanlawoffices.com> wrote:
>
> Dear Counsel,
>
> Your response appears to address the merits of Sharkroad's proposed contentions. At this stage, however, Sharkroad seeks only leave to amend its contentions, as previously explained.
>
> Please see the attached revised proposed amended Invalidity Contentions. Based on an additional prior art product recently discovered by Sharkroad, the proposed contentions now also include NPL 24, which was not included in the version we sent on October 2.
>
> We provided our availability for an L.R. 7-3 conference in our September 25 and October 2 emails but have not received confirmation. We are also available tomorrow, October 7, between 10:00 and 11:00 a.m. or between 1:00 and 3:00 p.m. Pacific Time. Please let us know

whether you are available during either time.

If we do not receive confirmation, Sharkroad will proceed with filing its motion and will advise the Court of its efforts to arrange the required conference and that DNA did not confirm its availability.

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.*

---

**From:** Craig McLaughlin <craig@vakili.com>
**Date:** Sunday, October 4, 2026 at 3:58 PM
**To:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>, Said Vakili <vakili@vakili.com>, Jason Ming <jason@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Francis Wong <wong@trojanlawoffices.com>
**Subject:** RE: Request to Meet and Confer Regarding Amendment of Invalidity Contentions; DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379; TLO#25-11-10088

Correction:
Was - no reasonable factfinder would not find anticipation or obviousness.
To - no reasonable factfinder would find anticipation or obviousness.

Craig

---

**From:** Craig McLaughlin
**Sent:** Sunday, October 4, 2026 9:41 AM
**To:** 'Mehdi Poursoltani' <Poursoltani@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Jason Ming <jason@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>
**Cc:** 'Joe Trojan' <trojan@trojanlawoffices.com>; 'Dylan Dang' <dang@trojanlawoffices.com>; 'Francis Wong' <wong@trojanlawoffices.com>
**Subject:** RE: Request to Meet and Confer Regarding Amendment of Invalidity Contentions; DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379; TLO#25-11-10088

Mehdi,

DNA would also oppose adding the new prior art information as the invalidity analysis cannot be met under the current legal standard to determine anticipation. Sharkroad is seeking to acknowledge only a portion of the prior art, for example only the twisted portion of the bent spoke from the DNA 2021 catalog, and compare it to the '968 Patent. This is improper under *Egyptian Goddess*. The design as a whole must be compared. And when it is, no reasonable factfinder would not find anticipation or obviousness.

In *Egyptian Goddess, Inc.*, the Federal Circuit dispensed with the previous "point of novelty" test and set forth the "ordinary observer test" as the sole standard for determining anticipation in design patent cases, requiring comparison of the entire design as perceived by an ordinary observer, familiar with the prior art, but not discreet or isolated "points of novelty." A defendant no longer may identify a discreet feature from a reference and argue invalidity based on that feature alone – it is the whole-design that must be considered to analyze both invalidity and infringement. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008, *en banc*). "Both the ordinary observer test, whether applied for infringement or invalidity, and the obviousness test, applied for invalidity under Section 103, focus on the [*1241] *overall* designs." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240-41 (Fed. Cir. 2009) (emphasis in original).

Craig McLaughlin

---

**From:** Craig McLaughlin

**Sent:** Saturday, October 3, 2026 11:42 AM
**To:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Jason Ming <jason@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Francis Wong <wong@trojanlawoffices.com>
**Subject:** RE: Request to Meet and Confer Regarding Amendment of Invalidity Contentions; DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379; TLO#25-11-10088

Hi Mehdi,

Focusing on the proposed amended invalidity contentions, we would oppose the addition of the entity designation correction because, like Sharkroad's inequitable conduct assertion in the original contentions, inequitable conduct may result in unenforceability, not invalidity, and thus has no place in such a document and it was improper to assert it. Please identify where in S.P.R. 3-3 inequitable conduct or unenforceability may be asserted.

Furthermore, you never responded to the following: "Please provide a legal basis or authority that would support a finding of inequitable conduct by such an allowable correction to the entity status." In doing so, please address the following: *Therasense* raised the bar to a strict "but-for" materiality standard: information (or a misstatement) is material only if the PTO would not have allowed the claim, or would not have accepted the fee or kept the patent alive, had it known the truth — combined with clear and convincing evidence of specific intent to deceive. Upon discovery during prosecution, the Examiner would have simply requested a proper entity designation and the appropriate fee, the same result later achieved by voluntary correction, which was granted by the PTO. There is no "but-for" causal link to point to.

Pease reconsider before offering another date for the "meet and confer."

Craig McLaughlin
Vakili & Leus, LLP

---

**From:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>
**Sent:** Friday, October 2, 2026 3:19 PM
**To:** Craig McLaughlin <craig@vakili.com>; Said Vakili <vakili@vakili.com>; Jason Ming <jason@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Francis Wong <wong@trojanlawoffices.com>

**Subject:** Re: Request to Meet and Confer Regarding Amendment of Invalidity Contentions; DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379; TLO#25-11-10088

Hi Craig,

As you know, the Court has taken the pending Motion to Dismiss under submission and removed today's October 2 hearing from its calendar. We therefore plan to proceed with the contemplated motion for leave.

Regarding micro-entity status, the proposed amendment concerns the original submission of the certification to the USPTO, which you confirmed was subsequently corrected.

Please see the attached draft redline of the contemplated amendments to Sharkroad's invalidity contentions, including the proposed correction to the description of the previously served invalidity contention exhibits.

Further to our previous email, we are also available on Monday, October 5, 2026, between 10:00 and 11:00 a.m. or between 1:00 and 3:00 p.m. Pacific Time. Please let us know which time works so we can circulate the conference call information.

We also have not yet received your response regarding dates for the previously discussed informal discovery conference. Please let us know your availability during the first week of November.

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is*

*privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.*

---

**From:** Craig McLaughlin <craig@vakili.com>
**Date:** Thursday, October 1, 2026 at 10:11 AM
**To:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>, Said Vakili <vakili@vakili.com>, Jason Ming <jason@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Francis Wong <wong@trojanlawoffices.com>
**Subject:** RE: Request to Meet and Confer Regarding Amendment of Invalidity Contentions; DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379; TLO#25-11-10088

Hi Mehdi,

Sorry that we haven't responded to your e-mail earlier. Please, however, consider the following:

1. DNA's current Motion to Dismiss makes clear that DNA's position is that the Twisted Spoke in DNA's catalog is cumulative and not material and doesn't add anything to the existing Invalidity Contentions that include more of the same prior art, knowledge of which by DNA is also immaterial to an invalidity analysis. The outcome of that motion should help inform the value of what Sharkroad is proposing here and thus a more productive meet and confer would be best considered after the Court's ruling. Morover, before considering a meet and confer, we would like to see the proposed amendment and an analysis of what possibly the proposed DNA prior art adds to the existing contentions.

2. We corrected the micro-entity status (including paying proper fees as a small entity) which was granted. Please provide a legal basis or authority that would support a finding of inequitable conduct by such an allowable correction to the entity status. And again, the pending Motion to Dismiss should inform whether Sharkroad's existing counterclaim for inequitable conduct will survive.

3. What is in error about the existing description and what does Sharkroad wish to correct the description to? Again, what does the proposed amendment say? Please provide it to so that DNA can evaluate whether to oppose the proposed amendment.

Craig McLaughlin
Attorney for DNA Specialty, Inc.
Vakili & Leus, LLP

---

**From:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>
**Sent:** Friday, September 25, 2026 11:22 AM
**To:** Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Jason Ming <jason@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Francis Wong <wong@trojanlawoffices.com>
**Subject:** Request to Meet and Confer Regarding Amendment of Invalidity Contentions; DNA Specialty, Inc. v. Sharkroad, Inc. Case No. 2:25-cv-10379; TLO#25-11-10088

Dear Counsel,

Sharkroad, Inc. intends to move for leave to amend its Invalidity Contentions, served on June 22, 2026, under Section 3-6 of the Court's Standing Order Regarding Patent Cases. Pursuant to Local Rule 7-3, we request a conference to discuss the contemplated motion and whether the parties can resolve any of the proposed amendments without Court intervention.

The proposed amendments would:

1. Add invalidity contentions based on DNA's 2021 product catalog, which DNA produced on August 17, 2026, after Sharkroad served its Invalidity Contentions. DNA's August 24, 2026 RFA responses confirmed that the catalog is genuine, was authored and published by DNA, depicts the DNA "Twisted" spoke, and concerns a product that DNA publicly disclosed and first sold in approximately 2021.
2. Amend Sharkroad's inequitable conduct contentions to further include DNA's certification and continued assertion of micro entity status during prosecution of the '968 Patent. DNA's August 24, 2026 RFA responses confirmed that the named inventor, Jerry Lehman, has also been known by other names. A review of

USPTO records under those names indicates that he had been named as an inventor on more than four previously filed patent applications when the micro entity certification was made.

3. Revise the short description of prior art reference NPL 22 to accurately describe the corresponding exhibit. The reference and its supporting materials, identified as Exhibits 27A through 27F, were properly provided with the service of Sharkroad's Invalidity Contentions. The proposed amendment would be limited to revising the short description to correctly describe the exhibit that was served.

Please let us know whether DNA will oppose any of these proposed amendments and, if so, its position as to each amendment.

Please provide your availability for a conference pursuant to Local Rule 7-3 on Wednesday, September 30, or Thursday, October 1, between 10:00 a.m. and 11:00 a.m. or between 1:00 p.m. and 3:00 p.m. Pacific Time.

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us*

*immediately by telephone or response email. Thank you.*

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

<Sharkroad Invalidity Contentions Amended v2.pdf>

---

This email has been scanned for spam and viruses. Click here to report this email as spam.