Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Craig McLaughlin, Esq. (SBN: 182876)
craig@vakili.com
Jason C. Ming, Esq. (SBN: 219745)
jason@vakili.com
Stephen P. Hoffman, Esq. (SBN: 287075)
hoffman@vakili.com
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051

*Counsel for DNA Specialty, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| **DNA SPECIALTY, INC., a California Corporation,**<br><br>**Plaintiff/Counterclaim Defendant,**<br><br>**v.**<br><br>**SHARKROAD, INC., a California Corporation,**<br><br>**Defendant/Counterclaimant.** | **CASE NO.: 2:25-cv-10379-MWC (RAOx)**<br>[*Hon. Michelle Williams Court*]<br><br>**PLAINTIFF DNA SPECIALTY, INC.'S REPLY TO SHARKROAD, INC.'S RESPONSE TO DNA'S CLAIM CONSTRUCTION BRIEF**<br><br>Date: November 13, 2026<br>Time: 1:30 P.M.<br>Place: Courtroom 6A<br>First Street U.S. Courthouse<br>Los Angeles, CA 90012 |

**DNA SPECIALTY, INC.'S REPLY TO SHARKROAD, INC.'S RESPONSE TO DNA'S CLAIM CONSTRUCTION BRIEF**

In its Response, Sharkroad, Inc. ("Sharkroad") demonstrates why its proposed element-by-element descriptive claim construction is wrong. Simply put, it is both inaccurate and disfavored.

One element of Sharkroad's proposed construction includes "a rectangular body," which is not apparent from any of the figures within the '968 Patent claim. In its Response, Sharkroad attempts to justify the rectangular body element, which Sharkroad never specifically points to in any of the Figures of the '968 Patent. It just asserts in conclusory fashion that: "The rectangular body and its rectangular cross-section are apparent when the different views in Figures 1–4 are considered together." [Response at 3:14-15.]

Then, Sharkroad next asserts that: "This helps the jury understand that the claimed design is not just any 'twisted' shape, but that the underlying rectangular body is twisted to form the design." [Response at 2:16-18.] Yet, there is nothing in the claim that remotely suggests that the design is actually made this way. Moreover, the '968 Patent is a design patent defined by its Figures and is best described by simple reference to them. It is not a utility process patent where the method of creation would come into play.

Sharkroad next asserts that: "Sharkroad's submitted construction … further explains that the "construction's reference to 'two cylindrical ends' describes the solid-line portions and does not incorporate the disclaimed extensions." [Response at 2:25 – 3:2.] Yet Sharkroad does not point to where the "cylindrical ends" are part of the claim.

DNA Specialty, Inc. ("DNA"), however, has pointed out that Sharkroad's proposed construction conveniently omits features that are unique to the '968 Patent. Sharkroad characterizes this observation as follows: "DNA itself verbally identifies a 'straight spoke,' a 'spiral design along its entire claimed length,' and 'the shoulders of the spoke tapering to the threaded, but unclaimed cylindrical ends' to distinguish Allen."

[Response at 3:21-23.] This is incorrect. DNA is pointing out what Sharkroad has tried deceptively to keep out of the construction in order to sweep Allen into it (laughably to "assist the jury") so that it may later seek to invalidate the patent. "*DNA thus uses descriptions of particular features to explain the comparison while opposing Sharkroad's use of a description to assist the jury*." [Response at 3:23-25.] (Emphasis in original.) An inaccurate description that avoids novel features of the patent claim does not assist an impartial jury. It imparts bias and "invites the kind of myopic, restrictive approach to the infringement analysis which the Federal Circuit has found to be 'untethered from the ordinary observer inquiry' and therefore error." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015).

Sharkroad's proposed construction may be useful to Sharkroad, but by eliminating the claim's novel features and relying on an overbroad and inaccurate element-by-element description of the claim, "risks undue emphasis on particular features of the design rather than examination of the design as a whole." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010).

It is DNA's proposed and favored simple construction that refers only to the Figures which would provide the jury with an "examination of the design as a whole" and should thus be adopted.

Respectfully submitted,

**VAKILI & LEUS, LLP**

Dated: October 26, 2026

By: /s/ *Craig McLaughlin*
Craig McLaughlin, Esq.
*Counsel for DNA Specialty, Inc.*

**CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for DNA Specialty, Inc., hereby certifies that according to the Word program count feature, this Memorandum contains 525 words, which complies with the word limit of L.R. 11-6.1.

Dated: Oct. 26, 2026

By: /s/ *Craig McLaughlin*
Craig McLaughlin, Esq.
*Counsel for DNA Specialty, Inc*.

# **CERTIFICATE OF SERVICE**

*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-CV-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On October 26, 2026, I served the foregoing document described as **PLAINTIFF DNA SPECIALTY, INC.'S REPLY TO SHARKROAD, INC.'S RESPONSE TO DNA'S CLAIM CONSTRUCTION BRIEF** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant and Counterclaimant Sharkroad, Inc.*

I hereby certify that on the 26th day of October 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on October 26, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming