R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
Mehdi Poursoltani, CA Bar No. 331,961
poursoltani@trojanlawoffices.com
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant SHARKROAD, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DNA SPECIALTY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,<br><br>Defendants. | **Case No.: 2:25-cv-10379-MWC(RAOx)**<br><br>**DEFENDANT SHARKROAD, INC.'S REPLY CLAIM CONSTRUCTION BRIEF IN RESPONSE TO DNA SPECIALTY, INC.'S OPPOSITION (DKT. 53)**<br><br>**Date:** November 13, 2026<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 6A<br>First Street U.S. Courthouse<br>Los Angeles, CA<br><br>**Hon. Michelle Williams Court**<br>**United States District Judge** |

TROJAN LAW OFFICES
BEVERLY HILLS

Pursuant to the Court's Civil Trial Order (Dkt. 26 at 4) and Section 4-5(b) of the Court's Standing Order Re Patent Cases (Dkt. 11, "S.P.R. 4-5(c)"), Defendant Sharkroad, Inc. ("Sharkroad" or "Defendant") submits this reply to Plaintiff DNA Specialty, Inc.'s ("DNA" or "Plaintiff") opposition (Dkt. 53).

## I. REPLY ARGUMENTS

As a preliminary matter, DNA acknowledges that its opposition is "mostly a copy" of its opening brief.[1] Dkt. 53 at 1:24–26. DNA's opposition should not be considered for that reason alone.

### A. *Egyptian Goddess* Supports the Jury Guidance Sharkroad Requests

DNA's primary argument against Sharkroad's proposed claim construction is that Sharkroad did not "mention that the element-by-element construction that it has proposed is disfavored under current law or that its proposed construction is overbroad and improperly sweeps in immaterial prior art that the Examiner reviewed and determined was not material to patentability." Dkt. 53 at 1:20–22. Sharkroad's proposed claim construction describes the overall design claimed in the asserted patent to assist the jury in understanding the claim limitations. The proposed construction does not prescribe an element-by-element infringement test as DNA contends.

While the Federal Circuit in *Egyptian Goddess* recognizes the "risk of placing undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual described feature in the verbal description," **it permits a court to point out "various features of the claimed design as they relate to the accused design and the prior art."** *Egyptian Goddess*, 543 F.3d 665, 680 (emphasis added). Without repeating the arguments in previous briefing, the Court should exercise that discretion to help the jury understand and compare the overall designs by adopting SharkRoad's proposed construction. Dkt. 50 at 2–6; Dkt. 51 at 1–3.

DNA's assertion that Sharkroad's construction "improperly sweeps in immaterial prior art" concerns the application of the proposed claim construction to

---

[1] Sharkroad addressed those arguments in its responsive brief (Dkt. 51).



TROJAN LAW OFFICES
BEVERLY HILLS

prior art (*e.g.*, "Allen"), not whether the proposed construction will assist the jury. Dkt. 53 at 1:20–22. As previously explained, DNA's proposed construction provides no guidance concerning the scope of the asserted patent and does not aid the jury in making the necessary determinations on validity and infringement.

### B. DNA's Remaining Procedural Arguments Are Misplaced

#### 1. The Court Should Not Strike Sharkroad's Opening Claim Construction Brief

DNA seeks to strike Sharkroad's opening claim brief because it is contrary to the Court's Order. Dkt. 53 at 1:13–17. The Civil Trial Order expressly sets deadlines for "Opening claim construction briefs," "Responsive claim construction briefs," and "Reply claim construction briefs." Dkt. 26 at 4. Those plural references contemplate briefs from both parties supporting their competing constructions. That reading is consistent with the same order's requirement to "exchange preliminary claim constructions." *Id*. DNA's reliance on the earlier standing rule's default sequence disregards the later, case-specific schedule. Dkt. 53 at 1.

Sharkroad explained its interpretation to DNA in the October 7 email exchange and declined to withdraw its opening brief, citing the Court's schedule. Declaration of R. Joseph Trojan ("Trojan Decl."), Ex. 1 at 1. DNA thus knew Sharkroad's position before responsive briefs were due and filed its opposition addressing Sharkroad's construction on the scheduled date. Dkt. 53. The "fourteen minutes" between the parties' respective filings of their opening briefs does not transform Sharkroad's opening brief into an improper response to DNA's brief. Dkt. 53 at 1:5–6. Sharkroad's brief presented its proposed construction and explained why it should be adopted. Sharkroad also timely and properly addressed DNA's proposal in its separately filed responsive brief. Dkt. 51.

DNA also exercised its full opportunity to respond by filing its opposition addressing Sharkroad's proposed construction. Dkt. 53. Striking Sharkroad's opening brief would not assist resolution of the construction dispute, and DNA's request should be denied.



TROJAN LAW OFFICES
BEVERLY HILLS

**2. The Word-Count Certificate Required by L.R. 11-6.2 Has Been Filed**

This argument is a red herring because there is no dispute that Sharkroad complied with the applicable word-count limitation. In fact, the certificate filed on October 20 confirms that Sharkroad's opening brief contains 1,468 words and complies with L.R. 11-6.1. Dkt. 56. Thus, DNA suffered no prejudice and does not claim otherwise in its brief.

The earlier omission of the certificate was inadvertent and has been cured. DNA has already responded to the brief's substance in its opposition. Dkt. 53. Its opportunity to respond was therefore unaffected. Rule 83(a)(2) protects against loss of rights from nonwillful noncompliance with a local requirement of form. Fed. R. Civ. P. 83(a)(2). The filed certificate and absence of prejudice provide no basis to disregard Sharkroad's opening brief.

## II. Conclusion

The Court should deny DNA's request to strike Dkt. 50 and adopt Sharkroad's proposed construction, including exclusion of every broken-line feature in every figure and its interpretation of surface shading, as explained in its Opening Claim Construction Brief (Dkt. 50).

Respectfully submitted,

By:

Dated: October 26, 2026

/s/R. Joseph Trojan
R. Joseph Trojan
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorneys for Defendant
SHARKROAD, INC.

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Sharkroad, Inc., certifies that this brief contains 797 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 26, 2026

/s/R. Joseph Trojan
R. Joseph Trojan
Attorneys for Defendant
SHARKROAD, INC.

TROJAN LAW OFFICES
BEVERLY HILLS

# CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, I filed the foregoing with the Court's CM/ECF system, which will cause it to be served electronically upon all counsel of record.

/s/R. Joseph Trojan
R. Joseph Trojan

TROJAN LAW OFFICES
BEVERLY HILLS