# EXHIBIT 1

**Thursday, October 22, 2026 at 10:11:52 Pacific Daylight Time**

---

**Subject:** Re: DNA v. Sharkroad - Sharkroad's Claim Construction Brief
**Date:** Wednesday, October 7, 2026 at 2:00:16 PM Pacific Daylight Time
**From:** Francis Wong <wong@trojanlawoffices.com>
**To:** Craig McLaughlin <craig@vakili.com>, Joe Trojan <trojan@trojanlawoffices.com>
**CC:** Dylan Dang <dang@trojanlawoffices.com>, Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>, Said Vakili <vakili@vakili.com>, Jason Ming <jason@vakili.com>

Dear Craig:

We understand your interpretation of the rule, but we disagree with your conclusion. The Court's Scheduling Order (Dkt. 26) expressly states that "Opening claim construction **briefs** due." (Emphasis added.) The Order similarly refers to the opposition and reply briefs in the plural.

That language is also consistent with the remainder of the Scheduling Order, which provides that the parties are to "exchange preliminary claim constructions."

Because both parties are proposing claim constructions, the Scheduling Order contemplates that both parties may submit opening briefs addressing their respective proposed constructions. Under your interpretation, SharkRoad would only be limited to opposing your proposed construction.

Accordingly, SharkRoad does not intend to withdraw its opening claim construction brief.

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or

response email. Thank you.

---

**From:** Craig McLaughlin <craig@vakili.com>
**Date:** Wednesday, October 7, 2026 at 11:45 AM
**To:** Joe Trojan <trojan@trojanlawoffices.com>
**Cc:** Francis Wong <wong@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Jason Ming <jason@vakili.com>
**Subject:** DNA v. Sharkroad - Sharkroad's Claim Construction Brief

Counsel,

On late Monday afternoon, after DNA filed its Claim Construction Brief, Sharkroad filed one of its own. However, the Court's Standing Order Re: Patent Cases, authorized only DNA, as the party asserting infringement in this case, to file such a brief. See 4-5(a).

**4-5. Claim Construction Briefs**
**(a)** Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file an opening brief and any evidence supporting its claim construction.
**(b)** Not later than 14 days after service upon it of an opening brief, each opposing party shall serve and file its responsive brief and supporting evidence.
**(c)** Not later than 7 days after service upon it of a responsive brief, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

A second set of briefs is not only unauthorized, it is also unnecessarily burdensome on DNA and the Court. Accordingly, DNA requests that Sharkroad file a request this week to withdraw its brief so that DNA is relieved from the burden and expense of preparing an opposition to it.

Thank you.

Craig McLaughlin
Vakili & Leus, LLP
Counsel for DNA Specialty, Inc.