R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant SHARKROAD, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DNA SPECIALTY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,<br><br>Defendants. | **Case No: 2:25-cv-10379-MWC(RAOx)**<br><br>**DEFENDANT SHARKROAD, INC.'S STATEMENT REGARDING MEET-AND-CONFER EFFORTS AND REMAINING DISCOVERY DISPUTES**<br><br>**Informal Discovery Conference: November 9, 2026, at 1:00 p.m.**<br><br>**Hon. Rozella A. Oliver** |

Pursuant to the Court's request, Defendant and Counterclaimant Sharkroad, Inc. ("Sharkroad") submits this statement describing its meet-and-confer efforts with Plaintiff and Counter-Defendant DNA Specialty, Inc. ("DNA") since Sharkroad's September 17, 2026 request for an informal discovery conference ("IDC"), and Sharkroad's position on each remaining dispute.

## I. Meet-and-Confer Efforts and Status of Discovery Since the September 17 IDC Request

Sharkroad served its first sets of interrogatories and document requests on April 21, 2026, more than six months ago. Discovery closes on December 4, 2026. (Dkt. 26.) As of this filing, DNA has produced fewer than *500 pages* **(DNA-00001 to DNA-00472)** in a case in which DNA asserts a design patent and two separate unregistered trade dresses and seeks lost profits and disgorgement. Much of that production consists of undated catalog and flyer pages, sales records, and materials documenting the prosecution history of the claimed design. DNA has never served a single supplemental interrogatory response or amended document response, and has never identified which documents respond to which requests.

Before the IDC request, Sharkroad raised these deficiencies in correspondence dated June 19, July 2, July 24, and July 28, and in conferences on August 12 and August 18, 2026. On August 18, DNA agreed to supplement its responses by September 1. Sharkroad served its own amended responses and additional documents on September 1; DNA served no supplemental responses, stating it "had to tend to other matters," and produced 76 pages (DNA-00347 to DNA-00422).

Since the September 17 IDC request, Sharkroad has continued to press DNA for compliance:

- **September 24:** Sharkroad wrote to DNA that it still had received no trade dress documents and no substantive supplemental responses, and asked for the status of DNA's promised supplementation. DNA did not supplement.

TROJAN LAW OFFICES BEVERLY HILLS

- **October 5:** After the Court denied DNA's motion to dismiss in its entirety, Sharkroad asked DNA to provide complete supplemental responses and production by October 12, and advised that it would otherwise proceed with this IDC and, if necessary, a motion to compel. DNA did not supplement by that date or since.
- **October 16 and October 23:** Rather than supplementing, DNA produced documents at a trickle — 16 pages on October 16 (DNA-00423 to DNA-00438) and 23 pages on October 23 (DNA-00439 to DNA-00461), without any written response identifying the requests to which they respond. In total, DNA has produced only 39 pages since the IDC request.
- **October 29:** DNA's counsel represented that DNA "plan[s] to provide updated responses before the conference." The same day, Sharkroad sent a detailed letter identifying each open category and asking DNA to state which issues it would address, with responses due November 2 so the parties could narrow the disputes for the Court. As of this submission, *DNA has not served any supplemental responses and has not substantively responded to that letter*. On the evening of November 4, DNA produced an additional 11 pages (DNA-00462 to DNA-00472), again without serving supplemental written responses or substantively addressing Sharkroad's outstanding discovery concerns.
- **November 4:** DNA's counsel produces DNA-00462 – DNA-472, which consist of 11 pages of documents with no corresponding supplemental responses.

At the same time, DNA is pressing forward with discovery against Sharkroad and is taking the deposition of SharkRoad's principal corporate witness. DNA should not be permitted to depose Sharkroad's witnesses while withholding the documents and interrogatory answers on which its own claims depend.

The correspondences summarized above at attached hereto as **Appendix A**.

## II. Remaining Disputes

TROJAN LAW OFFICES BEVERLY HILLS

**A. Interrogatory Answers That Refer to Pleadings (ROG Set 1 Nos. 1, 3–5, 11, 13, 17, 19, 21; ROG Set 2 Nos. 23–25)**

These answers point back to DNA's pleadings, or to the counterclaims and prior art, instead of stating the facts requested. DNA promised supplemental responses on August 18, September 1, and October 29 but has served none.

**B. Second Set of Document Requests (RFP Set 2 Nos. 90–97, 99–113, 118)**

DNA's responses rest on its then-pending motion to dismiss, which the Court has denied. DNA has neither amended those responses nor produced the prior-art documents they call for.

**C. Identification of Responsive Documents and S.P.R. 3-2 (All Requests; Dkt. 11)**

DNA agreed to identify, for each request, the Bates numbers of responsive documents, but has not done so. DNA also has not confirmed that its S.P.R. 3-2 production is complete or identified "by production number which documents correspond to each category," as that rule requires.

**D. Conception and Development of the '968 Patent Design (ROG 5; RFPs 1, 4, 13)**

DNA has produced 12 pages of CAD drawings (DNA-00035–37, -00208–216) and a small set of April–June 2023 design and manufacturing records (DNA-00317–328, -00444–461), none showing conception before April 2023. It has produced no initial sketches, or earlier inventor–manufacturer communications, or earlier inventor–DNA communications, and has not confirmed that its production from sole inventor Jerry Lehman's email account is complete.

**E. Prior-Art Knowledge and Searches (ROGs 7–8; RFPs 5–7, 20, 87–89)**

DNA has produced only its 2021 catalog (DNA-00217–307), the prosecution history, and its own largely undated catalogs and flyers. It has produced no prior-art searches, results, or reports; no communications about earlier twisted-spoke designs; and no documents on third-party twisted designs such as V-Twin, Buchanan, and

TROJAN LAW OFFICES BEVERLY HILLS

Ridewright, which bear directly on Sharkroad's invalidity and inequitable conduct defenses.

**F. Patent Marking (RFP 12)**

DNA has produced no marking records. Sharkroad asks DNA to identify its marked products, the marking language, and implementation dates, and to produce any manufacturer marking instructions and virtual-marking records.

**G. Trade Dress First and Continuous Use — Spiral-Spoke (ROG 12; RFPs 26, 30, 42) and Cylindrical-Spoke (ROG 18; RFPs 44–46, 50, 62)**

DNA's use evidence consists of catalog and flyer, that are mostly undated or bear handwritten 2023 dates (DNA-00016–22, -00065–111, -00426–440), and social media pages. For the Cylindrical-Spoke Trade Dress, DNA has identified no date or product supporting its claimed first use in approximately 2001 and nothing accounting for use between then and its later materials. DNA should produce any further records, or confirm its production is complete and identify the supporting Bates numbers for each trade dress.

**H. Secondary Meaning — Spiral-Spoke (ROG 11; RFPs 27–31, 34–36) and Cylindrical-Spoke (ROG 17; RFPs 47–51, 54–56)**

Beyond the advertising above, DNA has produced no customer statements, surveys, or market research; no advertising expenditures, circulation, or reach data; and nothing connecting its advertising to purchaser recognition. DNA also has not stated when it contends secondary meaning arose; if no further evidence exists, DNA should say so.

**I. Exclusivity of Both Trade Dresses (ROGs 10–11, 16–17; RFPs 31, 38–39, 51, 58–59)**

DNA has produced no documents on exclusivity. Sharkroad seeks records of competing designs and third-party use, any investigations, enforcement correspondence, or licenses, and the facts supporting exclusivity, stated separately for each trade dress.

TROJAN LAW OFFICES
BEVERLY HILLS

**J. Likelihood of Confusion — Spiral-Spoke (ROG 14; RFPs 28, 37, 41, 43) and Cylindrical-Spoke (ROG 20; RFPs 48, 57, 63–64)**

DNA has identified a **single** instance of alleged confusion, involving Mark Richardson (DNA-00346), and none for the Cylindrical-Spoke Trade Dress. DNA should identify any other incidents, dates, and persons, and produce the underlying emails, messages, complaints, transaction records, and communications with the third-party witnesses listed in its Initial Disclosures — or confirm none exist.

**K. Advertising — Dates and Linked Content (RFPs 14, 29, 34, 49, 54)**

DNA produced a one-page spreadsheet of advertising weblinks for 2024–2026 (DNA-00112) but not the advertisements behind those links. DNA should produce that content and any records showing when its undated catalogs and flyers were published or distributed.

**L. Sales, Costs, Profits, and Damages (ROG 22; RFPs 15–17, 35, 55, 67–69, 74, 78)**

DNA has produced sales summaries and invoices for 2023–2026 (DNA-00113–207, -00329–333, -00347–425, -00442–443), but no underlying cost, profit, or lost-sales records, even though it seeks lost profits. Its only purported cost and profit information consists of two very brief, rudimentary summary tables (DNA-00138–139), listing alleged aggregate costs and profits for all "Cali Spoke" wheels sold, without identifying the underlying transactions, products, calculations, or supporting accounting records. DNA should identify the products those records cover, produce its cost and profit information, and state the basis for its lost-sales and other damages contentions.

**M. Copying and Willfulness (RFPs 21, 70–71)**

DNA has produced nothing on copying beyond its pleadings and demand letters. DNA should produce any communications, admissions, or other copying evidence, or confirm that it relies only on design similarity and its notice letters.

## III. Relief Requested

TROJAN
LAW OFFICES
BEVERLY HILLS

Sharkroad respectfully asks that the Court order DNA, within 14 days, to (1) serve complete, verified supplemental answers to the interrogatories identified above; (2) serve amended responses to RFP Sets 1 and 2 and produce all responsive documents in its possession, custody, or control; (3) identify by Bates number the documents responsive to each request and each S.P.R. 3-2 category; and (4) confirm in writing for any category where no further documents exist. Sharkroad further asks that DNA's depositions of Sharkroad's witnesses proceed only after DNA completes this supplementation, and reserves its right to seek further relief, including a motion to compel and appropriate sanctions.

Respectfully submitted,

By:

Dated: November 5, 2026

/s/Francis Wong

R. Joseph Trojan
Dylan C. Dang
Francis Wong
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorneys for Defendant
SHARKROAD, INC.

TROJAN LAW OFFICES BEVERLY HILLS

# APPENDIX A

TROJAN
LAW OFFICES
BEVERLY HILLS

R. JOSEPH TROJAN

DYLAN C. DANG
FRANCIS WONG
EDWIN TARVER
MEHDI POURSOLTANI
ALEXANDER D. MAZZEO

**TROJAN LAW OFFICES, P.C.**
REXFORD PLAZA
9250 WILSHIRE BOULEVARD
SUITE 325
BEVERLY HILLS, CALIFORNIA 90212
www.PatenTrademark.com
REGISTERED PATENT ATTORNEYS

PATENT, TRADEMARK, COPYRIGHT,
TRADE SECRET & RELATED CAUSES

TELEPHONE (310) 777-8399
FACSIMILE (310) 777-8348
TROJAN@TROJANIP.COM

EST. 1991

July 28, 2026

Sa'id Vakili, Esq. (SBN: 176322)
Craig McLaughlin, Esq. (SBN: 182876)
Jason C. Ming, Esq. (SBN: 219745)
Stephen P. Hoffman, Esq. (SBN: 287075)
VAKILI & LEUS, LLP
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010

***Via E-Mail***

Re: *DNA Specialty, Inc. v Sharkroad, Inc.*
Case No. 2:25-cv-10379-MWC (RAOx)
Central District of California
TLO File No. 25-11-10088

Dear Counsel:

We write further to our June 19, July 2, and July 24, 2026 emails regarding Plaintiff DNA Specialty, Inc.'s ("DNA" or "Plaintiff") failure to produce documents responsive to Defendant Sharkroad, Inc.'s ("Sharkroad" or "Defendant") First Set of Requests for Production ("RFPs"). This letter identifies the deficiencies in Plaintiff's document production and further addresses Plaintiff's deficient responses to Defendant's First Set of Interrogatories ("ROGs").

As noted in numerous prior emails, Plaintiff has not complied with the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2 and has failed to produce documents in support of its infringement contentions. *Plaintiff's May 8, 2026 deadline to produce the documents required under S.P.R. 3.2 has long since passed.* Nevertheless, Plaintiff has neither produced the required materials nor otherwise complied with the Court's Standing Order.

As a preliminary matter, Plaintiff has produced only approximately 64 pages of documents, consisting primarily of publicly available prosecution materials relating to the '968 Patent and only four documents concerning DNA's marketing materials. This production is plainly deficient in light of Defendant's 89 RFPs, which seek documents central to Plaintiff's infringement claims, Defendant's counterclaims and defenses, and Plaintiff's obligations under the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3. The production omits broad categories of responsive documents and does not reflect a reasonable search for responsive materials.

---

While we understand from your email dated July 25 that you will start your supplementation of documents on or before July 31, we ask that you substantially complete production **by no later than August 6, 2026**. If Plaintiff contends that it has completed its production, that no additional responsive documents exist, or that it intends to withhold any otherwise responsive documents, please confirm that position in writing **by August 3, 2026**, including the basis for any such withholding. **Alternatively, please advise whether you are available to meet and confer on August 10 at 11:00 a.m.**[1]

## I. DNA's Responses to ROGs

### <u>DNA's Improper Boilerplate General Objections</u>

Plaintiff asserts numerous boilerplate "General Objections" to the Interrogatories, Instructions, and Definitions without identifying the specific interrogatory or definition to which any objection applies. Such blanket and generalized objections fail to comply with the Federal Rules because they do not identify whether responsive information has been withheld or explain the basis for any particular objection.

Accordingly, Plaintiff should withdraw its General Objections and serve amended interrogatory responses that state any objections with specificity and identify the particular interrogatory to which each objection applies.

### <u>DNA's Improper Incorporation by Reference of Other Pleadings and Discovery Responses</u>

Through its interrogatory responses, including but not limited to **ROG Nos. 1, 3, 4, 5, 11, 13, 17, 19, and 21**, Plaintiff attempts to avoid providing substantive responses by referring generally to its First Amended Complaint, Infringement Contentions, Initial Disclosures, or other pleadings and discovery responses. Such generalized references are improper and do not satisfy Plaintiff's obligation under FRCP 33 to provide complete, written answers to interrogatories. Plaintiff must answer each interrogatory fully and separately based on the information presently available to it and may not incorporate other pleadings or discovery responses by general reference. Accordingly, for each interrogatory, please provide a complete and substantive response setting forth all responsive facts, rather than referring generally to other documents.

### <u>DNA's Improper Reliance on Future Supplementation</u>

Throughout its interrogatory responses, Plaintiff repeatedly states that "[d]iscovery and investigation in this matter are ongoing and Responding Party reserves the right to supplement,

---

[1] We can simultaneously confer on issues raised in your previous letters as well.

---

amend, or otherwise modify the response to this interrogatory at a subsequent time." While Plaintiff may supplement its responses if additional responsive information is later discovered, that does not relieve Plaintiff of its obligation to provide complete responses based on the information presently known or reasonably available to it. Plaintiff may not withhold currently known facts under the guise of future supplementation. For example, facts concerning the conception and development of the claimed design are necessarily within Plaintiff's present knowledge. Accordingly, please remove this reservation from each interrogatory response and provide all facts presently known or reasonably available to Plaintiff.

**ROG No. 1**

Plaintiff further refers generally to the "First Amended Complaint and Infringement Contentions." This vague reference does not answer the interrogatory. Incorporating other pleadings or discovery responses by reference does not relieve Plaintiff of its obligation to provide a complete and substantive interrogatory response.

Additionally, Plaintiff states only that "its spiral shape is not functionally necessary and contributes to the overall ornamental appearance of the claimed design." Please confirm whether Plaintiff contends that the spiral shape is the only element that contributes to the ornamental appearance of the claimed design. If not, please identify every element that Plaintiff contends contributes to the claimed design's ornamental appearance. Accordingly, please supplement your response by identifying the specific facts, allegations, and contentions upon which Plaintiff relies, rather than referring generally to other documents.

**ROG No. 2**

Plaintiff's response fails to answer the interrogatory. While Plaintiff repeats its contention that the spiral shape is ornamental rather than functional, it does not identify any alternative designs that perform the same or similar function, despite the interrogatory expressly requesting that information. If Plaintiff contends that no such alternative designs exist, please confirm that in writing. Otherwise, please supplement your response by identifying all alternative designs upon which Plaintiff relies and all facts supporting that contention.

**ROG No. 3**

Plaintiff improperly objects to subpart (c) on the ground that it is "not required to prove infringement." The interrogatory seeks the factual basis for Plaintiff's infringement allegations and is plainly relevant. Plaintiff also improperly refers generally to its First Amended Complaint and Infringement Contentions instead of providing a substantive response. Please withdraw the

---

objection and supplement your response by describing in detail all facts supporting Plaintiff's contention that the Accused Spiral-Spoke Products infringe the '968 Patent. If Plaintiff is not presently aware of any supporting facts, please confirm that in writing.

**ROG No. 4**

Plaintiff's response consists of the conclusory assertion that the products are "substantially similar" and again refers generally to other pleadings. Please supplement your response by identifying all facts supporting Plaintiff's contention that an ordinary observer would find the Accused Products substantially similar to the claimed design.

**ROG No. 5**

Plaintiff fails to identify the persons involved in the conception, design, development, creation, and reduction to practice of the claimed design, or the dates of those activities, as expressly requested. Plaintiff also fails to describe the facts relating to those activities. Such facts include, without limitation, internal communications, communications with manufacturers or other third parties, consideration of alternative designs, searches for similar or prior designs, and the development of the claimed design from its initial conception through reduction to practice. Please supplement your response accordingly.

**ROG No. 7**

Plaintiff fails to respond to significant portions of the interrogatory, including communications, decisions, considerations, and the identities of persons involved in determining whether similar designs, products, or references should be disclosed to the USPTO. Please supplement your response by providing all responsive facts.

**ROG No. 8**

Plaintiff improperly refuses to respond based on its unsupported assertion that Defendant has not provided sufficient information regarding the specifically identified references. Sharkroad further directs Plaintiff to its Invalidity Contentions, which contain additional information regarding the identified prior art references should Plaintiff require further clarification. Please supplement your response by addressing each identified reference and each subpart of the interrogatory. If Plaintiff contends it has no responsive facts, please confirm that in writing.

**ROG No. 9**

Plaintiff's response does not clearly identify the alleged Spiral-Spoke Trade Dress. It uses undefined terms, such as "fat," "ribbon-style," "spiral design," and "radial lace fashion," without

---

identifying the portions of the product to which those terms refer. Plaintiff also fails to identify which features are functional. Please supplement your response by providing an annotated illustration, photograph, or drawing clearly identifying the alleged trade dress, each asserted trade dress element, and each functional feature.

**ROG No. 10**

Plaintiff fails to describe the facts supporting its contention that the alleged trade dress is inherently distinctive. Please supplement your response by identifying all facts supporting that contention.

**ROG No. 11**

Plaintiff provides only conclusory assertions regarding secondary meaning without identifying any supporting facts. Please supplement your response by identifying all supporting facts or confirm in writing that Plaintiff has no additional supporting facts.

**ROG No. 12**

Plaintiff identifies only an approximate first-use date and provides only a general description of use. Please supplement your response by identifying the specific dates of first use, the products on which the alleged trade dress was first used, and the facts concerning the continuity of such use.

**ROG No. 13**

Plaintiff improperly objects to subpart (c) on the ground that it is "not required to prove infringement." The interrogatory seeks the factual basis for Plaintiff's trade dress infringement allegations and is plainly relevant. Please withdraw the objection and supplement your response by describing in detail all facts supporting Plaintiff's contention that Defendant's Accused Spiral-Spoke Products infringe the alleged trade dress. If Plaintiff is not presently aware of any additional supporting facts, please confirm that in writing.

**ROG No. 14**

Plaintiff fails to respond to significant portions of the interrogatory, including actual confusion and any surveys, studies, analyses, or other evidence relating to likelihood of confusion. Please supplement your response accordingly or confirm in writing that no such facts exist.

---

**ROG No. 15**

Plaintiff's response does not clearly identify the alleged Cylindrical-Spoke Trade Dress. It uses undefined terms, such as "fat," "straight," "cylindrically shaped," and "radial lace fashion," without identifying the portions of the product to which those terms refer. Plaintiff also fails to identify which features are functional. Please supplement your response by providing an annotated illustration, photograph, or drawing clearly identifying the alleged trade dress, each asserted trade dress element, and each functional feature.

**ROG No. 16**

Plaintiff fails to describe the facts supporting its contention that the alleged trade dress is inherently distinctive. Please supplement your response by identifying all facts supporting that contention.

**ROG No. 17**

Plaintiff provides only conclusory assertions regarding secondary meaning without identifying any supporting facts. Please supplement your response by identifying all supporting facts or confirm in writing that Plaintiff has no additional supporting facts.

**ROG No. 18**

Plaintiff identifies only an approximate first-use date and provides only a general description of use. Please supplement your response by identifying the specific dates of first use, the products on which the alleged trade dress was first used, and the facts concerning the continuity of such use.

**ROG No. 19**

Plaintiff improperly objects to subpart (c) on the ground that it is "not required to prove infringement." The interrogatory seeks the factual basis for Plaintiff's trade dress infringement allegations and is plainly relevant. Please withdraw the objection and supplement your response by describing all facts supporting Plaintiff's contention that Defendant's Accused 52 Cylindrical-Spoke Products infringe the alleged Cylindrical-Spoke Trade Dress. If Plaintiff is not presently aware of any supporting facts, please confirm that in writing.

**ROG No. 20**

Plaintiff fails to respond to significant portions of the interrogatory, including actual confusion and any surveys, studies, analyses, or other evidence relating to likelihood of confusion. Please supplement your response accordingly or confirm in writing that no such facts exist.

**ROG No. 21**

Plaintiff's response does not fully answer the interrogatory. Please supplement your response by identifying all opinions, analyses, research, studies, interviews, surveys, investigations, and other due diligence performed before filing this action, or confirm in writing that no such facts exist.

**ROG No. 22**

Plaintiff fails to identify the factual basis for its damages, any method of computation, the persons with knowledge, or the supporting documents. Although Plaintiff may later supplement its damages analysis as discovery progresses, Plaintiff must disclose all information presently known or reasonably available.

## II. DNA's Responses to RFPs

**DNA's Improper Boilerplate General Objections**

Plaintiff asserts numerous boilerplate General Objections and repeats the same unsupported objections to individual RFPs, including that the requests are "compound," "conjunctive," "disjunctive," "overbroad," "unduly burdensome," "not limited as to time or scope," "not limited as to time," or that the burden outweighs the likely benefit. Plaintiff does not explain how any objection applies to any particular request or whether responsive documents have been withheld on the basis of any objection.

Accordingly, Plaintiff should withdraw its boilerplate objections and serve amended responses and identifying whether any responsive documents have been withheld, and on what basis.

**Failure to Produce Documents Plaintiff Represented It Would Produce**

In numerous responses, including but not limited to RFP Nos. 1-4, 7, 9-17, 24-26, 28-30, 34-35, 37, 42-51, 54-55, 57, 59, 61-65, 67, 69, 74, 78, and 86, Plaintiff states that it "will produce non-privileged documents." However, Plaintiff has produced only approximately 64 pages of documents, consisting primarily of publicly available prosecution materials and only four

---

documents relating to DNA's marketing materials. Plaintiff has not produced documents responsive to most of the requests for which it agreed to produce documents. If Plaintiff has completed its search and no responsive documents exist, please confirm that in writing for each applicable request. Otherwise, please promptly produce all responsive, non-privileged documents.

**DNA's Failure to State Whether Responsive Documents Have Been Withheld**

In numerous responses, Plaintiff states only that it "will produce" responsive documents, "will produce" documents if they exist, or "will produce" documents to the extent it becomes aware of them. These responses do not state whether Plaintiff has completed its search, whether responsive documents presently exist, whether documents have been withheld, or whether the production served to date is complete.

Accordingly, for each such request, please state whether Plaintiff has completed its search, whether all responsive non-privileged documents have been produced, and whether any responsive documents have been withheld.

**Improper Reliance on Future Supplementation**

Throughout its RFP responses, Plaintiff states that discovery is ongoing and reserves the right to supplement or amend its responses. While Plaintiff may supplement its production if additional responsive documents are later discovered, that does not excuse Plaintiff from producing all responsive documents presently within its possession, custody, or control. Plaintiff may not withhold existing responsive documents under the guise of future supplementation. Accordingly, please produce all responsive, non-privileged documents presently known to Plaintiff.

**DNA's Improper References to Other Documents**

In several responses, including but not limited to RFP Nos. 7, 9, 10-11, 13, 18, 20, 22, 23, 41, 43, 59, 61, 63-66, and 70-71, Plaintiff attempts to satisfy its production obligations by referring generally to documents such as the First Amended Complaint, the Answer and Counterclaim, the face page of the '968 Patent, the Examiner's search results, or assignment documents. Such references do not satisfy Plaintiff's obligation to produce responsive documents within its possession, custody, or control.

Accordingly, for each such request, please produce all responsive, non-privileged documents within Plaintiff's possession, custody, or control rather than directing Defendant to other sources.

---

**Failure to Confirm That No Responsive Documents Exist After a Reasonable Search**

In numerous responses, including but not limited to RFP Nos. 5, 6, 8, 10, 18, 19, 31-33, 36, 38-40, 52-53, 56, 58, 60, 66, 77, 79, and 81, Plaintiff merely states that it is "unaware" of responsive documents. These responses do not confirm that Plaintiff conducted a reasonable search for responsive documents or that no responsive documents exist after such a search. Accordingly, for each such request, please confirm that Plaintiff conducted a reasonable search and either produce all responsive, non-privileged documents or confirm in writing that **no responsive documents** exist after a reasonable search.

While the foregoing deficiencies should be addressed in Plaintiff's supplemental responses to all applicable RFPs, Sharkroad also identifies below a non-exhaustive list of additional deficiencies with respect to specific requests for production. These examples are intended to facilitate the parties' meet-and-confer process and do not waive Defendant's right to seek supplementation of any other deficient response.

**RFP Nos. 1, 3-4, and 13**

These requests seek documents relating to the conception, design, development, manufacture, and commercialization of the design claimed in the '968 Patent. At a minimum, Plaintiff should produce the following responsive, non-privileged documents **from January 1, 2020, to the present**:

1. All *communications* (including emails, text messages, WhatsApp messages, Slack messages, Microsoft Teams messages, and similar communications) with or among any person or entity involved in, or relating to, the conception, design, development, manufacture, commercialization, or patenting of the claimed design, including *inventors, designers, manufacturers, engineers, developers, consultants, suppliers, contractors, draftsmen, patent attorneys, patent agents, and other patent professionals*. Such *communications include those containing search terms such as "twisted," "spiral," "twirled,"* or similar terms relating to the claimed design.
2. Design documents, including sketches, drawings, CAD files, renderings, prototypes, and design revisions.
3. Documents relating to the conception, development, testing, or evaluation of the claimed design.
4. Manufacturing documents, including specifications, production records, purchase orders, invoices, and communications with manufacturers.
5. Documents relating to alternative designs considered during development.

---

6. Documents relating to the first manufacture, sale, or commercialization of products embodying the claimed design.

**RFP No. 5**

Plaintiff improperly limits its response to prior art that it considers "material." RFP No. 5 broadly seeks all documents relating to any prior art known, identified, reviewed, or considered by Plaintiff or on Plaintiff's behalf in connection with the claimed design of a twisted or spiral spoke, regardless of whether Plaintiff considers such prior art material. Please supplement your response by producing all responsive, non-privileged documents, including, without limitation:

1. Communications relating to any prior art, similar designs, or competing products.
2. Prior art searches, search results, and search reports.
3. Catalogs, brochures, advertisements, marketing materials, websites, photographs, and other publications relating to third-party products or designs having a spiral shaped spoke.
4. Documents received from manufacturers, designers, suppliers, patent professionals, or other third parties relating to similar or alternative designs.
5. Internal analyses, comparisons, evaluations, notes, or discussions concerning any prior art or similar designs.

As you know from our recent production of documents, Plaintiff failed to produce its product catalog from 2021 or any information concerning its "Twisted Spoke" product. That product is clearly relevant to the design in the asserted patent. *Please explain why that catalog was withheld when other product catalogues were produced*.

**RFP No. 12**

Plaintiff represents that it will produce responsive documents but has not done so. RFP No. 12 seeks documents relating to patent marking of products embodying the design claimed in the '968 Patent. At a minimum, Plaintiff should produce the following responsive, non-privileged documents from January 1, 2023, to the present:

1. *Communications with manufacturers, suppliers, distributors, retailers, or other third parties relating to patent marking*.
2. Documents identifying the date on which any product was first marked with "Patent Pending," the '968 Patent number, or any other patent designation.
3. Communications relating to any decision to begin, modify, or discontinue patent marking.

---

4. Documents identifying the products that were marked and the dates on which such marking began.
5. Catalogs, brochures, advertisements, product packaging, labels, product photographs, webpages, and other marketing materials showing patent marking.
6. Purchase orders, manufacturing specifications, artwork, packaging files, or other documents reflecting implementation of patent marking.
7. Documents sufficient to identify any changes to patent marking practices, including the dates of such changes.

If Plaintiff contends that no such documents exist, please confirm in writing.

**RFP Nos. 14, 15, and 17**

These requests seek documents relating to the marketing, sale, distribution, customers, and commercialization of products embodying the design claimed in the '968 Patent. At a minimum, Plaintiff should produce the following responsive, non-privileged documents from January 1, 2020, to the present:

1. *All communications with or among distributors, retailers, customers, manufacturers, suppliers, sales representatives, marketing personnel, and other third parties relating to products embodying the claimed design.*
2. *Documents sufficient to identify all marketing and advertising materials, including catalogs, brochures, flyers, webpages, social media posts, advertisements, promotional materials, and product listings referring to or depicting a twisted, spiral, or twirled spoke design.*
3. Documents sufficient to identify all distributors, retailers, and customers of products embodying the claimed design.

**RFP 20**

Plaintiff's response is deficient in several respects. First, although RFP No. 20 expressly limits the requested documents to the period from April 19, 2022, to the present, Plaintiff nevertheless objects that the request "is not limited as to time." This objection is plainly baseless and further demonstrates Plaintiff's use of boilerplate objections that are repeatedly asserted throughout its discovery responses.

---

Second, Plaintiff objects that the request is irrelevant. Plaintiff is aware that the identified terms—including "Twirled Type," "vtwinmfg," "V-Twin," "vtwin," "buchanan," "buchananspokes," "ridewrightwheels," and "ridewright"—refer to competitors and products in the same market that, as reflected in the pleadings and Defendant's Invalidity Contentions, include similar twisted-spoke designs. Documents concerning these terms are directly relevant to Plaintiff's infringement claims, Defendant's invalidity and non-infringement defenses, and Defendant's counterclaims. This request goes to the heart of the issues in this action.

Accordingly, please withdraw your objections and produce all responsive, non-privileged documents immediately.

**RFP Nos. 24-26 and 44-46**

These requests seek documents relating to the conception, creation, development, adoption, first use, manufacture, marketing, and commercialization of the alleged Spiral-Spoke Trade Dress and the alleged Cylindrical-Spoke Trade Dress. At a minimum, Plaintiff should produce the following responsive, non-privileged documents:

1. All communications (including emails, text messages, WhatsApp messages, Slack messages, Microsoft Teams messages, and similar communications) with or among any person or entity relating to the conception, development, adoption, manufacture, marketing, or commercialization of either alleged trade dress, including designers, manufacturers, engineers, developers, consultants, suppliers, contractors, marketing personnel, branding consultants, and other third parties. Such communications include those containing search terms such as "spiral," "twisted," "twirled," "cylindrical," or similar terms relating to the alleged trade dresses.
2. Documents relating to the conception, creation, development, adoption, or first use of either alleged trade dress.
3. Design documents, including sketches, drawings, CAD files, renderings, prototypes, and design revisions.
4. Manufacturing, branding, advertising, and marketing documents relating to either alleged trade dress.
5. Documents relating to the first manufacture, first sale, first use in commerce, or commercialization of products bearing either alleged trade dress.

**RFP Nos. 27-31, 34-36, and 42**

These requests seek documents relating to the distinctiveness, secondary meaning, first use, advertising, marketing, promotion, sales, consumer perception, exclusivity, surveys, studies, or

---

analyses, and commercialization of the alleged Spiral-Spoke Trade Dress. Please produce all responsive, non-privileged documents, including documents to establish the asserted distinctiveness, secondary meaning, first use, advertising, sales, customer recognition, consumer perception, exclusivity, surveys, studies, or analyses, and commercialization of the alleged Spiral-Spoke Trade Dress from January 1, 2020, to the present.

**RFP Nos. 47-51, 54-56, and 59**

These requests seek documents relating to the distinctiveness, secondary meaning, first use, advertising, marketing, promotion, sales, consumer perception, exclusivity, surveys, studies, or analyses, and commercialization of the alleged Cylindrical-Spoke Trade Dress. Please produce all responsive, non-privileged documents, including documents to establish the asserted distinctiveness, secondary meaning, first use, advertising, sales, customer recognition, consumer perception, exclusivity, surveys, studies, or analyses, and commercialization of the alleged Cylindrical-Spoke Trade Dress from January 1, 2020, to the present.

**RFP Nos. 37, 41, 43, 57, and 63-64**

These requests seek documents supporting Plaintiff's allegations of trade dress infringement, including alleged consumer confusion and Plaintiff's contentions that Defendant's products infringe the alleged Spiral-Spoke Trade Dress and the alleged Cylindrical-Spoke Trade Dress. Please produce all responsive, non-privileged documents supporting or refuting these allegations.

**III. Plaintiff's Failure to Comply with the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2**

Plaintiff has also failed to comply with the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2. Plaintiff's deadline to produce the documents required by S.P.R. 3.2 has long since passed, yet Plaintiff has neither produced the required documents nor otherwise complied with the Court's Standing Order. Sharkroad has repeatedly reminded Plaintiff of its obligations under S.P.R. 3.2, but Plaintiff has failed to cure these deficiencies.

S.P.R. 3.2 requires Plaintiff, without awaiting discovery requests, to produce documents evidencing, among other things, the conception, reduction to practice, design, and development of the claimed invention; disclosures to third parties, offers for sale, sales, or public use before the patent application; ownership of the asserted patent; agreements relating to the asserted patent or damages; patent marking; and other categories specifically identified in the Standing Order. Plaintiff has failed to produce these required materials, other than approximately 64 pages consisting primarily of publicly available prosecution materials and limited marketing materials.

---

Accordingly, please immediately comply with S.P.R. 3.2 by producing all documents required under the Standing Order. In addition, as expressly required by S.P.R. 3.2, Plaintiff shall separately identify, by production number, the documents corresponding to each category required under S.P.R. 3.2. If Plaintiff contends that any required category contains no responsive documents, please expressly confirm that in writing.

**VI. Conclusion**

The foregoing identifies a number of significant deficiencies in Plaintiff's interrogatory responses, document production, and compliance with the Court's Standing Order Re Patent Cases (Dkt. 11), S.P.R. 3.2. The issues identified in this letter are not exhaustive and are intended to facilitate the parties' meet-and-confer process. Defendant expressly reserves all rights to identify additional deficiencies in Plaintiff's discovery responses and document production, to seek further supplementation, and to pursue all relief available under the applicable rules.

Accordingly, **please serve supplemental responses and substantially complete its document production by no later than August 6, 2026**. If Plaintiff contends that it has completed its production, that no additional responsive documents exist, or that it intends to withhold any otherwise responsive documents, please confirm that position in writing **by August 3, 2026**, including the basis for any such withholding. **Alternatively, please advise whether you are available to meet and confer on August 10 at 11:00 a.m.**

If Plaintiff fails to timely remedy the foregoing deficiencies, Defendant will have no alternative but to seek appropriate relief from the Court, including an order compelling further responses and production of documents, together with any other relief the Court deems appropriate.

Very truly yours,

TROJAN LAW OFFICES, P.C.
by

/s/R. Joseph Trojan
R. Joseph Trojan, Esq.

RJT:fw:mp

**Subject:** Re: DNA v. Sharkroad - ZOOM Meeting (08/12/26 - 3 p.m.)
**Date:** Thursday, August 13, 2026 at 3:59:29 PM Pacific Daylight Time
**From:** Francis Wong
**To:** Craig McLaughlin, Said Vakili, Jason Ming
**CC:** Dylan Dang, Joe Trojan, Mehdi Poursoltani
**Attachments:** image001.png

Dear Craig:

Thank you for your email.

As to DNA's motion, we offered to make reasonable amendments to address any minor technicalities in the pleading that were identified during the meet and confer because we wanted to narrow the issues for the Court. Even if DNA insists on filing another motion, we believe the Court would appreciate the parties making a good-faith effort to narrow the issues where possible.

There is also an issue concerning DNA's anticipated motion that was not discuss during yesterday's conference. As explained at length in our August 6 letter, to the extent DNA seeks to raise challenges that were available when it filed its prior Rule 12 motion, its anticipated motion would violate Rule 12(g), which provides "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Thus, to the extent DNA again seeks relief concerning SharkRoad's *unchanged* affirmative defenses that the Court already declined to strike, the anticipated motion is effectively an untimely motion for reconsideration that does not satisfy Local Rules 7-17 and 7-18. We addressed these issues in detail in our letter, and nothing in your email explains how DNA intends to overcome these procedural defects.

As to discovery, we disagree with your characterization that SharkRoad attempted to "ambush" DNA with a discovery meet and confer. Both parties discussed discovery issues. You asked about SharkRoad's July 31 production, which DNA apparently had not downloaded or reviewed before contending that the production was deficient. Though that production was made nearly two weeks, you never alerted us to any problem with the production or the link for downloading the documents. In any case, per your request, Mehdi responded by email this morning confirming the production Bates numbers and even attached the downloaded files for your convenience. We therefore consider that matter resolved.

As to our request for DNA's documents, SharkRoad sent DNA a letter on July 28, 2026 expressly requesting a discovery conference no later than August 10, 2026. **DNA did not respond to that request.** That is why we brought up the discovery issues yesterday. During that conference, we again offered to meet and confer substantively regarding the outstanding discovery issues. You refused to confer and instead demanded an in-person meeting. We then asked for your availability to set up that meet and confer, but you did not provide any dates or times in your email.

Further, your suggestion that Judge Oliver's procedures require the parties to conduct that conference in person is incorrect. Judge Oliver's Informal Discovery Dispute Resolution procedures provide that, before contacting the Court, "the parties must meet and confer in good faith to attempt to resolve or narrow their disputes, including at least one discussion by telephone, video, or in person." Thus, an in-person conference is not required.

With the clarification of the rule, we expect DNA to participate promptly in a substantive meet and confer so that the parties can determine which issues, if any, actually require the Court's involvement. We are available to meet and confer on **Monday or Tuesday next week at 11:00 a.m. by phone**. Please confirm your availability.

To the extent that we are unable to resolve the discovery issues under Judge Oliver's Informal Discovery Dispute Resolution procedures and, therefore, it becomes necessary to meet per the Local Rules on our motion to compel, we note that the conference is to take place at **our office as the moving party** pursuant to the Local Rules. L.R. 37-1.

Finally, with respect to DNA's reference to potential spoliation, we asked for clarification during the conference because we have no knowledge of the factual basis for DNA's contention that material was removed from the Wayback Machine. We specifically asked DNA to identify what it believes is missing, including the particular webpages, content, dates, or archived captures at issue. DNA did not provide that information. Instead, it just asked, speculatively, whether past offers for sale or advertisements of SharkRoad's spiral spoke products were removed from its website. If DNA seeks information concerning this issue, it can propound appropriate discovery identifying with reasonable specificity the factual basis for its contention so that SharkRoad can meaningfully investigate and respond.

In conclusion, please confirm which of the dates and times identified above works for the discovery conference.

Best regards,

TROJAN LAW OFFICES, P.C.
by
Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086
TLO® — providing quality intellectual property services to our global clientele since 1991.
This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this

communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Craig McLaughlin <craig@vakili.com>
**Date:** Wednesday, August 12, 2026 at 7:31 PM
**To:** Francis Wong <wong@trojanlawoffices.com>
**Cc:** Dylan Dang <dang@trojanlawoffices.com>; Joe Trojan <trojan@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Jason Ming <jason@vakili.com>
**Subject:** RE: DNA v. Sharkroad - ZOOM Meeting (08/12/26 - 3 p.m.)

Dear Francis,

Thank you for the recap of our meet confer on Zoom this afternoon with you, Dylan Dang and Said Valiki.

DNA believes that Sharkroad is in error believing that only "notice" pleading is required for an inequitable conduct claim and have addressed in great detail the requirements of the Federal Circuit for such a claim, which we continue to believe Sharkroad has failed to meet in the AACC. We don't believe that yet another bite at the apple is warranted after three opportunities by Sharkroad, to provide yet another opportunity for Sharkroad to forward another proposed pleading that the Court won't consider. See Court's Order disregarding the PAACC. As set forth in great detail in yesterday's letter to you, and the prior e-mail correspondence sent to you on August 5th, Sharkroad has repeatedly shown that it cannot adequately plead the Count. DNA is not willing to waste more resources to address an unfiled pleading that the Court will refuse to consider. Thus, Sharkroad's offer for yet another proposed pleading is untimely and we believe is also unproductive, particularly since the Court has shown a great reluctance to address it. As an intellectual property firm since 1991, we assume that after not one, not two, but three attempts at an adequate pleading, Sharkroad would have done so if it could have.

As for discovery, despite Dylan's sudden request at today's conference to, without notice, include a meet and confer over Sharkroad's issues with DNA's discovery responses, I will note first that DNA never agreed to and was not prepared for such a meet and confer at today's conference, that DNA sent a letter on July 2, 2026, to Sharkroad's counsel addressing the vast inadequacies of Sharkroad's responses to DNA's discovery (a protective order has long been entered and Sharkroad has not responded to the letter), and that a meeting over discovery deficiencies is required by Magistrate Oliver's Standing Order to be held in person. DNA is not fond of ambush "meet and confers."

As for the potential spoilation that DNA is concerned about, specifically did Sharkroad engage in removing past offers for sale or advertisements of its spiral spoke products from its website?

As for missing dates of Sharkroad's sales information, moments ago, I sent Mehdi a request for documents that we were not able to download.

Best Regards,

Craig McLaughlin
Vakili & Leus, LLP

**From:** Francis Wong <wong@trojanlawoffices.com>
**Sent:** Wednesday, August 12, 2026 5:25 PM
**To:** Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Jason Ming <jason@vakili.com>
**Cc:** Dylan Dang <dang@trojanlawoffices.com>; Joe Trojan <trojan@trojanlawoffices.com>
**Subject:** Re: DNA v. Sharkroad - ZOOM Meeting (08/12/26 - 3 p.m.)

Dear Craig and Sa'id:

Thank you for conferring with us today. We write to memorialize our understanding of the issues discussed during the meet and confer.

**Amended Counterclaims**

We discussed DNA's anticipated challenges to SharkRoad's amended counterclaims. As we explained in previous correspondence, DNA's substantive objections to SharkRoad's inequitable conduct claim are not properly resolved on a Rule 12 motion. Among other things, DNA contends that the newly referenced prior art is cumulative of prior art considered by the Patent Examiner. As we explained, that is a factual argument concerning the substance and significance of the respective prior-art references and the prosecution history, not an appropriate basis for resolving the claims on the pleadings. Moreover, the amended counterclaims specifically allege why the newly added prior art is not cumulative of the references previously considered by the Examiner.

We also discussed several of DNA's more minor pleading objections, including its objection to the use of "and/or" in certain allegations (despite the specific factual allegations that give DNA more than sufficient notice of the claims being asserted against it). Although SharkRoad does not believe that these trivial objections have any merit, we offered to make reasonable amendments to address them to avoid unnecessary motion practice. You declined. That offer remains open.

**Joint Claim Construction and Prehearing Statement**

The parties also met and conferred concerning the Joint Claim Construction and Prehearing Statement. DNA indicated that it intends to provide a draft sometime this week. Also, both sides indicated that they will not need to call witnesses for claim construction.

**Discovery Issues**

Regarding various outstanding discovery issues raised in our previous correspondence, we offered to meet and confer substantively regarding those issues during today's call. While the parties discussed some of the discovery issues, you requested that the parties conduct an in-person conference at a later date. Although in our experience it is not customary practice to conduct such a meet-and-confer in-person, we are willing to do so if necessary and asked you to provide dates and times for your availability.

We emphasized, however, the need to move promptly because the discovery requests at issue have been pending for some time. But if DNA can produce responsive documents this week, it may eliminate or substantially narrow the need for a motion to compel. For example, production of DNA's 2021 catalog and related information concerning the products DNA offered or sold during that period may resolve at least some of the outstanding issues.

On that point, when we specifically raised DNA's 2021 catalog, you suggested that DNA could simply Bates-label the version of the catalog that SharkRoad previously provided and produce that copy back to us. As we explained in the conference, that would not be proper because SharkRoad is entitled to documents in DNA's possession, custody, or control, including documents maintained by DNA in the ordinary course of its business. Accordingly, if DNA possesses its own copy of the 2021 catalog, it must produce that original document and other responsive documents.

DNA also raised two discovery issues of its own.

First, you indicated that certain material relating to SharkRoad's website may have been removed from the Wayback Machine. As we have no idea what you were referring to, we asked you to provide additional information identifying the material that DNA contends was removed, including the particular pages, content, and relevant dates or captures at issue. Once DNA provides that information, we will investigate the issue and respond.

Second, DNA followed up concerning SharkRoad sales documents that it previously contended were missing dates. As we explained during the call, our associate Mehdi sent an email on July 31, 2026 providing sales documents containing the requested dates. We did not receive any subsequent correspondence identifying a deficiency with that production. If there are any other issues with the production, please identify them specifically so we can address them.

We also look forward to receiving DNA's document production or your availability for the discovery conference, as well as DNA's draft of the Joint Claim Construction and Prehearing Statement.

Best regards,

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***
This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Said Vakili <vakili@vakili.com>
**Date:** Wednesday, August 12, 2026 at 3:05 PM
**To:** Francis Wong <wong@trojanlawoffices.com>
**Cc:** Craig McLaughlin <craig@vakili.com>; Dylan Dang <dang@trojanlawoffices.com>; Jason Ming <jason@vakili.com>; Joe Trojan <trojan@trojanlawoffices.com>
**Subject:** Re: DNA v. Sharkroad - ZOOM Meeting (08/12/26 - 3 p.m.)

zoom

Join our Cloud HD Video Meeting
us06web.zoom.us

On Aug 12, 2026, at 3:00 PM, Francis Wong <wong@trojanlawoffices.com> wrote:

Hi Craig:

When I click on the link below, it says I’m unable to join and need permission. Feel free to just call our office.

Best regards,

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Craig McLaughlin <craig@vakili.com>
**Date:** Tuesday, August 11, 2026 at 9:02 AM
**To:** Francis Wong <wong@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>
**Cc:** Said Vakili <vakili@vakili.com>; Jason Ming <jason@vakili.com>; Joe Trojan <trojan@trojanlawoffices.com>
**Subject:** RE: DNA v. Sharkroad - ZOOM Meeting (08/12/26 - 3 p.m.)

Francis,

Forwarding the invitation for the "meet and confer."

Craig

---

**From:** Said Vakili <vakili@vakili.com>
**Sent:** Friday, August 7, 2026 4:24 PM
**To:** Craig McLaughlin <craig@vakili.com>; Jason Ming <jason@vakili.com>; Joe Trojan <trojan@trojanlawoffices.com>
**Subject:** DNA v. Sharkroad - ZOOM Meeting (08/12/26 - 3 p.m.)

Sa'id Vakili, Esq. is inviting you to a scheduled Zoom meeting.

Topic: ZOOM Meeting: MnC - DNA v. Sharkroad
Time: Aug 12, 2026 03:00 PM Pacific Time (US and Canada)
Join Zoom Meeting

<image001.png>

[Join our Cloud HD Video Meeting](us06web.zoom.us)
us06web.zoom.us

Meeting chat link
https://us06web.zoom.us/launch/jc/81609528788

Meeting ID: 816 0952 8788
Passcode: 147604

---

One tap mobile
+16694449171,,81609528788#,,,,*147604# US
+16699006833,,81609528788#,,,,*147604# US (San Jose)

---

Join by SIP
• 81609528788@zoomcrc.com

Join instructions
https://us06web.zoom.us/meetings/81609528788/invitations?signature=vH0HK-nwMs1Rl9mHbgCoopIbcQbqj5l82nney9gMbC8

Very best,

*Sa'id Vakili*
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010 |** Fax: 213/380-6051
*http://www.vakili.com*

---

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply e-mail or by telephone (213/380-6010), and destroy the original

transmission and its attachments without reading them or saving them to disk or elsewhere. Thank you.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

**Wednesday, November 4, 2026 at 2:21:41 PM Pacific Standard Time**

**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc.
**Date:** Thursday, September 3, 2026 at 5:45:15 PM Pacific Daylight Time
**From:** Francis Wong
**To:** Jason Ming, Mehdi Poursoltani, Joe Trojan, Dylan Dang
**CC:** Said Vakili, Craig McLaughlin, Stephen P. Hoffman
**Attachments:** 5e064da4-4d45-4c9a-b884-c3b1e11e4df5.pdf

Dear Jason:

As you know, SharkRoad served its first set of discovery requests on April 21, 2026. Despite having more than 4 months to respond to the discovery and to produce responsive documents, DNA is still deficient in complying with its discovery obligations. SharkRoad attempted to resolve these issues in emails and letters dated June 19, July 2, July 24, and July 28. The parties conferred at length last month on August 18, 2026 to see if any progress can be gained without court intervention. As clearly set forth in my email of August 18 and your response of August 19, the parties agreed to supplement their discovery responses by September 1, 2026.

Yet, despite SharkRoad substantially supplementing its responses and producing additional documents on September 1, DNA failed to provide any interrogatory supplementation and produced a small set of documents consisting essentially of the prosecution history for the patent at issue and google search results. Your email also appears to attach *SharkRoad's* supplemental responses and omits any interrogatory supplementation from DNA.

To justify the delay, you contend that "[w]e had to tend to other matters in the meantime and will have to send DNA's additional written responses another day." Thus, DNA appears to have made no effort to supplement its discovery responses as we agreed on the call. For example, DNA did not provide any supplementation concerning its trade dress claims or produce additional documents supporting its claim of distinctiveness of its trade dress, which are issues we specifically discussed during the meet and confer.

Due to DNA's failure to make good faith efforts to supplement its discovery responses, SharkRoad will request and informal discovery conference with Judge Oliver. Per her standing order, please provide us with your availability the week of September 14, 2026 for an informal discovery conference so we can prepare the attached request.

Please provide us with your availability no later than tomorrow, September 4.

Best regards,

TROJAN LAW OFFICES, P.C.
by
Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325

Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086
TLO® — providing quality intellectual property services to our global clientele since 1991.
This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

**From:** Jason Ming <jason@vakili.com>
**Date:** Tuesday, September 1, 2026 at 7:21 PM
**To:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Francis Wong <wong@trojanlawoffices.com>; Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>
**Cc:** Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc.

Dear All—

Received, and thank you. As stated during the parties' meet and confer teleconference on August 18, 2026, DNA Specialty, Inc. will be amending and/or supplementing its response to various interrogatories and requests in Sharkroad's first sets of Interrogatories and Requests for Production. We had to tend to other matters in the meantime and will have to send DNA's additional written responses another day.

However, we do have additional document production ready today. Attached please find DNA Specialty, Inc.'s document production bearing control numbers DNA-00347 – DNA-00422, along with the corresponding Certificate of Service.

Thank you.

Best regards,
Jason

Jason C. Ming, Esq.
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051
*http://www.vakili.com*

---

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply

email or by telephone (213/380-6010) and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere.

On Sep 1, 2026, at 5:53 PM, Mehdi Poursoltani <Poursoltani@trojanlawoffices.com> wrote:

Dear Counsel,

Please see attached Sharkroad, Inc.'s amended responses to Plaintiff's First Set of Requests for Production of Documents and Interrogatories. Please note that certain responses contain information designated "CONFIDENTIAL: ATTORNEY'S EYES ONLY."

A further production of documents by Sharkroad, Inc. is available for download at the following link:
https://www.dropbox.com/scl/fo/7tc3a5q0r9vtojkp3i4fs/AIWuS96IlPP6-Ph-Exm63tg?rlkey=zwzdi5ane34beb9clj9i5zjlh&st=n2nyqalb&dl=0

This production includes documents bearing Bates Nos. **Sharkroad_000888–Sharkroad_000970**. Please note that certain documents in this production contain information designated "CONFIDENTIAL: ATTORNEY'S EYES ONLY."

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any*

*dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.*

**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc.
**Date:** Wednesday, September 9, 2026 at 12:00:21 PM Pacific Daylight Time
**From:** Francis Wong
**To:** Jason Ming, Mehdi Poursoltani, Joe Trojan, Dylan Dang
**CC:** Said Vakili, Craig McLaughlin, Stephen P. Hoffman

Dear Counsel:

We have not received a response to our email dated September 3, 2026 concerning our request for an informal discovery conference. Critically, as of the date of this email, we have not received any additional supplemental responses nor additional document production from DNA.

If we do not receive your availability for an informal discovery conference by Friday, September 11, 2026, we will request that the Court set an informal discovery conference and note your lack of cooperation and failure to respond.

Best regards,

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***
This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Francis Wong <wong@trojanlawoffices.com>
**Date:** Thursday, September 3, 2026 at 5:45 PM

**To:** Jason Ming <jason@vakili.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>
**Cc:** Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc.

Dear Jason:

As you know, SharkRoad served its first set of discovery requests on April 21, 2026. Despite having more than 4 months to respond to the discovery and to produce responsive documents, DNA is still deficient in complying with its discovery obligations. SharkRoad attempted to resolve these issues in emails and letters dated June 19, July 2, July 24, and July 28. The parties conferred at length last month on August 18, 2026 to see if any progress can be gained without court intervention. As clearly set forth in my email of August 18 and your response of August 19, the parties agreed to supplement their discovery responses by September 1, 2026.

Yet, despite SharkRoad substantially supplementing its responses and producing additional documents on September 1, DNA failed to provide any interrogatory supplementation and produced a small set of documents consisting essentially of the prosecution history for the patent at issue and google search results. Your email also appears to attach *SharkRoad's* supplemental responses and omits any interrogatory supplementation from DNA.

To justify the delay, you contend that "[w]e had to tend to other matters in the meantime and will have to send DNA's additional written responses another day." Thus, DNA appears to have made no effort to supplement its discovery responses as we agreed on the call. For example, DNA did not provide any supplementation concerning its trade dress claims or produce additional documents supporting its claim of distinctiveness of its trade dress, which are issues we specifically discussed during the meet and confer.

Due to DNA's failure to make good faith efforts to supplement its discovery responses, SharkRoad will request and informal discovery conference with Judge Oliver. Per her standing order, please provide us with your availability the week of September 14, 2026 for an informal discovery conference so we can prepare the attached request.

Please provide us with your availability no later than tomorrow, September 4.

Best regards,

TROJAN LAW OFFICES, P.C.
by
Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104

Fax: (310) 691-1086
TLO® — providing quality intellectual property services to our global clientele since 1991.
This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Jason Ming <jason@vakili.com>
**Date:** Tuesday, September 1, 2026 at 7:21 PM
**To:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Francis Wong <wong@trojanlawoffices.com>; Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>
**Cc:** Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc.

Dear All—

Received, and thank you. As stated during the parties' meet and confer teleconference on August 18, 2026, DNA Specialty, Inc. will be amending and/or supplementing its response to various interrogatories and requests in Sharkroad's first sets of Interrogatories and Requests for Production. We had to tend to other matters in the meantime and will have to send DNA's additional written responses another day.

However, we do have additional document production ready today. Attached please find DNA Specialty, Inc.'s document production bearing control numbers DNA-00347 – DNA-00422, along with the corresponding Certificate of Service.

Thank you.

Best regards,
Jason

Jason C. Ming, Esq.
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051
http://www.vakili.com

---

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply email or by telephone (213/380-6010) and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere.

On Sep 1, 2026, at 5:53 PM, Mehdi Poursoltani <Poursoltani@trojanlawoffices.com> wrote:

Dear Counsel,

Please see attached Sharkroad, Inc.'s amended responses to Plaintiff's First Set of Requests for Production of Documents and Interrogatories. Please note that certain responses contain information designated "CONFIDENTIAL: ATTORNEY'S EYES ONLY."

A further production of documents by Sharkroad, Inc. is available for download at the following link:
https://www.dropbox.com/scl/fo/7tc3a5q0r9vtojkp3i4fs/AIWuS96IlPP6-Ph-Exm63tg?rlkey=zwzdi5ane34beb9clj9i5zjlh&st=n2nyqalb&dl=0

This production includes documents bearing Bates Nos. **Sharkroad_000888–Sharkroad_000970**. Please note that certain documents in this production contain information designated "CONFIDENTIAL: ATTORNEY'S EYES ONLY."

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone (310) 777-8399
Fax:  (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by*

*telephone or response email. Thank you.*

**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc. – Request for Informal Telephonic Discovery Conference form
**Date:** Thursday, September 24, 2026 at 11:04:31 AM Pacific Daylight Time
**From:** Francis Wong
**To:** Jason Ming
**CC:** Joe Trojan, Mehdi Poursoltani, Dylan Dang, Said Vakili, Craig McLaughlin, Stephen P. Hoffman, Daphne Gomez

Dear Jason:

As you are aware, we have not yet received a response from the Court concerning the parties' request for an informal discovery conference. Unfortunately, we now have scheduling conflicts with the parties' previously proposed October 6 date. In addition, our office has a trial in another matter scheduled to begin on October 14.

In light of these scheduling conflicts and the absence of a response from the Court, we propose resubmitting the request for an informal discovery conference with new proposed dates during the final week of October or the week after. Please let us know your availability during those weeks so that we can identify mutually agreeable dates to provide to the Court.

It remains our hope that the parties can resolve as many of the outstanding discovery issues as possible before presenting them to the Magistrate Judge. As we noted in our prior correspondence, however, we still have not received documents or substantive supplemental responses concerning the trade dress issues in this case. SharkRoad propounded its discovery requests more than five months ago, and the trade dress discovery is independent of DNA's pending motion to dismiss and the patent-related issues in the case. In fact, DNA agreed during our last meet and confer to supplement its discovery responses, which it still has not done.

If DNA can produce the outstanding trade dress documents and provide substantive supplemental responses in the immediate future, we believe the parties may be able to narrow substantially the issues that need to be presented to the Court. We are sure the Court would appreciate the parties' efforts to resolve or narrow these disputes without judicial intervention.

Please let us know your availability for the final week of October and the status of DNA's outstanding supplementation and document production. We will update the court shortly concerning the need to reschedule the conference for a later date.

We look forward to your response.

Best regards,

TROJAN LAW OFFICES, P.C.
by

Francis Wong

www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

TLO® — providing quality intellectual property services to our global clientele since 1991.

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Jason Ming <jason@vakili.com>
**Date:** Thursday, September 17, 2026 at 11:32 AM
**To:** Francis Wong <wong@trojanlawoffices.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>; Daphne Gomez <daphne@vakili.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc. – Request for Informal Telephonic Discovery Conference form

You're welcome, and thank you, Francis.

Best regards,
Jason

Jason C. Ming, Esq.
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010 |** Fax: 213/380-6051
*http://www.vakili.com*

---

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply email or by telephone (213/380-6010) and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere.

On Sep 17, 2026, at 11:07 AM, Francis Wong <wong@trojanlawoffices.com> wrote:

Thank you, Jason. We're available on 10/6. We'll submit the request via email shortly.

---

**From:** Jason Ming <jason@vakili.com>
**Date:** Wednesday, September 16, 2026 at 5:32 PM
**To:** Francis Wong <wong@trojanlawoffices.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>; Daphne Gomez <daphne@vakili.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc. – Request for Informal Telephonic Discovery Conference form

Dear Francis,

Please see attached Request for Informal Telephonic Discovery Conference form, with DNA's portion filled in at the bottom of the page.

As for the third proposed date for the Discovery Conference, since the week of Sept. 29 won't work for your office, we write to inform you that October 5, 6, and 7 will work for us. If any of those three dates in October works for your office, then please feel free to add that in for the third date of availability.

Thank you.

Best regards,
Jason

Jason C. Ming, Esq.
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051
*http://www.vakili.com*

---

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply email or by telephone (213/380-6010) and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere.

On Sep 14, 2026, at 11:30 AM, Francis Wong <wong@trojanlawoffices.com> wrote:

Dear Sa'id:

The request for an informal discovery conference is attached. Please provide us with DNA's portion prior to the end of the day tomorrow so we can submit it to the Court.

Best regards,

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Said Vakili <vakili@vakili.com>
**Date:** Wednesday, September 9, 2026 at 2:46 PM
**To:** Francis Wong <wong@trojanlawoffices.com>
**Cc:** Jason Ming <jason@vakili.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Craig McLaughlin

<craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc.

Good afternoon Francis–

The dates that work for us are 9/21, 9/22, 9/28, 9/29, and 9/30.

Very best,

*Sa'id Vakili*

**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010 |** Fax: 213/380-6051
*http://www.vakili.com*

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply e-mail or by telephone (213/380-6010), and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere. Thank you.

> On Sep 9, 2026, at 12:00 PM, Francis Wong <wong@trojanlawoffices.com> wrote:
>
> Dear Counsel:
>
> We have not received a response to our email dated September 3, 2026 concerning our request for an informal discovery conference. Critically, as of the date of this email, we have not received any additional supplemental responses nor additional document production from DNA.
>
> If we do not receive your availability for an informal discovery conference by Friday, September 11, 2026, we will request that the Court set an informal discovery conference and note your lack of cooperation and failure to respond.
>
> Best regards,
>
> TROJAN LAW OFFICES, P.C.
> by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Francis Wong <wong@trojanlawoffices.com>
**Date:** Thursday, September 3, 2026 at 5:45 PM
**To:** Jason Ming <jason@vakili.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>
**Cc:** Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc.

Dear Jason:

As you know, SharkRoad served its first set of discovery requests on April 21, 2026. Despite having more than 4 months to respond to the discovery and to produce responsive documents, DNA is still deficient in complying with its discovery obligations. SharkRoad attempted to resolve these issues in emails and letters dated June 19, July 2, July 24, and July 28. The parties conferred at length last month on August 18, 2026 to see if any progress can be

gained without court intervention. As clearly set forth in my email of August 18 and your response of August 19, the parties agreed to supplement their discovery responses by September 1, 2026.

Yet, despite SharkRoad substantially supplementing its responses and producing additional documents on September 1, DNA failed to provide any interrogatory supplementation and produced a small set of documents consisting essentially of the prosecution history for the patent at issue and google search results. Your email also appears to attach *SharkRoad's* supplemental responses and omits any interrogatory supplementation from DNA.

To justify the delay, you contend that "[w]e had to tend to other matters in the meantime and will have to send DNA's additional written responses another day." Thus, DNA appears to have made no effort to supplement its discovery responses as we agreed on the call. For example, DNA did not provide any supplementation concerning its trade dress claims or produce additional documents supporting its claim of distinctiveness of its trade dress, which are issues we specifically discussed during the meet and confer.

Due to DNA's failure to make good faith efforts to supplement its discovery responses, SharkRoad will request and informal discovery conference with Judge Oliver. Per her standing order, please provide us with your availability the week of September 14, 2026 for an informal discovery conference so we can prepare the attached request.

Please provide us with your availability no later than tomorrow, September 4.

Best regards,

TROJAN LAW OFFICES, P.C.
by
Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086
TLO® — providing quality intellectual property services to our global clientele since 1991.

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

**From:** Jason Ming <jason@vakili.com>
**Date:** Tuesday, September 1, 2026 at 7:21 PM
**To:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Francis Wong <wong@trojanlawoffices.com>; Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>
**Cc:** Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc.

Dear All—

Received, and thank you. As stated during the parties' meet and confer teleconference on August 18, 2026, DNA Specialty, Inc. will be amending and/or supplementing its response to various interrogatories and requests in Sharkroad's first sets of Interrogatories and Requests for Production. We had to tend to other matters in the meantime and will have to send DNA's additional written responses another day.

However, we do have additional document production ready today. Attached please find DNA Specialty, Inc.'s document production bearing control numbers DNA-00347 – DNA-00422, along with the corresponding Certificate of Service.

Thank you.

Best regards,
Jason

Jason C. Ming, Esq.

**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010 |** Fax: 213/380-6051
http://www.vakili.com

---

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply email or by telephone (213/380-6010) and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere.

On Sep 1, 2026, at 5:53 PM, Mehdi Poursoltani <Poursoltani@trojanlawoffices.com> wrote:

Dear Counsel,

Please see attached Sharkroad, Inc.'s amended responses to Plaintiff's First Set of Requests for Production of Documents and Interrogatories. Please note that certain responses contain information designated "CONFIDENTIAL: ATTORNEY'S EYES ONLY."

A further production of documents by Sharkroad, Inc. is available for download at the following link: https://www.dropbox.com/scl/fo/7tc3a5q0r9vtojkp3i4fs/AIWuS96IlPP6-Ph-Exm63tg?rlkey=zwzdi5ane34beb9clj9i5zjlh&st=n2nyqalb&dl=0

This production includes documents bearing Bates Nos. **Sharkroad_000888–Sharkroad_000970**. Please note that certain documents in this production contain information designated "CONFIDENTIAL: ATTORNEY'S EYES ONLY."

Regards,

TROJAN LAW OFFICES, P.C.

by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.*

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

<SharkRoad Request for Informal Discovery Conference, with DNA's portion added.pdf>

**Wednesday, November 4, 2026 at 2:23:48 PM Pacific Standard Time**

---

**Subject:** Re: DNA v. Sharkroad - Discovery Folllowup
**Date:** Monday, October 5, 2026 at 3:06:30 PM Pacific Daylight Time
**From:** Francis Wong
**To:** Craig McLaughlin, Said Vakili, Jason Ming
**CC:** Joe Trojan, Dylan Dang, Mehdi Poursoltani

Dear All:

I've been informed I accidentally substituted the party name in the email below. In referring to SlumberPod, I meant to refer to our client, SharkRoad.

Thanks,

Francis

---

**From:** Francis Wong <wong@trojanlawoffices.com>
**Date:** Monday, October 5, 2026 at 3:00 PM
**To:** Craig McLaughlin <craig@vakili.com>; Said Vakili <vakili@vakili.com>; Jason Ming <jason@vakili.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>
**Subject:** DNA v. Sharkroad - Discovery Folllowup

Dear Counsel:

Now that DNA's motion to dismiss has been denied in its entirety, SlumberPod reiterates its request that DNA promptly supplement its interrogatory responses and document production concerning the patent validity and trade dress issues for the first two sets of discovery. DNA has not cooperated with discovery since it indicated it would supplement its discovery responses almost six weeks ago.

We would prefer to resolve these discovery deficiencies informally and without Court intervention. Accordingly, please provide complete supplemental interrogatory responses and document production within on or before Monday October 12.

If DNA does not provide full supplementation within that time, SlumberPod intends to proceed with the parties' informal discovery conference and, if necessary, a motion to compel. In connection with that relief, SlumberPod will also request appropriate sanctions, including a negative inference as to any issue on which DNA bears the burden of proof and for which DNA has failed to provide responsive discovery.

Please let us know if DNA intends to provide the requested supplementation within this timeframe.

Best regards,

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**Subject:** Re: DNA v. Sharkroad - Wheel Inspection and Yao Dep Date
**Date:** Wednesday, October 7, 2026 at 1:30:16 PM Pacific Daylight Time
**From:** Francis Wong
**To:** Craig McLaughlin
**CC:** Joe Trojan, Dylan Dang, Mehdi Poursoltani, Said Vakili, Jason Ming

Dear Craig:

First, can you clarify whether you are seeking an in person deposition, an individual deposition and/or 30(b)(6) deposition? With that information, we'll reach out to our client for availability and get back to you. As a preliminary note, we are not available next week as we have a trial scheduled from October 14 to October 28.

Second, SharkRoad's wheels will be available in our office for inspection tomorrow.

Lastly, I understand the agreement for inspection was mutual. Are you client's products, including the 2021 Twist, available and ready for inspection?

Best regards,

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

**From:** Craig McLaughlin <craig@vakili.com>
**Date:** Tuesday, October 6, 2026 at 6:19 PM
**To:** Francis Wong <wong@trojanlawoffices.com>
**Cc:** Joe Trojan <trojan@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Jason Ming <jason@vakili.com>
**Subject:** DNA v. Sharkroad - Wheel Inspection and Yao Dep Date

Dear Counsel,

We had mentioned a few weeks ago that DNA would like to inspect a Sharkroad wheel specimen for each of the Accused Wheels and to preserve them for trial. DNA had requested a specimen of each wheel and a spiral spoke in its Request for Documents and Things (see DNA Document Request Nos. 17, 19 and 34). We note that they could be made available at the Buchanan deposition on Oct. 8. Please let us know when and where they will be available to inspect.

Additionally, DNA seeks a deposition date for Sharkroad CEO Mr. XingBo Yao, preferably next week. Let us know what would be an agreeable date so we can forward a notice and kindly inform whether a translator will be necessary.

Thank you kindly.

Craig McLaughlin
Vakili & Leus, LLP

**Wednesday, November 4, 2026 at 2:26:24 PM Pacific Standard Time**

---

**Subject:** DNA Specialty, Inc. v. Sharkroad, Inc. – DNA's Document Production — CONFIDENTIAL: ATTORNEY'S EYES ONLY DNA-00423 – DNA-00425 and DNA-00426 – DNA-00438
**Date:** Friday, October 16, 2026 at 7:10:10 PM Pacific Daylight Time
**From:** Jason Ming
**To:** Joe Trojan, Dylan Dang, Francis Wong, Mehdi Poursoltani, Michiko Speier
**CC:** Said Vakili, Craig McLaughlin, Stephen P. Hoffman, Daphne Gomez
**Attachments:** CONFIDENTIAL-DNA-00423 – 00425.pdf, DNA-00426 – 00438.pdf, Certificate of Service for DNA's 2026.10.16 Document Production.pdf

Dear All—

Attached please find DNA Specialty, Inc.'s document production bearing control numbers CONFIDENTIAL: ATTORNEY'S EYES ONLY DNA-00423 – DNA-00425 and DNA-00426 – DNA-00438, along with the corresponding Certificate of Service.

Thank you.

Best regards,
Jason

Jason C. Ming, Esq.
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010 |** Fax: 213/380-6051
http://www.vakili.com

---

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply email or by telephone (213/380-6010) and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere. Thank you.

| | |
|---|---|
| **Subject:** | DNA Specialty, Inc. v. Sharkroad, Inc. – DNA's Document Production (DNA-00439–440; CONFIDENTIAL AEO DNA-00441–461) |
| **Date:** | Friday, October 23, 2026 at 3:19:44 PM Pacific Daylight Time |
| **From:** | Jason Ming |
| **To:** | Joe Trojan, Francis Wong, Mehdi Poursoltani, Dylan Dang |
| **CC:** | Said Vakili, Craig McLaughlin, Stephen P. Hoffman, Daphne Gomez |
| **Attachments:** | DNA-00439 – 00440.pdf, CONFIDENTIAL AEO DNA-00441 – 00461.pdf, Certificate of Service for DNA's 2026.10.23 Document Production.pdf |

Dear All—

Attached please find DNA Specialty, Inc.'s document production of even date, bearing control numbers DNA-00439 – DNA-440, and CONFIDENTIAL: ATTORNEY'S EYES ONLY DNA-00441 – DNA-461, along with the corresponding Certificate of Service.

Thank you.

Best regards,
Jason

Jason C. Ming, Esq.
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010 |** Fax: 213/380-6051
http://www.vakili.com

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply email or by telephone (213/380-6010) and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere. Thank you.

---

**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc. (Case No. 2:25-cv-10379-MWC(RAOx)) – Request for Informal Telephonic Discovery Conference
**Date:** Thursday, October 29, 2026 at 3:52:25 PM Pacific Daylight Time
**From:** Mehdi Poursoltani
**To:** Said Vakili, Craig McLaughlin, Stephen P. Hoffman, Jason Ming
**CC:** Joe Trojan, Dylan Dang, Francis Wong, Michiko Speier

Dear Sa'id,

Thank you for confirming that DNA plans to provide updated responses before the conference. To narrow the issues before the conference and avoid unnecessarily burdening the Court with issues that are resolved by DNA's supplemental responses, please clarify the scope of DNA's anticipated supplemental responses and document production.

In Sharkroad's July 28 meet-and-confer letter, we identified a number of discovery issues in dispute, which we discussed with you on August 18. Please identify which issues DNA intends to address in its supplemental responses and production.

1. **ROG Set 1**: The July 28 letter identified issues including the fact that many responses point back to DNA's pleadings without providing the requested facts. Please confirm which responses DNA plans to supplement with substantive answers addressing these issues.
2. **RFP Set 1**: The July 28 letter identified issues *such as* its failure to produce documents related to at least the following non-exhaustive categories:
    a. conception, design, development, manufacture, and commercialization of the design claimed in the '968 Patent
    b. any prior art known, identified, reviewed, or considered by Plaintiff related to the '968 Patent
    c. patent marking of products embodying the design claimed in the '968 Patent
    d. marketing, sale, distribution, customers, and commercialization of products embodying the design claimed in the '968 Patent
    e. conception, creation, development, adoption, first use, manufacture, marketing, and commercialization of the alleged Spiral-Spoke Trade Dress and the alleged Cylindrical-Spoke Trade Dress
    f. distinctiveness, secondary meaning, first use, advertising, marketing, promotion, sales, consumer perception, exclusivity of the asserted Trade Dress
    g. documents supporting Plaintiff's allegations of trade dress infringement, including alleged consumer confusion
    h. documents related to damages for both trade dress and patent infringement, including its basis for asserted lost profits
    i. documents related to Plaintiff's allegations of willful infringement, copying, and/or the exceptionality of the case

    Critically, please confirm which issues DNA intends to address, including those request-specific clarifications, which responses will be supplemented, and what categories of additional documents will be produced.

3. **ROG Set 2, Nos. 23–25**: DNA's responses refer to the AACC and prior art without fully addressing the requested facts. Please confirm whether DNA plans to supplement these responses with substantive answers addressing those facts.
4. **RFP Set 2**: Many of DNA's responses refer to its then-pending motion to dismiss, which the Court has since resolved. Please confirm whether DNA plans to supplement those responses and produce additional responsive documents concerning prior art.
5. **S.P.R. 3-2**: Please also confirm whether DNA's production under S.P.R. 3-2 is complete and "identify by production number which documents correspond to each category" as required by that provision. If production is incomplete, please identify the outstanding categories and what additional documents DNA intends to produce.

If you contend that any of these issues are already fully resolved by DNA's response and production and that you have nothing else to supplement, then please let us know so that they can be set aside.

Since the conference is scheduled for November 9, we will need to receive your supplemental responses and production **by November 2** in order to have sufficient time to review the materials and, if possible, narrow the remaining issues for the Court beforehand.

Regards,

TROJAN LAW OFFICES, P.C.
by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.*

---

**From:** Said Vakili <vakili@vakili.com>
**Date:** Thursday, October 29, 2026 at 10:49 AM

**To:** Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>
**Cc:** Craig McLaughlin <craig@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com>, Jason Ming <jason@vakili.com>, Joe Trojan <trojan@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Francis Wong <wong@trojanlawoffices.com>, Michiko Speier <speier@trojanlawoffices.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc. (Case No. 2:25-cv-10379-MWC(RAOx)) – Request for Informal Telephonic Discovery Conference

Good morning Mehdi–

I have a deposition scheduled for that date, which may be rescheduled. I'll follow up with opposing counsel to confirm whether it will proceed as noticed and get back to you shortly. Yes, we plan to provide updated responses before the conference.

Very best,

*Sa'id Vakili*

**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051
*http://www.vakili.com*

---

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply e-mail or by telephone (213/380-6010), and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere. Thank you.

> On Oct 29, 2026, at 10:32 AM, Mehdi Poursoltani <Poursoltani@trojanlawoffices.com> wrote:
>
> Dear Counsel,
>
> Further to the Court's email below regarding the informal discovery conference, please let us know whether you are available on November 9, 2026, at 11:00 a.m. for a hearing via Zoom. If you are unavailable, please provide alternative dates.
>
> As a related matter, we acknowledge that DNA Specialty, Inc. has produced additional documents since we submitted the request for an informal discovery conference. Please let us know whether DNA intends to produce any further documents or supplement its discovery responses before the conference.
>
> Regards,
>
> TROJAN LAW OFFICES, P.C.

by

Mehdi Poursoltani

Attorney

www.trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399
Fax: (310) 777-8348

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

*This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.*

---

**From:** RAO Chambers <RAO_Chambers@cacd.uscourts.gov>
**Date:** Thursday, October 29, 2026 at 9:09 AM
**To:** Francis Wong <wong@trojanlawoffices.com>
**Cc:** Jason Ming <jason@vakili.com>, Joe Trojan <trojan@trojanlawoffices.com>, Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>, Dylan Dang <dang@trojanlawoffices.com>, Said Vakili <vakili@vakili.com>, Craig McLaughlin <craig@vakili.com>, Stephen P. Hoffman <hoffman@vakili.com>, Daphne Gomez <daphne@vakili.com>, Michiko Speier <speier@trojanlawoffices.com>
**Subject:** RE: DNA Specialty, Inc. v. Sharkroad, Inc. (Case No. 2:25-cv-10379-MWC(RAOx)) – Request for Informal Telephonic Discovery Conference

Good Morning,

Are all parties available on November 9, 2026, at 11:00 a.m. for a hearing via Zoom? Please meet and confer to confirm everyone's availability and submit a single joint response to the Court.

Thank you,
<image001.png>

---

**From:** Francis Wong <wong@trojanlawoffices.com>
**Sent:** Friday, September 25, 2026 2:45 PM
**To:** RAO Chambers <RAO_Chambers@cacd.uscourts.gov>
**Cc:** Jason Ming <jason@vakili.com>; Joe Trojan <trojan@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>; Daphne Gomez <daphne@vakili.com>; Michiko Speier <speier@trojanlawoffices.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc. (Case No. 2:25-cv-10379-MWC(RAOx)) – Request for Informal Telephonic Discovery Conference

**CAUTION - EXTERNAL:**

Dear Ms. Orellana-Delgado:

As indicated in the request for an informal discovery conference, it is Defendant SharkRoad's position that "DNA has not fulfilled its discovery obligations at all." The list below identifies the specific requests at issue:

Sharkroad's First Set of Requests for Documents ("RFP-Set-1")
RFP-Set-1 Nos. 1, 3-5, 9-10, 12-17, 20, 24-31, 34-37, 41-51, 54-57, 59, 62-64, 67, 69, 74, 78

Sharkroad's Second Set of Requests for Documents ("RFP-Set-2")
RFP-Set-2 Nos. 90-97, 99-113, 118

Sharkroad's First Set of Interrogatories ("ROG-Set-1")
ROG-Set-1 Nos. 1-5, 7-22

Sharkroad's Second Set of Interrogatories ("ROG-Set-2")
ROG-Set-2 Nos. 23-25

Documents responsive to Standing Order Re Patent Cases (Dkt. 11, S.P.R. 3.2)

Best regards,

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com

9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

TLO® — providing quality intellectual property services to our global clientele since 1991.

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** RAO Chambers <RAO_Chambers@cacd.uscourts.gov>
**Date:** Friday, September 25, 2026 at 12:12 PM
**To:** Francis Wong <wong@trojanlawoffices.com>
**Cc:** Jason Ming <jason@vakili.com>; Joe Trojan <trojan@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>; Daphne Gomez <daphne@vakili.com>; Michiko Speier <speier@trojanlawoffices.com>
**Subject:** RE: DNA Specialty, Inc. v. Sharkroad, Inc. (Case No. 2:25-cv-10379-MWC(RAOx)) – Request for Informal Telephonic Discovery Conference

HI - could you please provide the numbers of the discovery requests in dispute?

Thank you,

<image001.png>

---

**From:** Francis Wong <wong@trojanlawoffices.com>
**Sent:** Friday, September 25, 2026 11:10 AM
**To:** RAO Chambers <RAO_Chambers@cacd.uscourts.gov>
**Cc:** Jason Ming <jason@vakili.com>; Joe Trojan <trojan@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Craig McLaughlin

<craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>; Daphne Gomez <daphne@vakili.com>; Michiko Speier <speier@trojanlawoffices.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc. (Case No. 2:25-cv-10379-MWC(RAOx)) – Request for Informal Telephonic Discovery Conference

**CAUTION - EXTERNAL:**

Dear Ms. Orellana-Delgado:

Thank you for the Court's response. We understand the Court's request to refer to the actual disputed discovery requests and responses. Those documents are attached.

Should the court require additional briefing, please let us know.

Respectfully submitted,

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

TLO® — providing quality intellectual property services to our global clientele since 1991.

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** RAO Chambers <RAO_Chambers@cacd.uscourts.gov>
**Date:** Friday, September 25, 2026 at 10:27 AM
**To:** Francis Wong <wong@trojanlawoffices.com>
**Cc:** Jason Ming <jason@vakili.com>; Joe Trojan

<trojan@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>; Daphne Gomez <daphne@vakili.com>; Michiko Speier <speier@trojanlawoffices.com>
**Subject:** RE: DNA Specialty, Inc. v. Sharkroad, Inc. (Case No. 2:25-cv-10379-MWC(RAOx)) – Request for Informal Telephonic Discovery Conference
Good Morning,

Judge Oliver is requesting the disputed discovery requests/responses.

Thank you,

<image001.png>

---

**From:** Francis Wong <wong@trojanlawoffices.com>
**Sent:** Thursday, September 24, 2026 11:15 AM
**To:** RAO Chambers <RAO_Chambers@cacd.uscourts.gov>
**Cc:** Jason Ming <jason@vakili.com>; Joe Trojan <trojan@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>; Daphne Gomez <daphne@vakili.com>; Michiko Speier <speier@trojanlawoffices.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc. (Case No. 2:25-cv-10379-MWC(RAOx)) – Request for Informal Telephonic Discovery Conference

**CAUTION - EXTERNAL:**

Dear Hon. Judge Oliver:

We write further to the parties' request for an informal discovery in the email below.

The parties previously proposed dates ffor the informal discovery conference, including October 6, 2026. Because the Court has not yet set the conference and scheduling conflicts have since arisen, including counsel’s trial in another matter beginning October 14, 2026, the parties intend to submit a renewed request identifying alternative dates during the final week of October or the following week.

The parties are conferring regarding their availability during those periods and

will provide the Court with mutually agreeable proposed dates for the informal discovery conference in a renewed submission.

Best regards,

TROJAN LAW OFFICES, P.C.
by

Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086

***TLO® — providing quality intellectual property services to our global clientele since 1991.***

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

---

**From:** Francis Wong <wong@trojanlawoffices.com>
**Date:** Thursday, September 17, 2026 at 11:12 AM
**To:** RAO_Chambers@cacd.uscourts.gov <RAO_Chambers@cacd.uscourts.gov>
**Cc:** Jason Ming <jason@vakili.com>; Joe Trojan <trojan@trojanlawoffices.com>; Mehdi Poursoltani <Poursoltani@trojanlawoffices.com>; Dylan Dang <dang@trojanlawoffices.com>; Said Vakili <vakili@vakili.com>; Craig McLaughlin <craig@vakili.com>; Stephen P. Hoffman <hoffman@vakili.com>; Daphne Gomez <daphne@vakili.com>; Michiko Speier <speier@trojanlawoffices.com>
**Subject:** Re: DNA Specialty, Inc. v. Sharkroad, Inc. (Case No. 2:25-cv-10379-MWC(RAOx)) – Request for Informal Telephonic Discovery Conference

Dear Hon. Judge Oliver:

Pursuant to the Courtroom procedures, the parties write to request an informal discovery conference. Please see the attached request form and let us know if you need any additional information.

Respectfully submitted,

TROJAN LAW OFFICES, P.C.
by
Francis Wong
www.trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone (310) 777-8399, Ext. 104
Fax: (310) 691-1086
TLO® — providing quality intellectual property services to our global clientele since 1991.

This email is intended only for the use of the individual or entity to whom or which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient of this email or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately by telephone or response email. Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

**Thursday, November 5, 2026 at 8:54:55 AM Pacific Standard Time**

---

| | |
|---|---|
| **Subject:** | DNA Specialty, Inc. v. Sharkroad, Inc. – DNA's Document Production (DNA-00462–472) |
| **Date:** | Wednesday, November 4, 2026 at 7:15:12 PM Pacific Standard Time |
| **From:** | Jason Ming |
| **To:** | Joe Trojan, Dylan Dang, Francis Wong, Mehdi Poursoltani |
| **CC:** | Said Vakili, Craig McLaughlin, Stephen P. Hoffman, Daphne Gomez |
| **Attachments:** | DNA-00462 – 00472.pdf |

Dear All—

Attached please find DNA Specialty, Inc.'s document production of even date, bearing control numbers DNA-00462 – DNA-472, with the corresponding Certificate of Service.

Thank you.

Best regards,
Jason

Jason C. Ming, Esq.
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010 |** Fax: 213/380-6051
http://www.vakili.com

---

**NOTICE:** The information contained in this e-mail is confidential, attorney-client privileged information and/or proprietary material which is meant for the sole use of the intended recipient/s. If you received this transmission in error, please notify us immediately by reply email or by telephone (213/380-6010) and destroy the original transmission and its attachments without reading them or saving them to disk or elsewhere. Thank you.