Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Craig McLaughlin, Esq. (SBN: 182876)
craig@vakili.com
Jason C. Ming, Esq. (SBN: 219745)
jason@vakili.com
Stephen P. Hoffman, Esq. (SBN: 287075)
hoffman@vakili.com
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051

*Counsel for DNA Specialty, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| **DNA SPECIALTY, INC., a California Corporation,**<br><br>**Plaintiff/Counterclaim Defendant,**<br><br>**v.**<br><br>**SHARKROAD, INC., a California Corporation,**<br><br>**Defendant/Counterclaimant.** | **CASE NO.: 2:25-cv-10379-MWC (RAOx)**<br><br>**PLAINTIFF AND COUNTER-DEFENDANT DNA SPECIALTY, INC.'S STATEMENT REGARDING MEET-AND-CONFER EFFORTS AND REMAINING DISCOVERY DISPUTES**<br><br>Informal Discovery Conference:<br>Date: November 9, 2026<br>Time: 1:00 p.m.<br>Via Zoom<br><br>Hon. Rozella A. Oliver, United States Magistrate Judge<br><br>Fact Discovery Cut-Off: December 4, 2026 |

Pursuant to the Court's November 4, 2026 request, Plaintiff/Counter-Defendant DNA Specialty, Inc. ("DNA") submits this statement describing the parties' meet-and-confer efforts since Defendant/Counterclaimant Sharkroad, Inc.'s ("Sharkroad") September 17, 2026 request for an informal discovery conference ("IDC"), and DNA's position on each remaining dispute identified in Sharkroad's statement (Dkt. 62).

## I. MEET-AND-CONFER EFFORTS AND STATUS OF DISCOVERY SINCE THE SEPTEMBER 17, 2026 IDC REQUEST

DNA does not dispute the dates of the correspondence summarized in Sharkroad's statement, but it disputes Sharkroad's characterization that DNA has "not fulfilled its discovery obligations at all." Since the IDC request, DNA has continued to gather and produce documents and has made three further productions: October 16, 2026 (DNA-00423–00438, including dated June 2023 Cali Spoke social-media posts and a 2026 invoice); October 23, 2026 (DNA-00439–00461, including dated 2023 Cali Spoke flyers and Attorneys'-Eyes-Only manufacturing records—a January 11, 2023 purchase order for the spiral spokes, January through June 2023 communications with DNA's manufacturer concerning the "new twisted spoke sample," engineering drawings, May 2023 first-article inspection reports, and a bill of lading); and November 4, 2026 (DNA-00462–00472, DNA's cease-and-desist correspondence with a third-party seller, HoPro USA, and the related product listings). In all, DNA has produced 472 pages, a substantial portion of which consists of DNA's internal engineering, manufacturing, sales, cost, and profit records produced under the Protective Order.

DNA acknowledges that it has not yet served the amended and supplemental written responses it told Sharkroad it would serve, and it does not minimize that. DNA committed to supplementing at the parties' August 18 conference and again on October 29, and it fully intends to do so. Several events outside DNA's control have delayed the final step of verifying the amended responses with the client. DNA is a small, closely held company; as DNA's counsel explained to Sharkroad during the August 18

conference, DNA's premises were burglarized in or about 2018 and its servers and computers were stolen, which has limited DNA's historical records, and much of the manufacturing and design documentation Sharkroad seeks had to be obtained from DNA's current and former manufacturers in China. More recently, DNA's counsel arranged to meet with DNA's principals the week of November 2 to finalize the amended responses and any remaining production; however, DNA's lead counsel contracted influenza on Monday, November 2 (as Sharkroad's counsel is aware, because the third-party deposition of Mark Richardson noticed by Sharkroad nonetheless went forward on November 5 with DNA's counsel appearing remotely); DNA's co-lead counsel, Craig McLaughlin, has been abroad in Japan; and DNA's principals and designated corporate witnesses have been in Las Vegas all week at the SEMA Show, the aftermarket automotive industry's largest annual trade show, and have not been available to review and verify interrogatory answers.

DNA will serve verified supplemental answers to Sharkroad's First and Second Sets of Interrogatories and amended responses to Sharkroad's First and Second Sets of Requests for Production—including, for each request, the Bates numbers of the responsive documents already produced, any further production, and a written confirmation where no further responsive documents exist after a reasonable search—on or before **Friday, November 13, 2026**, which is before the depositions of DNA's Rule 30(b)(6) designee and Jerry Lehman that the parties have confirmed for November 16 and 17, 2026. DNA is prepared to have that date entered as an order of the Court.

DNA opposes Sharkroad's request that DNA's depositions of Sharkroad's witnesses be postponed until after DNA completes its supplementation. The deposition of Sharkroad's principal, Xingbo Yao (individually and as Sharkroad's Rule 30(b)(6) designee), was negotiated and confirmed by both sides in mid-October for November 10 and 11, 2026; Mr. Yao is traveling to Los Angeles to appear in person and a Mandarin interpreter has been arranged; fact discovery closes December 4, 2026; and Sharkroad

has identified no respect in which DNA's written supplementation bears on its own witness's testimony about Sharkroad's design, sourcing, sales, and marketing of the accused wheels. Nothing in the Federal Rules conditions one party's right to take a noticed deposition on the status of its own document production, and Sharkroad will have DNA's supplemental responses in hand before it deposes any DNA witness.

## II. DNA'S POSITION ON EACH REMAINING DISPUTE

DNA addresses the disputes using the lettering in Sharkroad's statement so the Court can compare the parties' positions side by side.

### A. Interrogatory Answers That Refer to Pleadings (ROG Set 1 Nos. 1, 3–5, 11, 13, 17, 19, 21; ROG Set 2 Nos. 23–25)

DNA will serve verified supplemental answers to each of these interrogatories that set out the responsive facts in the answer itself rather than by reference to the First Amended Complaint, Infringement Contentions, Initial Disclosures, or Sharkroad's pleadings, and that identify responsive documents by Bates number. DNA will withdraw its objection to subpart (c) of Interrogatory Nos. 3 and 13. DNA will serve these answers by November 13, 2026, and believes this dispute will be resolved by that service.

### B. Second Set of Document Requests (RFP Set 2 Nos. 90–97, 99–113, 118)

DNA acknowledges that the Court denied its motion to dismiss on October 5, 2026 (Dkt. 48), and DNA will serve amended responses that no longer rest on the pendency of that motion. DNA will produce the non-privileged documents in its possession, custody, or control concerning the conception, design, and development of the DNA Twisted Spoke and the communications among Mr. Lehman, Paul Choi, James Choi, Sun Choi, and DNA's manufacturers called for by these requests (several of which are already in the October 23 production at DNA-00441–00461), will log any privileged patent-counsel communications, and will state in writing where no responsive documents exist. DNA maintains its objections to Request Nos. 113 and 118 as overbroad but will produce documents sufficient to identify its wheel-related websites and the names under which

the ’968 Patent application was filed and assigned.

**C. Identification of Responsive Documents and S.P.R. 3-2 (All Requests; Dkt. 11)**

DNA agrees to do this and will do so with its amended responses by November 13, 2026. For each request in RFP Sets 1 and 2, DNA will identify the Bates numbers of the responsive documents, and DNA will separately identify by production number the documents corresponding to each S.P.R. 3-2 category and confirm whether its S.P.R. 3-2 production is complete.

**D. Conception and Development of the ’968 Patent Design (ROG 5; RFPs 1, 4, 13)**

Sharkroad’s assertion that DNA has produced nothing showing conception before April 2023 is incorrect: the October 23 production includes DNA’s January 11, 2023 purchase order for the spiral spokes (DNA-00441–00443) and January 10–13, 2023 communications between DNA and its manufacturer concerning the “new twisted spoke sample” and the drawing for it (DNA-00457–00461), all of which predate the April 19, 2023 application filing date, in addition to the engineering drawings (DNA-00208–00216) and the design and inspection records (DNA-00317–00328, DNA-00444–00456). DNA will supplement Interrogatory No. 5 to identify the persons involved in conception, design, and reduction to practice (including Mr. Lehman, Paul Choi, DNA’s draftsman, and DNA’s manufacturer), the approximate dates, and the supporting Bates numbers. DNA will also produce any remaining sketches and inventor–manufacturer and inventor–DNA communications located in the search of Mr. Lehman’s email account and will confirm in writing whether that search is complete.

**E. Prior-Art Knowledge and Searches (ROGs 7–8; RFPs 5–7, 20, 87–89)**

DNA will supplement Interrogatory Nos. 7 and 8 to state what DNA and Mr. Lehman knew of earlier twisted- or spiral-spoke designs (including DNA’s own earlier Twisted Spoke, V-Twin, Buchanan, and Ridewright products) before and during

prosecution, whether any prior-art search was conducted, and the persons involved in deciding what was disclosed to the USPTO, and will address each reference identified in Interrogatory No. 8. DNA will produce any non-privileged search results, reports, and communications concerning third-party twisted designs in its possession, will log any privileged communications with prosecution counsel, and will confirm in writing if no such documents exist. DNA notes that the ’968 Patent’s file history, including the Examiner’s own search notes and image-search captures, has already been produced (DNA-00347–00422).

**F. Patent Marking (RFP 12)**

DNA has produced a Cali Spoke advertisement bearing a “Patent Pending” legend and counsel’s July 1, 2025 correspondence concerning marking (DNA-00311–00312). DNA will produce the additional marking records in its possession—labels, packaging, product photographs, website captures, and artwork or printing instructions showing when DNA began using “Patent Pending” and, after August 5, 2025, the patent number—and will identify the marked products and implementation dates in its supplemental interrogatory answers, or will confirm in writing if no further records exist.

**G. Trade Dress First and Continuous Use — Spiral-Spoke (ROG 12; RFPs 26, 30, 42) and Cylindrical-Spoke (ROG 18; RFPs 44–46, 50, 62)**

For the Spiral-Spoke Trade Dress, DNA’s use evidence is more extensive and better dated than Sharkroad suggests: it includes the January 2023 purchase order and manufacturer communications (DNA-00441–00443, DNA-00457–00461), the July and September 2023 price sheets (DNA-00101–00111), the June 16, 2023 and later Instagram posts (DNA-00426–00438), the 2023 Cali Spoke flyers (DNA-00439–00440), and purchase-order and sales history beginning in 2023 (DNA-00113–00137, DNA-00329–00333); DNA will supplement Interrogatory No. 12 with the specific first-use date, product, and supporting Bates numbers. For the Cylindrical-Spoke (Mammoth 52) Trade Dress, DNA’s records from the early 2000s are limited by the 2018 burglary described

above; DNA has produced its 2021 catalog (DNA-00217–00307), will produce the additional catalogs and promotional materials it has located from 2020 forward, will supplement Interrogatory No. 18 with the facts it has concerning first use in or about 2001 and continuous use thereafter, and will confirm in writing where no further records exist.

**H. Secondary Meaning — Spiral-Spoke (ROG 11; RFPs 27–31, 34–36) and Cylindrical-Spoke (ROG 17; RFPs 47–51, 54–56)**

DNA will supplement Interrogatory Nos. 11 and 17 to state, separately for each trade dress, the facts on which it relies under each secondary-meaning factor—including the identity of the customers and dealers (among them the witnesses identified in DNA's Initial Disclosures) who associate each wheel design with DNA, DNA's length and manner of use, its advertising and sales—and the date by which DNA contends secondary meaning arose. DNA will produce the advertising-expenditure, circulation, and reach records in its possession, and will confirm in writing if DNA has not commissioned a consumer survey or market research. DNA notes that Sharkroad's November 5 deposition of Mark Richardson of Eagle Parts, and the depositions of the other third-party witnesses Sharkroad has subpoenaed, address this same subject.

**I. Exclusivity of Both Trade Dresses (ROGs 10–11, 16–17; RFPs 31, 38–39, 51, 58–59)**

Sharkroad's statement that DNA "has produced no documents on exclusivity" overlooks the November 4 production, which consists of DNA's October 2025 through October 2026 cease-and-desist correspondence with HoPro USA and the related product listings (DNA-00462–00472). DNA will supplement Interrogatory Nos. 10, 11, 16, and 17 to state, separately for each trade dress, the facts supporting exclusivity, and will produce any other enforcement correspondence, investigations, or licenses in its possession or confirm that none exist.

**J. Likelihood of Confusion — Spiral-Spoke (ROG 14; RFPs 28, 37, 41, 43) and Cylindrical-Spoke (ROG 20; RFPs 48, 57, 63–64)**

DNA has produced the Eagle Parts letter describing the Richardson incident

(DNA-00346), and Sharkroad deposed Mr. Richardson about it on November 5. DNA will supplement Interrogatory Nos. 14 and 20 to identify any other instances of actual confusion known to DNA (with dates and persons), will produce the underlying communications and transaction records for each, and will produce its communications with the third-party witnesses listed in its Initial Disclosures or confirm that none exist.

**K. Advertising — Dates and Linked Content (RFPs 14, 29, 34, 49, 54)**

DNA will produce the advertisements and posts behind the links listed in DNA-00112 (as captured screenshots or exports with their posting dates), as it has begun to do with the Instagram captures at DNA-00426–00438. DNA will also produce the records it has showing when its catalogs and flyers were published or distributed and, where no such record exists, will state DNA's best information as to the date in its supplemental answers.

**L. Sales, Costs, Profits, and Damages (ROG 22; RFPs 15–17, 35, 55, 67–69, 74, 78)**

DNA has produced its purchase-order and sales history, invoices, and cost and profit summaries for the Cali Spoke wheels (DNA-00113–00207, DNA-00329–00333, DNA-00423–00425, DNA-00442–00443) and served its S.P.R. 3-8 damages contentions on August 11, 2026. DNA will produce the underlying accounting data from which the summaries at DNA-00138 and DNA-00139 were prepared, will identify the products and periods they cover and explain the difference between the two summaries, and will produce the sales and cost records for the Mammoth 52 wheels and any lost-sale records. DNA will supplement Interrogatory No. 22 to state the basis for its lost-profits and other damages contentions, while noting that its disgorgement claim necessarily depends on Sharkroad's own sales and cost data.

**M. Copying and Willfulness (RFPs 21, 70–71)**

DNA will produce any communications, admissions, or other copying evidence in its possession beyond the pleadings and its notice letters, or will confirm in writing that

its copying and willfulness contentions rest on the similarity of the accused designs to the '968 Patent and DNA's trade dresses, Sharkroad's continued sales after receiving DNA's notice letters, and the documents and testimony to be obtained from Sharkroad, including at the November 10–11 depositions.

## III. DNA'S PROPOSED RESOLUTION

DNA respectfully submits that the disputes above can be resolved without motion practice by an order (1) directing DNA to serve, by November 13, 2026, verified supplemental answers to Interrogatories, Set 1, Nos. 1, 3–5, 7–22 and Interrogatories, Set 2, Nos. 23–25, and amended responses to Requests for Production, Sets 1 and 2 that identify responsive documents by Bates number, together with any further production, DNA's S.P.R. 3-2 identification, and a written confirmation for each category in which no further documents exist after a reasonable search; (2) directing the parties to meet and confer within seven days after that service on any issue Sharkroad contends remains; and (3) confirming that the noticed depositions of Xingbo Yao and Sharkroad's Rule 30(b)(6) designee (November 10–11, 2026) and of DNA's designee and Jerry Lehman (November 16–17, 2026) proceed as scheduled. DNA submits that no sanction or adverse inference is warranted; DNA has produced substantial internal records under the Protective Order, has continued to produce documents throughout the meet-and-confer process, and will complete its written supplementation before any DNA witness is deposed and well before the December 4, 2026 discovery cut-off.

Respectfully submitted,

**VAKILI & LEUS, LLP**

Dated: November 5, 2026

By: /s/ *Sa'id Vakili*
Sa'id Vakili, Esq.
*Counsel for DNA Specialty, Inc.*

**CERTIFICATE OF SERVICE**

*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-CV-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On November 5, 2026, I served the foregoing document described as **PLAINTIFF AND COUNTER-DEFENDANT DNA SPECIALTY, INC.'S STATEMENT REGARDING MEET-AND-CONFER EFFORTS AND REMAINING DISCOVERY DISPUTES** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant and Counterclaimant Sharkroad, Inc.*

I hereby certify that on the 5th day of November 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on November 5, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming