**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DNA SPECIALTY, INC., *a California Corporation*

Plaintiff/Counterclaim Defendant,

v.

SHARKROAD, INC., *a California Corporation*

Defendant/Counterclaimant.

Case No. 2:25-cv-10379-MWC-RAO

**ORDER STRIKING OPPOSITION TO MOTION TO AMEND INVALIDITY CONTENTIONS (DKT. [65]) FOR FAILURE TO COMPLY WITH STANDING ORDER**

On November 13, 2026, DNA Specialty, Inc. filed its Opposition to Sharkroad, Inc.'s Motion to Amend Invalidity Contentions ("Opposition"), Dkt. # 65, and in support thereof, the Declaration of Craig McLaughlin Certifying That Artificial Intelligence Was Used ("McLaughlin AI Declaration"), Dkt. # 65-2 ("*McLaughlin AI Decl.*") . The Standing Order of this Court provides, in relevant part, that:

> Every motion, pleading, or other paper must attach to the filing a separate declaration, signed under penalty of perjury, disclosing the use or non-use of generative Artificial Intelligence ("AI") (e.g., Claude, ChatGPT, Harvey, CoCounsel, or Google Board). The preparer of the filing must certify that either (a) no portion of the filing was drafted by AI, or that (b) AI was used in drafting a portion of the filing, and that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligation. The declaration must identify which, if any, portion of the filing incorporates Generative AI outputs. The Court warns that a party who presents to the Court a pleading, written motion, or other paper incorporating inaccurate or undeclared Generative AI outputs may be subject to sanctions, including referral to the State Bar, without further warning. See Fed. R. Civ. P. 11(c). **Failure to submit a declaration attesting to the use or non-use of AI may result in the Court striking the filing.**

Civil Standing Order, Honorable Michelle Williams Court, Central District of California, *Orders and Additional Documents*, at https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court ("*Standing Order*") ¶ 1a.

District courts have "considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *see also Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). This includes enforcement of a district court's Standing Order. *See, e.g.*, *LaComba v. Eagle Home Loans and Inv. LLC*, No. 2:23-cv-00370-KJM-DB, 2023 WL 6201597, at *1 (E.D. Cal. Sept. 22, 2023); *Flowz Digit. LLC v. Dalal*, No. 2:25-cv-00709-SB-PVC, 2025 WL 1294947, at *1 (C.D. Cal. May 5, 2025); *US Nutrilab v. Nguyen*, No. CV16-00785 PSG

(ASx), 2017 WL 11636412, at *1 (C.D. Cal. Jan. 12, 2017); *Hill v. Workday, Inc.*, No. 23-cv-06558-PHK, 2026 WL 1146289, at *4–5 (N.D. Cal. Apr. 28, 2026).

In his declaration, Craig McLaughlin attested to the use of AI as follows:

> 3. I drafted DNA's Opposition to Sharkroad, Inc.'s Motion for Leave to Amend Its Invalidity Contentions.
> 4. Artificial intelligence was used in drafting each portion of said Opposition.

*McLaughlin AI Decl.* ¶¶ 3–4. Though the Court permits the use of artificial intelligence properly disclosed, the McLaughlin Declaration failed to include the required attestation "that (b) AI was used in drafting a portion of the filing, **and that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations.**" *Standing Order* ¶ 1a. (emphasis added). Accordingly, the Court **STRIKES WITHOUT LEAVE TO REFILE** the Opposition (Dkt. # 65) for failure to comply with the Court's Standing Order.

**IT IS SO ORDERED.**

DATED: November 20, 2026

Hon. Michelle Williams Court

United States District Judge