R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant SHARKROAD, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DNA SPECIALTY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARKROAD, INC., a California Corporation and DOES 1-50, Inclusive,<br><br>Defendants. | **Case No: 2:25-cv-10379-MWC(RAOx)**<br><br>**DEFENDANT SHARKROAD, INC.'S SUPPLEMENTAL STATEMENT REGARDING REMAINING DISCOVERY DISPUTES FOR THE NOVEMBER 23, 2026 INFORMAL DISCOVERY CONFERENCE**<br><br>**Informal Discovery Conference: November 23, 2026, at 11:00 a.m.**<br><br>**Hon. Rozella A. Oliver** |

TROJAN LAW OFFICES
BEVERLY HILLS

Defendant and Counterclaimant Sharkroad, Inc. ("Sharkroad") submits this statement to supplement its November 5, 2026 Statement Regarding Meet-and-Confer Efforts and Remaining Discovery Disputes (Dkt. 62). Following the November 9, 2026 informal discovery conference, the Court set a November 13, 2026 deadline for Plaintiff and Counter-Defendant DNA Specialty, Inc. ("DNA") to supplement its discovery responses (Dkt. 64). The parties then agreed to give DNA more time, until November 17, 2026, at 4:00 p.m. to supplement its discovery responses and production. The parties also agreed to continue the depositions previously set for November 16 and 17 to December 4, 2026.

DNA served amended written responses on November 13 and produced additional documents on November 16, 17, and 18. DNA also served further amended interrogatory responses on November 18 and November 19, after the agreed extended deadline.

After preliminarily reviewing the supplementation it had received through November 17, Sharkroad wrote to DNA on November 18 identifying deficiencies in the supplemental answers and document production and proposing a meet-and-confer on November 19. DNA has not responded to that request.

This statement identifies the discovery disputes that remain unresolved as of its submission and the relief Sharkroad requests.

Fact discovery closes December 4, 2026. (Dkt. 26.) Despite the Court's deadline, DNA's supplementation leaves many of the deficiencies identified in Dkt. 62 unresolved. Sharkroad therefore asks the Court to preserve the interrogatory-related relief described below and to order that DNA may not supplement its document production with respect to the categories at issue after November 17, 2026.

## I. DNA's Supplemental Production

DNA produced 222 Bates-numbered pages between November 16 and 18, 2026. Of those, 169 pages, approximately 76 percent, consist of a single 2023 catalog and booth rental, travel, and lodging records. The expense records do not show a

connection to either asserted trade dress or the patented design. DNA also produced a three-page Cali Spoke sales summary and, on November 18, a five-page FAT 52 inventory report covering 2023–2026. Neither supplies the underlying accounting records needed to substantiate DNA's reported costs or profits.

| Date | Bates Range | Pages | Description |
|---|---|---|---|
| Nov. 16, 2026 | DNA-00473 | 1 | Catalog page bearing the handwritten date "12/26/2024" |
| Nov. 16, 2026 | DNA-00474–DNA-00477 | 4 | Pages depicting third-party products |
| Nov. 16, 2026 | DNA-00478–DNA-00513 | 36 | 2023 social media posts showing DNA's twisted wheels |
| Nov. 16, 2026 | DNA-00514–DNA-00517 (Confidential) | 4 | Three employee declarations and a list of customers contacted |
| Nov. 16, 2026 | DNA-00518–DNA-00520 (AEO) | 3 | Cali Spoke sales summary: two small tables of 2023–2026 sales totals, with no underlying sales records |
| Nov. 16, 2026 | DNA-00521–DNA-00523; DNA-00603–DNA-00606 (AEO) | 7 | 2023–2026 booth rental records with no shown connection to the asserted trade dress or patented design |
| Nov. 16, 2026 | DNA-00524–DNA-00602 (AEO) | 79 | 2023–2026 car rental, flight, and hotel records with no shown connection to the asserted trade dress or patented design |
| Nov. 17, 2026 | DNA-00607–DNA-00689 | 83 | DNA's 2023 product catalog (the entire November 17 production) |

TROJAN LAW OFFICES BEVERLY HILLS

| Date | Bates Range | Pages | Description |
|---|---|---|---|
| Nov. 18, 2026 | DNA-00690–DNA-00694 | 5 | Inventory report for the FAT 52 wheel, 2023–2026 |
| **Total** | **DNA-00473–DNA-00694** | **222** | |

## II. Remaining Disputes

The following disputes, each raised in Dkt. 62, remain after DNA's supplementation.

### A. Interrogatory Answers That Refer to Pleadings (ROG Set 1 Nos. 1, 3–5, 11, 13, 17, 19, 21; ROG Set 2 Nos. 23–25)

**Late service.** DNA untimely served its first amended responses to Sharkroad's Second Set of Interrogatories on November 18 and its second amended responses to Sharkroad's First Set of Interrogatories late in the evening on November 19. Both later submissions were served after the parties' agreed November 17 extended deadline.

**Requested relief.** Sharkroad asks the Court to preclude DNA from relying on damages computations it did not timely disclose in its interrogatory answers.

### B. Second Set of Document Requests (RFP Set 2 Nos. 90–97, 99–113, 118)

**Supplemental documents.** DNA produced a single 2023 catalog and four pages depicting third-party products. The supplemental production contains no development, manufacturing, or shipping records identified as relating to DNA's traditional Twisted Spoke shown on page 43 of its 2021 catalog.

TROJAN LAW OFFICES BEVERLY HILLS

**Incomplete production.** DNA acknowledges that "DNA Twisted Spoke" refers to the traditional design shown on page 43 of its 2021 catalog (DNA-00259), which DNA publicly disclosed and sold in or about 2021. (RFP 95.) Those sales give Sharkroad reason to expect records of the product's conception, manufacture, and shipment, including internal communications and correspondence with manufacturers, distributors, and customers. DNA does not identify sufficient responsive records for the page 43 design. The only CAD drawing DNA cites for that design, DNA-00441, depicts a different spoke product.

**Requested relief.** DNA had an opportunity to produce these records and a court-ordered deadline to supplement (Dkt. 64), yet the supplemental production does not address this gap. The gap is material: DNA's answers to ROG 8 acknowledge that DNA and Lehman knew of the earlier design and did not submit it to the examiner. Sharkroad asks the Court to preclude DNA from supplementing its production of documents responsive to these requests after November 17, 2026.

TROJAN LAW OFFICES BEVERLY HILLS

**C. Identification of Responsive Documents and S.P.R. 3-2 (All Requests; Dkt. 11)**

**Outstanding disclosure.** S.P.R. 3-2 required DNA to produce specified documents with its infringement contentions and to identify them by production number for each category. (Dkt. 11.) DNA had months to comply and a further opportunity under the Court's November 13 supplementation deadline. DNA still has not provided the separate S.P.R. 3-2 identification or confirmed that its production under the rule is complete.

**Requested relief.** With fact discovery closing December 4, Sharkroad lacks a fair opportunity to investigate newly disclosed documents, examine witnesses about them, and test the infringement contentions they support. Sharkroad asks the Court to preclude DNA from supplementing its production of documents required by S.P.R. 3-2 after November 17, 2026.

**D. Conception and Development of the '968 Patent Design (ROG 5; RFPs 1, 4, 13)**

**Supplemental documents.** DNA produced no additional design drawings, revisions, or communications documenting conception and development of the claimed design.

**Incomplete production.** DNA's answer to ROG 5 identifies three participants in the design and development process: Paul Choi communicated the design idea, draftsman Giao Nguyen prepared the initial drawings, and named inventor Jerry Lehman made modifications. The documents cited in response to RFP Set 2 Nos. 107–108 do not appear to include the full communications among those individuals, or with the manufacturer, documenting the design's evolution.

**Requested relief.** Sharkroad asks the Court to preclude DNA from supplementing its production of documents concerning the conception and development of the claimed design after November 17, 2026.

**E. Prior-Art Knowledge and Searches (ROGs 7–8; RFPs 5–7, 20, 87–89)**

**Supplemental documents.** DNA produced four pages depicting third-party products (DNA-00474–DNA-00477). DNA produced no record of Lehman's search during prosecution.

**Requested relief.** Sharkroad asks the Court to preclude DNA from supplementing its production of documents in this category after November 17, 2026.

**F. Patent Marking (RFP 12)**

**Supplemental documents.** DNA produced a one-page "Patent Pending" flyer bearing the handwritten notation "12/26/24" (DNA-00473). It produced no post-issuance marking records.

**Missing.** DNA's response to RFP 12 identifies a one-page "Patent Pending" flyer and a July 2025 letter from counsel about marking. The handwritten "12/26/24" notation is separate from the printed flyer, and DNA has provided no foundation showing who added it, when, or whether it reflects the flyer's distribution date. DNA produced no evidence that it marked any product with the '968 patent number before filing suit.

**Requested relief.** Sharkroad asks the Court to preclude DNA from supplementing its production of marking documents after November 17, 2026.

### G. Trade Dress First and Continuous Use — Spiral-Spoke (ROG 12; RFPs 26, 30, 42) and Cylindrical-Spoke (ROG 18; RFPs 44–46, 50, 62)

**Supplemental documents.** DNA produced a single 2023 catalog, 2023 social media materials showing twisted wheels, and a FAT 52 inventory report covering 2023–2026. These materials do not substantiate the claimed first use of the Smooth Spoke Mammoth 52 in approximately 2001.

**Missing.** DNA's answer to ROG 18(a) identifies an approximately 2001 Mammoth 52 flyer (smooth spoke), but DNA's responses to RFPs 44, 46, and 62 identify neither that flyer nor records bridging the gap to the 2021 catalog. DNA attributes the absence of early Mammoth 52 records to an alleged 2018 burglary. DNA has not identified which responsive records were lost or explained what efforts it made to recover copies from manufacturers, distributors, or other sources.

**Requested relief.** Sharkroad asks the Court to preclude DNA from offering testimony to establish earlier or continuous use beyond the facts disclosed in its interrogatory answers, and to preclude DNA from supplementing its production of historical use records after November 17, 2026.

TROJAN LAW OFFICES BEVERLY HILLS

**H. Secondary Meaning — Spiral-Spoke (ROG 11; RFPs 27–31, 34–36) and Cylindrical-Spoke (ROG 17; RFPs 47–51, 54–56)**

**Supplemental documents.** DNA produced a single 2023 catalog, 2023 social media materials, three employee statements, a customer-contact list, and booth, advertising, travel, and lodging records. The expense records do not establish which asserted design was promoted or whom the promotion reached.

**Missing.** DNA's amended answers to ROGs 11 and 17 omit the date on which each design allegedly acquired secondary meaning.

**Requested relief.** Sharkroad asks the Court to preclude DNA from supplementing its production of secondary-meaning documents for either asserted trade dress after November 17, 2026.

**I. Exclusivity of Both Trade Dresses (ROGs 10–11, 16–17; RFPs 31, 38–39, 51, 58–59)**

**Late service**. DNA untimely served its first amended responses to Sharkroad's Second Set of Interrogatories on November 18 and its second amended responses to Sharkroad's First Set of Interrogatories late in the evening on November 19. Both later submissions were served after the parties' agreed November 17 extended deadline.

**Requested relief.** Sharkroad asks the Court to preclude DNA from relying on *untimely* enforcement, licensing, or other exclusivity evidence.

**J. Likelihood of Confusion — Spiral-Spoke (ROG 14; RFPs 28, 37, 41, 43) and Cylindrical-Spoke (ROG 20; RFPs 48, 57, 63–64)**

**Supplemental documents.** DNA produced three statements from its own employees (DNA-00514–DNA-00516).

**Incomplete supplementation.** Beyond those statements, DNA has produced only the Eagle Parts letter concerning Mark Richardson (DNA-00346). DNA agreed



TROJAN LAW OFFICES BEVERLY HILLS

to supplement ROGs 14 and 20 by producing the underlying communications and transaction records, and by producing its communications with the third-party witnesses listed in its Initial Disclosures or confirming that none exist. (Dkt. 63 at 7.) DNA has not produced the underlying communications with these witnesses, and its supplemental interrogatory responses do not explain the underlying facts of these instances.

**Requested relief.** Sharkroad asks the Court to preclude DNA from relying on any additional undisclosed evidence of actual confusion, including declarations, statements, testimony, and underlying records.

### K. Advertising — Dates and Linked Content (RFPs 14, 29, 34, 49, 54)

**Supplemental documents.** DNA produced a single 2023 catalog, a flyer bearing a handwritten date, and captures and source images for 2023 Instagram posts.

**Requested relief.** Sharkroad asks the Court to preclude DNA from supplementing its production of advertisements or distribution records after November 17, 2026.

### L. Sales, Costs, Profits, and Damages (ROG 22; RFPs 15–17, 35, 55, 67–69, 74, 78)

**Supplemental documents.** DNA produced two small Cali Spoke sales tables (DNA-00518–DNA-00520) and a FAT 52 inventory report (DNA-00690–DNA-00694).

**Late service**. DNA served its first amended responses to Sharkroad's First Set of Interrogatories on November 13. DNA's November 13 amended answer to ROG 22 provides no claim-by-claim damages calculation. DNA untimely served its second amended responses to Sharkroad's First Set of Interrogatories late in the evening on November 19, after the parties' agreed November 17 extended deadline.



TROJAN
LAW OFFICES
BEVERLY HILLS

**Incomplete supplementation.** DNA's amended response to RFP 67 cites aggregate sales, cost, and profit summaries (DNA-00138–DNA-00139) but identifies no underlying accounting records substantiating the reported costs and profits. It identifies only one claimed lost sale, reflected in the Eagle Parts letter (DNA-00346).

**Requested relief.** Sharkroad asks the Court to preclude DNA from relying on lost-sales or lost-profits theories or damages calculations that DNA failed to timely disclose in its second supplemental answer to ROG 22. Sharkroad further asks the Court to preclude DNA from supplementing its production of sales, cost, profit, and accounting records after November 17, 2026.

**M. Copying and Willfulness (RFPs 21, 70–71)**

**Supplemental documents.** None of the materials in DNA's November 16–18 production addresses copying or willfulness.

**Requested relief.** Sharkroad asks the Court to preclude DNA from supplementing its production of documents offered to show copying or willfulness after November 17, 2026.

**N. Continuing Reservations and Confirmation of Production**

**Outstanding confirmation.** DNA's amended RFP responses repeatedly reserve the right to supplement or modify its answers later. Despite repeated meet-and-confer efforts and the Court's November 13 supplementation deadline, DNA still has not confirmed that, after a reasonable search, it has produced all responsive, nonprivileged documents in its possession, custody, or control. Fact discovery closes December 4.

**Requested relief.** Given Sharkroad's repeated meet-and-confer efforts, the Court's November 13 supplementation deadline, and the December 4 fact discovery cutoff, Sharkroad asks the Court to preclude DNA from supplementing its production

TROJAN LAW OFFICES BEVERLY HILLS

of documents responsive to Sharkroad's First and Second Sets of Requests for Production after November 17, 2026.

## III. Relief Requested

DNA has had more than six months, repeated meet-and-confer opportunities, and a court-ordered deadline to complete its discovery responses. With fact discovery closing December 4, 2026, Sharkroad respectfully asks the Court to enter an order:

1. Precluding DNA from supplementing its document production, including documents responsive to Sharkroad's First and Second Sets of Requests for Production and documents required by S.P.R. 3-2, with respect to the categories identified in Section II, after November 17, 2026;

2. Precluding DNA from relying on damages computations, lost-sales or lost-profits theories, or damages calculations that DNA failed to timely disclose in its interrogatory answers, including its answer to ROG 22 (Sections II.A, II.L);

3. Precluding DNA from offering testimony to establish earlier or continuous use of either asserted trade dress beyond the facts disclosed in its interrogatory answers (Section II.G);

4. Precluding DNA from relying on untimely enforcement, licensing, or other exclusivity evidence (Section II.I); and

5. Precluding DNA from relying on any additional undisclosed evidence of actual confusion, including declarations, statements, testimony, and underlying records.

Respectfully submitted,

By:

Dated: November 20, 2026

/s/Francis Wong
R. Joseph Trojan
Dylan C. Dang
Francis Wong



TROJAN LAW OFFICES BEVERLY HILLS

TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorneys for Defendant
SHARKROAD, INC.

TROJAN LAW OFFICES BEVERLY HILLS

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2026, I filed the foregoing with the Court's CM/ECF system, which will cause it to be served electronically upon all counsel of record.

/s/Francis Wong
Francis Wong

TROJAN LAW OFFICES
BEVERLY HILLS