Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Craig McLaughlin, Esq. (SBN: 182876)
craig@vakili.com
Jason C. Ming, Esq. (SBN: 219745)
jason@vakili.com
Stephen P. Hoffman, Esq. (SBN: 287075)
hoffman@vakili.com
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822
**213/380-6010** | Fax: 213/380-6051

*Counsel for DNA Specialty, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

**DNA SPECIALTY, INC., a California Corporation,**

**Plaintiff/Counterclaim Defendant,**

**v.**

**SHARKROAD, INC., a California Corporation,**

**Defendant/Counterclaimant.**

**CASE NO.: 2:25-cv-10379-MWC (RAOx)**

[*Hon. Michelle Williams Court*]

**DNA SPECIALTY, INC.'S *EX PARTE* APPLICATION FOR RELIEF FROM ORDER STRIKING OPPOSITION (DKT. 67) AND FOR LEAVE TO FILE OPPOSITION WITH CORRECTED AI DECLARATION**

## I. <u>INTRODUCTION</u>

On November 13, 2026, DNA Specialty, Inc. ("DNA") timely filed its Opposition to Sharkroad, Inc.'s Motion for Leave to Amend Invalidity Contentions (Dkt. #65). On November 20, 2026, the Court struck the Opposition without leave to refile because the accompanying AI declaration omitted one element of the attestation required by paragraph 1a of the Court's Civil Standing Order: that the filer "has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations." (Dkt. #67 at 2.)

DNA acknowledges the omission and takes responsibility for it. The Court did not find any inaccuracy in the Opposition, and the Opposition's content was in fact reviewed and verified. The declarant, Craig McLaughlin, reviewed all source material and verified every citation and quotation in the Opposition before it was filed. (See Corrected Decl. of Craig McLaughlin regarding use of AI for the Opposition, Ex. 2 of Declaration of Craig McLaughlin in support of application.) The omission was in the absence of wording of the declaration, not in the underlying diligence the Standing Order is designed to ensure.

DNA therefore respectfully requests that the Court modify its November 20 order to permit DNA to file, within one court day, the same Opposition (Dkt, #65) along with the related supporting declaration of Craig McLaughlin with Exhibits 1-3 that accompanied the Opposition (Dkt. #65-1) together with a corrected AI declaration containing the full attestation. DNA also proposes a short, court-ordered reply period for Sharkroad so that Sharkroad suffers no prejudice, and a limited continuance of the December 4th hearing only if the Court finds one necessary. This preserves the Court's authority and its December 4th calendar while allowing a pending motion to be decided on a full record.

This application is not a motion for reconsideration. First, given the scheduled hearing date of December 4, 2026, there is no time for a noticed motion. Secondly, DNA

is not asking the court to find its ruling wrong. DNA is asking for relief under F. R. Civ. P. 6(b)(1)(B) from its counsel's excusable neglect, and under F. R. Civ. P. 54(b) for leave to cure the defect with a corrected version to remove the current barrier so that its Opposition papers may be refiled to allow the Court to decide the underlying motion on more than a one-sided record.

## II. RELEVANT BACKGROUND

1. Sharkroad filed its Motion for Leave to Amend Invalidity Contentions on October 20, 2026 (Dkt. #54), setting it for hearing on November 20, 2026. On October 21, 2026, the Court issued an in-chambers order continuing the hearing to December 4, 2026.

2. On November 13, 2026, DNA timely filed and served its Opposition, the McLaughlin declaration in support thereof including Exhibits 1-3, and the non-conforming McLaughlin AI Declaration (Dkts. #65, #65-1, #65-2).

3. The non-conforming AI Declaration disclosed that Mr. McLaughlin drafted the Opposition and that AI was used in drafting each portion. (Dkt. #65-2 ¶¶ 3-4.) It did not include the further statement that the filer reviewed the source material and verified the accuracy of AI-generated content and its compliance with Rule 11.

4. On November 20, 2026, at 3:08 p.m., the Court struck the Opposition without leave to refile solely for that omission. (Dkt. #67.) The Court's order did not cite any inaccurate citation, quotation, or statement in the Opposition.

5. Sharkroad's deadline to file a reply passed on November 20, 2026. Sharkroad had been served with the Opposition on November 13th and could have replied or sought an extension in the following week.

6. DNA's counsel promptly began preparing this application upon learning of the order late afternoon on Friday, November 20th. DNA contacted Sharkroad's counsel regarding this application at 11:26 a.m., on Monday, November 23, 2026, and within minutes thereafter, Sharkroad expressed its intention to oppose. (See Decl. of Craig

McLaughlin in support of this application and Ex. 1 thereto.)

## III. LEGAL STANDARD

District courts have "considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing," *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002), and that discretion includes the discretion to relieve a party of a sanction the Court has imposed for a technical noncompliance. An interlocutory order may be revised at any time before entry of judgment. Fed. R. Civ. P. 54(b).

To the extent an extension or late filing is required, Rule 6(b)(1)(B) permits the Court to act after a deadline "if the party failed to act because of excusable neglect." Excusable neglect is an equitable inquiry that considers (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, including whether it was within the movant's reasonable control, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (seeking relief after judgment, "length of delay, and its potential impact on the judicial proceedings, was also minimal.").

As for *ex parte* relief, a regularly noticed motion is not feasible given the December 4th hearing. According to this Court's standing order at Rule 13:

> Counsel for the applicant must provide advance notice of the application by telephone and email to all other parties. In addition to the information required by Local Rule 7-19.1, the notice must advise the other parties of the anticipated deadline to oppose the application. The applicant must serve the application by facsimile, email, or personal service, even if electronic service is effected under Local Rule 5-3.2.1. Oppositions to ex parte applications must be filed within 24 hours of the filing of the application, subject to Rule 6(a)(2). If an opposing party does not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by

email as soon as possible.

## IV. ARGUMENT

### A. The Omission Was Technical, Is Easily Cured, the Substance of the Standing Order Was Satisfied and the Cure Works No Prejudice to Sharkroad

The Standing Order exists so that the Court can rely on the accuracy of filings that incorporate AI output and so that counsel remains accountable under Rule 11. Both purposes are served here. The Opposition's content was reviewed and verified, as set out in the Corrected AI Declaration of Craig McLaughlin, signed under penalty of perjury, which tracks the language of paragraph 1a and identifies the portions of the Opposition that incorporate AI-generated content. (See Corrected Decl. of Craig McLaughlin regarding use of AI for the Opposition, Ex. 2 of Declaration of Craig McLaughlin in support of application.)

The Court's order identified no inaccuracy in the declaration. The only deficiency was the lack of attestation, which the corrected declaration cures completely. DNA does not ask the Court to excuse the requirement. It asks only for an opportunity to comply with it and one that would work no prejudice to Sharkroad.

The motion schedule had required Sharkroad to file a reply if it chose to by November 20, 2026. According to the relief DNA seeks, Sharkroad may have the same amount of time to do so if it elects.

Prejudice "requires greater harm than simply that relief would delay resolution of the case," and "merely being forced to litigate on the merits cannot be considered prejudicial." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001)). Sharkroad cannot identify any tangible harm.

On the other hand, should this application not be granted, the prejudice to DNA is considerable as the Opposition includes key evidence and authority that may be

persuasive, among them, Sharkroad's possession of DNA's 2021 catalog before the date Sharkroad claims it received it from DNA, the period of knowledge of the patent infringement claim longer than Sharkroad claims, and authority supporting that inequitable conduct cannot render a patent invalid (therefore assertions thereof do not belong in invalidity contentions).

**B. The Excusable Neglect Factors Favor Relief**.

1. Prejudice to Sharkroad is minimal and fully curable. Sharkroad received the Opposition on November 13th and had a week to reply, or to request an extension, before the reply deadline passed. The arguments in the Opposition are therefore not new to Sharkroad. Any harm from reviving the Opposition is purely procedural and is eliminated by a short reply period. DNA proposes that Sharkroad may file a reply within seven days of the Court's order granting this application, on a schedule that allows the Court to rule on December 4th as calendared or, should the Court desire, a short continuance of the hearing to a convenient date, if it decides that a hearing is necessary. DNA also does not object to a reasonable extension for Sharkroad if requested. Sharkroad loses no right on the merits; it simply faces a response it would otherwise have avoided on a technicality. That is not cognizable prejudice. *Lemoge*, 587 F.3d at 1196 (9th Cir. 2009).

2. The delay is short and has no effect on the proceedings. The Opposition was filed one week before the order striking it, and this application follows within one court day. The hearing remains on calendar for December 4th, and the cure proposed here can be completed well before then.

3. The reason for the omission is an isolated drafting error, not disregard of the Court's order. DNA does not minimize the error. The Standing Order's text is clear, and the omission is counsel's responsibility. But the record shows good-faith effort to comply: DNA filed a separate AI declaration with its Opposition, disclosed that AI was used throughout, and identified the drafter. The omission was of the verification sentence, and the verification itself was performed. Counsel had previously filed declarations of

non-use of AI and recognized the need to disclose use of AI used to assist in drafting the Opposition, the first time it had done so, and it did so, but mistakenly overlooked the required attestation. (See Decl. of Craig McLaughlin in support of the instant application, ¶ 3)

4. DNA acted in good faith. DNA made no attempt to conceal AI use. It disclosed that AI was used in each portion of the Opposition, and it now submits sworn confirmation that every citation and quotation was checked against source material.. (See Corrected Decl. of Craig McLaughlin of AI use for the Opposition, Ex. 2 of Declaration of Craig McLaughlin in support of application.)

**C. Striking the Opposition Without Leave Would Leave the Court With a One-Sided Record on a Motion That Raises Substantial Issues.**

The pending motion asks the Court to add a new prior-art reference, a new invalidity theory, and a new inequitable conduct contention after contentions were served and as fact discovery closes on the same day as the hearing. Under S.P.R. 3-6, the movant bears the burden of showing good cause, including diligence in discovering the basis for amendment and in seeking amendment, and the Court has recognized that the inquiry turns on whether the movant could have discovered the material earlier and moved diligently once it was discovered. (See *Pacem IP Holdings, LLC v. Maxim Lighting Int'l, Inc.*, No. 2:25-cv-09702-MWC-BFM, Dkt. 46 (C.D. Cal. Aug. 13, 2026).) The Opposition addresses these issues, including the movant's declaration and the effect of the discovery schedule on DNA. Courts prefer to resolve motions on their merits with full adversarial presentation, and the Court's order striking the Opposition is the only barrier to that here.

**D. DNA Proposes a Narrow and Efficient Schedule.**

DNA requests that the Court:

1. Modify the November 20, 2026 order (Dkt. 67) to permit DNA to file, within one court day of the Court's order, the Opposition (Dkt. 65) along with the associated

declaration of Craig McLaughlin and exhibits 1-3 thereto (Dkt. 65-1) together with the Corrected AI Declaration;

2. Permit Sharkroad to file a reply within seven days;

3. Keep the December 4, 2026 hearing on calendar or, if the Court finds it necessary, continue it to a date that accommodates the reply; and

4. Grant such further relief as the Court finds appropriate.

## V. CONCLUSION

DNA respectfully requests that the Court grant this application, modify its November 20, 2026 order, and permit DNA to refile the Opposition (including the associated declaration of Craig McLaughlin including Exhibits 1-3) with the corrected AI declaration on the schedule proposed above.

Respectfully submitted,

**VAKILI & LEUS, LLP**

Dated: November 23, 2026

By: /s/*Craig McLaughlin*
Craig McLaughlin, Esq.
*Counsel for DNA Specialty, Inc.*

## CERTIFICATION OF COMPLIANCE

The undersigned counsel of record for DNA Specialty, Inc., hereby certifies that according to the Word program count feature, this Application contains 2,077 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 23, 2026

By: /s/*Craig McLaughlin*
Craig McLaughlin, Esq.
*Counsel for DNA Specialty, Inc.*

# CERTIFICATE OF SERVICE

*DNA Specialty, Inc. v. Sharkroad, Inc., et al.*
*USDC C.D. Cal. Case No.: 2:25-CV-10379-MWC (RAOx)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On November 23, 2026, I served the foregoing document described as **DNA SPECIALTY, INC.'S *EX PARTE* APPLICATION FOR RELIEF FROM ORDER STRIKING OPPOSITION (DKT. 67) AND FOR LEAVE TO FILE OPPOSITION WITH CORRECTED AI DECLARATION** on all interested parties in this action at the addresses listed below, as follows:

R. Joseph Trojan, Esq.
*trojan@trojanlawoffices.com*
Dylan C. Dang, Esq.
*dang@trojanlawoffices.com*
Francis Wong, Esq.
*wong@trojanlawoffices.com*
Mehdi Poursoltani, Esq.
*poursoltani@trojanlawoffices.com*
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
**310/777-8399** | Fax: 310/777-8348

*Counsel for Defendant and Counterclaimant Sharkroad, Inc.*

I hereby certify that on the 23rd day of November 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on November 23, 2026, in Los Angeles, California.

/s/ *Jason C. Ming*
Jason C. Ming